UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> DANIEL E. CARPENTER, ) <br> ) <br> and ) <br> ) <br> WAYNE H. BURSEY ) <br> ) <br> Defendants ) <br> ) | CRIM. NO. 3:13-CR-226(RNC) <br><br><br> JANUARY 16, 2014 |

**DEFENDANT CARPENTER'S MOTION TO BE
<u>RELEASED ON HIS OWN RECOGNIZANCE</u>**

**PRELIMINARY STATEMENT**

Defendant, Daniel Carpenter, age 59, was indicted on December 12, 2013 and charged with Mail Fraud; 18 U.S.C., Section 1343 (Wire Fraud); 18 U.S.C., Section 1341 (Mail Fraud); 18 U.S.C., Section 2 (Aiding and Abetting), and violation of 18 U.S.C., Section 1349 (Conspiracy to Commit Mail and Wire Fraud). The arraignment has been scheduled for noon on January 17th. Mr. Carpenter will be entering pleas of

not guilty on all counts. Essentially the allegation involved claims that Mr. Carpenter and others conspired to submit partially false or misleading applications for universal whole life insurance with various carriers between 2007 and 2009. There is no claim that there have been any such applications for insurance sought since 2009. There is no claim that the type of policies involved were illegal per se. There is no claim that the general health conditions of the insureds (typically people 70 and over) were misstated. There is no claim that the various carriers specifically lost money; in fact, the evidence at trial will demonstrate that the insurance carriers in question made tens of millions of dollars collecting premiums for the time period in question. Rather, the claim is that through fraud and deceit, various carriers were tricked into issuing life policies that they might not normally issue to insureds, where the intent was to sell these otherwise legitimate policies to third parties who did not have an "insurable life interest" in the policy. There is no claim that violence, drugs or weapons are involved in this matter. There is also no claim that Mr. Carpenter filled out, signed, or submitted the allegedly false-information applications.

    Mr. Carpenter intends on fully defending these cases and denies any wrongdoing. There will be serious legal questions raised by the defense in this matter calling into

question the legitimacy of the instant prosecution, and whether or not a federal issue question even exists here, assuming that there was **any** fraud involved at all.

The question, however, at this point is what are the least restrictive terms and conditions necessary to insure the defendant's appearance as required and/or the safety of any other person in the community. The right to bail pending trial is one of the cornerstones of the American criminal justice system. See Stack v. Boyle, 342 U.S. 1, 4 (1951).

Section 3142 of Title 18 of the United States Code, part of the Bail Reform Act of 1984, governs custody determinations for *all* criminal defendants prosecuted for federal offenses. Section 3142(b) commands release pending trial on one's own recognizance unless the judge finds that release will not reasonably assure the appearance of the person at court, or will endanger the safety of the community, and § 3142(c) lays out the menu of conditions that Congress envisioned. Even this section 3142(c)(1)(B) mandates the **"least restrictive further conditions or combination of conditions ... that ... will reasonably assure the appearance of the person as is requested ...."**

3

As an aside, the defendant does not believe that the government is seeking pretrial detention under 18 U.S.C. Section 3142, which, of course, the government would bear the burden of proving by clear and convincing evidence that the defendant is charged with certain enumerated crimes under 18 U.S.C. Sections 3142 (f)(1) and (2). Mr. Carpenter is not charged with a crime of violence, drugs or obstruction.

Moreover, Mr. Carpenter, for reasons which follows, does not pose a serious risk of flight and that the minimum requirement of releasing him on his own recognizance will suffice. Mr. Carpenter, age 59, is married for 32 years, lives in a house with his wife in Simsbury, Connecticut. They have a daughter and have solid roots in the greater Hartford area. Mr. Carpenter has been engaged in the insurance business for 36 years, especially concerning employee welfare benefit plans and Split-Dollar funding arrangements, which we believe are at the center of this case. Other than what will be noted shortly, Mr. Carpenter has no criminal history whatsoever and certainly has never been convicted (or charged) with a crime of violence or in connection with any illicit drug activity.

