UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 3:13-CR-226(RNC) |
| ) | |
| DANIEL E. CARPENTER, et al. ) | |
| ) | JUNE 6, 2014 |
| Defendants ) | |

## DEFENDANT CARPENTER'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR LACK OF FEDERAL JURISDICTION; INSUFFICIENCY OF ALLEGATIONS OF WRONGDOING; IMPROPER VENUE

For the reasons which follow and which are also contained in the Brief supporting this Motion, Defendant, Daniel Carpenter, moves this Court to dismiss all 57 Counts of the Superseding Indictment filed in May and release Daniel Carpenter from the jurisdiction of this Court.

1. In December of 2013, a grand jury returned an indictment against both Daniel Carpenter and Wayne Bursey, accusing them of violating 18 U.S.C., Section 1349, (Conspiracy to Commit Mail and Wire Fraud); 18 U.S.C., Section 1343, (Wire Fraud); 18 U.S.C., Section 1341, (Mail Fraud); 18 U.S.C., Section 2, (Aiding and Abetting). In May of this year, by way of a Superseding Indictment, the defendants were also charged with violating 18 U.S.C., Section 1956 (h), (Conspiracy to Commit Money Laundering); 18 U.S.C., Section 1957 (Illegal Monetary Transactions); and 18 U.S.C., Section 1956 (a)(1)(A)(i), (Money Laundering).

1

2. The defendant denies any wrongdoing.

3. The Superseding Indictment must be dismissed for lack of federal jurisdiction.

4. The Superseding Indictment must be dismissed because it fails to properly allege all of the material elements of Mail and Wire Fraud. (Counts 1-4, 5, 6, 7-10, 11-14, 15-18, 19, 20, 21, 22, 23, 24-25, 26, 27, 28, 29-32.)

5. The Superseding Indictment must be dismissed because it fails to assert sufficient material fact necessary to state an offense under the Mail and Wire Fraud Statutes.

6. The Conspiracy to Commit Mail and Wire Fraud Counts, Count 33, must be dismissed on the grounds that they fail to state sufficient material facts relative to defendant Carpenter as to constitute a violation under 18 U.S.C., Section 1349.

7. The Conspiracy Count, (Count 34), concerning Conspiracy to Commit Money Laundering, must be dismissed because it fails to state sufficient material facts relative to defendant Carpenter as to constitute a violation of 18 U.S.C., Section 1956 (h).

8. The Superseding Indictment, Counts 35 through 47, must be dismissed because they fail to state sufficient material facts relative to the defendant Carpenter as to constitute violations of 18 U.S.C., Section 1957, Illegal Monetary Transactions.

9. The Superseding Indictment, Counts 48 through 57 must be dismissed because they fail to sate sufficient material facts relative to the defendant Carpenter as to constitute violations of 18 U.S.C., Section 1956 (a)(1)(A)(i), Money Laundering.

10. The Superseding Indictment, Count 58, must be dismissed because it fails to state sufficient material facts relative to the defendant Carpenter as to constitute a violation of 18 U.S.C., Section 2, Aiding and Abetting.

11. Each of the Counts must be dismissed as a matter of law in that said allegations do not meet the legal criteria for violations of the relevant statutes cited in the Superseding Indictment.

12. Concerning proper venue, the Superseding Indictment must be dismissed in that the Government violated the Constitutional mandate, as well as Rule 18, F.R. Crim P, which requires a person, David Carpenter, be tried for an offense in the locations where the offenses are committed; Article III and the Sixth Amendment. In the Superseding Indictment the alleged misconduct occurred in other states; even the relevant insurance carriers conducted their business out of state. There is insufficient nexus between the alleged misconduct and the District of Connecticut; any transactions in Connecticut were demittimus to any overall scheme. Since the essential conduct elements took place outside of this District, each and every count should be dismissed for improper venue.

Wherefore, it is so moved.

Defendant, Daniel Carpenter

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009
rbrown@bpslawyers.com

3

## CERTIFICATION

This is to certify that on June 6, 2014, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Patrick Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
Philadelphia, PA 19103

/s/ Richard R. Brown
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009