UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIM NO. 3:13-CR-226 (RNC) |
| ) | |
| v. ) | |
| ) | |
| DANIEL E. CARPENTER, et al. ) | SEPTEMBER 15, 2014 |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARPENTER'S
MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS DUCES TECUM**

Defendant Daniel Carpenter has filed a motion to dismiss the Superseding Indictment in its entirety pursuant to Federal Rule of Criminal Procedure 12(b). As alternative relief, Carpenter now moves this Court for an order permitting him to issue subpoenas *duces tecum* (the "Subpoenas") to the insurance providers (the "Providers") identified in the Superseding Indictment.

## BACKGROUND

The Government has charged Carpenter with, *inter alia*, violations of the mail and wire fraud statutes 13 U.S.C. §§ 13 U.S.C. 1341, 1343 (the "Charges") based on allegations that Carpenter was part of a scheme to defraud the Providers by conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged misrepresentations as to certain personal information about the applicants (the "Applicants" or the "Insured"), relating to, among other things, the

1

applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy.[1]

Carpenter has moved to dismiss the Superseding Indictment on the grounds that it does not adequately allege that such statements were made as part of a "scheme to defraud," one of the essential elements of a mail and wire fraud violation.

In the event that Superseding Indictment is not dismissed against Carpenter, he respectfully requests that the Court grant him leave to issue the subpoenas against various Providers identified in the Superseding Indictment, pursuant to Federal Rule of Criminal Procedure 17(c): Lincoln National Corporation, The Phoenix companies, The Penn Mutual Life Insurance Company, Sun Life Assurance Company of Canada, AXA Equitable Life Insurance Company, American National Insurance Company, Jefferson Pilot Financial, Metropolitan Life Insurance Company, and Trans America.

The Providers are in possession of the applications and related materials that are at the center of the Government's allegations. The crux of the Superseding Indictment is that knowingly false information was provided on the applications, which fraudulently induced the Providers to issue life insurance policies to individuals to whom they would not have issued the policies *but for* the alleged misrepresentations. The subpoenas request a targeted and limited scope of potentially exculpatory materials from the Providers which Carpenter contends will demonstrate that the alleged misrepresentations were not material to the Providers' decision to issue the policies.

---

[1] Carpenter incorporates herein the factual background set forth in his motion to dismiss.

Because the three elements of Rule 17(c) are met here – relevancy, admissibility, and specificity – the Court should enter an order granting Carpenter leave to issue the subpoenas (in the event that the Court does not dismiss the Superseding Indictment in its entirety).

## **ARGUMENT**

Under Rule 17(c), a defendant can obtain a subpoena for the pretrial production of evidence from a third party if the requested evidence clears "three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974).

The considerations underlying these three prongs also include: (1) [whether] the documents are evidentiary and relevant; (2) [whether] they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) [whether] the party cannot properly prepare for trial without such production ... and [whether] the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) [whether] the application is made in good faith and is not intended as a general 'fishing expedition.' *United States v. Ferguson*, 2008 WL 113663, at *1 (D. Conn. Jan. 2, 2008), *quoting Nixon*, 418 U.S. at 699. Enforcement of 17(c) subpoenas are within the sound discretion of the district court. *Id.* at *1, *citing Nixon*, 418 U.S. at 702.

This Court may enter an order permitting Carpenter to issue the subpoenas because all three elements are met, based on an analysis of the considerations set forth above.

First, the subpoenas are indisputably relevant to the allegations in the Superseding Indictment. In a Rule 17(c) analysis, evidence is relevant if it has "any tendency to make

3

the existence of any fact ... more probable or less probable." *United States v. Khan*, 2009 WL 152582, 3 (E.D.N.Y. Jan. 20, 2009), *quoting* F.R.E. 401; *see also United States v. Dixon*, 486 F.Supp.2d 40, 44 (D.D.C. 2007) (in order to satisfy Rule 17(c), the defendant must demonstrate that the information he seeks through his subpoena tends to make the existence any fact underlying his claim either more or less probable than it would otherwise be).

By way of the subpoenas, Carpenter requests the specific applications of the particular Insured named in the Superseding Indictment, as well as any materials related to the approval of the applications by the Providers. The alleged misrepresentations set forth on the applications are fundamental to the allegations in the Superseding Indictment and accordingly, the applications and related materials are unquestionably relevant to the Government's allegations. Carpenter contends, in good faith, that these documents along with various communications, records and due diligence will include exculpatory evidence that clearly show that the purported misrepresentations were not material to the Providers' decisions to issue the policies – a central tenet of the Government's theory of the case. Because the requested documents will make the Government's theory "less probable," the Subpoena seeks relevant evidence and the first prong of Rule 17(c) is fulfilled.

Second, the requested documents are likely to be admissible at trial. Similar to the relevance factor, courts in the Second Circuit will look to the Federal Rules of Evidence to evaluate a document's admissibility. *See United States v. Dupree*, 2011 WL 2006295, at *4 (E.D.N.Y. May 23, 2011) ("Pursuant to Federal Rule of Evidence 403, even

4

relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence'"), *quoting* Fed.R.Evid. 403.

Because "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents," courts have held that "if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (citing *United States v. Orena*, 883 F. Supp. 849, 868 (E.D.N.Y. 1995)). Here, none of the Rule 403 factors apply – Carpenter is seeking straightforward, limited documents that specifically relate to the allegations of the Government in the Superseding Indictment.

