UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:13CR226(RNC) |
| ) | |
| DANIEL E. CARPENTER ) | |
| ) | SEPTEMBER 22, 2015 |

**MOTION FOR DEFENDANT TO BE TRIED TO THE COURT
UNDER RULE 23(a) AND MEMORANDUM IN SUPPORT**

Defendant, Daniel E. Carpenter, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 23(a), for permission to be tried to the court and, thereby, waive his right to a jury trial. In support of this motion, the Defendant asserts the following:

1.  The Defendant, Daniel Carpenter, is charged with violations of the mail and wire fraud statutes, 13 U.S.C. §§ 1341, 1343[1] based on allegations that Mr. Carpenter was part of a scheme to defraud insurance providers by conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged

---

[1] The Defendant, Daniel Carpenter, is charged with 23 Counts of Wire Fraud, in Counts 1-4, 7-18, 20, 23, 26, 29-32; and 9 Counts of Mail Fraud in Counts 5-6, 19, 21-22, 24-25, 27-28 in the Superseding Indictment. Carpenter is also charged with Conspiracy to Commit Mail and Wire Fraud in Count 33 of the Superseding Indictment.

misrepresentations as to certain personal information about the Applicants (the "Applicants" or the "Insured"), relating to, among other things, the Applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy. The Government also has charged Mr. Carpenter with violations of the illegal monetary transfer and money fraud statutes, 18 U.S.C. §§ 1957, 1956(a)(1)(A)(i) and 2[2], premised on the alleged proceeds of the charged mail and wire fraud counts, as well as the death benefit paid out with regard to one of the Insured.

2.  Mr. Carpenter has moved to dismiss the Superseding Indictment on numerous grounds, which motions remain pending before this court.

3.  In furtherance of this discovery obligations, the Government has disclosed hundreds of thousands of documents to the defense, totaling well over a million pages and making reference to a great multiplicity of potential witnesses.

4.  While the Government has yet to offer its witness list, it is expected that the Government will call well more than two dozen witnesses in support of their allegations against the Defendant, including individuals who are purported to be knowledgeable

---

[2] The Defendant, Daniel Carpenter, is charged with Conspiracy to Commit Money Laundering in Count 34, 12 Counts of Illegal Monetary Transactions in Counts 35-47, and 9 Counts Money Laundering by the Promotion of Specified Unlawful Activities in Counts 48-57, all in the Superseding Indictment.

about and testifying with regard to life insurance markets, welfare benefit plans, stranger originated life insurance ("STOLI") and other specialized knowledge of insurance and financial industry niches.

5. The voluminous filings from the Defendant and the Government well illustrate the highly complex and complicated nature of the allegations against the Defendant, as well as the intersection of sophisticated insurance and finance business aspects that the Government is expected to present through tens or hundreds of thousands of documents and a great number of witnesses.

6. Rule 23(a) of the Federal Rules of Criminal Procedure states that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."

7. Given the complicated nature of the allegations in this case and the anticipated volume of documents and witnesses, the Defendant is prepared to waive his right to a jury trial and proceed in his defense before the court. Moreover, the Defendant believes that the highly complicated nature of these allegations make it difficult to ensure a fundamentally fair trial without a sophisticated finder of fact. See United States v. Simon, 425 F. 2d (2d Cir 1969), cert. denied, 397 US 1006 (1970); United States v. Bowles 428 F2d 592 (2d Cir. 1970), cert. denied, 400 US 928 (1970).

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

8.      The Government has not indicated a position on this request to the defense to date.

WHEREFORE, it is respectfully requested that the Court grant this Motion for the Defendant to be Tried to the Court, under Federal Rule of Criminal Procedure 23(a).

**Respectfully submitted,**
Defendant, Daniel Carpenter

By_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009
rbrown@bpslawyers.com

4

## CERTIFICATION

This is to certify that on September 22, 2015, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009