UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Case No. 3:13-CR-226(RNC) |
| | : | |
| DANIEL CARPENTER | : | |

RULING AND ORDER

Pending are the following motions filed by the defendant:
(1) a motion to strike surplusage [ECF No. 137]; (2) a motion for
a bill of particulars [ECF No. 124]; (3) a motion for an order
authorizing the defendant to issue subpoenas duces tecum [ECF No.
78]; (4) a motion for an order requiring the Government to
produce documents [ECF No. 76]; and (5) a motion for an order
directing the Government to produce a list of witnesses it
intends to call at trial [ECF No. 134].  For reasons that follow,
the motions are denied.

I.   Background

The superseding indictment charges the defendant with wire
and mail fraud, conspiracy and other offenses.  He and a now-
deceased co-defendant, Wayne Bursey, are alleged to have
conspired to defraud life insurance providers by inducing them to
issue and maintain life insurance policies within a "Plan and
Trust" without disclosing the intent of the owner of the policy
(Charter Oak Trust) and the insured to sell the policy to a third
party after two years.  See United States v. Binday, 804 F.3d 558
(2d Cir. 2015) (affirming convictions of insurance brokers who
defrauded life insurance companies in connection with stranger-

originated life insurance (STOLI) policies).  The Plan and Trust
purported to be a multiple employer welfare benefit plan that
provided death benefits to employees.  The defendant allegedly
controlled the "Plan Sponsor," which acted as trustee of the Plan
and Trust, as well as other "Subject Entities."  According to the
superseding indictment, insurance agents working on behalf of the
Subject Entities recruited older persons to act as "straw
insureds," who participated in the Plan and Trust through "paper
companies."  The superseding indictment alleges that life
insurance applications containing material misrepresentations
were "submitted and caused to be submitted" to the providers by
Carpenter, Bursey and others.  Supersed. Ind. (ECF No. 53) ¶ 38.
Substantive counts of wire and mail fraud in the superceding
indictment relate to matters involving twelve straw insureds.  In
addition, the defendant is charged with money laundering and
illegal monetary transactions based on his alleged actions
involving the proceeds of two life insurance policies.

II.  Discussion

    A.  Motion to Strike Surplusage

The defendant moves to strike as surplusage 27 of the 54
counts in the superseding indictment.[1]  He argues that the listed
counts are "not relevant to the crimes charged against [him] and

---

[1] Specifically, he seeks to strike counts 4, 5, 6, 8, 10,
12, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 32,
34, 35, 37, 38, 52, 56 and 57.

2

. . . are both inflammatory and prejudicial."  Def.'s Mot. to
Strike Surplusage (ECF No. 137) ¶ 5.  The counts constitute
surplusage, he argues, because they are premised on the alleged
conduct of his now-deceased co-defendant, Mr. Bursey.  Id. ¶ 6.

"Upon the defendant's motion, the court may strike
surplusage from the indictment."  Fed. R. Crim. P. 7(d).  A
defendant seeking to strike surplusage must show that "the
challenged allegations are 'not relevant to the crime charged and
are inflammatory and prejudicial.'"  United States v. Scarpa, 913
F.2d 993, 1013 (2d Cir. 1990) (quoting United States v.
Napolitano, 552 F. Supp. 465, 480 (S.D.N.Y. 1982)).  Both
elements are required; a court will not strike an inflammatory or
prejudicial allegation if it is relevant.  United States v.
DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978).  The defendant
bears the burden of meeting this "exacting standard."  Id.

The Government argues that the defendant's motion to strike
is improper because it is in the nature of a motion to dismiss,
which must be brought under Rule 12.  It is true that motions to
strike typically challenge specific words or phrases, not entire
counts.  See Scarpa, 913 F.2d at 1011 (specific allegation that
defendants "reported to the Colombo Organized Crime Family").
Even assuming the motion is procedurally proper, it fails on the
merits because all the counts are relevant to the defendant's
alleged criminal liability.  Many allege actions by the defendant

3

himself or entities he allegedly controlled; the rest allege actions by persons or entities involved in the charged conspiracy.

    B.   Motion for Bill of Particulars

    In his motion for a bill of particulars, the defendant seeks information concerning his role in the fraudulent scheme; the materiality of the misrepresentations to the insurance providers; contemplated economic harm to the providers; the basis for the conspiracy charges; and the basis for the charges of money laundering and illegal monetary transactions.  The Government responds that, considering all the information available to the defendant regarding the charges in the superseding indictment, a bill of particulars is unnecessary to avoid prejudice.  I agree.

