UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:13CR226 (RNC) |
| v. | |
| DANIEL CARPENTER | January 12, 2016 |

GOVERNMENT'S RESPONSE TO MOTION FOR BENCH TRIAL

Pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, the Government consents to the defendant's request to have this case tried to the Court rather than a jury. The Government requests that, prior to trial, the defendant be canvassed by the Court to ensure that the defendant's waiver is knowing and voluntary.

It is well settled that there is no Constitutional right for a defendant to waive his right to a jury trial, but that such a waiver may be restricted by law. *See Singer v. United States*, 380 U.S. 24, 34 (1965). Rule 23(a) of the Federal Rules of Criminal Procedure sets forth three requirements for waiving the right to a jury trial: "(1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." The Second Circuit also recommends (though does not require) that district courts go beyond a written waiver and "individually inform each defendant, on the record, of the fundamental attributes of a jury trial before accepting a waiver." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993); *see also United States v. Lilly*, 536 F.3d 190, 197 (3d Cir. 2008) (noting that the First, Second, Third, Fourth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits have all endorsed "[s]ome form of waiver colloquy" to build a record that a waiver of the right to a jury trial is knowing, voluntary, and intelligent).

Here, the defendant has met the threshold requirement of Rule 23(a) by moving the Court

for a bench trial in writing. In so doing, the defendant—through counsel—explains clearly and concisely his rationale for making this waiver. Although the defendant overstates the complexity of the charges—it is, after all, a wire and mail fraud case—the Government agrees that the complexities of some of the underlying concepts make the Government's consent and the Court's approval of a bench trial an appropriate exercise of discretion. Similarly, although the defendant misstates the order of magnitude of exhibits (which, despite the lengthy discovery, will number in the thousands, not the tens or hundreds of thousands), the volume of exhibits will likely be more easily digested by the Court than a jury. Finally, although the Government believes a jury would afford the defendant a fair trial—indeed, juries have considered cases far more complicated and lengthy than this one—it is ultimately the defendant's right to trial by jury that is at stake; if the defendant chooses to waive that right for clearly articulated reasons, and after consultation with his counsel, the Government sees no reason to interfere under the particular facts and circumstances of this case.

      Finally, in line with the Second Circuit's suggestion and to ensure the knowing and voluntary nature of the waiver, the Government requests that, prior to the commencement of the trial, the Court canvas the defendant on the record regarding his waiver.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
157 Church Street, 23rd Floor
New Haven, CT 06510
Federal Bar No. phv02874

/s/
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
157 Church Street, 23rd Floor
New Haven, CT 06510
Federal Bar No. phv04499

## CERTIFICATE OF SERVICE

      This is to certify that on January 12, 2016, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY