UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:13CR226(RNC) |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | JUNE 16, 2016 |

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

The Defendant respectfully moves the Court, pursuant to Fed. R. Crim. Pro. 45(b), to enlarge the time permitted to file post-conviction motions, including those pursuant to Fed. R. Crim. Pro. 29 and 33, as well as for sentencing by an additional 45 days. In support of this motion, the Defendant asserts the following:

1.      The Defendant, Daniel E. Carpenter, was charged with violations of the mail and wire fraud statutes, 13 U.S.C. §§ 1341, 1343. Twenty-three counts of the superseding indictment, counts 1-4, 7-18, 20, 23, 26, 29-32, concern themselves with allegations of wire fraud, while nine counts, 5-6, 19, 21-22, 24-25, 27-28, are of mail fraud. Carpenter was also charged with conspiracy to commit mail and wire fraud in count 33 of the superseding indictment.

2.      The allegations of mail and wire fraud contained in the superseding indictment were essentially that Mr. Carpenter was part of a scheme to defraud insurance providers by conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged misrepresentations as to certain personal information about the Applicants (the "Applicants" or the "Insured"), relating to, among

1

other things, the Applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy.

3.      The Government also had charged Mr. Carpenter with violations of the illegal monetary transfer and money laundering statutes, 18 U.S.C. §§ 1957, 1956(a)(1)(A)(i) and 2. The superseding indictment alleged conspiracy to commit money laundering in count 34, illegal monetary transactions in counts 35-47, and money laundering by the promotion of specified unlawful activities in counts 48-57.

4.      Essentially these counts concerning illegal monetary transactions and money laundering are premised on the proceeds of the charged mail and wire fraud counts, as well as the death benefit paid out with regard to one of the Insureds.

5.      This matter was brought to trial before the bench commencing on February 16, 2016. The Court heard evidence on various days from February 16, 2016, through March 21, 2016, on which date closing arguments were made to the court.

6.      The court rendered its verdict on June 6, 2016, finding the defendant guilty on each of the 57 counts charged in the superseding indictment.

7.      As the court is intimately aware, this prosecution has involved a very significant quantity of documents as well as numerous witnesses, which resulted in a nearly 100 page verdict from the court. Moreover, the sheer volume and complexity of this matter necessitated years of the reviewing government disclosures, pretrial preparation and necessitated voluminous pretrial motions and memorandums of law in support thereof and opposition thereto.

8.     Good cause for this extension can also be found in consideration of the complexity of this case, the necessity of coordinating with the Defendant, who has returned to USP Canaan, as well as defense counsel's personal and professional scheduling conflicts during the course of the summer months.

9.     This motion has been discussed with the United States Attorney's Office, which has no objection to the court granting the same.

10.     The current scheduling for this matter is as follows:

- Post-conviction motions:        June 20, 2016

- First disclosure of the PSI:        July 15, 2016

- Objections due:        July 29, 2016

- Second disclosure of PSI:        August 8, 2016

- Sentencing Memorandum:        August 15, 2016

- Response:        August 20, 2016

- Sentencing:        August 26, 2016

WHEREFORE, it is respectfully requested that the Court, pursuant to Fed. R. Crim. Pro. 45(b), that the court order the extension of time/deadlines as follows:

- Post-conviction motions:        July 28, 2016

- Response:                       August 18, 2016

- Reply:                          August 25, 2016

- First disclosure of the PSI:    August 29, 2016

- Objections Due:                 September 12, 2016

- Second disclosure of PSI:       September 22, 2016

- Sentencing Memorandum:          September 29, 2016

- Response:                       October 10, 2016

- Sentencing:                     October 24, 2016

Or at other dates that take into account the above motion and are convenient for the Court.


**Respectfully submitted,**
Defendant, Daniel Carpenter


By_____
        Richard R. Brown, Esq.
        Brown Paindiris & Scott, LLP
        100 Pearl Street, 2nd Floor
        Hartford, CT 06103
        Tel  860.522.3343
        Fax 860.522.2490
        Fed. Bar  Ct00009
        rbrown@bpslawyers.com

4

## CERTIFICATION

This is to certify that June 16, 2016, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510


_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009

5