UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:13CR226(RNC) |
| | ) |
| DANIEL E. CARPENTER | ) |
| | ) MARCH 13, 2017 |

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F. R. CRIM. Pro. 29

The Defendant respectfully moves the Court, pursuant to Fed. R. Crim. Pro. 29, to enter a judgment of acquittal with respect to each count of the Superseding Indictment. In support of this motion, the Defendant asserts the following:

1. The Defendant, Daniel E. Carpenter, was charged with violations of the mail and wire fraud statutes, 13 U.S.C. §§ 1341, 1343. Twenty-three counts of the superseding indictment, counts 1-4, 7-18, 20, 23, 26, 29-32, concern themselves with allegations of wire fraud, while nine counts, 5-6, 19, 21-22, 24-25, 27-28, are of mail fraud. Carpenter was also charged with conspiracy to commit mail and wire fraud in count 33 of the superseding indictment.

2. The allegations of mail and wire fraud contained in the superseding indictment were essentially that Mr. Carpenter was part of a scheme to defraud insurance providers by

**ORAL ARGUMENT REQUESTED**

1

conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged misrepresentations as to certain personal information about the Applicants (the "Applicants" or the "Insured"), relating to, among other things, the Applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy.

3. The Government also had charged Mr. Carpenter with violations of the illegal monetary transfer and money laundering statutes, 18 U.S.C. §§ 1957, 1956(a)(1)(A)(i) and 2. The superseding indictment alleged conspiracy to commit money laundering in count 34, illegal monetary transactions in counts 35-47, and money laundering by the promotion of specified unlawful activities in counts 48-57.

4. Essentially these counts concerning illegal monetary transactions and money laundering are premised on the proceeds of the charged mail and wire fraud counts, as well as the death benefit paid out with regard to one of the Insureds.

5. This matter was brought to trial before the bench commencing on February 16, 2016. The Court heard evidence on various days from February 16, 2016, through March 21, 2016, on which date closing arguments were made to the court.

6. The court rendered its verdict on June 6, 2016, finding the defendant guilty on each of the 57 counts charged in the superseding indictment.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

7. As detailed in the accompanying Brief In Support of Defendant's Motion for Judgment of Acquittal, a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 should enter with respect to each count of the Superseding Indictment for one or more of the following reasons:

    a. The Supreme Court's ruling in *Skilling v. United States*, 561 U.S. 358 (2010) requires a judgment of acquittal enter in this case;

    b. The Second Circuit's recent ruling in *United States v. Countrywide Home Loans, Inc.*, 822 F.3d 650 (2d Cir. 2016), *reh'g denied*, 2016 U.S. App. LEXIS ___ (2d Cir., Aug. 22, 2016), requires a judgment of acquittal enter in this case;

    c. Recent decisions in other federal circuits, such as *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016) and *United States v. Weimert*, 819 F.3d 351 (7th Cir. 2016), warrant a judgment of acquittal enter in this case;

    d. The Defendant's Constitution rights, with regard to Due Process and protection against Ex Post Facto laws, were violated in that he did not receive fair warning or fair notice that his conduct violated any laws;

    e. The Rule of Lenity and Due Process require a judgment of acquittal enter in this case;

    f. The Government failed to disprove that the Defendant was acting in good faith, and therefore there was insufficient evidence to support a conviction and a judgment of acquittal should enter in this case;

    g. The Government failed to prove that any mailings or wires were made or sent in furtherance of the alleged fraud and therefore there was insufficient evidence to support a conviction and a judgment of acquittal should enter in this case;

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

h. The applicable statutes of limitations were violated in this case and therefore a judgment of acquittal should enter in this case;

i. The Government failed to prove that that Mr. Carpenter was involved in a conspiracy of any kind and therefore there was insufficient evidence to support a conviction and a judgment of acquittal should enter in this case;

j. The Government failed to sufficiently allege the commission of a crime in the Superseding Indictment or prove the commission of a crime at trial, therefore a judgment of acquittal should enter with respect to the aiding and abetting counts;

k. With respect to the locations of the alleged conduct, venue was not properly in Connecticut for this case and therefore a judgment of acquittal should enter in this case;

l. A Judgment of acquittal should be entered with regard to each of the money laundering counts as a matter of law, as there was insufficient evidence at trial to support that the death benefit of Sash Spencer constituted the proceeds of specified unlawful activity.

WHEREFORE, it is respectfully requested a Judgment of Acquittal be ordered with respect to each count of the Superseding Indictment, pursuant to F. R. Crim. Pro. 29:

**Respectfully submitted,**
Defendant, Daniel Carpenter

By _____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009
rbrown@bpslawyers.com

## **CERTIFICATION**

This is to certify that March 13, 2017, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009