# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:13 CR 226 (RNC) |
| ) | |
| DANIEL E. CARPENTER ) | |
| ) | JULY 20, 2017 |

## DEFENDANT'S MOTION FOR PERSONAL ACCESS AND RETENTION OF DISCOVERY MATERIAL

The Defendant respectfully moves this Court to permit the Defendant, himself, unfettered access to all of the discovery material provided in this matter and to allow him to retain these documents at his home residence in Simsbury, Connecticut. In support of this motion, the Defendant asserts the following:

1. On or about April 20, 2010, various and numerous federal agents raided the premises of 100 Grist Mill Road, Simsbury, Connecticut, home of NOVA Benefit Plans, LLC and, according to the Search Warrant, also Benistar.

2. On or about May 26, 2011 various and numerous federal agents raided the premises of 300 First Stamford Place, #201, Stamford, CT, which included the business

1

offices of Benistar Admin Services, Inc., BASI, as well as the premises of 100 Grist Mill Road, Simsbury, CT, home of BASI, the Charter Oak Trust, and Grist Mill Capital, LLC., as well as other associated businesses.

3. As a result of these three raids, the government obtained in excess of a million pages of documents from the various businesses servers.

4. The Defendant, Daniel E. Carpenter, was charged with violations of the mail and wire fraud statutes, 13 U.S.C. §§ 1341, 1343. Twenty-three counts of the superseding indictment, counts 1-4, 7-18, 20, 23, 26, 29-32, concern themselves with allegations of wire fraud, while nine counts, 5-6, 19, 21-22, 24-25, 27-28, are of mail fraud. Carpenter was also charged with conspiracy to commit mail and wire fraud in count 33 of the superseding indictment.

5. The allegations of mail and wire fraud contained in the superseding indictment were essentially that Mr. Carpenter was part of a scheme to defraud insurance providers by conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged misrepresentations as to certain personal information about the Applicants (the "Applicants" or the "Insured"), relating to, among

other things, the Applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy.

6. The Government also had charged Mr. Carpenter with violations of the illegal monetary transfer and money laundering statutes, 18 U.S.C. §§ 1957, 1956(a)(1)(A)(i) and 2. The superseding indictment alleged conspiracy to commit money laundering in count 34, illegal monetary transactions in counts 35-47, and money laundering by the promotion of specified unlawful activities in counts 48-57.

7. Essentially these counts concerning illegal monetary transactions and money laundering are premised on the proceeds of the charged mail and wire fraud counts, as well as the death benefit paid out with regard to one of the Insureds.

8. As the Court is intimately aware, this prosecution has involved a very significant quantity of documents as well as numerous witnesses, which resulted in a 91 page verdict from the Court. Moreover, the sheer volume and complexity of this matter necessitated years of the reviewing government disclosures, pretrial preparation and necessitated voluminous pretrial motions and memorandums of law in support thereof and opposition thereto.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

9. The documents provided by the Office of the United States Attorney, (A.U.S.A. David Novick) through the discovery process have been subject to a confidentiality / non-disclosure agreement. The Defendant and the undersigned counsel have agreed not to allow any of the documents out of their possession, or to distribute them in any way to other parties. It was agreed that <u>copies</u> of the discovery material would <u>NOT</u> be provided to anyone, including the Defendant, Mr. Carpenter.

10. It is in the interests of justice to allow a modification of this agreement, and to grant the Defendant, himself, access to the voluminous amount of discovery material by downloading the databases containing the seized material to a laptop to be provided by the Defendant, and allow him to retain it at his home office in Simsbury, Connecticut. This arrangement would allow the Defendant to personally and efficiently cull through the massive amount of material and enable him to continue to be active in his defense.

11. Due to Mr. Carpenter's incarceration at Canaan and his detention at Wyatt during his trial, Mr. Carpenter has received virtually none of the millions of documents of government discovery that are contained on the computers of Halloran & Sage.

12. The current Confidentiality Agreement with the government prevents Mr. Carpenter from having unfettered access to that discovery without the search being

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

approved by his counsel, done by people at Halloran & Sage, and then the results of that search being approved by this office. This unwieldy process is depriving Mr. Carpenter of doing his own searches and of his constitutional right to present his best defense.

13. Mr. Carpenter is making this Motion primarily for three reasons. First, he has consistently demanded from the government *Brady-Giglio-Bagley* and *Jencks* material, which to date he has received little if anything from the government. In fact, the government has provided absolutely no *Brady-Giglio-Bagley* material, and very little *Jencks* material even though it is over a year since his trial.

14. Second, Mr. Carpenter wants to advise the Court that it is his position that the government has failed in its obligations to provide this material and at a later date, Mr. Carpenter will make a motion to have his indictment dismissed based on the government's failure to honor all of its obligations under *Brady-Giglio- Bagley* and *Jencks*.

15. Mr. Carpenter is well aware that the typical remedy for a *Brady* violation is a new trial giving the defendant the information that he was deprived of. However, Mr. Carpenter believes that this is the atypical case where the government's violations of Due

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

Process and Mr. Carpenter's constitutional rights are so severe that they require the extraordinary penalty of dismissing the indictment.

16. Finally, Mr. Carpenter did not receive a Bill of Particulars in this case, and the government does not meet its *Brady-Giglio-Bagley* obligations by dropping off a number of haystacks and telling the defendant good luck in finding the needle. This case is made even more difficult because the thousand "haystacks" in this case are locked away in the Halloran & Sage silo, which Mr. Carpenter has very limited access to, and when he does have access to the data, it affects the computer system at Halloran & Sage. Some searches take days to complete – and most searches take hours. That is not fair to Mr. Carpenter or Halloran & Sage.

