UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | August 20, 2017 |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE SUR-REPLY
IN OPPOSITION TO DEFENDANT'S MOTION FOR PERSONAL
ACCESS AND RETENTION OF DISCOVERY MATERIAL**

The Government respectfully moves for leave to file a very short two-page sur-reply in response to Daniel Carpenter's reply brief to his motion for personal access and retention of discovery material (Doc. 271). *See* D. Conn. L. Crim. R. 1(c) (incorporating D. Conn. L. Civ. R. 7(d) regarding reply memoranda)."); D. Conn. Local Civ. R. 7(b)(2) ("No sur-replies may be filed without permission of the Court[.]").  The Government's proposed sur-reply is attached hereto as Exhibit A.

The Government seeks permission to file this short sur-reply in order to address a factual misstatement set forth in Carpenter's reply brief.  In his reply brief, Carpenter asserts that the Government just disclosed certain documents for the first time in its response to Carpenter's Rule 33 motion. *See* Doc. 271 at 6.  Carpenter's assertion is incorrect.  The Government turned over these documents prior to trial, and in its proposed sur-reply, the Government wishes to direct the Court's attention to a previously submitted discovery letter showing that the Government did, in fact, turn over these documents prior to trial.

The Government's proposed sur-reply is limited to addressing this one factual misstatement. The Government submits that the foregoing constitutes good cause for granting the Government leave to file a sur-reply. *See Weinstein v. Islamic Republic of Iran*, 624 F. Supp. 2d 272, 273 n.1 (E.D.N.Y. 2009) (granting leave to file one-page sur-reply to correct a misstatement

in bank's reply papers); *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) (granting leave to file a sur-reply memorandum to address specific and limited legal and factual issues in petitioner's reply memorandum); *see also Ferrie v. DirecTV, LLC*, No. 3:15-CV-409 (JCH), 2016 WL 183474, at *1 n.1 (D. Conn. Jan. 12, 2016) (stating that when new issues appear in reply papers, the non-moving party should seek leave to file a sur-reply to address those new issues and that the court's consideration of the sur-reply should be limited to the new issues).

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's motion for leave to file the proposed sur-reply attached as Exhibit A.

    Respectfully submitted,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    /s/ David E. Novick

    DAVID E. NOVICK
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. phv02874
    157 Church Street, 25th Floor
    New Haven, CT 06510
    Tel: 203-821-3700
    Email: David.Novick@usdoj.gov

    /s/ Neeraj N. Patel

    NEERAJ N. PATEL
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. phv04499
    157 Church Street, 25th Floor
    New Haven, CT 06510
    Tel: 203-821-3700
    Email: Neeraj.Patel@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2017, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*

Neeraj N. Patel
Assistant United States Attorney