# EXHIBIT
# ONE



# TUCKER ENTERPRISES
57 BRANT AVENUE • SUITE 200 • CLARK, NEW JERSEY 07066 • (732) 340-0001 • FAX (732) 340-0030

January 17, 2007

Mr. Bruce Mactas
292 Madison Avenue, 7th Floor
New York, NY 10017

Dear Bruce:

Enclosed please find the Charter Oak Trust originally executed by Allen Tucker.

Very Truly Yours,

Hal Seltzer

HS/sl
Enclosure
Via Fedex 8585 8153 6032

F:\Cord\Hal\Bruce Mactas re Charter Oak Trust.wpd

CONFIDENTIAL

MAS 003859

MACTAS_045372

# CHARTER OAK TRUST

Benefit Funding Provided by
Grist Mill Capital, LLC

## Confidential Information Package

CONFIDENTIAL

MAS 003860

MACTAS_045373

# CHARTER OAK TRUST

### Benefit Funding Provided by
### Grist Mill Capital, LLC

## Confidential Information Package

Grist Mill Plaza
100 Grist Mill Road
Simsbury, CT 06070

(860) 408-7000
(860) 408-7015 (fax)

Clearwater House
2187 Atlantic Street
Stamford, CT 06902

(203) 969-6000
(203) 969-6070 (fax)

CONFIDENTIAL

MAS 003867

MACTAS_045380

# CHARTER OAK TRUST

## Benefit Funding Provided by
## Grist Mill Capital, LLC

---

## Confidential Information Package

---

Grist Mill Plaza
100 Grist Mill Road
Simsbury, CT 06070

(860) 408-7000
(860) 408-7015 (fax)

Clearwater House
2187 Atlantic Street
Stamford, CT 06902

(203) 969-6000
(203) 969-6070 (fax)

MACTAS_033524

# EXHIBIT
# TWO

# $300m retreat for world leaders planned

LONDON Forget Camp David, Chequers and the Palace of Versailles. The next time George Bush, Gordon Brown or Nicholas Sarkozy need a bolthole in which to recharge their batteries or a place for a private pow-wow, they might find themselves lured to a new retreat amid the pink rocks of the Nevada desert.

Donna Vassar, part of the Vassar education dynasty, has launched plans to build a $300m private getaway for stressed-out presidents and prime ministers who want to "reconnect with their unique purpose in life".

The Universitas Leadership Sanctuary is intended as part monastery and part conference centre where the most powerful men and women on the planet can get away from it all with a combination of reading, contemplation and even a spot of gardening.

To remind them of their role as leaders of the planet, the sanctuary will be built in the shape of a four-storey globe on the shores of Lake Las Vegas, a privately-owned lake in the south Nevada desert where temperatures can reach 50C at the height of summer.

ADVERTISEMENT



### Avon, CT: This Brilliant Company Is Disrupting A $2( Billion Industry

EVERQUOTE

Vassar, whose family established the liberal arts college of the same name in New York State, has unveiled plans which include libraries, contemplation spaces and debating chambers. She intends to recreate a monastic existence which means entourages of press officers, policy advisers and secretaries which routinely support world leaders will be banned. There will even be a garden to provide food for the sanctuary tables, raising the prospect of future world leaders tilling the soil together while ruminating on the direction of the latest round of world trade talks.

"The Universitas Leadership Sanctuary will be a centre specifically created to embrace and challenge leaders," says the vision document which Vassar has published. "Together we will create an individual journey leading to the highest place within, enabling leaders to reconnect with their unique purpose in life. They emerge renewed, with clarity, and reflecting true transformation."

Speaking through a spokeswoman, Vassar said visitors would be encouraged "to keep things informal in order to submit to the relaxing atmosphere".

Vasser hired Douglas Patterson, the London-based artist and architect to work on the plans, after she saw a mansion he built in a Mogul style on the Caribbean island of Mustique. Before the commission to design the Sanctuary, Patterson travelled to study the life and architecture of Buddhist Dzongs (monasteries) in Bhutan and the Christian orthodox monasteries of Mount Athos and Meteora in Greece.

