UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | December 1, 2017 |

**GOVERNMENT'S OMNIBUS MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTIONS FOR RECONSIDERATION OF
THE COURT'S DENIAL OF HIS POST-TRIAL MOTIONS**

The Government files this memorandum in opposition to the following five motions for reconsideration filed by defendant Daniel Carpenter:

(1) motion for reconsideration of the Court's denial of his Rule 29 motion for judgment of acquittal based on the *Ex Post Facto* Clause (Doc. 305);

(2) motion for reconsideration of the Court's denial of his motion for personal access and retention of the discovery in this case (Doc. 306);

(3) motion for reconsideration of the Court's denial of his motion to suppress based on *United States v. Wey* (Doc. 307);

(4) motion for reconsideration of the Court's denial of his Rule 29 motion for judgment of acquittal (Docs. 308, 309); and

(5) motion for reconsideration of the Court's denial of his Rule 33 motion for new trial (Docs. 310, 311).

In these motions, Carpenter seeks reconsideration of the Court's oral ruling of November 6, 2017, in which the Court denied Carpenter's various post-trial motions. *See* Doc. 312 (Nov. 6, 2017 Tel. Conf. Tr.) (the "Nov. 6 Ruling"). Carpenter, however, has not satisfied the strict standard for reconsideration. He fails to point to a change in controlling law, he fails to point to newly discovered evidence or data the Court overlooked, and he fails to show clear error or manifest injustice. He simply resubmits the same arguments he presented before, hoping the Court will come to a different conclusion the second time around. Because a motion for reconsideration cannot be used solely to relitigate issues already decided, Carpenter's motions should be denied.

## I.    LEGAL STANDARD

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see United States v. Lucarelli*, 490 F.Supp.2d 295, 296–97 (D. Conn. 2007) ("Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases ." (quotation marks and citation omitted)). Indeed, this strict standard is expressly incorporated into the Local Rules. *See* D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration . . . shall satisfy the strict standard applicable to such motions [and] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."); D. Conn. L. Crim. R. 1(c) (incorporating Local Civil Rule 7(c)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Natl Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478).

"These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam*, Ltd., 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)). A motion for reconsideration cannot be used "solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## II.    DISCUSSION

Carpenter has failed to provide a valid basis for reconsideration. As explained below, each of his motions for reconsideration should be denied.

### A.    Rule 29 Motion

Carpenter has filed two motions for reconsideration of the Court's denial of his Rule 29 motion for judgment of acquittal. *See* Docs. 305, 308, 309. In the first motion, he seeks reconsideration based on the *Ex Post Facto* clause of the Constitution and argues he had no fair warning that he could be criminally liable for his conduct. *See* Doc. 305. However, his arguments are essentially the same as the arguments he made in his original Rule 29 motion. *Compare* Doc. 305 *with* Doc. 229 at 75-102. In fact, the primary cases he relies on in his motion for reconsideration are the same as the cases he cited in his original Rule 29 motion. In the Court's ruling denying Carpenter's motion, the Court addressed these arguments and rejected them. *See* Nov. 6 Ruling at 8-10 ("the absence of such a case directly on point covering the precise factual situation presented in this case does not provide a basis for granting relief to Mr. Carpenter. I believe he knew that his scheme was illegal and undertook to try to conceal it. I think that my findings make that clear, and given those findings, I have no difficulty concluding that Mr. Carpenter had fair warning."). Because Carpenter simply seeks to relitigate the same arguments again, without pointing to any change in controlling law or information or cases the Court overlooked, Carpenter's motion should be denied.

In Carpenter's second motion, Carpenter argues that there was no evidence offered at trial showing that he lied or intended to deceive anyone, and he claims the agents' conduct should be imputed to the insurance carriers. *See* Doc. 309 at 3-5. He also argues that the Second Circuit's

decisions in *Binday, Countrywide, Finazzo,* and *Mittelstaedt* undermine his convictions. *See id*. He further argues that none of the mailings and wires introduced at trial were in furtherance of a scheme to defraud. *See id.* at 5-7. Finally, Carpenter argues that the Government failed prove his intent to defraud or overcome his evidence of good faith. *Id.* at 7. Again, these are the same arguments he made in his original Rule 29 motion, which the Court specifically addressed and rejected. *Compare id.* at 3-7 with Doc. 229 at 22-45; *see* Nov. 6 Ruling at 7-8. As such, he has failed to meet the strict standard of reconsideration, and this motion similarly should be denied.

Carpenter also asks the Court to hold an evidentiary hearing so that he can present additional evidence of good faith. *See* Doc. 309 at 7. The trial in this case is over. The time for presenting such evidence was during the trial. In fact, Carpenter testified at trial and offered documents that were received in evidence, albeit nothing that suggested Carpenter acted in good faith. As to Carpenter's own testimony, the Court considered his testimony about his intent but found it was not credible. *See* Verdict at 30 n.17, 40 n.23, 64. He cannot now reopen the trial to present additional evidence. If this had been a jury trial, the defendant would not be entitled to an evidentiary hearing to introduce additional evidence of intent and good faith after the jury returned a guilty verdict and was discharged. A bench trial is no different.

