UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | March 9, 2018 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANT'S SENTENCING MEMORANDUM**

The Government submits this motion seeking an extension until March 23, 2018 to file its response to the defendant's sentencing memorandum. The Government has conferred with counsel for the defendant, who does not oppose this request provided the defendant can have until April 13, 2018 to file his reply. The Government does not oppose the defense's request. In support of this motion, the Government offers the following:

1.  On May 14, 2014, a grand jury sitting in New Haven, Connecticut, returned a 57-count superseding indictment charging the defendant Daniel Carpenter with violations of 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1349 (Conspiracy to Commit Mail and Wire Fraud), 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering), 18 U.S.C. § 1957 (Illegal Monetary Transactions), 18 U.S.C. § 1956(a)(1)(A)(i) (Money Laundering), and 18 U.S.C. § 2 (Aiding and Abetting).

2.  A 19-day bench trial took place from February 16, 2016 through March 21, 2016. On June 6, 2016, the Court issued a 91-page written Verdict and Special Findings in which it found the defendant guilty on all 57 counts of the superseding indictment.

3.  Following the Court's verdict, the defendant filed myriad post-trial motions, continuing through November 2017. On November 6, 2017 and December 12, 2017, the Court denied all of the defendant's post-trial motions. The Court also entered a scheduling order setting

the sentencing for February 21, 2018.

4. On January 12, 2018, the Court held a telephone conference with the parties and discussed, among other things, delays in the preparation of the PSR and the sentencing schedule. On January 18, 2018, the Court modified the scheduling order and set sentencing for March 6, 2018. Under that order, the defendant's sentencing memorandum was due on February 20, 2018.

5. On February 7, 2018, the defendant moved for an extension of time, until February 27, 2018, to submit his sentencing memorandum. The Government took no position on the motion but requested until March 13, 2018 to file its response in the event the defendant's motion was granted.

6. The Court granted the defendant's motion and entered a modified scheduling order, which required the defendant to file his sentencing memorandum by February 27, 2018, the Government to file its response by March 13, 2018, and the defendant to file any reply by March 20, 2018. The Court's order indicated that the sentencing date would be rescheduled to a date to be determined by the Court.

7. On February 27, 2018, the defendant filed a 53-page sentencing memorandum, without seeking leave of Court to submit a memorandum in excess of the 40-page limit imposed by the Local Rules. Although the Government would have consented to the defendant's request for leave, had he made one, the Government would have likely asked for additional time to submit its response.

8. The Government has proceeded with all due diligence in responding to the defendant's sentencing memorandum, which raises a number of complex legal and factual issues that relate to the Sentencing Guidelines, particularly the applicable loss amount and other sentencing enhancements.

9. In order to fully respond to each of these issues, the Government needs additional time to research the relevant legal and factual issues. The additional time will also allow the parties to resolve other issues prior to the sentencing hearing. In the defendant's sentencing memorandum, the defendant suggested the Court should require the Government to explain the data underlying its loss calculations at a *Fatico* hearing. With this additional time, the parties hope to resolve any issues related to the data in order to obviate the need for a *Fatico* hearing and streamline the sentencing hearing.

10. Accordingly, the Government requests until March 23, 2018 to file its response to the defendant's sentencing memorandum.

11. The Government has conferred with counsel for the defendant, who does not oppose the Government's request. However, the defendant asks for additional time, until April 13, 2018, to file his reply because the defense attorney who has been actively involved in sentencing related issues will be on vacation from March 28 to April 5, 2018, during the time when the defendant's reply memorandum would otherwise be due. As such, the Government does not object to extending the due date for the defendant's reply to April 13, 2018.

WHEREFORE, the Government respectfully requests that the due date for its responsive sentencing memorandum be extended to March 23, 2018, the due date for the defendant's reply be extended to April 13, 2018, and sentencing be scheduled on a date to be determined by the Court.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov


/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

<u>CERTIFICATION OF SERVICE</u>

       This is to certify that on March 9, 2018, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY:    <u>/s/ Neeraj N. Patel</u>
         NEERAJ N. PATEL
         ASSISTANT UNITED STATES ATTORNEY