UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | June 15, 2018 |

## GOVERNMENT'S MOTION FOR RESTITUTION

In connection with the sentencing of the defendant, Daniel Carpenter, the Government respectfully submits this motion for an order requiring Carpenter to pay restitution to certain insurance providers in the total amount of $54,213,900.70.

**I.    Applicable Law**

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, provides for mandatory restitution to victims of certain crimes, including offenses where a victim has suffered a "pecuniary loss." 18 U.S.C. §§ 3663A(a), (c)(1)(B). In the case of an offense that involves a "scheme" or "conspiracy"—like the fraud and money laundering charges in this case—the term "victim" includes any "person directly harmed by the defendant's criminal conduct in the course of the scheme [or] conspiracy[.]" 18 U.S.C. § 3663A(a)(2). Section 3664(f)(1)(A) provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *See* 18 U.S.C. § 3663A(d) (incorporating 18 U.S.C. § 3664 by reference). Courts must also award any other expenses the victims incurred, such as legal fees, if they were "necessary" and "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4); *see, e.g., United States v. Amato*, 540 F.3d 153, 159 ("We hold that 'other expenses' incurred during the victim's participation in

the investigation or prosecution of the offense or attendance at proceedings related to the offense may include attorney fees and accounting costs.").

There are certain relevant distinctions between loss under the Guidelines and restitution under the MVRA. First, "unlike the loss calculation for the purposes of sentencing, which may incorporate a merely intended loss in order to punish a culpable defendant, restitution is designed to make the victim whole, and must therefore be based only on the actual loss caused by the scheme." *United States v. Lacey*, 699 F.3d 710, 721 (2d Cir. 2012) (internal citations omitted); *see also United States v. Marino*, 654 F.3d 310, 319-20 (2d Cir. 2011) ("[R]estitution is authorized . . . only for the victim's actual loss." (internal citation and quotation marks omitted)). Second, while the Guidelines exclude "costs incurred by victims primarily to aid the government in [] the prosecution and criminal investigation of an offense," U.S.S.G. § 2B1.1 cmt. n. 3(D)(ii), such expenses are counted in restitution, *see Amato*, 540 F.3d at 159.[1]

However, similar to Guidelines loss, restitution need not be precisely calculated by the court. Rather, the Second Circuit's "case law reflects the settled understanding among courts of appeals that a 'reasonable approximation' will suffice, especially in cases in which an exact dollar amount is inherently incalculable." *United States v. Gushlak*, 728 F.3d 184, 195-96 (2d Cir. 2013); *compare* U.S.S.G. § 2B1.1 cmt. n. 3(C) ("The court need only make a reasonable estimate of the loss.").

---

[1] A third distinction also exists—a victim may collect restitution for its cost of capital, which is not permitted under the Guidelines. *Compare United States v. Qurashi*, 634 F.3d 699, 701-05 (2d Cir. 2011) (holding that prejudgment interest is an appropriate component of restitution to compensate victim for the deprivation of the ability to put its money to productive use); U.S.S.G. § 2B1.1 cmt. n. 3(D)(i) ("Loss shall not include the following: (i) Interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs. . . ."). Lincoln previously submitted a claim that included its cost of capital, which it estimated to be 12%. A 12% cost of capital would amount to an additional loss of $5,969,814.10 on the lapsed or terminated STOLI policies. However, in order to avoid unnecessary litigation, Lincoln's counsel has informed the Government that it will withdraw its request for cost-of-capital restitution, even though it is entitled to it. Likewise, the other carriers who suffered losses have not provided the Government with their costs of capital.

## II.     Additional Information

Since its Sentencing Memorandum and Supplemental Sentencing Memorandum were filed, the Government has continued to gather information from the victim Providers relevant to loss and restitution.

First, the Government has collected information from Penn Mutual regarding the amount of reinsurance premiums and the amount of other fees (to include agent expense allowances, field leader overrides, underwriting costs, policy maintenance expenses, billing expenses, and premium taxes) it paid on Charter Oak policies. Penn Mutual had not previously provided this information. Similarly, the Government received updated information from AXA regarding reinsurance premiums. Attached is a revised Exhibit 5 to the Sentencing Memorandum that reflects this additional information. Inclusion of reinsurance and fees for Penn Mutual affects the overall actual loss because it takes Penn Mutual from a net gain position to, more accurately, a net loss of $1,897,866.27. This change results in an adjusted total actual loss to victims of $56,024,028.12. The updated information from AXA does not affect actual loss because the two policies on which additional reinsurance premiums were paid are still active, and thus those expenses were not included in the actual loss figures.

