# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13 Cr. 226 (RNC) |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| _____ | ) | June 26, 2018 |

### DEFENDANT DANIEL CARPENTER'S SUBMISSION OF
### SUPPLEMENTAL AUTHORITY

Defendant Daniel Carpenter, by and through counsel, respectfully calls to the Court's attention one additional supplemental authority in connection with sentencing.  Specifically, Defendant calls to the Court's attention United States v. Jeffrey Keller and Stuart Steinfeld, 13 Cr. 424 (JLS), in the United States District Court for the Southern District of California, the docket sheet for which is attached.  As discussed below, that case is one more in support of the others already cited by Defendant that show that both the Government's Guidelines arguments and its ultimate sentencing recommendation in this case are out of keeping with how other courts have viewed the harm from STOLI fraud.

As the attached indictment shows, the defendants in that case were charged with STOLI fraud involving 18 policies with death benefits totaling $110 million.  Keller and Steinfeld each pled guilty, the latter as a cooperator.  In 2017, well after the sentences in Binday were available as a model, Keller (the more culpable and non-cooperating defendant) was sentenced to 3 months' imprisonment.  In 2014, Steinfeld (less culpable and with the benefit of a 5K letter) was sentenced to 60 days' imprisonment.

Importantly, although Keller's sentencing documents are unavailable, the transcript of Steinfeld's sentencing reveals the government's and district court's conception of the harm

resulting from STOLI fraud for Sentencing Guidelines purposes.  Specifically, unlike what the

Government proposes in the instant case, the government in that case did not contend, and the

district court did not find, that the face value of the procured policies contributed to some multi-

million-dollar intended loss amount.  Indeed, despite 18 charged policies with a $110 million

face value, the Government did not contend, and the district court did not find, that there was any

intended loss at all.  (*See* Steinfeld Sentencing Tr., at 8, 15, 17, 20-21.)  Moreover, in a situation

where none of the insureds had died, the Government did not contend, and the district court did

not find, that there was any actual loss.  (*See* Steinfeld Sentencing Tr., at 8, 17, 19-21.) The

Government and district court did not expressly address how they would have viewed actual loss

on a policy for which a death benefit had been paid, but the fact that they did not treat the

*expected* death benefit as a harm caused by the fraud for *intended*-loss purposes indicates that

they likewise (as Defendant argues in the instant case) would not have viewed a death benefit as

harm caused by the fraud for *actual*-loss purposes.  In fact, just as the government and district

court did in United States v. Lebovits, et al. in the Eastern District of New York, the only

STOLI-related harm cited by the government at Steinfeld's sentencing was that resulting from

lapse-rate differentials.  (*See* Steinfeld Sentencing Tr., at 14-15.)  Ultimately, the Government

asserted and the district court accepted that loss should be based on the defendants' gain,

producing a pre-cooperation Guidelines range of 12 to 18 months in Steinfeld's case, thereafter

reduced for substantial assistance.  (*See* Steinfeld Sentencing Tr., at 15, 17, 19-21.)

Thus, the <u>Keller-Steinfeld</u> sentencing is yet another instance in which a federal prosecutor's office and a district court viewed the reality of the harm from STOLI fraud as being vastly less than what the Government proposes here, both for purposes of calculating loss under the Sentencing Guidelines and for purposes of the sentence ultimately imposed.

Respectfully submitted,

/s/ Michael A. Levy
James M. Cole, Esq.
Michael A. Levy, Esq.
Qais Ghafary, Esq.
Sidley Austin LLP
787 7th Avenue
New York, NY 10019

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 26, 2018, a copy of foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

         /s/ Michael A. Levy
         Michael A. Levy, Esq.
         Sidley Austin LLP
         787 7th Avenue
         New York, NY 10019
         212-839-7341
         MLevy@Sidley.com