Back in 2004, Mr. Carpenter was charged with violation of Title 18 U.S.C. Sections 1341 and 1343. At that time, Mr. Carpenter had a bond hearing during which

the Court heard arguments and contrary to the desires of the government, it released Mr. Carpenter on his own personal recognizance. (See Attachment A.) Since that period of time, Mr. Carpenter was tried in 2005 and convicted. Due to prosecutorial misconduct, the Court vacated the jury findings and ordered a new trial; the government appealed. (U.S. v. Carpenter, 493 F.3d 13, 29 (1st Cir. 2007). The Court continued the personal recognizance bond while the government appealed. He won his appeal and the matter was remanded for a second trial, where the bond remained the same. Mr. Carpenter after the second trial was again convicted. However, the Court again vacated the jury verdict on more egregious prosecutorial misconduct than the first trial; the government appealed. U.S. v. Carpenter, 808 F.Supp. 2d, 385-86 (DC MA 2008). Notwithstanding the obvious exposure to prison, the Court ordered his bond to remain the same.

The First Circuit in November 2013 vacated the Court's ruling and remanded the matter back to the District Court for sentencing. At no time after the remand has the government sought a higher bond or to have Mr. Carpenter's bail revoked. Finally, it is to be noted that Mr. Carpenter reported the new indictment to pre-trial services in Boston. Notwithstanding the new indictment, the U.S. Attorney's Office in Boston has not sought to modify his bond in any way. In sum, for 10 years Mr. Carpenter has been

out on bond and at no time has pre-trial services ever attempted to vacate his bond conditions. Obviously, they do not feel, having monitored him for a decade, even with the conviction in Boston reinstated and even with this new indictment, that Mr. Carpenter presents a flight risk or presents a danger to the community. He does not. In fact, the Court even ordered the return of Mr. Carpenter's passport in 2012 and acknowledged that he had a <u>perfect record of compliance</u> with all of his pre-trial services obligations. (See Attachment B).

    In the instant matter, the government is taking what should be a civil matter and turning it into a criminal matter. It is to be noted that many of the allegations against Mr. Carpenter concern events that occurred somewhere between <u>5 and 7 years ago</u> (2007-2009). (Conspiring to submit "false" information to secure otherwise lawful life policies.) It should be noted, none of the carriers have ever bothered to sue Mr. Carpenter in connection with the allegations in the indictment. Any unjustifiable claims that Mr. Carpenter needs to put up some surety to secure his appearance is inconsistent with a <u>decade</u> of Mr. Carpenter dealing with the criminal charges in Boston. Mr. Carpenter has continued to meet with pre-trial services when requested; he has appeared in court for the last 10 years when ordered. The non-surety bond has been sufficient.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

Mr. Carpenter should be released on his own recognizance, which is consistent with the Bail Reform Act of 1984.

Finally, it should be noted that through other litigation, Mr. Carpenter's assets were recently frozen by the Southern District of New York. As this court is aware, federal law states that **"(2) the judicial officer may not impose a financial condition that results in the pretrial detention of the person."** (See 18 U.S.C. Section 3142(c)(2).) The Boston matter simply reinforces reality that a surety bond is not necessary to insure Mr. Carpenter's appearance for trial, and imposition of a surety bond will serve no constructive purpose. (It is to be noted that the U.S. State Department still holds his expired passport.). More importantly, this Court needs to know that not only will Mr. Carpenter be showing up at trial, that proverbial "wild horses" would not be able to keep him away.

It is proposed that Mr. Carpenter, who has known about the instant matter for over three years because federal authorities in 2010 and 2011 raided his business premises, has remained in the community with his wife and family. He is ready to challenge the government's old stale claims of wrongdoing and the statutory jurisdiction of this Court (with all due respect) to even continue the prosecution when appropriate. It

is respectfully submitted that a $500,000 non-surety bond adequately meets the objectives of 18 U.S.C. Section 3142, et seq. It is to be noted that in U.S. v. Waesche, 3:13 CR 224 (RNC), a related case, where the defendant pled guilty and lost the presumption of innocence (unlike Mr. Carpenter) and who lives out of state, this court placed a $300,000 surety bond; he is an obviously higher flight risk. Mr. Carpenter's bond conditions, it is submitted, should be less than this admitted felon.

WHEREFORE, it is moved that the bond be a non-surety bond, and that Mr. Carpenter report to pre-trial services when directed.

Defendant, Daniel Carpenter

By /s/ Richard R. Brown
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009
rbrown@bpslawyers.com

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**ATTACHMENT A**

AO 199A   (Rev. 6/97) Order Setting Conditions of Release                                   Page 1 of _____ Pages

# UNITED STATES DISTRICT COURT

District of   Massachusetts

United States of America

V.

_Daniel Carpenter_
Defendant

ORDER SETTING CONDITIONS
OF RELEASE

Case Number: CR 04-10029 GAO

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____Courtroom 23, 7th Floor,_____
Place

_____Boston, MA,_____ on _____
Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($ _____ ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

%AO 199B    (Rev. 5/99) Additional Conditions of Release                                                Page 2 of 2

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community,
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy          Date

( ) (7) The defendant shall:
  (✓) (a) report to the  Pretrial Services Office, Suite 1300  ,
           telephone number  (617) 748-9213  , not later than _____.
  ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
  ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
  ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
  ( ) (e) maintain or actively seek employment.
  ( ) (f) maintain or commence an education program.
  ( ) (g) surrender any passport to:  Pretrial Services, Suite 1300
  ( ) (h) obtain no passport.
  ( ) (i) abide by the following restrictions on personal association, place of abode, or travel:
       Travel restricted to  United States
  ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
  ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
  ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
  ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
  (X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  (X) (o) refrain from ( ) any (X) excessive use of alcohol.
  (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  ( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
  ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
  (X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
       ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
       ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
       ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
  ( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
  (X) (v) IF ARRESTED, CALL PRETRIAL SERVICES WITHIN 24 HOURS, AT (617) 748-9213.
  ( ) (w)  arrange Pretrial Officer in Ct.
  ( ) (x)  by 4/1/04  Surrender Passport

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

AO 199C   (Rev.6/97) Advise of Penalties ...                                Page   3   of   3   Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Daniel E Carpenter_
Signature of Defendant

_18 Pond Side Lane_
Address

_West Simsbury CT_       _860 651-0468_
City and State                  Telephone

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:   _2/24/04_                              _[signature]_
                                               Signature of Judicial Officer

                                               LAWRENCE P. COHEN, U.S. MAGISTRATE JUDGE
                                               Name and Title of Judicial Officer

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10029-GAO

UNITED STATES OF AMERICA,

v.

DANIEL E. CARPENTER,
Defendant.

ORDER
February 10, 2012

O'TOOLE, D.J.

The defendant, Daniel Carpenter, has moved this Court to temporarily return his passport to permit him to travel to London from July 23, 2012 to August 18, 2012. Since surrendering his passport in February 2004, Carpenter has fully complied with all the requirements set by Pretrial Services. This motion (dkt. no. 382-1) is GRANTED, subject to the following conditions:

1. Carpenter is allowed to apply for a new passport. Upon receipt, he must surrender this new passport to Pretrial Services, which will maintain custody of it until two weeks before his anticipated July 23, 2012 travel date.

2. Upon return from London, Carpenter is ordered to surrender his passport to Pretrial Services within twenty-four hours of his anticipated August 18, 2012 return to the United States.

3. Carpenter is ordered to provide Pretrial Services with a detailed itinerary of his travel and continue to call Pretrial Services on a weekly basis while traveling.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

## CERTIFICATION

This is to certify that on January 16, 2014, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Patrick Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
Philadelphia, PA 19103

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009

9