Lastly, the subpoenas are specific. A defendant is not required to describe documents by name in a Rule 17(c) subpoena. *See, e.g., United States v. Poindexter*, 727 F. Supp. 1501, 1510 (D.D.C. 1989) ("exquisite specificity" is not required). Rather, since, "in some instances it may be impossible to 'describe fully' the documents," the *Nixon* requirement can "be satisfied if there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." *Libby*, 432 F. Supp. 2d at 31 (citing *Nixon*, 418 U.S. at 700). The subpoenas are narrowly tailored to request the specific applications of the Insured identified in the Superseding Indictment, as well as any materials directly related to the applications, as these documents will reveal the nature of the alleged fraud committed by Carpenter and others. Keeping this prong in mind, Carpenter, in good faith, has kept the

5

scope of the subpoenas limited to only the documents which are key to establishing his defense at trial.

The subpoenas are not the type of "fishing expeditions," which have caused courts to deny defendants' Rule 17 motions. *Compare United States v. Binday*, 908 F. Supp. 2d 485, 491-92 (S.D.N.Y. 2012) (denying Rule 17 motion seeking insurance company documents in alleged STOLI fraud scheme where defendant sought wide range of documents).[2] The *Binday* court deemed the subpoena request a fishing expedition, stating "Essentially, [defendant] wants the insurance companies to turn over all of their files, and all correspondence by e-mail and otherwise, that relate in any way to $2 million-plus policies purchased by persons 70 years old, whether or not those policies are the subject of the instant Superseding Indictment." *Id.* at 492 (emphasis in original). Unlike the *Binday* subpoenas, Carpenter is seeking a limited scope of documents which are specifically related to the Insured and policies that are the subject of the instant Superseding Indictment. Accordingly, the Court should find that the subpoenas are sufficiently specific within the meaning of Rule 17(c).

*Finally*, there is a clear need for pretrial production in this case. Pretrial production is appropriate where "the party cannot properly prepare for trial without such production and inspection in advance of trial and . . . the failure to obtain such inspection

---

[2] In contrast to the limited scope of documents sought here, "Binday's proposed Rule 17 subpoena call[ed] for the production of a vast array of documents (the requests fill eight single spaced pages). Examples of the wide range of documents requested by the subpoena include: "All documents relating to any policy an Insurer issued on the life of a Specified Individual ... All documents concerning instances where universal life insurance underwriting guidelines concerning financial status were waived, ... All documents relating to the difference in the rate of late payments of premium between third-party financed or owned life insurance policies and other life insurance policies, ...All documents produced in any litigation concerning any High Value Senior Policy, including in the following

6

may tend unreasonably to delay the trial." *Nixon*, 418 U.S. at 699. Considering the potentially critical nature of the requested documents and the likelihood that review of the documents will lead to additional investigation, delaying production would serve only to delay the trial with no apparent offsetting benefit. *See United States v. King*, 194 F.R.D. 569, 575 (E.D. Va. 2000) ("Considering the length of the interview and its substantive range, delaying production and inspection of the [requested] videotape would simply delay the trial, and unreasonably so.").

In order to facilitate the most efficient production of the documents, Carpenter respectfully requests that the subpoena command the recipients to return responsive documents directly to defense counsel, rather than to the clerk's office. Courts have permitted this procedure under Rule 17(c), noting that "the plain language of Rule 17(c) does not place an absolute requirement on parties to direct subpoenaed entities to return items to the Court." *Khouj v. Darui*, 248 F.R.D. 729, 731 (D.D.C. 2008). Carpenter has no objection to sharing any documents received in response to the subpoena with the government. Should the Court disagree with that approach, however, Carpenter requests that the subpoena be issued with a command to return responsive documents to the Office of the Clerk of this Court.

---

litigations: (listing 47 separate civil actions from around the country), ... All documents relating to any reinsurance treaty or treaties that covered High Value Senior Policies, including the treaties themselves." *Id.*

## CONCLUSION

For the reasons set forth above, Carpenter respectfully requests that the Court order the issuance of subpoenas duces tecum under Rule 17(c) to the Providers for the following materials:

1) Any and all applications of the individual Insured persons named in the Superseding Indictment, as well as any other documents and communications reflecting approval of the applications.

2) Any communications, including faxes, emails and written correspondence between the provider and the licensed agent involved in the sale of the policy.

3) Any communications, including faxes, emails and written correspondence between the provider and the insured or owner of the policy.

4) Any communications, including faxes, emails and written correspondence to or involving Daniel Carpenter.

5) Any document or communications, including faxes, emails and written correspondence to or involving Grist Mill Capital, Ridgewood or any entity involving financing of the policies involved in the Superseding Indictment.

6) Any document or communication reflecting premiums received involving the purchaser or funding of subject life policy.

7) Any document or communication reflecting any profit or loss to the provider in connection with the life policy issued in this matter.

8)  Any document or communication involving any payment of commission or fee to the agent or third party involved in the sale of the life policy involved in this matter.

9)  Any documents concerning STOLI type information/policies provided to the agent, licensed or otherwise, involved in the sales of life insurance to the "straw" insureds.

          Defendant, Daniel Carpenter

By _____
          Richard R. Brown, Esq.
          Brown Paindiris & Scott, LLP
          100 Pearl Street, 2nd Floor
          Hartford, CT 06103
          Tel  860.522.3343
          Fax 860.522.2490
          Fed. Bar  Ct00009
          rbrown@bpslawyers.com

## CERTIFICATION

This is to certify that on September 15, 2014, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Patrick Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
Philadelphia, PA 19103

_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009