    A bill of particulars serves to provide a defendant with information about the charges against him when necessary to enable him to prepare a defense.  See United States v. Bortnovsky, 820 F.2d 572, 574-75 (2d Cir. 1987) (in insurance fraud case, bill of particulars should have been granted identifying which insurance claims were fraudulent and which invoices were falsified).  "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989).  A bill

4

of particulars is not to be used as a discovery device to obtain
detailed information about the Government's evidence.  United
States v. Rigas, 258 F. Supp. 2d 299, 303-04 (S.D.N.Y. 2003).
The defendant has the burden of demonstrating that the
information requested is necessary to avoid prejudice.  See
United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir. 1998).

     In determining whether a bill of particulars is necessary,
courts examine the totality of the information available to the
defendant.  See id.  Here, the 62-page superseding indictment
provides detailed information concerning all the matters
encompassed by the defendant's requests, including the nature of
the alleged scheme to defraud, the defendant's role in the scheme
and actions he allegedly took in furtherance of the scheme.  In
view of the defendant's central role in the alleged scheme to
defraud, the information provided by the superceding indictment
should be more than sufficient to enable him to understand and
prepare to defend against the fraud charges.  See Rigas, 258 F.
Supp. 2d at 305 (motion for bill of particulars denied when case
"involve[d] a small group of defendants who [were] alleged to
have had intimate involvement with the preparation and carrying
out of a series of fraudulent activities over a three-year
period").  Similarly, the information provided by the superceding
indictment should be sufficient to enable him to prepare a
defense regarding the remaining charges of money laundering and

illegal monetary transactions.

In addition to the information provided by the superseding indictment, the record establishes that the defendant has received extensive text searchable discovery materials and numerous witness reports.  See Gov't's Resp. to Def.'s Mot. for Bill of Particulars (ECF No. 128) at 23; Def.'s Mot. for Bill of Particulars (ECF No. 124-1) at 5 ("[T]he Government has admittedly provided defense counsel with hundreds of thousands of documents, totaling well over a million pages.").  It is undisputed, moreover, that there was a pre-indictment reverse proffer session in this case, at which time the Government provided defense counsel with a preview of the case and identified a number of incriminating documents.  See Gov't's Resp. to Mot. for Bill of Particulars (ECF No. 128) at 24.  And the Government has informed the Court that it continues to provide defense counsel with information concerning its witnesses to aid preparation for trial.  See Gov't's Resp. To Mot. For Witness List (ECF No. 153).  Given the totality of the information that has been made available to the defendant beginning with the reverse proffer session and continuing to date, a bill of particulars is unnecessary.

C.   Motion for Production

The defendant seeks an order requiring the Government to (1) preserve and produce all handwritten agent notes, (2) produce

Brady material and (3) provide early disclosure of Jencks Act material at least thirty days before trial.  The Government states that it has preserved all agent notes and complied with Brady and will continue to do so.  This is sufficient.  See United States v. Jacobs, 650 F. Supp. 2d 160, 166 (D. Conn. 2009) (denying motion to produce when "the government represent[ed] that it ha[d] 'fully and completely' complied with this district's Standing Order on discovery and its obligations under Brady and its progeny, and that it will continue to do so").  In addition, the Government states that it has turned over some Jencks Act material and will turn over the remainder in due course.  The Government cannot be required to do more.  See United States v. Ordaz-Gallardo, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007) (in the absence of compelling Brady concerns "[d]istrict courts lack the authority to compel early disclosure of Jencks Act material" (citing In re United States, 834 F.2d 283, 287 (2d Cir. 1987))).

    D.   Motion for Subpoenas Duces Tecum

    The defendant moves for an order authorizing the issuance of subpoenas duces tecum under Rule 17(c) to the insurance providers identified in the superseding indictment.  He seeks to obtain the following documents regarding the alleged scheme to defraud:

    1.  The insurance applications and all documents reflecting approval of the applications.

2.  Communications between the providers and agents.

3.  Communications between the providers and the insureds or owners of policies.

4.  Communications to or involving him.

5.  Any documents or communications to or involving Grist Mill Capital, Ridgewood or any other entity involving financing of the policies.

6.  Any documents or communications reflecting premiums received.

7.  Any documents or communications reflecting any profit or loss to the provider in connection with the policies.

8.  Any documents or communications involving any payment of a commission or fee to any agent or third party involved in the sale of policies.

9.  Any documents concerning STOLI-type policies provided to an agent involved in a sale to a straw insured.

The Government opposes the issuance of subpoenas.  It states that documents responsive to most of the defendant's requests have already been produced in discovery and argues that documents covered by the remaining requests do not satisfy the requirements of Rule 17(c).

The Rule states:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or

> before they are to be offered in evidence.  When the
> items arrive, the court may permit the parties and
> their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).  The Rule was not intended to provide
an additional means of pretrial discovery beyond that permitted
by Rule 16.  See United States v. Nixon, 418 U.S. 683, 698
(1974).  Rather, it serves "to implement the Sixth Amendment
guarantee that the defendant shall have compulsory process to
obtain evidence in [his] favor" at trial.  See 25 James Wm. Moore
et al., Moore's Federal Practice § 617.08[1] (3d ed. 2015).  The
purpose of the rule is "to expedite the trial by providing a time
and place before trial for the inspection of the subpoenaed
materials."  Bowman Dairy Co. v. United States, 341 U.S. 214, 220
(1951); see United States v. Murray, 297 F.2d 812, 821 (2d Cir.
1962) ("[W]e interpret Bowman as saying that Rule 17(c) is a
device solely for the obtaining of evidence for the use of the
moving party, permitting him to examine the material obtained
before trial only where, in the discretion of the court, it is
necessary that he do so in order to make use of the material as
evidence.").

For a subpoena to issue under Rule 17(c), the moving party
"must clear three hurdles: (1) relevancy; (2) admissibility;
[and] (3) specificity."  Nixon, 418 U.S. at 700.  In particular,
the movant must show:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably

in advance of trial by the exercise of due diligence;
(3) that the party cannot properly prepare for trial
without such production and inspection in advance of
trial and that the failure to obtain such inspection
may tend unreasonably to delay the trial; and (4) that
the application is made in good faith and is not
intended as a general "fishing expedition."

Id. at 699-700.

In its opposition memorandum, the Government explains that,
pursuant to grand jury subpoenas to the insurance providers, it
has obtained and produced to the defendant complete copies of 84
policy files for each of the 76 straw insureds who had a policy
in Charter Oak Trust.  Crediting the Government's
representations, which the defendant does not seriously dispute,
there is no need to issue duplicative subpoenas to the insurance
providers.  See United States v. Columbo, No. 04-CR-273(NRB),
2006 WL 2012511, at *15 (S.D.N.Y. July 18, 2006)(denying subpoena
request for materials already produced by the Government).

With regard to the defendant's remaining requests,
specifically, requests 4, 7 and 9, the defendant must make the
showing required by Nixon.  He has not done so.  In support of
all his requests, he relies on a general assertion that the
documents sought could contain exculpatory information and might
be admissible.  This is insufficient.  See United States v.
Ferguson, No. 3:06CR137(CFD), 2007 WL 2815068, at *3-4 (D. Conn.
Sept. 26, 2007).

The Government's opposition memorandum provides additional

reasons to deny these requests.  Regarding request 4, which seeks
all communications from the insurance providers that were sent to
or involve the defendant, the Government points out that in
moving the dismiss the superseding indictment, the defendant has
stated that he "never communicated" with the insurance providers
regarding the policies, Def.'s Mot. to Dismiss for Violation of
Statute of Limitations (ECF No. 64) ¶ 10, and "had no dealings
with the so-called insurance carriers" that issued the policies,
Def.'s Memo. in Support of Mot. to Dismiss (ECF No. 67) at 4.
With regard to request 7, which seeks documents relating to the
profit or loss of the insurance providers in connection with the
policies, the Government correctly points out that such documents
are not relevant to whether the defendant committed the charged
offenses and thus are unlikely to be admissible at trial.  See
Ferguson, 2007 WL 2815068, at *3 (quashing 17(c) subpoena because
defendant "provided no basis upon which [the documents] could be
admitted at trial").[2]  With regard to request 9, which seeks
documents concerning STOLI-type policies provided to agents
involved in sales to straw insureds, the Government states that
the discovery already produced to the defendant contains such
documents with regard to many of the providers.  It submits that
in view of the production to date, the defendant should be

---

[2]  The documents could be relevant to issues at sentencing.
In the event of a conviction, the defendant may renew his request
for the documents.

required to submit a narrower request for specific providers for
which he does not have the requested documents.  I agree.

     E.    <u>Production of Witness List</u>

     Finally, the defendant seeks an order directing the
Government to produce a witness list "prior to trial in a
meaningful period of time."  Def's Mot. to Produce Witness List
(ECF No. 134) at 1.  As a general matter, "[a] defendant is not
entitled to the Government's witness list prior to trial."
<u>United States v. Giffen</u>, 379 F. Supp. 2d 337, 345 (S.D.N.Y.
2004).  But a court "has discretion to compel pretrial disclosure
of the Government's witnesses, where a defendant makes a
'specific showing that disclosure [is] both material to the
preparation of his defense and reasonable in light of the
circumstances surrounding his case.'"  <u>Id.</u> (quoting <u>United States
v. Cannone</u>, 528 F.2d 296, 301 (2d Cir. 1975)).

     The Government has submitted a memorandum stating that it
has provided the defendant with a list of its witnesses and will
update the list as appropriate.  Crediting the Government's
representations, the motion for a witness list is denied as moot.

III. <u>Conclusion</u>

     Accordingly, the motions are hereby denied.

     So ordered this 29th day of December, 2015.

                                /s/ RNC
                          Robert N. Chatigny
                 United Stated District Judge