17. From Mr. Carpenter's prospective, he would respectfully suggest to the Court that most of the government's discovery was procured from two unlawful raids on his building at 100 Grist Mill Road, and now that the government has unlawfully seized these computer servers from him and made his entire trial – an electronic email "trial by ambush" where emails taken out of context were used to misrepresent to the Court Mr. Carpenter's Good Faith and the fact that at this late date it is submitted that the government has failed to show Mr. Carpenter lying to anyone or being in any conspiracy

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

with anyone to defraud anyone much less the carriers that have always been the mainstay of his career. In the insurance industry, it is said that "A man's word is his bond." The Court's Opinion is all over the Internet and Mr. Carpenter's good name has been tarnished, if not utterly destroyed. The Court, it is respectfully submitted, has a constitutional obligation to allow Mr. Carpenter to prepare and offer his best defense, but now the Court should also allow Mr. Carpenter unfettered access to the government's discovery to get his good name and reputation back. Justice and Fundamental Fairness require nothing less.

18. If this motion is granted, the Defendant would agree to maintain the documents in the strictest confidentiality, and would use the documents provided in the government discovery <u>only for his defense</u> and would share the documents only with his defense team and the Court. Mr. Carpenter has no reason, nor desire, to share any personal or private information contained in the files with the public. The Defendant has also signed a confidentiality agreement reflecting this promise. It is attached as Defendant's Exhibit 1. Obviously the Agreement would have to be amended and construed to allow Mr. Carpenter to have all government provided discovery on his

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

computer at home rather than to have to go through his counsel or Halloran & Sage to access the discovery.

19. Defense counsel has communicated this request with the A.U.S.A. David Novick. He objects to this motion being granted.

WHEREFORE, it is respectfully requested that the Court allow the Defendant unfettered access to the discovery material and allow him to retain the material at his personal residence for use solely in his defense.

**Respectfully submitted,**
Defendant, Daniel Carpenter

By /s/ Richard R. Brown
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009
rbrown@bpslawyers.com

# EXHIBIT 1

### CONFIDENTIALITY AGREEMENT

I, Daniel Carpenter, of Simsbury, Connecticut, am the defendant in the case captioned United States of America v. Daniel Carpenter, Criminal No. 3:13-CR-226 (RNC), currently pending in United States District Court for the District of Connecticut.

I hereby acknowledge that all discovery material provided to the defense in the above-referenced case is subject to a confidentiality agreement with the United State Attorney's Office. The discovery material is presently stored on computers controlled by the law firm of Halloran and Sage on behalf of counsel for the defendant, Attorney Richard Brown, Brown Paindiris & Scott, LLP. I acknowledge that under the terms of the confidentiality agreement currently in place, I can view the discovery material at the offices of Attorney Brown.

I have requested my attorney to seek a modification of the aforementioned confidentiality agreement to allow me to have access to the discovery material in my home in Simsbury, Connecticut. I understand that all discovery material would still be subject to the confidentiality agreement. In order to have access to discovery material in my home, I specifically understand and agree to the following terms:

1. I will be provided remote computer access to the discovery materials presently stored on computers at Halloran and Sage so that I can access the materials from my home. I will not remotely access the discovery materials from any location other than from my home or from the offices of Attorney Brown. I will not permit any other person to access or otherwise view the materials. I will not print, photograph, save onto my computer, or otherwise duplicate any discovery material that I access.

2. If there are any discovery materials that I would like to view in hardcopy at my home, I will provide a list of such materials to Attorney Brown. Attorney Brown or a member of his staff will redact any personal identifying information (including, but not limited to, social security numbers, addresses, phone numbers, dates of birth, bank account numbers), financial information, and medical or mental health information, of any individuals prior to providing me with hardcopies of such materials. If an individual's personal identifying information, financial information, and/or medical or mental health information is disclosed to me, I will not disclose that information to any other person.

3. I will maintain the discovery material provided to me in the strictest confidentiality, and I will not remove any such material from my home. I will not duplicate any discovery material provided to me, let any other person view such material, or disseminate such material to any other person.

4. I will follow the instructions given to me by Attorney Brown and his staff to protect the integrity of the documents and to insure that the confidentiality of all discovery material is protected.

5. I will use the discovery material solely for my defense in the above-referenced criminal matter, and I will not use the material in any other case or litigation or for any other purpose, other than for my defense in this case. At the conclusion of the case, I will return all discovery materials to Attorney Brown or a member of his staff.

On this 9th day of May, 2017, I certify that I have read the above Confidentiality Agreement and agree to be bound by it.

_____  5-9-2017
Daniel Carpenter                Date

_____  5-9-17
Joseph Castagno                 Date

I have reviewed and explained the above Confidentiality Agreement to my client who advises me that he understands and accepts its terms. To the extent the agreement imposes any terms and conditions on me or on members of my staff, I agree to be bound by it and to ensure that members of my staff comply with its terms.

_____  5/9/17
Richard R. Brown, Esq.          Date
Counsel for Daniel Carpenter

## CERTIFICATION

This is to certify that on July 20, 2017, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 25th Floor
New Haven, CT 06510

A.U.S.A. Neeraj Patel
Office of U.S. Attorney
157 Church Street, 25th Floor
New Haven, CT 06510

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009