He is now working with Laurie Chetwood, an architect who made his name designing eco-friendly supermarkets for the UK supermarket chain Sainsbury's.

"This will be a place for people to leave their cares behind and get back to what they are all about," Chetwood said. "The building is approached by a labyrinth which means the leaders will leave their cares and their entourages behind both metaphorically and literally.

"The place is designed to strip away the layers of protocol that build up around these kind of people and help them get back to clarity. They can also use the place like a monk might. There will be libraries and a garden to produce food."

The main globe building will be on four levels. The ground floor will house a library and the first floor a debating chamber, while on the second floor will be technology to help make the building energy efficient. At the top, under a dome of glass, will be the spiritual heart of the development the contemplation space where leaders will be encouraged to sit in silence.

The world leaders will have simple quarters next to the globe where they will be able to eat and sleep during retreats lasting a weekend or longer.

It is not the first attempt to bring world leaders together in a different environment to the conference halls and meeting rooms of the United Nations, Davos and Camp David. In late 2006 President Nazarbayev of Kazakhstan opened the Pyramid of Peace in

Astana, his capital. The 77-metre-high building, designed by the British architect Norman (Lord) Foster, includes a 1,500-seat opera house. At its apex it is crowned by a meeting space decorated with images of doves especially designed to host conferences of the leaders of the world's religions.

Vassar has set up Destination Universitas Foundation, a New York charitable foundation, to raise money for the project, which she estimates will take two and a half years to build. She is travelling the world to meet potential donors and has told them her mission is "to create better balance in the world by transforming leaders".

A spokesman for Lake Las Vegas resort confirmed that late last year the foundation expressed an interest in buying a 65-acre plot in its development which already includes a Ritz Cartlon Hotel, luxurious homes and a spa. The location means that if the world leaders tire of their monastic retreat they will find a golf course on their doorstep as well as a small casino. And if all that concentrating on inner thoughts gets too much, the Las Vegas strip is just 17 miles away.—Dawn/The Guardian News Service

‹                                                                                    ›

# EXHIBIT THREE

## SETTLEMENT AGREEMENT AND RELEASES

This SETTLEMENT AGREEMENT AND RELEASES is made as of the ___ day of July, 2008 by and among Mary M. Spencer, residing at 251 Crandon Boulevard, Unit 164, Key Biscayne, Florida 33149 ("Mary"), Mary M. Spencer as named Personal Representative of the Estate of Sash A. Spencer (the "Estate"), Holding Capital Group, Inc., a Connecticut corporation having an office at 7 Ridgewood Drive, Bridgewater, Connecticut 06752 ("Holding Capital"), Universitas Education, LLC, having an office c/o Sharon Siebert, 404 East 55th Street, Suite 13A, New York, New York 10022 ("Education LLC"), and Donna J. Vasser, residing at 404 East 55th Street, Suite 13A, New York, New York 10022, administrator of Education LLC (the "Administrator").

A.    Background – which all parties hereto acknowledge:

1.    Through the offices of Bruce Mactas, on or about December 22, 2006, life insurance in the principal amount of approximately $30,000,000 issued by The Lincoln National Life Insurance Company ("Lincoln National") was purchased by Charter Oak Trust (the "Trust") for the benefit of Mary on the life of Holding Capital's principal, Mary's husband, the late Sash A. Spencer, who passed away on June 10, 2008.

2.    The Trust is the owner and beneficiary of those policies (hereinafter the "Policies") pursuant to a funding arrangement under which the beneficial interest in the Policies was for the late Mr. Spencer.

3.    The agreed beneficiary of the proceeds of the Policies is Mr. Spencer's wife, Mary M. Spencer ("Mary").

{ 60017/010/01169259:1-MTP}

4.    Mary, the Estate, Holding Capital, Education LLC and the Administrator have settled all questions and all differences, and have agreed as follows.

B.    Agreement:

1.    Mary directs that the proceeds of the Policies be placed in escrow to be distributed as hereinafter provided. Accordingly, the designated beneficiary of the Trust shall be an escrow agent agreeable to the parties hereto and to the Trust (the "escrow agent"). The parties shall execute and deliver such documentation as shall be necessary for that purpose, with copies thereof provided to the Trust. An escrow agreement shall be executed requiring the escrow agent to disburse such proceeds of the Policies as it may receive as therein provided, said provisions to be in accordance with this agreement.

2.    The net proceeds of the Policies shall belong to and be disbursed to Mary subject to the reductions and offsets set forth in paragraph "3" below.

3.    If and only if proceeds of the Policies are received in the amount of $30,000,000 (subject to expenses estimated at over $3,300,000 which had been agreed upon with Grist Mill Capital, LLC and less reasonable legal and administrative expenses), there shall be paid to the charitable foundation Destination Universitas Foundation (the "Charity") the sum of $5,000,000. This sum is intended as a charitable contribution by Mary, pursuant to charitable commitments of the late Mr. Spencer. Accordingly, that sum shall be disbursed by the escrow agent to Mary with contemporaneous arrangements satisfactory to the Charity for the contribution by Mary of that sum to the Charity. If proceeds of the Policies are received in a lesser amount than $30,000,000 less expenses, then the foregoing provisions of this paragraph "3" shall remain applicable except that the contribution shall be reduced by an amount equal to twenty percent (20%) of the amount by which (i) a figure of $26,700,000 exceeds (ii) the proceeds of the

- 2 -

MACTAS_002730

Policies less $2,000,000. [Note: the formula can be simplified by raising the $26,700,000 to $28,700,000 instead of the $2,000,000 reduction but this version is perhaps more illustrative]. Any agreement of compromise or settlement or otherwise leading to reduction of the proceeds to be received shall be at Mary's sole discretion.

4.    Subject to the terms of this agreement, all parties hereto, for themselves and on behalf of their heirs, successors, members, partners, employees, shareholders, officers, agents, trustees, beneficiaries, sponsors, administrators, attorneys and assigns, and any others claiming by, from or through them, hereby release, remise and discharge all other parties, their heirs, successors, employees, agents, assigns and attorneys (together with Arnold Broser, Bruce Mactas, Mactas, Alper Szrolovits, Inc., Arthur M. Michaelson, Esq. and the escrow agent, hereinafter collectively the "Additional Releasees"), from all claims, demands, causes of action, damages, judgments and executions and liabilities which any of them have or may have, known and unknown, foreseen or unforeseen, in connection with the subject matter of this agreement and in connection with any claims, demands, causes of action, damages, judgments and executions, against Mary or the Estate. The Additional Releasees and their firms and affiliates shall be jointly and severally fully held harmless and indemnified against any and all claims, demands, causes of action, damages, judgments and executions, liabilities and related costs and expenses arising out of the subject matter of this agreement, such indemnifications to be paid as joint and several obligations of the recipients of the net proceeds of the Policies but only to the extent that net proceeds of the policies are actually received by them (as between them, in proportion to the proceeds received).

5.    Each of the parties to this agreement has had access to the advice of counsel in entering into this agreement, and each of the parties acknowledges that it has received the benefit

- 3 -

MACTAS_002731

of access to such advice or has declined same and requires no further access to counsel incident to agreeing to being bound by this agreement.

6. Upon the reasonable request of any party hereto, following the date hereof, any other party hereto will: (a) execute and deliver to the requesting party such other documents, releases, assignments and other instruments as may be required to give effect to this agreement and consummate the transactions contemplated hereby; and (b) take all other reasonable actions to fulfill the intent and purpose of this agreement and the transactions contemplated hereby.

7. Each of the parties recognizes and acknowledges that the subject matter and the terms of this Agreement are private and confidential. Each party therefore agrees that it will not disclose this agreement or any of the terms hereof to any third party for any reason or purpose whatsoever except (i) on a confidential basis insofar as possible, as may be necessary, to conduct its business or perform its obligations, or (ii) as may be required by law.

8. This agreement shall be enforced only in, governed by, and construed in accordance with, the laws of the State of New York. The undersigned hereby consent to the jurisdiction of the courts of the State of New York and agree that any action or proceeding in connection with this agreement shall be brought in New York County.

9. This agreement may be executed in counterparts by the parties.

10. This agreement may be modified only in writing signed by the parties to be bound by such modification.

Dated: _____, 2008

_____
Mary M. Spencer

Dated: _____, 2008

_____
Mary M. Spencer as named Personal
Representative of the Estate of Sash A.
Spencer

- 4 -

{ 60017/010/01169259:1-MTP}

MACTAS_002732

Dated: _____ __, 2008          HOLDING CAPITAL GROUP, INC.

By: _____

Dated: _____ __, 2008          UNIVERSITAS EDUCATION, LLC

By: _____

Dated: _____ __, 2008          _____
                                      Donna J. Vasser

[ 60017/010/01169259:1-MTP}

MACTAS_002733

## SETTLEMENT AGREEMENT AND RELEASES

This SETTLEMENT AGREEMENT AND RELEASES is made as of the 11th day of

November, 2008 by and between Holding Capital Group, Inc., a Connecticut corporation having

an office at 7 Ridgewood Drive, Bridgewater, Connecticut 06752 ("Holding Capital"), and

Universitas Education, LLC, having an office at 404 East 55th Street, Suite 13A, New York, New

York 10022 ("UE LLC").

A. Background – which all parties hereto acknowledge:

1.   Through the offices of Bruce Mactas, on or about December 22, 2006, two life

insurance policies in the aggregate principal amount of $30,000,000, issued by The Lincoln

National Life Insurance Company ("Lincoln National") were purchased by Charter Oak Trust

(the "Trust") on the life of Holding Capital's principal, the late Sash A. Spencer, who passed

away on June 10, 2008.

2.   The Trust is the owner and beneficiary of those policies (hereinafter the

"Policies").

3.   UE LLC is the sole named beneficiary of the Trust. However, differences have

arisen among the parties as to their respective rights and claims causing a review of the Trust

documentation. Certain contingencies were not addressed and clarification is needed to

accurately reflect the intended beneficiary designations.

4.   Holding Capital, UE LLC and their principals have now settled all differences and

claims and agree as follows.

{ 60017/010/01178485:1-CRS}

**CONFIDENTIAL**

**MAS 000964**

**MACTAS_042499**

B.   Agreement:

1.   (a)   UE LLC and Holding Capital shall be equal beneficiaries of the Trust. Accordingly, the net proceeds of the Policies shall belong to, and be disbursed directly by the Trust in equal shares, as follows: (a) one-half to UE LLC, and (b) one-half to Holding Capital or its designee as indicated in writing to the trustee of the Trust and to UE LLC. The parties shall execute and deliver such documentation as shall be necessary for that purpose, with any necessary copies thereof provided to the Trust.

(b)   The net proceeds of the Policies shall consist of all amounts distributed by the Trust and/or its affiliates in respect of the Policies, it being understood that the net proceeds shall be (i) after offset for a claim of the Trust and its affiliates, which claim is being jointly disputed by the parties hereto, and (ii) after deduction of compensation of $200,000 payable to Bruce Mactas, whether payable directly by the Trust or jointly by the parties, but only to the extent that the net proceeds after such reductions shall, as intended, exceed $23,000,000. Bruce Mactas hereby agrees that he has no further claim against the parties as a result of this transaction.

(c)   It is understood and agreed that the receipt of proceeds from Lincoln National is not a certainty in any amount whatsoever. Each party hereto shall take all reasonable actions to fulfill the intent and purpose of this agreement and the transactions contemplated hereby, including prompt compliance with all reasonable requests made by or on behalf of Lincoln National in connection with the parties' claims under the Policies. No party hereto makes any warranty or representation, direct or implied, as to receipt of proceeds. Each party specifically disclaims any obligation or liability of any other party with respect thereto, provided, however, that in the unexpected event that net proceeds received from Lincoln National are

- 2 -

{ 60017/010/01178485:1-CRS}

CONFIDENTIAL

MAS 000965

MACTAS_042500

reduced, even if by refund, Holding Capital and UE LLC shall each be responsible for one-half of the reduction. If outside counsel or other professionals are retained by the parties in case of dispute with Lincoln National or the Trust, the selection shall be made jointly by Holding Capital and UE LLC (in case of dispute with Lincoln National such selection shall be recommended to the trustee of the Trust), and the costs shall be borne equally. Any decision to commence, continue or settle litigation shall be made jointly by the parties.

(d) It is the intention of the parties that insofar as possible, neither UE LLC nor Holding Capital nor any other person be at risk for any sums greater than the net sums received by them after reduction for all expenses, taxes of any nature resulting therefrom payable on the proceeds, or any other costs relating to this matter.

2. (a) Subject to the terms of this agreement, the parties hereto, for themselves and on behalf of their owners, members, partners, employees, shareholders, officers, agents, trustees, beneficiaries, sponsors, administrators, attorneys, assigns, any heirs or successors thereof and any others claiming by, from or through them, hereby release, remise and discharge the other parties hereto (together with Mary Spencer, wife of the late Sash A. Spencer, the Estate of Sash A. Spencer, Holding Capital Group, Inc. (a Florida corporation), Donna J. Vassar, Sharon E. Siebert, Arnold Broser, Bruce Mactas and Mactas, Alper Szrolovits, Inc.) and their owners, employees, agents, consultants, assigns and attorneys, and any heirs, successors and affiliates, from all claims, demands, causes of action, damages, judgments and executions and liabilities which any of them have or may have, known and unknown, foreseen or unforeseen, including but not limited to the potential claims underlying this agreement and in connection with any business or other dealings among such parties, including the introduction of a real estate project on Grand Bahama Island, but excepting any documented investment (e.g., by Mr. Spencer) in

- 3 -

{ 60017/010/01178485:1-CRS}

CONFIDENTIAL

MAS 000966

MACTAS_042501

Sage Sound, LLC). The releases hereunder shall be applicable (i) from Holding Capital only as to UE LLC and those of the above persons associated with it, and (ii) from UE LLC only to Holding Capital and those of the above persons associated with it. The foregoing releases shall be effective only after receipt by the parties of any net proceeds of the Policies.

(b)     Contemporaneously herewith Mary Spencer and the Estate of Sash A. Spencer, Donna J. Vassar and Sharon E. Siebert have delivered releases running to the parties hereto and to persons named in subparagraph "(a)" above.

3.     Each of the parties to this agreement has had access to the advice of counsel in entering into this agreement, and each of the parties acknowledges that it has received the benefit of access to such advice or has declined same and requires no further access to counsel incident to agreeing to being bound by this agreement.

4.     Upon the reasonable request of either party hereto, following the date hereof, the other party hereto will execute and deliver to the requesting party such other documents, assignments and other instruments as may be required to give effect to this agreement and consummate the transactions contemplated hereby.

5.     Each of the parties recognizes and acknowledges that the subject matter and the terms of this Agreement are private and confidential. Each party therefore agrees that it will not disclose this agreement or any of the terms hereof to any third party for any reason or purpose whatsoever except (i) on a confidential basis insofar as possible, as may be necessary to conduct its business or perform its obligations, or (ii) as may be required by law.

6.     This agreement shall be enforced only in, governed by, and construed in accordance with, the laws of the State of New York. The undersigned hereby consent to the

- 4 -

{ 60017/010/01178485:1-CRS}

**CONFIDENTIAL**

**MAS 000967**

**MACTAS 042502**

jurisdiction of the courts of the State of New York and agree that any action or proceeding in connection with this agreement shall be brought in New York County.

7. This agreement may be executed in counterparts by the parties.

8. This agreement may be modified only in writing signed by the parties to be bound by such modification.

Dated: _NOVEMBER 11_, 2008

HOLDING CAPITAL GROUP, INC.,
a Connecticut Corporation

By: _____
James Donaghy

Dated: _NOVEMBER 11_, 2008

UNIVERSITAS EDUCATION, LLC

By: _____
Sharon E. Siebert

CONSENTED TO:

_____
Donna J. Vassar

_____
Sharon E. Siebert, in her individual capacity

ESTATE OF SASH A. SPENCER

By: _____
Mary M. Spencer, Personal Representative

_____
Bruce Mactas

- 5 -

{ 60017/010/01178485:1-CRS}

CONFIDENTIAL

MAS 000968

MACTAS_042503

## RELEASE

WHEREAS, contemporaneously herewith the following persons have entered into a "Settlement Agreement and Releases" dated as of the date hereof (the "Settlement Agreement"):

A. HOLDING CAPITAL GROUP, INC., a Connecticut Corporation having an office at 7 Ridgewood Drive, Bridgewater, Connecticut 06752, and

B. UNIVERSITAS EDUCATION, LLC, having an office at 404 East 55th Street, Suite 13A, New York, New York 10022, and

WHEREAS, pursuant to the Settlement Agreement and in consideration thereof, it has been agreed that the undersigned and others are to deliver releases as therein provided,

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

DONNA J. VASSAR, residing at 404 East 55th Street, New York, New York 10022, for herself and on behalf of her heirs and successors, and any others claiming by, from or through her, subject to the terms of the Settlement Agreement and effective only after receipt by the parties thereto of any net proceeds thereunder, hereby releases, remises and discharges Holding Capital Group, Inc. (a Connecticut corporation), Holding Capital Group, Inc. (a Florida corporation), Mary M. Spencer, the Estate of Sash A. Spencer, Arnold Broser, Bruce Mactas, and Mactas, Alper Szrolovits, Inc., their heirs, successors, affiliates, employees, agents, consultants, assigns and attorneys from all claims, demands, causes of action, damages, judgments and executions and liabilities which any of them have or may have, known and unknown, foreseen or unforeseen.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Release as of this 11TH day of NOVEMBER , 2008

Donna J. Vassar

{ 60017/010/01178500:1-CRS}

**CONFIDENTIAL**

MAS 000970

MACTAS 042505

## RELEASE

WHEREAS, contemporaneously herewith the following persons have entered into a "Settlement Agreement and Releases" dated as of the date hereof (the "Settlement Agreement"):

    A.    HOLDING CAPITAL GROUP, INC:, a Connecticut Corporation having an office at 7 Ridgewood Drive, Bridgewater, Connecticut 06752, and

    B.    UNIVERSITAS EDUCATION, LLC, having an office at 404 East 55th Street, Suite 13A, New York, New York 10022, and

WHEREAS, pursuant to the Settlement Agreement and in consideration thereof, it has been agreed that the undersigned and others are to deliver releases as therein provided,

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

SHARON E. SIEBERT, having an office at 404 East 55th Street, New York, New York 10022, for herself and on behalf of her heirs and successors, and any others claiming by, from or through her, subject to the terms of the Settlement Agreement and effective only after receipt by the parties thereto of any net proceeds thereunder, hereby releases, remises and discharges Holding Capital Group, Inc. (a Connecticut corporation), Holding Capital Group, Inc. (a Florida corporation), Mary M. Spencer, the Estate of Sash A. Spencer, Arnold Broser, Bruce Mactas, and Mactas, Alper Szrolovits, Inc., their heirs, successors, affiliates, employees, agents, consultants, assigns and attorneys from all claims, demands, causes of action, damages, judgments and executions and liabilities which any of them have or may have, known and unknown, foreseen or unforeseen.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Release as of this ___11th___ day of __NOVEMBER__, 2008

_Sharon E. Siebert_ (signature)

Sharon E. Siebert

{ 60017/010/01178495:1-CRS}

CONFIDENTIAL

MAS 000972

MACTAS 042507

## CONSENT TO SETTLEMENT AGREEEMENT AND RELEASES

The undersigned, being all the members of UNIVERSITAS EDUCATION, LLC (the "Company") having an office at 404 East 55th Street, Suite 13A, New York, New York 10022 do hereby consent to the execution and carrying out by and on behalf of the Company of a Settlement Agreement and Releases and all further actions thereunder relating to the division of certain life insurance proceeds directly or indirectly receivable from The Lincoln National Life Insurance Company on the life of the late Sash A. Spencer.

The names and addresses of the members of the Company are as follows:

| Name | Address |
|------|---------|
| Donna J. Vassar | 404 East 55th Street, NY, NY 10022 |
| Sharon E. Siebert | 404 East 55th Street, NY, NY 10022 |

Dated: November 11, 2008

Donna J. Vassar

Dated: November 11, 2008

Sharon E. Siebert

{ 60017/010/01178860:1-CRS}

**CONFIDENTIAL**

**MAS 000974**

MACTAS 042509

# EXHIBIT
# FOUR

In this case, the government has failed to produce any evidence showing Mr. Carpenter was in any conspiracy with anyone, much less proof beyond a reasonable doubt. But, even assuming, *arguendo,* there was such a conspiracy, the jurisprudence of this Circuit supports that assertion that the conspiracy ended when the policies were issued and, therefore, the government has not carried its burden of proving any overt act of any conspiracy within the timeframe of the statute of limitations as it relates to this case. As such, the Court should issue a Judgment of Acquittal in Mr. Carpenter's favor as to all Counts of the Superseding Indictment.

Please see the chart appended below, with the relevant policy application and policy issuance dates for all of the Straw Insureds in this case, as supported by the evidence produced at trial:

| | INSURED | STATE | CARRIER | COUNTS | APP DATE | POLICY DATE | CHARGE DATE |
|---|---|---|---|---|---|---|---|
| Straw 1 | Carrin, Marvin | NY | PHX | 1,2,3,4 | 7/18/06 | 8/14/06 | 6/16/09 |
| Straw 2 | Esparo, Vito | CT | PM | 5 | 7/11/07 | 2/28/08 | 4/14/10 |
| Straw 3 | Knobloch, Miriam | NY | PM | 6 | 6/30/08 | 8/1/08 | 8/29/08 |
| Straw 4 | Martinez, Teresa | CA | PM | 7,8,9,10 | 5/23/08 | 9/26/08 | 3/25/09 |
| Straw 5 | Paulsrud, Luella Mae | AZ | PHX | 11,12,13,14 | 3/14/08 | 7/4/08 | 2/1/10 |
| Straw 6 | Amsterdam, Judith | NJ | SUN | 15,16,17,18 | 3/11/08 | 5/27/08 | 8/21/09 |
| Straw 7 | Cooper, Henry | NY | PHX | 19 | 4/5/07 | 6/22/07 | 5/10/10 |
| Straw 8 | Goelzer, Ronald | TX | LFG | 20, 21 | 12/24/08 | 12/28/08 | 12/30/08 |
| Straw 9 | Musiker, Judith | NY | LFG | 22 | 3/2/07 | 3/29/07 | 3/26/09 |
| Straw 10 | Pennington, Joan | TX | LFG | 23, 24, 25 | 9/9/08 | 9/18/08 | 8/26/09 |
| Straw 11 | Jacobson, Rosa | TX | LFG | 26,27,28 | 6/19/08 | 7/7/08 | 11/4/09 |
| Straw 12 | Zahner, Beat (CT) | CT | PHX | 29,30,31,32 | 4/8/08 | 5/7/08 | 5/6/09 |
| Straw 13 | Spencer, Sash | FL | LFG | 34,48,59 | 12/17/06 | 12/22/06 | 6/3/09 |
| Straw 14 | Lambert | GA | LFG | 51 | 11/14/08 | 1/6/09 | 6/2/09 |
| Straw 15 | Sanders | TX | LFG | 54, 55 | 6/11/08 | 7/21/08 | 6/17/09 |