Accordingly, Carpenter's motions for reconsideration of the Court's denial of his Rule 29 motion should be denied.[1]

---

[1] To the extent that the Court decides to consider Carpenter's motion on the merits, the Government respectfully incorporates by reference its memorandum in opposition to Carpenter's original Rule 29 motion, which fully addressed Carpenter's arguments. *See* Doc. 262.

**B.      Rule 33 Motion**

Carpenter has also filed a motion seeking reconsideration of the Court's denial of his Rule 33 motion. *See* Docs. 310, 311. In his motion, he first argues that his Sixth Amendment right to counsel was violated because, according to him, the Government overheard his conversations with his attorney. *See* Doc. 311 at 2-3. His argument is without merit.

On the third day of trial, the Court, on its own, admonished Carpenter to not speak so loudly when conferring with his counsel because the Court, even at quite a distance from the defense table, could hear him and it was distracting. *See* Trial Tr. at 659-61. The defense promised to turn the microphone and use notes so as not to be so distracting to the Court and Government counsel. *See id*. at 660-61. Even still, the issue persisted later at trial and Carpenter continued to speak loudly such that his voice could be heard both by the Court and Government counsel. *See* Trial Tr. at 1970-71, 1975.

The trial transcript makes clear, however, that aside from an isolated event on an irrelevant matter, Government counsel did not hear specific content. As Government counsel explained, "It's mostly a sort of din of noise." Trial Tr. at 1971. When the Court canvassed Government counsel, counsel confirmed that he did not recall anything specific, he could not hear defense counsel at all, and that it is "just noise." Trial Tr. at 1973. Counsel further confirmed to the Court that he did not overhear any discussions of defense strategy and did not gain any unfair advantage. *Id*. The Court credited Government counsel's statement because it too could hear Carpenter's voice, but similarly described it as just "noise." Trial Tr. at 1974.

The trial transcript also makes clear that Government counsel did not intentionally or deliberately try to overhear Carpenter's conversations. *See* Trial Tr. at 1970-71. To the contrary,

5

Government counsel took steps to avoid overhearing the defendant, despite his loud voice. As Government counsel noted, he turned his chair away from Carpenter to avoid listening to him and did his best to tune out Carpenter's voice. *See* Trial Tr. at 1971-72. Indeed, if the Court could hear the defendant from the bench, then it seems unlikely that Government counsel could have done anything else to avoid hearing Carpenter short of staying out of the courtroom altogether.

Without deliberate or intentional conduct on the part of the Government to listen in on Carpenter's conversations, there is no Sixth Amendment violation. The burden is on a defendant and his counsel to take steps to keep their conversations confidential. *See United States v. Longo*, 70 F. Supp. 2d 225, 265 (W.D.N.Y. 1999) ("to the extent that [the secretary] overheard privileged discussions between Defendant and his counsel, [] Defendant similarly waived the attorney-client privilege. The attorney-client privilege is waived if the communication is made in the presence of or later divulged to third parties unless the third parties are the attorney's employees or agents, or are necessary to the furtherance of the attorney-client relationship"); *see also United States v. Mejia*, 655 F.3d 126, 132–33 (2d Cir. 2011) ("the question of whether the privilege applies ... involve[s] a determination of whether the claimant asserting the privilege treated the communications in question in such a careless manner as to negate her or his intent to keep them confidential" (alterations and internal quotation marks omitted)); *United States v. DeFonte*, 441 F.3d 92, 94–95 (2d Cir. 2006) (noting that the attorney-client privilege would be waived if the claimant treated documents at issue "in such a careless manner as to negate her intent to keep them confidential"); *In re Horowitz*, 482 F.2d 72, 82 (2d Cir.1973) (noting generally that "[o]ne measure of the[ ] continuing confidentiality" of communications "is the degree of care exhibited in their keeping, and the risk of insufficient precautions must rest with the party claiming the privilege"

(internal quotation marks omitted)).  In addition, in order to show a Sixth Amendment violation, "a defendant must allege specific facts that indicate communication of privileged information to the prosecutor and prejudice resulting therefrom." *United States v. Ginsberg*, 758 F.2d 823, 833 (2d Cir. 1985).

Here, Carpenter was aware since the third day of trial that he needed to lower his voice because he could be heard, even by the Court. The Government cannot be faulted for Carpenter's failure to take steps to keep his communications confidential.  Moreover, Carpenter has not provided any specific facts showing how he was prejudiced from any conversation that he believes was overheard by the Government.

The remainder of Carpenter's motion simply rehashes the argument he made in his original Rule 33 motion.  *See* Doc. 311 at 4.  He argues that he did not have adequate access to counsel and was unable to put on his best defense. *See id*.  He does not even attempt to point the Court to any controlling law or data that the Court may have overlooked.  Instead, he simply refers to the Court to his prior Rule 33 motion and states that "[f]or all of the reasons stated in Mr. Carpenter's several Rule 33 Motions, a new trial is appropriate for Mr. Carpenter." *Id.*

The Court already considered and rejected these arguments.  *See* Nov. 6 Ruling at 12-13. As such, Carpenter's motion to reconsider these previously made arguments should be denied.  *See Shrader*, 70 F.3d at 257 (stating that if "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision).[2]

---

[2] To the extent that the Court decides to consider Carpenter's motion on the merits, the Government respectfully incorporates by reference its memorandum in opposition to Carpenter's original Rule 33 motion, which fully addressed Carpenter's arguments. *See* Doc. 263.

### C.      Motion to Suppress

Carpenter next seeks reconsideration of the Court's denial of his motion to suppress. *See* Doc. 307. This motion for reconsideration is essentially his third motion for reconsideration of the Court's suppression ruling. Carpenter's original motion to suppress was denied nearly two years ago on December 14, 2015 (Doc. 155). During trial, Carpenter filed a memorandum styled "Defendant's Motion in Limine to Preclude Testimony of Special Agent Lynn Allen and to Exclude All Documents and Materials Obtained in the Raid of April 20, 2010." Doc. 186. The Court denied the motion, finding that Carpenter "appear[ed] to be seeking reconsideration as a practical matter" and was asking the Court "to revisit matters that [the Court] addressed on the motions to suppress[.]" Trial Tr. 2234.  In May 2017, over a year after trial—and 15 months after the Court denied the motion to suppress—Carpenter again sought reconsideration of the suppression ruling.  Doc. 243.  Now he seeks reconsideration for a third time.

As a general matter, Carpenter's repeated motions for reconsideration should be rejected. *United States v. Gupta*, 363 F.3d 1169, 1174 (11th Cir. 2004) ("To permit the unlimited renewal or reconsideration of fully decided motions would needlessly tie up judicial resources and seriously delay the final disposition of cases").

With respect to the pending motion, Carpenter advances no new argument, no new case law, and no new data that the Court overlooked.  Rather, his current motion is almost identical to the notice of supplemental authority he filed in connection with his prior motion for reconsideration. In fact, it appears Carpenter has simply copied almost word-for-word his notice of supplemental authority and relabeled it as a motion for reconsideration.  *Compare* Doc. 259 *with* Doc. 307.

The Government fully responded to Carpenter's arguments, including his notice of supplemental authority about the *Wey* case, in its memorandum in opposition to Carpenter's prior motion for reconsideration. *See* Doc. 285 at 31-35. The Court, after considering all of these arguments, denied the motion, stating that Carpenter's motion for reconsideration was not only "untimely," but Carpenter also "does not have standing" to suppress most of the documents introduced at trial. Nov. 6 Ruling at 13-14.

Carpenter has failed to provide any basis to reconsider the Court's decision. He simply wishes to rehash the same arguments he made before. This is not a valid basis for reconsideration. *Shrader*, 70 F.3d at 257. Accordingly, his motion should be denied.[3]

### D.     Motion for Access to Discovery

Finally, the Court should deny Carpenter's motion for reconsideration of the Court's denial of his motion for personal access and retention of the discovery in this case. *See* Doc. 306. There is no dispute that Carpenter has access to all the discovery material if he simply goes to his counsel's office to review the material. *See* Nov. 6 Ruling at 17 (Carpenter's counsel: "Mr. Carpenter, while we all agree could come to counsel's office . . ."); Doc. 258, Ex.1 (Carpenter signed agreement stating "I acknowledge that under the terms of the current confidentiality agreement in place, I can view the discovery material at the offices of Attorney Brown"). Moreover, as the Court concluded in its November 6 ruling, Carpenter wants to be able to access the documents from his home "to pursue what might be called a *fishing expedition*[.]" Nov. 6 Ruling at 22. (emphasis added).

---

[3] To the extent that the Court decides to consider Carpenter's motion on the merits, the Government respectfully incorporates by reference its memorandum in opposition to Carpenter's prior motion for reconsideration, which fully addressed Carpenter's arguments. *See* Doc. 285.

9

As the Government set forth in its memorandum in opposition to Carpenter's original motion and again on the November 6 call with the Court, the Government is not seeking to deny Carpenter the ability to review the documents.  *See* Doc. 270 at 12-15; Nov. 6 Ruling at 18-21.  The Government only requests, given the security issues and privacy concerns with Carpenter keeping the documents in his home, that he view the materials at his counsel's office.  *See* Doc. 270 at 12-15; Nov. 6 Ruling at 18-21.

In denying Carpenter's original motion, the Court properly balanced Carpenter's interest with the security and privacy concerns.  *See id.* at 22.  Carpenter has failed to provide a valid basis for reconsidering this decision, especially since the trial is over, there is no right to discovery after trial, he can review the discovery at his counsel's office, and, as the Court concluded, he wants to go on a "fishing expedition." Nov. 6 Ruling at 22.

As such, his motion should be denied.

### III. CONCLUSION

For the forgoing reasons, the Government respectfully requests that the Court deny Carpenter's pending motions for reconsideration. The Court should see Carpenter's motions for what they are, an improper attempt to get a second (or third) bite at the apple. *See Shrader*, 70 F.3d at 257 (stating that if "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision).

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ David E. Novick*

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov


*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 1, 2017, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

               */s/ Neeraj N. Patel*

               Neeraj N. Patel
               Assistant United States Attorney