Second, the Government has received some responses regarding legal and other expenses incurred by Providers in the course of cooperating with the Government's investigation and prosecution. They are as follows:

| | |
|---|---|
| AXA | $17,155.24 |
| Lincoln | $87,738.00 |
| Penn Mutual | $78,461.00 |
| Phoenix | $75,000.00 |

**III.     Discussion**

There are two components to restitution in this case—actual loss as a result of Carpenter's scheme, and victims' expenses from assisting in the investigation and prosecution of this matter.

First, the Government's Sentencing Memorandum explained the method by which actual loss should be determined, *see* Gov't Sen. Mem. at 28-34, by calculating the loss to providers from issuing policies as a result of Carpenter's fraud.  In brief, and substantially following *United States v. Binday*, 804 F.3d 558, 596 (2d Cir. 2015),[2] for all policies terminated by the time of sentencing, the Provider's premiums received on a policy are subtracted from its costs, including commissions, death benefit (if any), and other expense items.  For policies still in force at the time of sentencing, commissions are included in loss, but no further effort is made to anticipate the total loss or gain on the policy, which would depend on when the insured dies.  Accordingly, six of the providers suffered losses as a result of Carpenter's scheme, as follows:

| | |
|---|---|
| ANICO | $72,306.77 |
| AXA | $1,278,575.74 |
| Lincoln | $48,342,184.29 |
| MetLife | $299,226.91 |
| Penn Mutual | $1,897,866.27 |
| Transamerica | $4,133,869.14 |
| **Total** | **$56,024,029.12** |

*See* Exhibit 5 (Revised).

Second, restitution must include victims' expenses in assisting in the Government's

---

[2] The Second Circuit in *Binday* did not address the issue of restitution, other than to remand the restitution order for an agreed-upon adjustment.  804 F.3d at 601.  The original restitution order was for $39,308,305.63, *see United States v. Binday*, Case No. 1:12-cr-00152 (S.D.N.Y.) (Doc. 338), which is approximately $1.2 million more than the actual loss of $38,153,631, *see Binday*, 804 F.3d at 596.  In other words, restitution in *Binday* was determined the same way the Government suggests here—actual loss plus victim expenses.

investigation and prosecution. *See Amato*, 540 F.3d at 159. To date, only AXA, Lincoln, Penn Mutual, and Phoenix have provided a restitution claim on this basis, as described above in Section II. While the other carriers would also be entitled to recover similar legal expenses, they are unable to break down their legal expenses related to this case from other legal expenses, and therefore they are not seeking to recoup such legal fees as part of restitution in this case. Moreover, some Providers did not lose money, and so relatively nominal legal fees would not necessarily entitle them to restitution. Counting the fees that have been reported, restitution should be ordered in this case as follows:

| | |
|---|---|
| ANICO | $72,306.77 |
| AXA | $1,295,730.98 |
| Lincoln | $48,429,922.29 |
| MetLife | $299,226.91 |
| Penn Mutual | $1,976,327.27 |
| <u>Transamerica</u> | <u>$4,133,869.14</u> |
| **Total** | **$ 56,207,383.36** |

**IV.     Conclusion**

For the reasons stated above, the Government respectfully asks the Court to order the defendant to pay restitution in the following amounts to the following victims:

| | |
|---|---|
| ANICO | $72,306.77 |
| AXA | $1,295,730.98 |
| Lincoln | $48,429,922.29 |
| MetLife | $299,226.91 |
| Penn Mutual | $1,976,327.27 |
| Transamerica | $4,133,869.14 |
| **Total** | **$ 56,207,383.36** |

If the Court grants this motion and orders restitution as part of the sentence, the Government will submit a proposed restitution order, based on form restitution order on the Court's website, with payment addresses for each victim.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499

157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on June 15, 2018, a copy of the foregoing Government's Motion for Restitution was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ David E.Novick
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY