# Exhibits to Submission of Supplemental Authority

# Docket Sheet

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:13-cr-00424-JLS All Defendants

Case title: USA v. Keller et al

Date Filed: 02/05/2013
Date Terminated: 08/04/2017

Assigned to: Judge Janis L. Sammartino

**Defendant (1)**

**Jeffrey B. Keller**
*TERMINATED: 08/04/2017*

represented by **Federal Defenders**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008
(619)234-8467
Fax: (619)687-2666
Email: cassd_ecf@fd.org
*TERMINATED: 02/07/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Barbara Howe Murray**
Duane Morris LLP
750 B Street
Suite 2900
San Diego, CA 92101
(619) 744-2257
Fax: (619) 744-2201
Email: bhmurray@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Michael L Lipman**
Duane Morris LLP
750 B Street
Suite 2900
San Diego, CA 92101
(619) 744-2200
Fax: (619) 744-2201
Email: mllipman@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Paul Allen Barr**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008
(619) 234-8467
Fax: (619) 687-2666
Email: Paul_Barr@fd.org
*TERMINATED: 03/18/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

18:371 - Conspiracy to Commit Mail Fraud and Wire Fraud and to Defraud the United States
(1s)

**Disposition**

Custody of the BOP for 3 months, 3 years supervised release, no fine, $100 assessment and $1 million restitution imposed

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:371; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Conspiracy to Commit Mail Fraud, Wire Fraud, and Money Laundering; Criminal Forfeiture
(1)

18:1341; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Mail Fraud; Aiding and Abetting; Criminal Forfeiture
(2-4)

18:1341; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Mail Fraud; Aiding and Abetting; Criminal Forfeiture
(6-9)

18:1341; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Mail Fraud; Aiding and Abetting; Criminal Forfeiture
(15)

18:1343; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Wire Fraud; Aiding and Abetting; Criminal Forfeiture
(16-30)

18:1957 - Money Laundering
(31-32)

**Disposition**

Dismissed on Govt's oral motion

Dismissed on Govt's oral motion

Dismissed on Govt's oral motion

Dismissed on Govt's oral motion

Dismissed on Govt's oral motion

Dismissed on Govt's oral motion

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Janis L. Sammartino

**Defendant (2)**

**Stuart Steinfeld**                    represented by   **Danielle Rachel Iredale**
*TERMINATED: 03/18/2014*                                 105 West F. St.
                                                         4th Floor
                                                         San Diego, CA 92101
                                                         619-233-1525
                                                         Fax: 619-233-3221
                                                         Email: danielle.iredale@gmail.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Eugene G Iredale**
                                                         Iredale & Yoo, APC
                                                         105 West F Street
                                                         4th Floor
                                                         San Diego, CA 92101-6036
                                                         (619)233-1525
                                                         Fax: (619)233-3221
                                                         Email: egiredale@iredalelaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Conspiracy to Commit Mail Fraud, Wire Fraud, and Money Laundering; Criminal Forfeiture (1) | Custody of Bureau of Prisons for a term of 60 days. Supervised Release for a term of 3 years. Assessment $100.00. Fine $20,000.00 to be paid by May 1 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1341; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Mail Fraud; Aiding and Abetting; Criminal Forfeiture (5) | Govt oral motion to dismiss remaining counts |
| 18:1341; 18:2; 18:981(a)(1)(C) and 982(a)(1) and 28:2461(c) - Mail Fraud; Aiding and Abetting; Criminal Forfeiture (10-14) | Govt oral motion to dismiss remaining counts |

18:1343; 18:2; 18:981(a)(1)(C) and 982(a) (1) and 28:2461(c) - Wire Fraud; Aiding and Abetting; Criminal Forfeiture (16-30)

Govt oral motion to dismiss remaining counts

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

**Plaintiff**

**USA**

represented by **U S Attorney CR**
U S Attorneys Office Southern District of California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov
*TERMINATED: 02/08/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States Attorney*

**Daniel E. Zipp**
U S Attorney's Office
Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101-8893
(619) 546-8463
Fax: (619) 546-0631
Email: daniel.zipp@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States Attorney*

**David Joseph Rawls**
DOJ - U.S. Attorney's Office
880 Front Street
Room 6293
San Diego, CA 92101
619-546-7966
Fax: 619-546-0510
Email: david.rawls@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**James P Melendres**
United States Attorney's Office
880 Front Street
Suite 6293
San Diego, CA 92101
(619)557-6327
Fax: (619)557-2757
Email: James.Melendres@usdoj.gov
*TERMINATED: 08/08/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Luella Mendoza Caldito**
U S Attorneys Office Southern District of
California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619) 546-6732
Fax: (619) 546-0631
Email: Luella.Caldito@usdoj.gov
*TERMINATED: 04/02/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Peter J Mazza**
U S Attorneys Office Southern District of
California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619) 546-7928
Fax: (619) 546-0450
Email: peter.mazza@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Robert S Huie**
U S Attorneys Office
Southern District of California
880 Front Street
Room 6293

San Diego, CA 92101-8893
(619)546-7053
Email: robert.huie@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Stephen P. Clark**
U S Attorneys Office Southern District of
California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619)546-6761
Fax: (619)546-0450
Email: Stephen.P.Clark@usdoj.gov
*TERMINATED: 08/08/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Thomas T. Watkinson , II**
U.S. Attorney's Office
880 Front Street
Room 6293
San Diego, CA 92101
(619) 546-8861
Fax: (619) 546-0510
Email: Thomas.Watkinson@usdoj.gov
*TERMINATED: 10/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2013 | 1 | INDICTMENT as to Jeffrey B. Keller (1) count(s) 1, 2-4, 6-9, 15, 16-30, 31-32, Stuart Steinfeld (2) count(s) 1, 5, 10-14, 16-30. (rlu) (rlu). (Entered: 02/05/2013) |
| 02/05/2013 | 2 | ARREST WARRANT ISSUED by Magistrate Judge William V. Gallo in case as to Jeffrey B. Keller. (rlu) (rlu). (Entered: 02/06/2013) |
| 02/05/2013 | 3 | ARREST WARRANT ISSUED by Magistrate Judge William V. Gallo in case as to Stuart Steinfeld. (rlu) (rlu). Modified on 3/14/2013 - Adjusted document access level setting. (mdc) (Entered: 02/06/2013) |
| 02/06/2013 | | Arrest of Jeffrey B. Keller (no document attached) (ecs) (Entered: 02/06/2013) |
| 02/06/2013 | 4 | Set/Reset Duty Hearings as to Jeffrey B. Keller: Arraignment on Indictment set for 2/6/2013 before Magistrate Judge William V. Gallo. (no document attached) (ecs) (Entered: 02/06/2013) |

| 02/06/2013 | 5 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Arraignment on Indictment as to Jeffrey B. Keller (1) Count 1,2-4,6-9,15,16-30,31-32 held on 2/6/2013.Not Guilty plea entered. Motion Hearing/Trial Setting set for 3/18/2013 at 2:00 PM before Judge Irma E. Gonzalez. Federal Defenders provisionally appointed for Jeffrey B. Keller. Bond set as to Jeffrey B. Keller (1) $50,000 Cash. Government oral motion to unseal case is Granted. (cc: Sealed Clerk) (CD# 2/6/2013 WVG 2:18-2:38). (Plaintiff Attorney Stephen Clark, AUSA)(Jennifer Coon, S/A ). (no document attached) (ecs) Modified on 2/7/2013 to correct MH/TS date(ecs). (Entered: 02/07/2013) |
|---|---|---|
| 02/06/2013 | 7 | ORDER Setting Conditions of Release. Bond set for Jeffrey B. Keller (1) $50,000. Signed by Magistrate Judge William V. Gallo on 2/6/2013. (jah) (Entered: 02/07/2013) |
| 02/06/2013 | 12 | Cash Bond Entered as to Jeffrey B. Keller in amount of $50,000, Receipt # 47356. Signed by Magistrate Judge William V. Gallo on 2/6/2013. (jah). Modified on 2/8/2013 - Rec'd in Docketing on 2/8/2013 (jah). (Entered: 02/08/2013) |
| 02/07/2013 | 8 | NOTICE OF ATTORNEY APPEARANCE: Paul Allen Barr appearing for Jeffrey B. Keller (Barr, Paul). (jah). (Entered: 02/07/2013) |
| 02/07/2013 | | Arrest of Stuart Steinfeld (no document attached) (ecs) (Entered: 02/08/2013) |
| 02/07/2013 | 9 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Arraignment on Indictment as to Stuart Steinfeld (2) Count 1,5,10-14,16-30 held on 2/7/2013. Not Guilty plea entered. Motion Hearing/Trial Setting set for 3/18/2013 at 2:00 PM before Judge Irma E. Gonzalez. Bond set as to Stuart Steinfeld (2) $50,000 Cash. (CD# 2/7/2013 WVG 2:37-2:49). (Plaintiff Attorney Stephen Clark, AUSA). (Defendant Attorney Eugene Iredale, RET). (no document attached) (ecs) (Entered: 02/08/2013) |
| 02/07/2013 | 13 | ABSTRACT OF ORDER Releasing Jeffrey B. Keller re 12 Bond. (jah) (Entered: 02/08/2013) |
| 02/07/2013 | 14 | ORDER Setting Conditions of Release. Cash Bond set for Stuart Steinfeld (2) $50,000. Signed by Magistrate Judge William V. Gallo on 2/7/2013. (jah) (Entered: 02/08/2013) |
| 02/07/2013 | 15 | Cash Bond Entered as to Stuart Steinfeld in amount of $50,000, Receipt # 47379. Signed by Magistrate Judge William V. Gallo on 2/7/2013. (jah) (Entered: 02/08/2013) |
| 02/07/2013 | 16 | ABSTRACT OF ORDER Releasing Stuart Steinfeld re 15 Bond. (jah) (Entered: 02/08/2013) |
| 02/08/2013 | 10 | ***English. No Interpreter needed as to Stuart Steinfeld (no document attached) (ecs) (Entered: 02/08/2013) |
| 02/08/2013 | 11 | NOTICE OF ATTORNEY APPEARANCE: Stephen P Clark appearing for USA. (Clark, Stephen). (jah). (Entered: 02/08/2013) |
| 02/14/2013 | 17 | Arrest Warrant Returned Executed, in case as to Jeffrey B. Keller (1), re Doc. 2 Arrest Warrant Issued. (Per USMS, deft was arrested on 2/6/2013 by IRS Special Agent J. Dennison.) (mdc) (Additional attachment(s) added on 2/14/2013: # 1 Arrest Warrant (with Conformed Seal) Returned Executed.) (mdc) Modified on 2/14/2013 - NEF was not regenerated re addtl attachment. (mdc) (Entered: 02/14/2013) |
| 02/19/2013 | 18 | Ex Parte MOTION for Disclosure *Grand Jury Matter and Protective Order* by USA as to Jeffrey B. Keller, Stuart Steinfeld. (Clark, Stephen)(leh). (Entered: 02/19/2013) |
| 02/20/2013 | 19 | Order Authorizing Disclosure And Protective Order Regarding Discovery 18 (sjt). Modified to edit text on 3/5/2013 (tkl). (Entered: 02/20/2013) |
| 03/04/2013 | 20 | MOTION to Substitute Attorney by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Lipman, Michael). Modified on 3/4/2013 - Applied to boyh Dfts in error. QC |

| | | |
|---|---|---|
| | | Email sent to Atty re: correct filer. Corrected text and termed Motion as to non-applicable Dft (jah). (Entered: 03/04/2013) |
| 03/12/2013 | 21 | MOTION for Discovery by Jeffrey B. Keller. (Attachments: # 1 Memo of Points and Authorities, # 2 Proof of Service)(Lipman, Michael). (jah). (Entered: 03/12/2013) |
| 03/14/2013 | 22 | NOTICE OF CHANGE OF HEARING as to Defendants Jeffrey B. Keller, Stuart Steinfeld. Acknowledgment date 3/18/13.Upon the request of defense counsel, with no objection by government counsel and with the Court's Approval, Motion Hearing/Trial Setting set for 3/18/13 is continued to 4/2/2013 02:00 PM in Courtroom 4D before Judge Irma E. Gonzalez. (no document attached) (tkl) (Entered: 03/14/2013) |
| 03/14/2013 | 23 | Arrest Warrant Returned Executed, in case as to Stuart Steinfeld (2), re Doc. 3 Arrest Warrant Issued. (mdc) (Entered: 03/14/2013) |
| 03/15/2013 | 24 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on April 2, 2013. (Attachments: # 1 Proof of Service)(Lipman, Michael). (jah). (Entered: 03/15/2013) |
| 03/15/2013 | 25 | Acknowledgment of next court date by defendant Stuart Steinfeld to appear on 4/2/2013. (Attachments: # 1 Proof of Service)(Iredale, Eugene). (jah). (Entered: 03/15/2013) |
| 03/15/2013 | 26 | ORDER granting Defendant's 20 Motion to Substitute Attorney. Attorney Michael L Lipman substituted as counsel of record for Jeffrey B. Keller in place of Attorney Paul Allen Barr. Signed by Judge Irma E. Gonzalez on 3/14/2013. (Main Document 26 replaced on 3/18/2013) (jah). Modified on 3/18/2013 - Wrong pdf attached. Corrected image and regenerated NEF (jah). (jrl). (Entered: 03/18/2013) |
| 03/15/2013 | 27 | Order granting Defendant's 20 MOTION to Substitute Attorney. Attorney Barbara Howe Murray substituted as counsel of record for Jeffrey B. Keller in place of Attorney Paul A. Barr. Signed by Judge Irma E. Gonzalez on 3/14/2013. (jah) (Main Document 27 replaced on 3/18/2013) (jah). Modified on 3/18/2013 - Wrong pdf attached. Corrected image and regenerated NEF (jah). (Entered: 03/18/2013) |
| 03/26/2013 | 28 | RESPONSE in Opposition by USA as to Jeffrey B. Keller re 21 MOTION for Discovery (Clark, Stephen). (jah). (Entered: 03/26/2013) |
| 03/28/2013 | 29 | MOTION to Continue Motion Hearing/Trial Setting, MOTION to Convert Motion Hearing to a Status Conference, MOTION TO Exclude Time Under the Speedy Trial Act by Jeffrey B. Keller. (Attachments: # 1 Declaration)(Murray, Barbara). Modified on 3/28/2013 - Multi motion, only one part filed. No Proof of Service. QC Email sent to Atty to file Proof of Service. Added missing motions and edited text (jah). Added MOTION, MOTION to Exclude on 3/28/2013 (jah). (Entered: 03/28/2013) |
| 03/28/2013 | 30 | Certificate of Service by Jeffrey B. Keller re 29 MOTION to Continue Motion Hearing/Trial Setting, MOTION to Convert Motion Hearing to a Status Conference, MOTION to Exclude Time Under the Speedy Trial Act (Murray, Barbara). (jah). (Entered: 03/28/2013) |
| 03/29/2013 | 31 | ORDER granting Defendant's 29 Motion to Continue Motion Hearing/Trial Setting, granting 29 Motion to Convert Motion Hearing to a Status Conference and granting 29 Motion to Exclude Time Under Speedy Trial Act as to Jeffrey B. Keller (1). Motion Hearing/Trial Setting set for 4/2/2013 to be continued for a period of 60 days and converted to a Status Conference, at which time Court will consider whether to set a Motion Hearing/Trial Setting or a further Status Conference. Status Conference set for 6/3/2013 02:00 PM before Judge Irma E. Gonzalez. Time under the Speedy Trial Act, the period from the signing of this Order to the date of the Status Conference, 6/3/2013, shall |

| | | |
|---|---|---|
| | | be deemed an excludable period under 18 USC 3161(h)(7)(B)(ii) and 3161(h)(8)(B)(iv). Signed by Judge Irma E. Gonzalez on 3/29/2013. (jah) (Entered: 03/29/2013) |
| 03/29/2013 | 32 | Acknowledgment of Next Court Date by Jeffrey B. Keller to appear on 6/3/2013. (Attachments: # 1 Proof of Service)(Murray, Barbara). Modified on 4/1/2013 - Wrong event. QC Email sent to Atty. Corrected text (jah). (Entered: 03/29/2013) |
| 04/02/2013 | 33 | Acknowledgment of next court date by defendant Stuart Steinfeld to appear on 6/3/13. (Attachments: # 1 Proof of Service)(Iredale, Eugene). (jah). (Entered: 04/02/2013) |
| 04/23/2013 | 34 | NOTICE OF CHANGE OF HEARING as to Defendant Stuart Steinfeld. At the request of Govt, Change of Plea Hearing is set for 5/3/2013 01:30 PM in Courtroom 4D before Judge Irma E. Gonzalez. (no document attached) (tkl) (Entered: 04/23/2013) |
| 05/03/2013 | 35 | Minute Entry for proceedings held before Judge Irma E. Gonzalez: Change of Plea Hearing as to Stuart Steinfeld held on 5/3/2013. Plea entered by Stuart Steinfeld (2) Guilty Count 1 of the Indictment. PSR Ordered. Sentence With PSR set for 8/26/2013 09:00 AM in Courtroom 4D before Judge Irma E. Gonzalez. Plea Agreemnet filed. Court amends conditions of bail - Dft is allowed to travel within the United States but must notify Pretrials before traveling.(Court Reporter Frank Rangus). ( Attorney Stephen Clark, AUSA). (Defendant Attorney Eugene Iredale, Retained). (no document attached) (tkl) (Entered: 05/04/2013) |
| 05/03/2013 | 36 | PLEA AGREEMENT as to Stuart Steinfeld. (jah) (Entered: 05/06/2013) |
| 05/30/2013 | 38 | MOTION to Continue Status Conference and Exclude Time Under the Speeding Trial Act by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service)(Lipman, Michael) . (jah). (Entered: 05/30/2013) |
| 06/03/2013 | 39 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on July 30, 2013. (Attachments: # 1 Proof of Service)(Lipman, Michael). (jah). (Entered: 06/03/2013) |
| 06/03/2013 | 40 | ORDER granting Defendant's 38 Motion to Continue Status Conference and Exclude Time Under Speedy Trial Act as to Jeffrey B. Keller (1). Status Conference set for 6/3/2013 is continued for period of 60 days, at which time Court will consider whether to set a Motion Hearing/Trial Setting or a further Status Conference. Status Conference continued to 7/30/2013 02:00 PM before Judge Irma E. Gonzalez. Time under the Speedy Trial Act shall be deemed an excludable period pursuant to 18 USC 3161(h)(7)(B)(ii) and 3161(h)(8)(B)(iv) for the period from the date of the signing of this Order to the date of the 7/30/2013 Status Conference Signed by Judge Irma E. Gonzalez on 5/31/2013. (jah). Modified on 6/4/2013 - Time of hearing listed on Acknowledgement of Next Court Date 39 (jah). (Entered: 06/04/2013) |
| 07/17/2013 | 41 | PRE-SENTENCE REPORT as to Stuart Steinfeld. Report prepared by: Lonnie Everill. (Document applicable to USA, Stuart Steinfeld.) (Luna, G.) (leh) (Entered: 07/17/2013) |
| 07/19/2013 | 42 | MOTION to Continue Status Conference, MOTION to Exclude Time under the Speedy Trial Act by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service) (Lipman, Michael). Added MOTION on 7/22/2013 (jah). Modified on 7/22/2013 - Atty applied to both Dfts in error. Multi part motion, one part filed. QC Email sent to Atty re selecting only Dft he represents. Added missing. Termed motion as to non-applicable dft. Corrected text (jah). (Entered: 07/19/2013) |
| 07/23/2013 | 43 | ORDER granting Defendant's 42 Motion to Continue Status Conference and 42 Motion to Exclude Time under the Speedy Trial Act as to Jeffrey B. Keller (1). Status Conference set for 7/30/2013 is continued for a period of 60 days. Status Conference continued to 9/23/2013 09:00 AM before Judge Irma E. Gonzalez. Time under the Speedy Trial Act |

| | | |
|---|---|---|
| | | shall be deemed an excludable period pursuant to 18 USC 3161(h)(7)(B)(ii) and 3161(h)(8)(B)(iv). Signed by Judge Irma E. Gonzalez on 7/23/2013. (jah) (Entered: 07/23/2013) |
| 08/21/2013 | 44 | NOTICE OF CHANGE OF HEARING as to Defendant Stuart Steinfeld. Acknowledgment date 8/22/13. On Court's own motion, Sentence With PSR set for 8/26/13 is continued to 8/27/2013 03:00 PM in Courtroom 4D before Judge Irma E. Gonzalez. (no document attached) (tkl) (Entered: 08/21/2013) |
| 08/21/2013 | 45 | MINUTE ORDER OF JUDGE TRANSFER in case as to Jeffrey B. Keller. Judge Irma E. Gonzalez is no longer assigned. Case reassigned to Judge Thomas J. Whelan for all further proceedings. Pending hearings previously set before Judge Gonzalez have been vacated. The new case number is 13CR0424-W Status Hearing for defendant Jeffrey B. Keller (1) set for 9/23/2013 09:00 AM in Courtroom 3C before Judge Thomas J. Whelan. (no document attached) (nsp) (Entered: 08/21/2013) |
| 08/21/2013 | 46 | MINUTE ORDER OF JUDGE TRANSFER in case as to Stuart Steinfeld. Judge Irma E. Gonzalez is no longer assigned. Case reassigned to Judge Thomas J. Whelan for all further proceedings. Pending hearings previously set before Judge Gonzalez have been vacated. The new case number is 13CR0424-W Sentence With PSR for defendant Stuart Steinfeld (2) is set for 8/26/2013 09:00 AM in Courtroom 3C before Judge Thomas J. Whelan. (no document attached) (nsp) (Entered: 08/21/2013) |
| 08/22/2013 | 47 | MINUTE ORDER OF RECUSAL in case as to Jeffrey B. Keller, Stuart Steinfeld. Judge Thomas J. Whelan is no longer assigned. Case reassigned to Judge Janis L. Sammartino for all further proceedings. Pending hearings previously set before the original Judge have been vacated. The new case number is 13CR0424-JLS. (no document attached) (bjb) (Entered: 08/23/2013) |
| 08/23/2013 | 48 | NOTICE OF HEARING as to Defendant Jeffrey B. Keller. Status Hearing set for 9/27/2013 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. (no document attached) (bjb) (Entered: 08/23/2013) |
| 08/23/2013 | 49 | NOTICE OF HEARING as to Defendant Stuart Steinfeld. Sentence With PSR set for 8/30/2013 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. (no document attached) (bjb) (Entered: 08/23/2013) |
| 08/30/2013 | 50 | Minute Entry for proceedings held before Judge Janis L. Sammartino : Sentence With PSR as to Stuart Steinfeld continued on defense counsel's oral request for 10/25/2013 09:00 AM before Judge Janis L. Sammartino (Court Reporter/ECR Debra Henson / CRD A Ramos / AUSA Stephen P. Clark / RETD Eugene G. Iredale) (no document attached) (acr) (Entered: 08/30/2013) |
| 09/25/2013 | 51 | MOTION to Continue *Status Conference and Exclude Time Under the Speedy Trial Act* by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld. (Attachments: # 1 Declaration, # 2 Proof of Service)(Lipman, Michael) (jao) (Entered: 09/25/2013) |
| 09/27/2013 | 52 | Minute Entry for proceedings held before Judge Janis L. Sammartino : Motion to Continue Status Hearing to 10/25/2013 at 9:00 AM 51 granted (Court Reporter Gayle Wakefield / CRD A Ramos / AUSA Bruce Smith / RETD Michael L. Lipman) (no document attached) (acr) (Entered: 09/27/2013) |
| 09/27/2013 | 53 | Excludable Minute Order as to Jeffrey B. Keller (1). Excludable(s) started as to Jeffrey B. Keller: XT (continuance) 9/27/2013 - 10/25/2013. Signed by Judge Janis L. Sammartino on 9/27/2013. (jao) (Entered: 10/04/2013) |
| 10/08/2013 | 54 | Joint MOTION to Modify Conditions of Release by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Lipman, Michael) (jao) (Entered: 10/08/2013) |

| | | |
|---|---|---|
| 10/16/2013 | 55 | ORDER Granting 54 Joint Motion to Modify Conditions of Release as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 10/16/2013.(jao) (Entered: 10/16/2013) |
| 10/21/2013 | 56 | Joint MOTION to Continue *Sentencing* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). (Entered: 10/21/2013) |
| 10/22/2013 | 57 | ORDER Granting 56 Motion to Continue as to Stuart Steinfeld (2). Sentence With PSR reset for 11/22/2013 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. Defendant shall file an acknowledgement of the new hearing date by October 25, 2013. Signed by Judge Janis L. Sammartino on 10/22/2013.(jao) (Entered: 10/22/2013) |
| 10/22/2013 | 58 | Acknowledgment of next court date by defendant Stuart Steinfeld to appear on 11/22/13. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). (Entered: 10/22/2013) |
| 10/22/2013 | 59 | MOTION to Continue *Status Conference and Exclude Time Under the Speedy Trial Act* by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service)(Murray, Barbara) (jao). (Entered: 10/22/2013) |
| 10/23/2013 | 60 | ORDER Granting 59 Motion to Continue as to Jeffrey B. Keller (1). IT IS HEREBY ORDERED that the Status Hearing set for October 25, 2013 be continued for a period of 21 days to November 15, 2013 at 9:00 a.m., at which time the Court will consider whether to set a Motion Hearing/Trial Setting or a further Status Conference. Time is excluded under the Speedy Trial Act. Signed by Judge Janis L. Sammartino on 10/23/2013.(jao) (Entered: 10/23/2013) |
| 10/23/2013 | 61 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on November 15, 2013. (Attachments: # 1 Proof of Service)(Lipman, Michael) (jao). (Entered: 10/23/2013) |
| 11/12/2013 | 62 | MOTION to Continue *Status Conference and Exclude Time Under the Speedy Trial Act* by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service)(Murray, Barbara) (jao). (Entered: 11/12/2013) |
| 11/13/2013 | 63 | ORDER Granting 62 Motion to Continue Status Conference and Excluding Time Under Speedy Trial Act as to Jeffrey B. Keller (1). IT IS HEREBY ORDERED that the Status Hearing set for November 15, 2013 be continued for a period of 21 days to December 6, 2013 at 9:00 a.m., at which time the Court will consider whether to set a Motion Hearing/Trial Setting or a further Status Conference. IT IS FURTHER ORDERED that for purpose of computing the time under the Speedy Trial Act within which the trial must commence, the period from the date of signing this Order to the date of the status conference, December 6, 2013, inclusive, shall be deemed an excludable period pursuant to 18 U.S.C. §§ 3161(h)(7)(B) (ii) and 3161(h)(7)(B)(iv). Signed by Judge Janis L. Sammartino on 11/13/2013.(jao) (Entered: 11/13/2013) |
| 11/13/2013 | 64 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on 12/06/2013. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 11/13/2013) |
| 11/14/2013 | 65 | NOTICE OF ATTORNEY APPEARANCE James P Melendres appearing for USA. (Melendres, James)Attorney James P Melendres added to party USA(pty:pla) (jao). (Entered: 11/14/2013) |
| 11/19/2013 | 66 | Joint MOTION to Continue *Sentencing* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). (Entered: 11/19/2013) |
| 11/20/2013 | 67 | ORDER Granting 66 Motion to Continue as to Stuart Steinfeld (2). Sentence With PSR reset for 1/31/2014 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 11/20/2013.(jao) (Entered: 11/20/2013) |

| | | |
|---|---|---|
| 11/20/2013 | 68 | Acknowledgment of next court date by defendant Stuart Steinfeld to appear on 1/31/2014. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). (Entered: 11/20/2013) |
| 12/03/2013 | 69 | MOTION to Continue *Status Conference and Exclude Time Under the Speedy Trial Act* by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service)(Murray, Barbara) (jao). (Entered: 12/03/2013) |
| 12/04/2013 | 70 | ORDER Granting 69 Motion to Continue as to Jeffrey B. Keller (1). Status Hearing reset for 12/20/2013 01:30 PM in Courtroom 4A before Judge Janis L. Sammartino. The period from the date of signing this Order to the date of the status conference, December 20, 2013, inclusive, shall be deemed an excludable period pursuant to 18 U.S.C. §§ 3161(h)(7)(B) (ii) and 3161(h)(7)(B)(iv). Signed by Judge Janis L. Sammartino on 12/4/2013.(jao) (Entered: 12/04/2013) |
| 12/04/2013 | 71 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on December 20, 2013. (Attachments: # 1 Proof of Service)(Lipman, Michael) (jao). (Entered: 12/04/2013) |
| 12/16/2013 | 72 | MOTION to Continue *Status Conference and Exclude Time Under the Speedy Trial Act* by Jeffrey B. Keller. (Attachments: # 1 Declaration, # 2 Proof of Service)(Murray, Barbara) (jao). (Entered: 12/16/2013) |
| 12/16/2013 | 73 | ORDER Granting 72 Motion to Continue as to Jeffrey B. Keller (1). Status Hearing reset for 1/17/2014 01:30 PM in Courtroom 4A before Judge Janis L. Sammartino. Time is excluded pursuant to the Speedy Trial Act. Signed by Judge Janis L. Sammartino on 12/16/2013.(jao) (Entered: 12/16/2013) |
| 12/17/2013 | 74 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on January 17, 2014. (Attachments: # 1 Proof of Service)(Lipman, Michael) (jao). (Entered: 12/17/2013) |
| 12/20/2013 | 75 | NOTICE OF CHANGE OF HEARING as to Defendant Stuart Steinfeld : Due to the Court's unavailability, Sentence With PSR reset from 1/31/2014 to Monday, **2/3/2014 09:00 AM** before Judge Janis L. Sammartino. Mr. Steinfeld's signed Acknowledgment of Next Court Date shall be efiled by 1/24/2014 (no document attached) (acr) (Entered: 12/20/2013) |
| 12/20/2013 | 76 | Acknowledgment of next court date by defendant Stuart Steinfeld to appear on 2/3/2014. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (aef). (Entered: 12/20/2013) |
| 01/17/2014 | 77 | NOTICE OF HEARING as to Defendant Jeffrey B. Keller. Upon request of counsel, a Change of Plea Hearing is set for 1/28/2014 03:00 PM in Courtroom 2A before Magistrate Judge William V. Gallo. (no document attached) (jmy) (Entered: 01/17/2014) |
| 01/17/2014 | 78 | Minute Entry for proceedings held before Judge Janis L. Sammartino : Change of Plea as to Jeffrey B. Keller referred to the magistrate judge. Status Hearing set in-court for 1/24/2014 is now reset for **2/3/2014 02:00 PM** before Judge Janis L. Sammartino (Change of Plea set for 1/28/2014 before Judge Gallo) (Court Reporter/ECR Elizabeth Cesena / CRD A Ramos / AUSA James P. Melendres / RETD Barbara Howe Murray) (no document attached) (acr) (Entered: 01/21/2014) |
| 01/28/2014 | 79 | SUPERSEDING INFORMATION as to Jeffrey B. Keller (1) count(s) 1s. (jer) (cap). (Entered: 01/29/2014) |
| 01/28/2014 | 80 | WAIVER OF INDICTMENT by Jeffrey B. Keller (1). (jer) (Entered: 01/29/2014) |
| 01/28/2014 | 81 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: |

|  | | Arraignment on Superseding Information as to Jeffrey B. Keller (1) Count 1s held on 1/28/2014. Guilty plea tendered by Jeffrey B. Keller to count 1 of Superseding Information. Excludable(s) started as to Jeffrey B. Keller: XK, XT1 1/28/14-4/11/14. PSR Ordered. Objections to the Magistrate Judge's Findings and Recommendations are due within 14 days. Sentence With PSR set for 4/11/2014 at 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. All other court dates as to this defendant only are vacated and any pending motions as to this defendant only are withdrawn. (CD# 1/28/2014 WVG 17:45-18:05). (Plaintiff Attorney James Melendres, AUSA). (Defendant Attorney Michael Lipman, RET). (no document attached) (jer) (Entered: 01/29/2014) |
|---|---|---|
| 01/28/2014 | 83 | CONSENT TO RULE 11 PLEA before Magistrate Judge William V. Gallo by Jeffrey B. Keller. (jao) (Entered: 01/29/2014) |
| 01/28/2014 | 84 | PLEA AGREEMENT as to Jeffrey B. Keller (1). (jao) (Additional attachment(s) added on 1/29/2014: # 1 Forfeiture Addendum) (jao). (Entered: 01/29/2014) |
| 01/28/2014 | 85 | FINDINGS AND RECOMMENDATION of the Magistrate Judge upon a Tendered Plea of Guilty as to Jeffrey B. Keller: Recommending that the district judge accept the defendant's plea of guilty. Signed by Magistrate Judge William V. Gallo on 1/28/2014. (jao) (Entered: 01/29/2014) |
| 01/29/2014 | 82 | SENTENCING SUMMARY CHART *Certificate of Service included* by USA as to Stuart Steinfeld (Melendres, James) (jao). (Entered: 01/29/2014) |
| 01/30/2014 | 87 | Joint MOTION to Continue *Sentencing* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). Modified on 3/3/2014 (acr). (Entered: 01/30/2014) |
| 01/30/2014 | 88 | Joint MOTION to Modify Conditions of Release by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 01/30/2014) |
| 01/31/2014 | 89 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 01/31/2014) |
| 01/31/2014 | 90 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on 8/22/2014. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 01/31/2014) |
| 02/03/2014 | 91 | Minute Entry for proceedings held before Judge Janis L. Sammartino : Sentence With PSR Hearing as to Stuart Steinfeld continued on defense counsel's oral request for 3/7/2014 09:00 AM before Judge Janis L. Sammartino (Court Reporter/ECR Gayle Wakefield / CRD A Ramos / AUSA James Melendres / RETD Eugene Iredale) (no document attached) (acr) (Entered: 02/03/2014) |
| 02/03/2014 | 92 | ORDER Granting 88 Joint Motion to Modify Conditions of Release as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 2/3/2014.(jao) (Entered: 02/03/2014) |
| 02/03/2014 | 93 | ORDER Granting 89 Motion to Continue as to Jeffrey B. Keller (1). Sentence With PSR reset for 8/22/2014 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 2/3/2014.(jao) (Entered: 02/03/2014) |
| 02/26/2014 | 94 | ORDER ACCEPTING GUILTY PLEA as to count(s) one of the Superseding Information, as to Jeffrey B. Keller (1), adopting 85 Findings and Recommendation. Signed by Judge Janis L. Sammartino on 2/26/2014. (jao)(jrd) (Entered: 02/26/2014) |
| 03/03/2014 | 95 | SENTENCING SUMMARY CHART by Stuart Steinfeld (Attachments: # 1 Sentencing Chart, # 2 Proof of Service)(Iredale, Eugene) (jao). (Entered: 03/03/2014) |
| 03/03/2014 | 96 | SENTENCING MEMORANDUM by Stuart Steinfeld (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 |

| | | |
|---|---|---|
| | | Exhibit H, # 9 Exhibit I, # 10 Proof of Service)(Iredale, Eugene) (jao). (Entered: 03/03/2014) |
| 03/07/2014 | 97 | Minute Entry for proceedings held before Judge Janis L. Sammartino: Sentence With PSR Hearing held on 3/7/2014 for Stuart Steinfeld (2), Count(s) 1 of the Indictment, Custody of Bureau of Prisons for a term of 60 days. Supervised Release for a term of 3 years. Assessment $100.00. Fine $20,000.00 to be paid by May 1; Count(s) 10-14, 16-30, 5 - Govt oral motion to dismiss remaining counts. *Defendant to self surrender by 4/18/2014*; Status Hearing re self-surrender/bond exoneration set for 4/25/14 at 9:00 AM before Judge Janis L. Sammartino in Court 4A. (Court Reporter/ECR Gayle Wakefield). (Plaintiff Attorney James Melendres, AUSA). (Defendant Attorney Eugene Iredale, Retained) (no document attached) (tkl) Modified on 3/28/2014 re self surrender date (acr) (Entered: 03/07/2014) |
| 03/13/2014 | 98 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings (Sentencing Hearing) as to Stuart Steinfeld held on 3/7/2014, before Judge Janis L. Sammartino. Court Reporter/Transcriber: Gayle Wakefield. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 4/3/2014. Redacted Transcript Deadline set for 4/14/2014. Release of Transcript Restriction set for 6/11/2014. (akr) (Entered: 03/13/2014) |
| 03/18/2014 | 99 | JUDGMENT as to Stuart Steinfeld (2). Count(s) 1, Custody of Bureau of Prisons for a term of 60 days. Supervised Release for a term of 3 years. Assessment $100.00. Fine $20,000.00 to be paid by May 1; Count(s) 10-14, 16-30, 5, Govt oral motion to dismiss remaining counts. Signed by Judge Janis L. Sammartino. (jao) (cap). (Entered: 03/18/2014) |
| 03/27/2014 | 100 | ORDER OF CRIMINAL FORFEITURE as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 3/27/2014. (jao) (Entered: 03/27/2014) |
| 04/03/2014 | 101 | AMENDED JUDGMENT as to Stuart Steinfeld (2). Count(s) 1, Custody of Bureau of Prisons for a term of 60 days. Supervised Release for a term of 3 years. Assessment $100.00, Fine $20,000.00 to be paid by May 1; Count(s) 10-14, 16-30, 5, Govt oral motion to dismiss remaining counts. Signed by Judge Janis L. Sammartino. (jao) (cap). (Entered: 04/03/2014) |
| 04/08/2014 | 102 | AMENDED Judgment Returned Executed as to Stuart Steinfeld (2) on 4/4/2014. (jao) (Entered: 04/08/2014) |
| 04/21/2014 | 103 | Judgment Returned Executed as to Stuart Steinfeld on 4/18/2014. (jao) (Entered: 04/21/2014) |
| 04/25/2014 | 104 | Joint MOTION for Bond Exoneration by Stuart Steinfeld. (Attachments: # 1 Exhibit A, # 2 Proof of Service) [JLS](Iredale, Eugene) (jao). (Entered: 04/25/2014) |
| 04/25/2014 | 105 | Minute Entry for proceedings held before Judge Janis L. Sammartino : Stuart Steinfeld self surrendered to MCC San Diego; Bond exonerated (Counsel must prepare an order to disburse funds or release collateral) (Court Reporter/ECR Gayle Wakefield / CRD A Ramos / AUSA James P. Melendres / RETD Eugene G. Iredale) (no document attached) (acr) (Entered: 04/28/2014) |
| 06/05/2014 | 106 | ORDER for Bond Exoneration re 104 Motion for Bond Exoneration as to Stuart Steinfeld as to Stuart Steinfeld (2). Signed by Judge Janis L. Sammartino on 6/4/2014.(jao) |

| | | (Entered: 06/05/2014) |
|---|---|---|
| 06/11/2014 | 107 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 06/11/2014) |
| 06/11/2014 | 108 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on December 12, 2014. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 06/11/2014) |
| 06/12/2014 | 109 | ORDER Granting 107 Motion to Continue Sentencing as to Jeffrey B. Keller (1). Sentence With PSR continued to 12/12/2014 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 6/12/2014.(jao)(jrd) (Entered: 06/12/2014) |
| 07/08/2014 | 110 | Ex Parte MOTION for Order *to close interest bearing account and disburse funds.* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (jao). (Entered: 07/08/2014) |
| 07/09/2014 | 111 | ORDER Granting 110 Motion to Close Interest Bearing Account and Disburse Funds as to Stuart Steinfeld (2). Signed by Judge Janis L. Sammartino on 7/9/2014.(jao) (Entered: 07/09/2014) |
| 08/08/2014 | 112 | NOTICE OF ATTORNEY APPEARANCE Robert S Huie appearing for USA. (Huie, Robert)Attorney Robert S Huie added to party USA(pty:pla) (jao). (Entered: 08/08/2014) |
| 08/11/2014 | 113 | NOTICE OF ATTORNEY APPEARANCE Peter J Mazza appearing for USA. (Mazza, Peter)Attorney Peter J Mazza added to party USA(pty:pla) (jao). (Entered: 08/11/2014) |
| 08/19/2014 | 114 | Ex Parte MOTION for Return of Property/PostTrial *Return of Defendant's Passport* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Eugene) (knb). (Entered: 08/19/2014) |
| 08/21/2014 | 115 | ORDER Granting 114 Motion for Return of Property/PostTrial as to Stuart Steinfeld (2). Signed by Judge Janis L. Sammartino on 8/21/2014.(knb) (Entered: 08/21/2014) |
| 10/23/2014 | 116 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Murray, Barbara) (Entered: 10/23/2014) |
| 10/23/2014 | 117 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on June 5, 2015. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 10/23/2014) |
| 10/27/2014 | 118 | ORDER Granting 116 Motion to Continue as to Jeffrey B. Keller (1). Sentence With PSR reset for 6/5/2015 09:00 AM in Courtroom 4A before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 10/27/2014.(jao) (Entered: 10/27/2014) |
| 03/24/2015 | 119 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 03/24/2015) |
| 03/24/2015 | 120 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on October 23, 2015. (Attachments: # 1 Proof of Service)(Murray, Barbara) (jao). (Entered: 03/24/2015) |
| 03/25/2015 | 121 | ORDER Granting 119 Motion to Continue as to Jeffrey B. Keller (1). Sentence With PSR reset for 10/23/2015 09:00 AM before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 3/25/2015.(jao) (Entered: 03/25/2015) |
| 09/21/2015 | 122 | Joint MOTION to Continue *Jeffrey B. Keller's Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Declaration)(Murray, Barbara) (jao). (Entered: 09/21/2015) |
| 09/23/2015 | 123 | ORDER Granting 122 Motion to Continue as to Jeffrey B. Keller (1). Sentence With PSR reset for 7/22/2016 09:00 AM before Judge Janis L. Sammartino. Signed by Judge Janis |

| | | L. Sammartino on 9/23/2015.(jao) (Entered: 09/23/2015) |
|---|---|---|
| 06/08/2016 | 124 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 06/08/2016) |
| 06/08/2016 | 125 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on October 28, 2016. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 06/08/2016) |
| 06/09/2016 | 126 | ORDER granting 124 Motion to Continue Sentencing as to Jeffrey B. Keller (1). Upon motion of the parties, and good cause having being shown, Defendant Jeffrey B. Keller's sentencing is continued from July 22, 2016 to October 28, 2016 at 9:00 a.m. Sentence With PSR set for 10/28/2016 09:00 AM before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 6/9/2016.(kcm) (Entered: 06/09/2016) |
| 07/19/2016 | 127 | NOTICE OF CHANGE OF HEARING as to Defendant Jeffrey B. Keller: Due to the Court's unavailability, Sentence With PSR reset from 10/28/2016 to **Thursday, 11/10/2016 at 09:00 AM** before Judge Janis L. Sammartino. Defense counsel to efile Mr. Keller's signed Acknowledgement of Next Court Date by 8/5/2016 (no document attached) (acr) (Entered: 07/19/2016) |
| 07/19/2016 | 128 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on November 10, 2016. (Attachments: # 1 Proof of Service)(Lipman, Michael) (kcm). (Entered: 07/19/2016) |
| 09/26/2016 | 129 | NOTICE OF ATTORNEY APPEARANCE Daniel E. Zipp appearing for USA. (Zipp, Daniel)Attorney Daniel E. Zipp added to party USA(pty:pla) (kcm). (Entered: 09/26/2016) |
| 10/11/2016 | 130 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 10/11/2016) |
| 10/11/2016 | 131 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on February 10, 2017. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 10/11/2016) |
| 10/12/2016 | 132 | ORDER granting 130 Motion to Continue Jeffrey B. Keller's Sentencing as to Jeffrey B. Keller (1). Upon Joint Motion of the Parties, and good cause having being shown, Defendant Jeffrey B. Keller's sentencing is continued from November 10, 2016 to February 10, 2017 at 9:00 a.m. before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 10/12/2016.(kcm) (Entered: 10/12/2016) |
| 12/15/2016 | 133 | Joint MOTION to Continue *Jeffrey B. Keller's Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 12/15/2016) |
| 12/15/2016 | 134 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on April 28, 2017. (Attachments: # 1 Proof of Service)(Murray, Barbara) (kcm). (Entered: 12/15/2016) |
| 12/16/2016 | 135 | ORDER granting 133 Motion to Continue Sentencing as to Jeffrey B. Keller (1). Upon motion of the parties, and good cause having being shown, Defendant Jeffrey B. Keller's sentencing is continued from February 10, 2017 to April 28, 2017 at 9:00 a.m. before Judge Janis L. Sammartino. Signed by Judge Janis L. Sammartino on 12/16/2016.(kcm) (Entered: 12/16/2016) |
| 03/01/2017 | 136 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 03/01/2017) |
| 03/01/2017 | 137 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on June 30, |

| | | |
|---|---|---|
| | | 2017. (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 03/01/2017) |
| 03/02/2017 | 138 | ORDER Granting 136 Motion to Continue Sentencing as to Jeffrey B. Keller (1). It is ordered that sentencing hearing is continued to 6/30/2017 at 09:00 a.m. Signed by Judge Janis L. Sammartino on 3/2/2017.(dxj) (Entered: 03/02/2017) |
| 03/20/2017 | 139 | Joint MOTION to Modify Conditions of Release *Pretrial* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 03/20/2017) |
| 03/20/2017 | 140 | MOTION for Early Termination of Supervised Release *w/ cert of service* by Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Iredale, Danielle)Attorney Danielle Rachel Iredale added to party Stuart Steinfeld(pty:dft) (dxj). (Entered: 03/20/2017) |
| 03/22/2017 | 141 | ORDER Granting 139 Joint Motion to Modify Conditions of Pretrial Release as to Jeffrey B. Keller (1). It is ordered that Conditions of Pretrial Release in this smatter be modified to allow Mr. Keller to travel to Ensenada, Mexico from 4/4/2017 to 4/5/2017. Pretrial Services shall release Mr. Keller's passport to him by 4/3/2017 at the latest and that Mr. Keller shall return his passport to Pretrial Services by 4/6/2017. Signed by Judge Janis L. Sammartino on 3/22/2017.(dxj) (Entered: 03/22/2017) |
| 03/22/2017 | 142 | ORDER Granting Unopposed 140 Motion for Early Termination of Supervised Release as to Stuart Steinfeld (2). It is ordered that defendant's supervised release is terminated. Signed by Judge Janis L. Sammartino on 3/22/2017.(dxj) (Entered: 03/22/2017) |
| 04/18/2017 | 143 | Joint MOTION to Continue *Sentencing* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 04/18/2017) |
| 04/18/2017 | 144 | Acknowledgment of next court date by defendant Jeffrey B. Keller to appear on July 28, 2017. (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 04/18/2017) |
| 04/19/2017 | 145 | ORDER Granting 143 Motion to Continue as to Jeffrey B. Keller (1). It is ordered that the sentencing is continued to 7/28/2017 at 09:00 a.m. Signed by Judge Janis L. Sammartino on 4/19/2017.(dxj) (Entered: 04/19/2017) |
| 06/23/2017 | 146 | PRE-SENTENCE REPORT as to Jeffrey B. Keller. Report prepared by: Adam Zimmerman. (Document applicable to USA, Jeffrey B. Keller.) (Cruz_USPO, M. A.) (dxj). (Entered: 06/23/2017) |
| 07/14/2017 | 147 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld *Objections to Presentence Report* (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 07/14/2017) |
| 07/20/2017 | 148 | SENTENCING SUMMARY CHART by USA as to Jeffrey B. Keller (Zipp, Daniel) (dxj). (Entered: 07/20/2017) |
| 07/20/2017 | 149 | SENTENCING MEMORANDUM by USA as to Jeffrey B. Keller (Zipp, Daniel) (dxj). (Entered: 07/20/2017) |
| 07/21/2017 | 150 | ADDENDUM TO PRE-SENTENCE REPORT as to Jeffrey B. Keller. Report prepared by: Adam E. Zimmerman. (Document applicable to USA, Jeffrey B. Keller.) (Ponce, K.) (dxj). (Entered: 07/21/2017) |
| 07/21/2017 | 151 | **WITHDRAWN PER DOCKET ENTRY 157 ** SENTENCING MEMORANDUM *Jeffrey B. Keller's Sentencing Memorandum* by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld (Attachments: # 1 Exhibit, # 2 Proof of Service)(Murray, Barbara) QC Mailer re: CM/ECF account and s/ do not match (dxj). Modified on 7/26/2017 to withdraw (dxj). (Entered: 07/21/2017) |
| 07/21/2017 | 152 | **WITHDRAWN PER DOCKET ENTRY 157 ** SENTENCING SUMMARY CHART *Jeffrey Keller's Sentencing Summary Chart* by Jeffrey B. Keller as to Jeffrey B. Keller, |

| | | Stuart Steinfeld (Attachments: # 1 Proof of Service)(Murray, Barbara) QC Mailer re: CM/ECF account and s/ do not match (dxj). Modified on 7/26/2017 to withdraw (dxj). (Entered: 07/21/2017) |
|---|---|---|
| 07/24/2017 | 153 | SENTENCING SUMMARY CHART by Jeffrey B. Keller (Attachments: # 1 Proof of Service)(Lipman, Michael) (dxj). (Entered: 07/24/2017) |
| 07/24/2017 | 154 | SENTENCING MEMORANDUM by Jeffrey B. Keller (Attachments: # 1 Proof of Service)(Lipman, Michael) (dxj). (Entered: 07/24/2017) |
| 07/24/2017 | 155 | NOTICE *of Withdrawal of Docket #154* by Jeffrey B. Keller re 154 Sentencing Memorandum (Attachments: # 1 Proof of Service)(Lipman, Michael) (dxj). (Entered: 07/24/2017) |
| 07/24/2017 | 156 | SENTENCING MEMORANDUM by Jeffrey B. Keller (Attachments: # 1 Exhibit, # 2 Proof of Service)(Lipman, Michael) (dxj). (Entered: 07/24/2017) |
| 07/25/2017 | 157 | NOTICE OF WITHDRAWAL OF DOCUMENT filed by Jeffrey B. Keller *Docket #151 and Docket #152* (Attachments: # 1 Proof of Service)(Murray, Barbara) (dxj). (Entered: 07/25/2017) |
| 07/28/2017 | 161 | Minute Entry for proceedings held before Judge Janis L. Sammartino: Sentence With PSR for Jeffrey B. Keller (1) on Count(s) 1 of the Superseding Information. Custody of the BOP for 3 months, 3 years supervised release, no fine, $100 assessment and $1 million restitution imposed; underlying Indictment dismissed on Govt's oral motion. Self surrender by 9/15/2017 before 12:00 PM; Status Hearing re self surrender/bond exoneration set for 9/22/2017 09:00 AM before Judge Janis L. Sammartino (Court Reporter/ECR Frank Rangus / CRD A Ramos / USPO Francisco Torres / AUSA Daniel E. Zipp / RETD Michael L. Lipman & Barbara Howe Murray) (no document attached) (acr) (Entered: 07/28/2017) |
| 08/04/2017 | 162 | JUDGMENT as to Jeffrey B. Keller (1), Count(s) 1, 15, 16-30, 2-4, 31-32, 6-9, Dismissed on Govt's oral motion; Count(s) 1s, Custody of the BOP for 3 months, 3 years supervised release, no fine, $100 assessment and $1 million restitution imposed. Signed by Judge Janis L. Sammartino. (dxj) (jao). (Entered: 08/04/2017) |
| 08/09/2017 | 163 | Joint MOTION to Amend/Correct Judgment 162 Judgment, by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara)(mpl). (Entered: 08/09/2017) |
| 08/10/2017 | 164 | ORDER granting 163 Joint Motion to Amend/Correct Judgment as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 8/10/2017.(mpl) (jao). (Entered: 08/10/2017) |
| 08/28/2017 | 165 | AMENDED JUDGMENT as to Jeffrey B. Keller (1), Count(s) 1, 15, 16-30, 2-4, 31-32, 6-9, Dismissed on Govt's oral motion; Count(s) 1s, Custody of the BOP for 3 months, 3 years supervised release, no fine, $100 assessment and $1 million restitution imposed. Signed by Judge Janis L. Sammartino. (mpl) (jao). (Entered: 08/29/2017) |
| 09/07/2017 | 166 | Clerk's Notice of Post Judgment Garnishment Instructions to Debtor by USA as to Jeffrey B. Keller. (mpl) (Entered: 09/08/2017) |
| 09/07/2017 | 167 | Application for Writ of Garnishment by USA as to Defendant/Judgment Debtor Jeffrey B. Keller for First Republic Bank, garnishee. (mpl) (Entered: 09/08/2017) |
| 09/07/2017 | 168 | Writ of Garnishment Issued by USA as to Defendant/Judgment Debtor Jeffrey B. Keller. (mpl) (jao). (Entered: 09/08/2017) |
| 09/07/2017 | 169 | Request for Hearing on the Application for Writ of Garnishment by USA as to Jeffrey B. Keller. (mpl) (Entered: 09/08/2017) |

| 09/12/2017 | 170 | NOTICE OF ATTORNEY APPEARANCE Thomas T. Watkinson, II appearing for USA. (Watkinson, Thomas)Attorney Thomas T. Watkinson, II added to party USA(pty:pla) (mpl). (Entered: 09/12/2017) |
|---|---|---|
| 09/18/2017 | 171 | Amended Judgment Returned Executed as to Jeffrey B. Keller on 9/15/2017. (mpl) (Entered: 09/18/2017) |
| 09/22/2017 | 172 | Minute Entry for proceedings held before Judge Janis L. Sammartino: Status Hearing as to Jeffrey B. Keller held; defendant incarcerated at FCI Lompoc; Bond ordered exonerated (Counsel must prepare an order to disburse funds or release collateral in accordance with General Order 635) (Court Reporter/ECR Gayle Wakefield / CRD A Ramos / AUSA Daniel Zipp) (no document attached) (acr) (Entered: 09/22/2017) |
| 09/29/2017 | 174 | Answer to Writ of Garnishment by USA as to Jeffrey B. Keller re 168 Writ Issued. (mpl) (Entered: 10/02/2017) |
| 10/02/2017 | 173 | Joint MOTION Joint Motion to Release Passport by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld. (Attachments: # 1 Proof of Service)(Murray, Barbara) (mpl). (Entered: 10/02/2017) |
| 10/03/2017 | 175 | ORDER Granting 173 Joint Motion to Release Passport as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 10/3/2017.(mpl) (jao). (Entered: 10/03/2017) |
| 10/18/2017 | 176 | Writ of Garnishment Returned Executed as to Jeffrey B. Keller on 9/26/2017. (mpl) (Entered: 10/18/2017) |
| 10/18/2017 | 177 | NOTICE OF ATTORNEY APPEARANCE Luella Mendoza Caldito appearing for USA. (Caldito, Luella)Attorney Luella Mendoza Caldito added to party USA(pty:pla)(mpl). (Entered: 10/18/2017) |
| 10/18/2017 | 178 | MOTION for Leave to File *Unopposed Motion for Leave to File Objection and Request for Hearing on the Application for Writ of Garnishment on January 2, 2018* by Jeffrey B. Keller as to Jeffrey B. Keller, Stuart Steinfeld. (Attachments: # 1 Proof of Service) (Murray, Barbara) (mpl). (Entered: 10/18/2017) |
| 10/20/2017 | 179 | ORDER Granting 178 Unopposed Motion for Extension of Time to File Objection and Request for Hearing on the Application for Writ of Garnishment as to Jeffrey B. Keller (1). It is hereby ordered that the time for filing Mr. Keller's objection to the Answer of Garnishee 1st Republic Bank and Request for Hearing is extended until 1/2/2018. Signed by Judge Janis L. Sammartino on 10/20/2017.(mpl) (jao). (Entered: 10/20/2017) |
| 11/24/2017 | 180 | NOTICE RE: Exoneration of Bond and Release of Collateral Pursuant to Criminal Local Rule 46.1(g), as to Jeffrey B. Keller. Please take notice that the entitled action is terminated and the bond has not been exonerated, or if exonerated, a proposed order to release collateral and/or disburse funds was not submitted. Counsel shall submit a proposed order within 30 days of the filing of this notice. (mwb) (Entered: 11/24/2017) |
| 12/19/2017 | 181 | Joint MOTION for Extension of Time to File */Submit Proposed Order Related to the Release of Collateral and/or Disbursement of Funds* by USA as to Jeffrey B. Keller. (Caldito, Luella) (mpl). (Entered: 12/19/2017) |
| 12/19/2017 | 182 | MOTION for Leave to File *Objection and Request for Hearing on the Application for Writ of Garnishment on February 1, 2018* by Jeffrey B. Keller. (Attachments: # 1 Proof of Service)(Murray, Barbara) (mpl). (Entered: 12/19/2017) |
| 12/20/2017 | 183 | ORDER Granting Leave to File Request for Hearing on the Application for Writ of Garnishment on February 1, 2018 as to Jeffrey B. Keller (1). It is hereby ordered that Mr. Keller is granted leave to file a Request for Hearing on the Application for Writ of Garnishment on 2/1/2018, rather than on 1/2/2018. Signed by Judge Janis L. Sammartino |

| | | on 12/20/2017.(mpl) Modified to correct date on 12/20/2017 (mpl). (Entered: 12/20/2017) |
|---|---|---|
| 12/20/2017 | [184](#) | ORDER Extending the Deadline for Counsel to Submit a Proposed Order Related to the Release of Collateral and/or Disbursement of Funds as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 12/20/2017.(mpl) (Entered: 12/20/2017) |
| 01/23/2018 | [185](#) | Joint MOTION to Allow *Payment of Restitution with Bond Money* by USA as to Jeffrey B. Keller. (Caldito, Luella) (mpl). (Entered: 01/23/2018) |
| 01/25/2018 | [186](#) | ORDER Authorizing Payment of Restitution With Bond Money as to Jeffrey B. Keller (1). Signed by Judge Janis L. Sammartino on 1/25/2018. (mpl) (Entered: 01/25/2018) |
| 04/02/2018 | [187](#) | NOTICE OF ATTORNEY APPEARANCE David Joseph Rawls appearing for USA. (Rawls, David)Attorney David Joseph Rawls added to party USA(pty:pla) (mpl). (Entered: 04/02/2018) |
| 04/02/2018 | [188](#) | Garnishment Document: Order of Garnishment. (mpl) (Entered: 04/02/2018) |

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 06/26/2018 06:19:30 | | | | |
| **PACER Login:** | sidleynydocket:4372927:4324510 | **Client Code:** | 83500-90200-15709 | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cr-00424-JLS | |
| **Billable Pages:** | 17 | **Cost:** | 1.70 | |

# Indictment 13 Cr. 424 (JLS)

**SEALED**

CASE UNSEALED PER ORDER OF COURT

2013 FEB -5 PM 12:05

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **13CR0424 IEG** |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy to Commit Mail Fraud, Wire Fraud, and Money Laundering; Title 18, U.S.C., Sec. 1341 - Mail Fraud; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Sec. 1957 - Money Laundering; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1) and 982(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |
| JEFFREY B. KELLER (1), STUART STEINFELD (2), | |
| Defendants. | |

The Grand Jury charges:

<u>Count 1</u>

<u>CONSPIRACY</u>
[18 U.S.C. § 371]

1. Beginning on a date unknown to the grand jury, but no later than August 2007, and continuing through at least October 31, 2008, within the Southern District of California and elsewhere, defendants JEFFREY B. KELLER and STUART STEINFELD knowingly conspired with each other and with others, to commit the following offenses against the United States:

SPC:lml:San Diego
2/4/13

1        (a) Mail Fraud, that is, to knowingly devise a
2   scheme and artifice to defraud as to material matters and
3   to obtain money and property by means of materially false
4   and fraudulent pretenses, representations and promises, and
5   the concealment of material facts, and for the purpose of
6   executing such scheme to cause to be placed in a
7   United States post office and other authorized depository
8   for mail matter items to be sent and delivered by the United
9   States Postal Service, and to cause mail matter to be
10  deposited to be sent and delivered by private and commercial
11  interstate carrier according to the directions thereon, in
12  violation of Title 18, United States Code, Section 1341;

13       (b) Wire Fraud, that is, to knowingly devise a
14  scheme and artifice to defraud as to material matters and
15  to obtain money and property by means of materially false
16  and fraudulent pretenses, representations and promises, and
17  the concealment of material facts, and in executing such
18  scheme, to knowingly use, and cause to be used, interstate
19  wire communications, in violation of Title 18, United States
20  Code, Section 1343; and

21       (c) Money Laundering, that is, to knowingly engage
22  and attempt to engage in a monetary transaction by, through
23  and to a financial institution, affecting interstate
24  commerce, knowing that the transaction involved the proceeds
25  of some form of unlawful activity of a value greater than
26  $10,000, and which in fact involved the proceeds of
27  specified unlawful activity, that is, wire fraud in
28  violation of Title 18, United States Code, Section 1343, and

2

1 mail fraud in violation of Title 18, United States Code,
2 Section 1341, in violation of Title 18, United States Code,
3 Section 1957.

4              MANNER AND MEANS OF THE CONSPIRACY

5      2.    The principal goal of the conspiracy was to deceive
6 life insurance companies into issuing life insurance
7 policies with death benefits of millions of dollars to
8 unqualified applicants, and to obtain for defendants JEFFREY
9 B. KELLER and STUART STEINFELD millions of dollars in
10 commissions from the insurance companies upon the issuance
11 of the policies, and to convert those commissions to the
12 defendants own use and benefit. To accomplish this purpose,
13 it was part of the conspiracy that defendants JEFFREY B.
14 KELLER and STUART STEINFELD:

15          (a) recruited elderly individuals to apply for life
16 insurance policies with death benefits ranging from
17 $2 million to $10 million with the promise that there would
18 be no cost to the applicant;

19          (b) promised applicants that they would receive two
20 years of coverage at the face value of the life insurance
21 policy, followed by a payment of part of the sale price of
22 the policy when it was sold to a third party after two
23 years;

24          (c) prepared and submitted to life insurance
25 companies applications for life insurance that intentionally
26 contained false representations and omitted material facts
27 regarding the applicant's net worth, income, source of
28 premium payments, and intent to sell the policy;

                              3

(d) used and caused life insurance companies, and others to use interstate wire transmissions of funds, and to send and receive mail matter via the United States mails and private and commercial interstate carriers, in order to fraudulently obtain insurance policies and commissions on those policies;

(e) using the means and methods described above, fraudulently obtained life insurance policy commissions from life insurance companies totaling approximately $3.77 million; and

(f) engaged in monetary transactions involving funds fraudulently obtained from life insurance companies.

3.    In furtherance of the conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

(a)   On or about August 25, 2007, defendant JEFFREY B. KELLER caused to be submitted to a life insurance company a false and fraudulent application for life insurance in the amount of $10 million for LWR;

(b)   On or about October 30, 2007, defendant JEFFREY B. KELLER caused to be submitted to a life insurance company a false and fraudulent application for life insurance in the amount of $5 million for PS;

(c)   On or about October 30, 2007, defendant JEFFREY B. KELLER caused to be submitted to a life insurance company a false and fraudulent application for life insurance in the amount of $5 million for PB;

4

1          (d)   On or about December 7, 2007, defendant
2    JEFFREY B. KELLER caused to be submitted to a life insurance
3    company   a   false   and   fraudulent   application   for   life
4    insurance in the amount of $9 million for JCR;

5          (e)   On or about December 10, 2007, defendant
6    JEFFREY B. KELLER caused to be submitted to a life insurance
7    company   a   false   and   fraudulent   application   for   life
8    insurance in the amount of $8 million for MP;

9          (f)   On or about January 14, 2008, defendant
10   JEFFREY B. KELLER caused to be submitted to a life insurance
11   company   a   false   and   fraudulent   application   for   life
12   insurance in the amount of $3 million for LKV;

13         (g)   On or about February 8, 2008, defendant STUART
14   STEINFELD caused to be submitted to a life insurance company
15   a false and fraudulent application for life insurance in the
16   amount of $9 million for WJM;

17         (h)   On or about March 10, 2008, defendant JEFFREY
18   B. KELLER caused to be submitted to a life insurance company
19   a false and fraudulent application for life insurance in the
20   amount of $3.5 million for AHG;

21         (i)   On or about March 20, 2008, defendant JEFFREY
22   B. KELLER caused to be submitted to a life insurance company
23   a false and fraudulent application for life insurance in the
24   amount of $8 million for GAP;

25         (j)   On or about March 20, 2008, defendant JEFFREY
26   B. KELLER caused to be submitted to a life insurance company
27   a false and fraudulent application for life insurance in the
28   amount of $10 million for MM;

1         (k)   On or about March 22, 2008, defendant JEFFREY

2 B. KELLER caused to be submitted to a life insurance company

3 a false and fraudulent application for life insurance in the

4 amount of $8 million for JAJ;

5         (l)   On or about April 14, 2008, defendant STUART

6 STEINFELD caused to be submitted to a life insurance company

7 a false and fraudulent application for life insurance in the

8 amount of $4 million for HL;

9         (m) On or about April 18, 2008, defendant STUART

10 STEINFELD caused to be submitted to a life insurance company

11 a false and fraudulent application for life insurance in the

12 amount of $3.5 million for HM;

13         (n)   On or about April 21, 2008, defendant STUART

14 STEINFELD caused to be submitted to a life insurance company

15 a false and fraudulent application for life insurance in the

16 amount of $2 million for GC;

17         (o)   On or about May 6, 2008, defendant STUART

18 STEINFELD caused to be submitted to a life insurance company

19 a false and fraudulent application for life insurance in the

20 amount of $2 million for FK;

21         (p)   On or about May 9, 2008, defendant JEFFREY B.

22 KELLER caused to be submitted to a life insurance company

23 a false and fraudulent application for life insurance in the

24 amount of $5 million for FAN;

25         (q)   On or about May 14, 2008, defendant STUART

26 STEINFELD caused to be submitted to a life insurance company

27 a false and fraudulent application for life insurance in the

28 amount of $5 million for JMC;

1     (r) On or about July 15, 2008, defendant JEFFREY
2 B. KELLER caused to be submitted to a life insurance company
3 a false and fraudulent application for life insurance in the
4 amount of $10 million for AJL;

5     (s) On or about February 7, 2008, defendant JEFFREY
6 B. KELLER transferred $200,000 from his Bank of America
7 business account to his Bank of America personal checking
8 account; and

9     (t) On or about March 31, 2008, defendant JEFFREY
10 B. KELLER transferred $100,000 from his Bank of America
11 interest bearing account to his Bank of America checking
12 account.

13 All in violation of Title 18, United States Code,
14 Section 371.

15       <u>Counts 2 - 15</u>

16       <u>MAIL FRAUD</u>
        [18 U.S.C. § 1341]
17

18   4. Beginning on a date unknown to the grand jury, but
19 no later than August 2007, and continuing through at least
20 October 31, 2008, within the Southern District of California
21 and elsewhere, defendants JEFFEY B. KELLER and STUART
22 STEINFELD, with the intent to defraud, devised and intended
23 to devise a scheme to defraud as to material matters and to
24 obtain money and property by means of materially false and
25 fraudulent pretenses, representations, and promises, and the
26 concealment of material facts.

27 //
28 //

1      5.   The allegations contained at paragraphs 2(a)
2 through 3(t) of this Indictment are realleged as more fully
3 describing the scheme.

4             <u>MAILINGS IN FURTHERANCE OF THE SCHEME</u>

5      6.   For the purpose of executing the above-describe
6 scheme to defraud and to obtain money and property by
7 materially false and fraudulent pretenses, representations,
8 and promises, as well as omissions of material facts, on or
9 about the following date, within the Southern District of
10 California and elsewhere, defendants JEFFREY B. KELLER and
11 STUART STEINFELD caused to be placed in a United States post
12 office and other authorized depository for mail matter,
13 items to be sent and delivered by the United States Postal
14 Service, and caused mail matter to be deposited to be sent
15 and delivered by private and commercial interstate carrier
16 according to the directions thereon, as set forth below:

| COUNT | DATE | SENDER | RECIPIENT | ITEM |
|-------|------|--------|-----------|------|
| 2 | Mar. 20, 2008 | Phoenix Life Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $817,236.80 |
| 3 | Feb. 6, 2008 | Phoenix Life Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $472,441.50 |
| 4 | Apr. 21, 2008 | Nationwide Mutual Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $265,017.44 |
| 5 | May 21, 2008 | Nationwide Mutual Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $276,531.56 |
| 6 | Apr, 22, 2008 | Nationwide Mutual Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $437,324.04 |

28 //

8

| COUNT | DATE | SENDER | RECIPIENT | ITEM |
|---|---|---|---|---|
| 7 | May 6, 2008 | Nationwide Mutual Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $248,718.46 |
| 8 | Apr. 7, 2008 | Phoenix Life Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $191,250.00 |
| 9 | Jun. 9, 2008 | Nationwide Mutual Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $291,696.96 |
| 10 | Sep. 8, 2008 | Transamerica Life Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $74,060.00 |
| 11 | Jun. 26, 2008 | Transamerica Life Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $58,983.10 |
| 12 | Aug. 15, 2008 | Transamerica Life Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $45,450.00 |
| 13 | Jun. 23, 2008 | Nationwide Mutual Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $223,048.62 |
| 14 | Jul. 1, 2008 | Nationwide Mutual Insurance Co. | Stuart Steinfeld Solana Beach, CA | Commission Payment of $182,310.60 |
| 15 | Oct. 2, 2008 | Nationwide Mutual Insurance Co. | Jeffrey B. Keller Solana Beach, CA | Commission Payment of $257,337.32 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## Counts 16-30

### WIRE FRAUD

[18 U.S.C. § 1343]

7.    Beginning on a date unknown to the grand jury, but no later than August 2007, and continuing through at least October 31, 2008, within the Southern District of California and elsewhere, defendants JEFFREY B. KELLER and STUART

1 STEINFELD, with the intent to defraud, devised and intended
2 to devise a scheme to defraud as to material matters and to
3 obtain money and property by means of materially false and
4 fraudulent pretenses, representations, and promises, and the
5 concealment of material facts.

6     8. The allegations contained at paragraphs 2(a)
7 through 3(t) of this Indictment are realleged as more fully
8 describing the scheme.

9     <u>WIRE TRANSMISSIONS IN FURTHERANCE OF THE SCHEME</u>

10     9. On or about the dates set for below, within the
11 Southern District of California and elsewhere, for the
12 purpose of executing the above-describe scheme to defraud
13 and to obtain money and property by materially false and
14 fraudulent pretenses, representations, and promises, and
15 omissions of material facts, defendants caused to be sent
16 by interstate wire transmission the writings, signs,
17 signals, pictures, and sounds set forth below:

| COUNT | DATE | ORIGINATOR | RECIPIENT | ITEM |
|-------|------|------------|-----------|------|
| 16 | Mar. 7, 2008 | Pacific Western Bank San Diego, CA | Phoenix Life Insurance Co. Hartford, CT | Premium Payment-LWR |
| 17 | Mar. 4, 2008 | Pacific Western Bank San Diego, CA | Phoenix Life Insurance Co. Hartford, CT | Premium Payment-JCR |
| 18 | Mar. 31, 2008 | Pacific Western Bank San Diego, CA | Nationwide Mutual Insurance Co. Columbus, OH | Premium Payment-MRP |
| 19 | May 6, 2008 | Bank of America San Marcos, CA | Nationwide Mutual Insurance Co. Columbus, OH | Premium Payment-WJM |

28 //

| COUNT | DATE | ORIGINATOR | RECIPIENT | ITEM |
|-------|------|------------|-----------|------|
| 20 | Apr. 10, 2008 | Pacific Western Bank San Diego, CA | Nationwide Mutual Insurance Co. Columbus, OH | Premium Payment-AHG |
| 21 | Apr. 21, 2008 | Pacific Western Bank San Diego, CA | Nationwide Mutual Insurance Co. Columbus, OH | Premium Payment-GAP |
| 22 | Mar. 20, 2008 | Pacific Western Bank San Diego, CA | Phoenix Life Insurance Co. Hartford, CT | Premium Payment-MMM |
| 23 | May 30, 2008 | Bank of America San Marcos, CA | Nationwide Mutual Insurance Co. Columbus, OH | Premium Payment-JAJ |
| 24 | Aug. 6, 2008 | Pacific Western Bank San Diego, CA | Transamerica Life Insurance Co. Cedar Rapids, IA | Premium Payment-HEL |
| 25 | Jun. 10, 2008 | Bank of America San Marcos, CA | Nationwide Mutual Insurance Co. Colombus, OH | Premium Payment-HDM |
| 26 | Jun. 10, 2008 | Bank of America San Marcos, CA | Transamerica Life Insurance Co. Cedar Rapids, IA | Premium Payment-GRC |
| 27 | Jul. 11, 2008 | Bank of America San Marcos, CA | Transamerica Life Insurance Co. Cedar Rapids, IA | Premium Payment-FJK |
| 28 | Jun. 5, 2008 | Pacific Western Bank San Diego, CA | Nationwide Mutual Insurance Co. Colombus, OH | Premium Payment-FAN |
| 29 | Jun. 18, 2008 | Pacific Western Bank San Diego, CA | Nationwide Mutual Insurance Co. Colombus, OH | Premium Payment-JMC |

//

//

//

11

| 1 | 30 | Sep. 15, 2008 | Bank of America San Marcos, CA | Nationwide Mutual Insurance Co. Colombus, OH | Premium Payment-AJL |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count 31

### MONEY LAUNDERING
[18 U.S.C. § 1957]

10. On or about February 7, 2008, within the Southern District of California and elsewhere, defendant JEFFREY B. KELLER did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater that $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud and Wire Fraud in violation of Title 18, United States Code, Sections 1341 and 1343, by transferring $200,000 from his Bank of America business account (ending 806), to his Bank of America personal checking account (ending 924).

All in violation of Title 18, United States Code, Section 1957.

//
//
//
//
//
//

12

## Count 32

## MONEY LAUNDERING

[18 U.S.C. § 1957]

11. On or about March 31, 2008, within the Southern District of California and elsewhere, defendant JEFFREY B. KELLER did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater that $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud and Wire Fraud in violation of Title 18, United States Code, Sections 1341 and 1343, by transferring $100,000 from his Bank of America interest bearing account (ending 111), to his Bank of America personal checking account (ending 924).

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

12. The allegations contained in Counts 1 through 30 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The allegations contained in Counts 31 and 32 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

//

13

13. Upon conviction of the offenses of conspiracy to commit mail fraud, wire fraud and money laundering, in violation of Title 18, United States Code, Section 371, as set forth in Count 1, or mail fraud, in violation of Title 18, United States Code, Section 1341, as set forth in Counts 2 through 15, or wire fraud, in violation of Title 18, United States Code, Section 1343, as set forth in Counts 16 through 30, defendants JEFFREY B. KELLER and STUART STEINFELD shall forfeit to the United States any property constituting or derived from proceeds traceable to such offense, including but not limited to a sum of money equal to the total amount of proceeds obtained directly or indirectly as a result of the offenses.

14. Upon conviction of the offense of money laundering, in violation of Title 18, United States Code, Section 1957, as set forth in Counts 31 and 32, defendant JEFFREY B. KELLER shall forfeit to the United States any real or personal property involved in such offense or traceable to such property.

15. Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled

1 with other property which cannot be divided without

2 difficulty.

3 All pursuant to Title 18, United States Code,

4 Sections 982(a)(1) and 981(a)(1)(C), and Title 28,

5 United States Code, Section 2461(c).

6     DATED: February 5, 2013.

7         A TRUE BILL:

8

9         Foreperson

10

11 LAURA E. DUFFY
   United States Attorney

12

13 By:

14    STEPHEN P. CLARK
   Assistant U.S. Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Steinfeld Sentencing Transcript

```
 1                  THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2
                 BEFORE THE HONORABLE JANIS L. SAMMARTINO
 3                 UNITED STATES DISTRICT JUDGE PRESIDING

 4       ----------------------------------------------------------

 5
         UNITED STATES OF AMERICA,      )  CASE NO. 13-CR-0424
 6                                      )
                       PLAINTIFF,       )  SAN DIEGO, CALIFORNIA
 7                                      )
         VS.                            )  MARCH 7, 2014
 8                                      )
         STUART STEINFELD,              )
 9                                      )
                       DEFENDANT.       )
10
         ----------------------------------------------------------
11

12                        SENTENCING HEARING

13       ----------------------------------------------------------

14

15       APPEARANCES:

16

17       FOR THE GOVERNMENT:            JAMES MELENDRES
                                        U.S. ATTORNEY'S OFFICE
18                                      ASSISTANT UNITED STATES ATTORNEY
                                        880 FRONT STREET, ROOM 6293
19                                      SAN DIEGO, CA  92101

20
         FOR THE DEFENDANT:             EUGENE G. IREDALE
21                                      IREDALE & YOO, APC
                                        105 WEST F STREET, FOURTH FLOOR
22                                      SAN DIEGO, CA  92101-6036

23

24

25       OFFICIAL COURT REPORTER:       GAYLE WAKEFIELD, RPR, CRR
```

MARCH 7, 2014

                        MORNING SESSION

            THE CLERK:  CALLING MATTER NUMBER 3, 13-CR-424, UNITED

STATES OF AMERICA VS. STUART STEINFELD, FOR SENTENCING.

            MR. MELENDRES:  GOOD MORNING, YOUR HONOR, JAMES

MELENDRES FOR THE UNITED STATES.

            MR. IREDALE:  GOOD MORNING, YOUR HONOR, GENE IREDALE

FOR MR. STUART STEINFELD.  HE IS PRESENT BEFORE YOUR HONOR ON

BOND.

            THE COURT:  THANK YOU.

            THE COURT HAS READ AND CONSIDERED THE FOLLOWING

DOCUMENTS FOR SENTENCING THIS MORNING:  THE PRESENTENCE REPORT.

DEFENDANT'S SENTENCING SUMMARY CHART.  DEFENDANT'S SENTENCING

MEMORANDUM.  GOVERNMENT'S MOTION.  GOVERNMENT'S SENTENCING

SUMMARY CHART, AND THE UNDERLYING PLEA AGREEMENT.

            IS THAT EVERYTHING, MR. IREDALE?

            MR. IREDALE:  IT IS, YOUR HONOR.

            THE COURT:  OKAY.  I'M INCLINED, UP TO THE POINT OF

DEPARTURES AND VARIANCES, TO FOLLOW YOUR CALCULATION AND THE

GOVERNMENT'S CALCULATION, IF THAT'S OF ANY ASSISTANCE TO YOU.

            THERE'S A MINOR VARIATION THAT PROBATION IS PUTTING

FORTH, AND I THINK I UNDERSTAND WHY THEIRS DIFFERS A LITTLE

BIT, SO I'M GOING TO FOLLOW THAT CALCULATION.

            YOU MAY TELL THE COURT ANYTHING YOU WOULD LIKE TO TELL

ME.  YOU'RE NOT FAR APART.

```
1              MR. IREDALE:  NO.

2              THE COURT:  THE GOVERNMENT FEELS SOME CUSTODIAL TIME IS

3    APPROPRIATE IN THIS MATTER.

4              PLEASE GO AHEAD, MR. IREDALE.

5              MR. IREDALE:  YES, YOUR HONOR.  LET ME, IF I COULD,

6    ADDRESS A COUPLE OF CONSIDERATIONS THAT I WOULD ASK THE COURT

7    TO TAKE INTO ACCOUNT IN DECIDING THE SENTENCE IN THIS CASE.

8              THE FIRST IS THAT THE GOVERNMENT HAS MADE A MOTION FOR

9    5K1.1 AND THEY'VE MOVED FOR A 4-LEVEL REDUCTION.  WE ASK THE

10   COURT FOR A 5-LEVEL REDUCTION.  WE THINK THAT THAT IS AN

11   APPROPRIATE ONE.  NOT TO SAY THE GOVERNMENT IS UNDULY

12   PARSIMONIOUS, BUT I THINK THAT FIVE LEVELS REFLECTS MORE

13   ACCURATELY THE SCOPE, NATURE AND TIMELINESS OF MR. STEINFELD'S

14   COMING FORWARD.  LET ME JUST EXPLAIN HOW THAT HAPPENED.

15             FIRST OF ALL, HE WAS LATE TO THE SCHEME AND WAS

16   RECRUITED BY JEFFREY KELLER.  HE LEFT IT VOLUNTARILY ON HIS

17   OWN.  HE REPORTED IT TO THE GOVERNMENT.  AFTER CHARGES WERE

18   FILED, HE IMMEDIATELY BEGAN TO MEET WITH THE GOVERNMENT AGENTS

19   AND, AS COUNSEL'S LETTER TO THE COURT NOTES, HE MET ON SEVERAL

20   OCCASIONS, PROVIDED COMPLETE, ACCURATE, HELPFUL INFORMATION.

21   HE DID THAT IN A VERY TIMELY WAY.  THE GOVERNMENT FEELS, AND WE

22   AGREE, THAT THE PLEA OF MR. KELLER IS DUE IN LARGE PART TO MR.

23   STEINFELD'S AGREEMENT TO COOPERATE AND REPRESENTATION THAT HE

24   WOULD BE A WITNESS AT ANY TRIAL.

25             IN ADDITION, HE PROVIDED SUBSTANTIAL DOCUMENTARY
```

```
 1        EVIDENCE EARLY ON IN THE CASE TO THE GOVERNMENT, AND GAVE THEM
 2        A COMPLETE EXPLANATION OF THE DETAILS OF EXACTLY HOW THE SCHEME
 3        WORKED.
 4             HE ENTERED A PLEA OF GUILTY AT THE APPROPRIATE TIME.
 5        THE GOVERNMENT WANTED TO HOLD OFF HIS PLEA UNTIL AFTER MR.
 6        KELLER HAD ENTERED A PLEA, SO WE DID THAT, BUT THERE WAS NEVER
 7        ANY QUESTION THAT HE WAS GOING TO ENTER A PLEA IN THE CASE, SO
 8        THE GOVERNMENT DID NOT NEED TO EXPEND ADDITIONAL RESOURCES ON
 9        MR. STEINFELD'S CASE, AND SO WE THINK THAT THE 5-LEVEL
10        REDUCTION FOR 5K1.1, WHICH IS A DETERMINATION THAT IS
11        ULTIMATELY FOR YOUR HONOR, AFTER HEARING THE UNDERLYING FACTS
12        AND THE RECOMMENDATION OF THE PARTIES, IS MORE APPROPRIATE, AND
13        THAT RESULTS IN A RANGE INSTEAD OF 4 TO 10 MONTHS OF 0 TO
14        6 MONTHS.
15             THERE ARE SEVERAL OTHER REASONS WHY WE WOULD ASK THE
16        COURT TO IMPOSE A PROBATIONARY SENTENCE IN THIS CASE.  THE
17        FIRST IS, ALTHOUGH I BELIEVE THAT I PROPERLY ADVISED MR.
18        STEINFELD TO PLEAD GUILTY BECAUSE THE EVENTS CONSTITUTED A
19        CRIME, A TECHNICAL MAIL FRAUD, THIS IS THE MOST CURIOUS MAIL
20        FRAUD I THINK YOU WILL EVER SEE BEFORE YOUR HONOR.  EVERYBODY
21        MADE MONEY.
22             THE COURT:  WELL, THAT'S AN INTERESTING PART OF THIS
23        BECAUSE -- I READ THIS SEVERAL TIMES BECAUSE I COULDN'T GET MY
24        MIND AROUND THE FACT THAT OUT OF THIS ENTIRE SCHEME THERE WAS
25        NO RESTITUTION, NOBODY LOST ANYTHING.
```

```
1              MR. IREDALE:  NO.  AS A MATTER OF FACT --

2              THE COURT:  BUT THERE WERE MISREPRESENTATIONS, AND IT

3        DID CONSTITUTE A FRAUD, IF YOU WILL, BUT EVERYBODY MADE MONEY.

4              MR. IREDALE:  YES.  AND HERE'S THE PROBLEM, FOR THE

5        LAST WEEK I'VE BEEN EXAMINING MY CONSCIENCE AND SAYING, DID I

6        ADVISE MR. STEINFELD PROPERLY TO PLEAD GUILTY?  BECAUSE HERE IS

7        THE THING, AND THERE'S NO DOUBT ABOUT IT, THERE WERE LIES

8        GALORE.  IN OTHER WORDS, THE PEOPLE WHO WERE RECRUITED TO GET

9        THE INSURANCE, TO BE THE INSUREDS, COMPLETELY MISREPRESENTED

10       THEIR INCOME, SUBMITTED FALSE INCOME STATEMENTS, SUBMITTED A

11       FALSE WORK HISTORY, ETC., BUT ON THE ONE THING THAT WAS

12       PROBABLY CRITICAL, WHICH WAS THEIR HEALTH, THEY WERE ENTIRELY

13       ACCURATE, AND WERE SUBJECT TO A PHYSICAL EXAMINATION.

14             THE WAY THIS WORKED IS THEY SORT OF FOUND A NICHE THAT

15       FOR A MOMENT IN TIME WOULD ALLOW IT TO BE USED BECAUSE YOU GET

16       THE INVESTMENT UPFRONT -- THEY MAKE LARGE COMMISSIONS.  I MEAN,

17       IT'S NOT AS THOUGH IT WAS AN ELEEMOSYNARY OR CHARITABLE ACT,

18       THERE WERE, I CONFESS, MATERIAL AND SOMEWHAT CRASS

19       CONSIDERATIONS ON THE PART OF MR. STEINFELD.  HE WANTED THE

20       MONEY, BUT THE INSURANCE COMPANY MADE MONEY, MUCH MORE MONEY

21       THAT -- IN COMMISSIONS -- IN PREMIUMS PAID THAN COMMISSIONS

22       PAID OUT.

23             THE COURT:  AND AS I UNDERSTAND THIS ENTIRE THING,

24       THERE WAS NEVER A CLAIM MADE PURSUANT TO ANY OF THESE POLICIES.

25       I DON'T KNOW WHETHER THE END RESULT WOULD BE THE SAME, BUT NO
```

1    CLAIMS WERE EVER MADE.

2            MR. IREDALE:  THAT'S RIGHT.  AND, THEORETICALLY, IF THE

3    PREMIUMS WERE MADE, AND THE WAY THIS HAPPENED IS THAT -- IT'S

4    PROBABLY A SIGN OF THE GENERAL PATHOLOGY AND COMPLICATION OF

5    THE ECONOMIC LIFE IN THE INVESTMENT FIELD, BUT THEY STARTED TO

6    TREAT -- "THEY" MEANING THE INVESTOR CLASS, STARTED TO TREAT

7    LIFE INSURANCE POLICIES THE WAY THEY DID HOME MORTGAGES, TO

8    PACKAGE THEM UP, TO BUNDLE THEM UP, AND THEN TO SELL THEM ON SO

9    THAT THE ULTIMATE PURCHASER OF THESE, WHO WOULD PURCHASE THEM

10    AFTER THE INCONTESTABILITY PERIOD, WOULD HAVE EVERY MOTIVE TO

11    PAY THE PREMIUM, TO KEEP IT ALIVE, SO THAT ASSUMING THE

12    ACTUARIAL CALCULATIONS WERE CORRECT, THE INSURANCE COMPANY

13    WOULDN'T LOSE MONEY.  IF THE PERSON DIED WHEN HE WAS SUPPOSED

14    TO DIE, AND THE APPROPRIATE PREMIUM HAVING BEEN PAID, EVERYBODY

15    MAKES OUT.

16            AT THE TIME THIS SCHEME WAS STOPPED, FOR THE COUNTS OF

17    CONVICTION -- WE JUST DID THE COUNTS OF CONVICTION -- THERE

18    WERE OTHER TRANSACTIONS THAT ARE RELEVANT CONDUCT, AND I CAN

19    INFORM THE COURT ABOUT THOSE, AND WE DID AN ANALYSIS OF THOSE

20    AS WELL, THE VICTIM INSURANCE COMPANIES IN THIS SCHEME TO

21    DEFRAUD CAME OUT AHEAD TO THE TUNE OF $1,716,000.  THAT IS TO

22    SAY, THEY HAD PREMIUMS PAID IN THE AMOUNT OF 6.155 MILLION, AND

23    THEY PAID OUT COMMISSIONS OF 4.439 MILLION.

24            NOW, OF COURSE, THEY WOULD HAVE HAD ADMINISTRATIVE

25    COSTS, ETC., BUT THEY MADE WELL OVER $1.5 MILLION TOTAL.  SO

```
1     THE DILEMMA THAT THE PARTIES HAD IN THE CASE IS WHAT GUIDELINES

2     DO WE LOOK TO?  DO YOU GO -- I WAS SUGGESTING, "LET'S BE

3     CREATIVE, LET'S GO NEGATIVE GUIDELINES, SO HE GETS NEGATIVE

4     FOUR YEARS IN PRISON, AND THEN IF HE EVER DOES ANYTHING ELSE,

5     HE CAN USE IT LIKE A CREDIT," BUT COUNSEL SAID, "NO."  THE

6     GOVERNMENT SAID, "NO, THAT'S A LITTLE TOO CREATIVE FOR US."  SO

7     THE GUIDELINES PROVIDE THAT IN A FRAUD, WHERE THERE IS NO LOSS

8     TO THE VICTIM, AN ALTERNATE MEASURE WHICH SERVES AS A PROXY IS

9     THE GAIN TO THE DEFENDANT.

10          THE COURT:  RIGHT, AND THAT'S WHERE YOU AND PROBATION

11    DIFFERED IN YOUR 2 POINTS.

12          MR. IREDALE:  THAT'S RIGHT, BECAUSE PROBATION SAID HE

13    GOT A TOTAL OF 830,000 GROSS PAID TO HIM, AND THAT IS TRUE, BUT

14    HE HAD TO PAY BACK TO KELLER THREE-QUARTERS OF THAT MONEY, SO

15    HE ENDS UP WITH ABOUT 250 OR 280.  THAT WAS THE FIGURE THAT WE

16    AGREED UPON.

17          AS TO THE COUNTS OF CONVICTION, HE GOT 43,000, BUT AS

18    TO THE RELEVANT CONDUCT, INCLUDING THE UNCHARGED, IT WAS ABOUT

19    260, $270,000, SO THAT'S WHAT HE MADE.  HE PAID TAX ON THAT.

20    UNLIKE THE CODEFENDANT, AGAINST WHOM HIS COOPERATION WAS SO

21    VALUABLE, WHO OWES, BY STIPULATION, A MILLION DOLLARS IN TAXES

22    AND WHO PAID NO TAX, MR. STEINFELD PAID TAX ON THE GAIN THAT HE

23    HAD.

24          WE HAVE STIPULATED THAT A FINE WITHIN THE GUIDELINES OF

25    $20,000 IS APPROPRIATE.  MR. STEINFELD HAS NO PREVIOUS CRIMINAL
```

```
1    CONVICTION, AS YOU CAN SEE, AND THERE ARE SUBSTANTIAL

2    COLLATERAL CONSEQUENCES WHICH ARE PUNITIVE IN NATURE.  HE'S A

3    CPA.  A FELONY CONVICTION IN A FRAUD CASE, HE LOSES THAT.  HE'S

4    A CERTIFIED FINANCIAL ADVISER.  HE'S GOING TO LOSE THAT.

5            THE COURT:  RIGHT.

6            MR. IREDALE:  HE HAS, I THINK, RECOGNIZED THAT THE

7    LESSON THAT WE'RE TAUGHT FROM CHILDREN IS A GOOD LESSON THAT

8    YOU SHOULD NOT LIE.

9            HAVING SAID THAT, I BELIEVE THAT IN THIS CASE, AN

10   UNUSUAL CASE IN WHICH THERE IS NO LOSS TO ANYONE, AND, IN FACT,

11   A GAIN TO THE PUTATIVE VICTIMS, THERE WERE MULTIPLE COMPANIES,

12   NONE OF THEM LOST MONEY, AND THE CUMULATIVE AMOUNT OF GAIN WAS

13   1.716 MILLION.

14           WE PREPARED A CHART, AND I CAN GIVE IT TO COUNSEL.

15   THIS IS A NEW CHART THAT SHOWS RELEVANT CONDUCT.  THE ONE THAT

16   WE ATTACHED TO THE SENTENCING PAPERS DEALT ONLY WITH THE COUNTS

17   OF CONVICTION, BUT THEN THERE WERE OTHER TRANSACTIONS.  I CAN

18   PROFFER, IF I MIGHT, AND IT HAS THE NET GAIN DOWN HERE AT THE

19   BOTTOM, 1.716 MILLION.

20           I DON'T WANT TO MAKE LIGHT OF IT.  I DON'T WANT TO --

21   YOU KNOW, I COULD HAVE SAID IF THE INSURANCE COMPANIES WERE

22   DEFRAUDED, I WOULD LIKE TO SIGN UP TO THE VICTIM OF THE NEXT

23   SIMILAR FRAUD LIKE THAT, BUT THE NECESSITY FOR TRANSPARENCY AND

24   HONESTY IS CRITICAL IN OUR ECONOMIC LIFE.  AND SO THERE WAS A

25   CRIME, I AM CONVINCED THERE WAS A CRIME, DESPITE THE ANOMALOUS
```

8

1    RESULT, BUT THIS WAS DONE BY VERY SMART PEOPLE WHO GAMED IT OUT

2    SO THAT EVEN IF IT HAD GONE TO FRUITION -- YOU KNOW, A LOT OF

3    THESE THINGS, YEAH, AT SOME POINT SOMEBODY MAKES MONEY, BUT

4    THEN IN THE END, AFTER THE DYNAMIC OF ALL OF THE TRANSACTIONS

5    ARE GONE, YOU'RE GOING TO HAVE SOMEBODY HOLDING THE BAG.  BUT

6    IN THIS CASE, BECAUSE OF THE PECULIAR STRUCTURE OF THE LAW IN

7    CALIFORNIA FOR A PERIOD OF TIME, IT'S NOW BEEN CHANGED.

8            THE COURT:  RIGHT.

9            MR. IREDALE:  AND BECAUSE OF THE WAY THIS WAS

10   STRUCTURED, NOBODY WAS GOING TO LOSE, IF THINGS WENT ACCORDING

11   TO HOYLE, AND, OF COURSE, THERE WAS ALWAYS SUCH A RISK.  AND I

12   THINK THE FRAUD IS THIS, THAT REGARDLESS OF HOW IT COMES OUT,

13   EVERYBODY WHO GOES INTO A FINANCIAL TRANSACTION, INCLUDING EVEN

14   AN INSURANCE COMPANY, A CORPORATION WITHOUT A SOUL, AND I'M

15   TOLD WITHOUT A HEART WHICH WORKS, GENERALLY THESE INSURANCE

16   COMPANIES ARE DEFENDING THEMSELVES CONSTANTLY FROM THE

17   DEPREDATIONS OF WIDOWS AND ORPHANS, AND MR. STEINFELD GAVE THEM

18   $1.7 MILLION TO DO THAT, TO FEND OFF THOSE ATTACKS.

19            HAVING SAID THAT, SOME AMOUNT OF PUNISHMENT IS

20   APPROPRIATE AND WE SUGGEST 500 HOURS OF COMMUNITY SERVICE.  MR.

21   STEINFELD HAS TAKEN A PROGRAM AS A DOCENT TO BE ABLE -- IN ONE

22   OF THE STATE PARKS TO GIVE SERVICE AS A GUIDE TO GROUPS.

23            I THINK THAT THE FELONY CONVICTION, THE LOSS OF HIS

24   PROFESSIONAL LICENSES, THE SHAME OF THE EVENTS, THE $20,000

25   FINE, COUPLED WITH A PERIOD OF EITHER SUPERVISED RELEASE OR

1    PROBATION, AND 500 HOURS OF COMMUNITY SERVICE, TOGETHER WITH

2    THE FACT THAT -- AND I HOPE YOUR HONOR WILL FORGIVE ME, I

3    DELIGHTED IN TWEAKING THE INSURANCE COMPANIES, BUT THEY HAVE

4    RIGHTS UNDER THE LAWS TO FAIR PLAY, HONESTY, AND THE LAW WAS

5    BROKEN, AND WE ACKNOWLEDGE THAT.

6         BUT GIVEN ALL OF THOSE CIRCUMSTANCES, HIS TIMELY,

7    COMPLETE, THOROUGH DISCOVERY, THE THOROUGH COOPERATION, WHICH

8    RESULTED IN A PLEA OF A FAR MORE SERIOUSLY INVOLVED DEFENDANT,

9    AND ULTIMATELY THE GOVERNMENT'S GAIN OF A MILLION DOLLARS IN

10   TAX REVENUE FROM THAT OTHER DEFENDANT, I WOULD THINK THAT

11   JUSTICE WOULD NOT BE DISSERVED WITH A SENTENCE OF PROBATION AND

12   THE OTHER REQUIREMENTS, 500 HOURS COMMUNITY SERVICE, THE

13   $20,000 FINE, AND WHATEVER OTHER CONDITIONS THE COURT THINKS

14   APPROPRIATE.

15        THE COURT:  THANK YOU, MR. IREDALE.

16        GOOD MORNING, MR. STEINFELD.

17        THE DEFENDANT:  HI.

18        THE COURT:  IS THERE ANYTHING THAT YOU WOULD LIKE TO

19   SAY THIS MORNING, SIR?

20        THE DEFENDANT:  YES, I WOULD.

21        THE COURT:  PLEASE GO AHEAD.

22        THE DEFENDANT:  YOUR HONOR, I WOULD LIKE TO TAKE THIS

23   OPPORTUNITY TO ACCEPT FULL RESPONSIBILITY FOR MY ACTIONS AND TO

24   EXPRESS MY DEEP REMORSE FOR WHAT I'VE DONE TO BRING ME HERE.

25        I VOW TO YOUR HONOR, MY FAMILY, MY FRIENDS, TO NEVER,

1  EVER ENGAGE IN THIS BEHAVIOR AGAIN, AND I'M TRULY SORRY FOR

2  WHAT I'VE DONE.  I WANT TO APOLOGIZE TO THIS COURT, MY FAMILY,

3  MY FRIENDS, AND ANYONE ELSE WHO I'VE HURT THROUGH MY ACTIONS.

4  I TRULY AM SORRY.  THANK YOU.

5     THE COURT:  I APPRECIATE YOUR COMMENTS, SIR.  THANK

6  YOU.

7     ON BEHALF OF THE GOVERNMENT.

8     MR. MELENDRES:  THANK YOU, YOUR HONOR.  I WOULD LIKE TO

9  ADDRESS THE ARGUMENTS MADE BY MR. IREDALE WITH RESPECT TO THE

10  5K AND THEN HIS MORE GENERAL ARGUMENTS.  WITH RESPECT TO THE

11  5K, IF I COULD, I WOULD LIKE TO APPROACH SIDEBAR WITH MR.

12  IREDALE, OF COURSE.

13     THE COURT:  CERTAINLY.

14  (THE FOLLOWING OCCURRED AT SIDEBAR.)

15     MR. MELENDRES:  YOUR HONOR, WITH RESPECT TO --

16     MR. IREDALE:  YOUR HONOR, MR. ENGLISH JUST GOT HIS

17  25 YEARS OF SERVICE WITH PROBATION.

18     THE COURT:  WELL, THAT'S OUTSTANDING.  HE'S ALWAYS A

19  GREAT PERSON TO HAVE HERE IN COURT.

20     THE PROBATION OFFICER:  THANK YOU, YOUR HONOR.

21     MR. MELENDRES:  YOUR HONOR, WITH RESPECT TO THE 5K, THE

22  GOVERNMENT BELIEVES 4 LEVELS ARE APPROPRIATE.  ALMOST

23  EVERYTHING THAT MR. IREDALE SAID IS CORRECT WITH THE FOLLOWING

24  CAVEAT, WHEN MR. STEINFELD INITIALLY CAME TO THE GOVERNMENT TO

25  COOPERATE, HE DIDN'T COME INITIALLY TO DISCLOSE THE INSURANCE

```
1    ASPECT OF THE WIRE FRAUD TO WHICH HE HAS NOW PLED GUILTY.  HE

2    CAME IN TO INFORM ON THE TAX EVASION SCHEME BEING PERPETRATED

3    BY HIS CODEFENDANT, MR. KELLER.  HE DID THAT BECAUSE HE WANTED

4    TO TAKE ADVANTAGE OF THE IRS AND THE WHISTLEBLOWER'S PROGRAM.

5    IT WAS ONLY AFTER THE IRS AND FBI STARTED LOOKING AT THE

6    DOCUMENTATION HE BROUGHT IN, AND REALIZED THERE WAS THIS

7    INSURANCE ASPECT, THAT IT WAS BROUGHT TO MR. STEINFELD'S

8    ATTENTION THAT THIS WAS A POTENTIAL FEDERAL CRIME, AND SO I

9    JUST WANT TO MAKE CLEAR THAT HE DIDN'T VOLUNTARILY DISCLOSE THE

10   INSURANCE ASPECT OF THIS.  HE CAME IN TO TAKE ADVANTAGE OF THE

11   IRS WHISTLEBLOWER PROGRAM ON THE TAX PART OF IT.

12        MR. IREDALE:  AND THAT IS FAIR.  I THINK THAT'S A FAIR

13   STATEMENT ON COUNSEL'S PART.  BUT JUST TO LET YOUR HONOR KNOW,

14   AND I DON'T KNOW THE STATUS OF THIS, BUT HE BECAME AWARE THAT

15   KELLER WAS WORKING WITH ANOTHER MAN NAMED SADR, AND THAT IT

16   INVOLVED A MASSIVE TAX SCHEME WHERE ACTUALLY INCOME WAS BEING

17   SHIFTED FROM ONE LOCATION TO ANOTHER, AND WHAT HAS -- HAD BEEN

18   GAINED AS INCOME WAS ACTUALLY BEING MISCHARACTERIZED AS

19   DEDUCTIONS TO OFFSET OTHER INCOME, SO IT WAS A RATHER

20   SOPHISTICATED SCHEME, AND MR. STEINFELD DID COME FORWARD, AND I

21   THINK COUNSEL MAKES A FAIR POINT, MOTIVATED BY MONETARY

22   CONSIDERATIONS, AND HE DISCLOSED THAT.  THEN THE AGENTS SAID,

23   "WELL, WE FOUND SOMETHING THAT YOU DID," AND AT THAT POINT THE

24   GOVERNMENT FILED A CHARGE, AND THEN WE SAID, "YES, WE DID THAT

25   AS WELL," AND HE COOPERATED ON THAT AS WELL.
```

```
1          IN CASE I SUGGESTED MR. STEINFELD IS -- I'M NOT ASKING
2    FOR IMMEDIATE CANONIZATION.  WE CAN DO THAT AT THE END OF
3    SUPERVISED RELEASE, BUT -- SO COUNSEL'S POINT IS WELL TAKEN,
4    AND I CONCUR WITH IT.
5          MR. MELENDRES:  OKAY.
6          THE COURT:  THIS IS THE MOST UNUSUAL CRIME BECAUSE
7    YOU'RE LOOKING FOR SOMETHING AND YOU CAN'T FIND IT.  NOW, MAYBE
8    IF THIS HAD GONE ON LONG ENOUGH WE WOULD HAVE FOUND SOMETHING,
9    BUT IT DIDN'T, AND THE LAW'S BEEN CHANGED, SO IT'S LIKE THIS
10   MOMENT IN TIME WHEN THIS COULD OCCUR.  I MEAN, YOU AGREE WITH
11   THAT, RIGHT?
12         MR. MELENDRES:  NO, I DISAGREE WITH THAT.
13         THE COURT:  YOU COULDN'T DO THIS AGAIN TODAY.
14         MR. MELENDRES:  YOU COULD NOT DO IT TODAY.
15         THE COURT:  SO IT WAS A MOMENT IN TIME WHEN PEOPLE WHO
16   WERE ABLE TO KNOW THE SYSTEM WELL ENOUGH COULD DO THIS.  I'M
17   NOT SAYING IT'S RIGHT, COUNSEL.  IT'S A CRIME, AND HE PLED.
18         MR. MELENDRES:  I CAN ADDRESS IT IN OPEN COURT.
19         THE COURT:  ANYTHING FURTHER?
20         THE PROBATION OFFICER:  NO, YOUR HONOR.  THANK YOU FOR
21   LETTING ME LISTEN.
22   (SIDEBAR CONCLUDED.)
23         MR. MELENDRES:  YOUR HONOR, FOR THE REASONS MENTIONED
24   AT SIDEBAR, THE GOVERNMENT BELIEVES THE 4-LEVEL FOR 5K IS
25   APPROPRIATE AND GENEROUS IN THIS CASE.
```

1      MOVING ON TO MR. IREDALE'S OTHER COMMENTS, MUCH OF WHAT

2      HE SAID IS ACCURATE.  THERE WAS A LARGE SECONDARY MARKET FOR

3      THESE LIFE SETTLEMENTS, AND THERE ARE WELL-ACCEPTED

4      PUBLICATIONS THAT PUT THAT MARKET AT APPROXIMATELY $12 BILLION

5      BY 2005, AND THESE LIFE INSURANCE COMPANIES RELY ON ACTUARIAL

6      ASSUMPTIONS, AND THEY HAVE UNDERWRITING PROGRAMS THAT THEY USE

7      TO MAKE DETERMINATIONS ABOUT HOW MUCH PREMIUMS SHOULD COST,

8      WHICH LIFE INSURANCE POLICIES THEY SHOULD ISSUE, ETC., AND ONE

9      OF THEIR OPERATING ASSUMPTIONS IS THAT 89 PERCENT OF ALL LIFE

10     INSURANCE POLICIES WILL LAPSE WHEN HELD BY AN ACTUAL INSURED.

11      NOW, WHAT HAPPENS IN A CASE LIKE THIS, WHEN YOU HAVE

12     INSURANCE POLICIES PROCURED AND PURCHASED FOR THE PURPOSE OF

13     SALE ON THE SECONDARY MARKET, AFTER THE TWO-YEAR CONTESTABILITY

14     PERIOD, TO INVESTORS IS THAT THE ASSUMPTION THAT THOSE WILL

15     LAPSE GOES OUT THE DOOR BECAUSE INVESTORS ARE HOLDING THESE

16     BECAUSE THEY HAVE MADE A BET ABOUT THE LIFESPAN OF THE INSURED,

17     AND THEY HOPE THAT THEY WILL ULTIMATELY BE PAID OUT MORE IN THE

18     -- WHEN THE INSURED DIES THAN THEY PUT IN IN PREMIUMS.

19      SO WHAT OCCURS IS THAT COSTS INDUSTRY-WIDE GO UP FOR

20     LIFE INSURANCE POLICIES.  THE ANALOGY IS CAR INSURANCE.  CAR

21     INSURANCE CARRIERS ISSUE CAR INSURANCE POLICIES EVERY DAY, AND

22     THEY ASSUME THAT SOME PORTION OF THOSE POLICIES WILL RESULT IN

23     DAMAGE OR TOTALED VEHICLES.  THEY DON'T ASSUME THAT EVERY

24     SINGLE POLICY THEY ISSUE WILL END IN THE VEHICLE BEING TOTALED

25     AND THEM HAVING TO PAY OUT ON THAT, AND THAT IS EFFECTIVELY

1     WHAT OCCURRED WHEN INDIVIDUALS LIKE MR. STEINFELD PROCURED

2     THESE LIFE INSURANCE POLICIES FOR PURPOSE OF RESALE IN THE

3     SECONDARY MARKET, AND SO THERE'S A SOCIETY-WIDE ARM IN THE FORM

4     OF ULTIMATE RAISED LIFE INSURANCE COSTS.

5          NOW, THE INSURANCE COMPANIES WERE COGNIZANT OF THIS

6     PROBLEM, AND SO ON THE QUESTIONNAIRES AND ON THE POLICY FORMS

7     THERE ARE SPECIFIC QUESTIONS TO INCLUDE, "IS THIS POLICY BEING

8     FUNDED BY A THIRD PARTY?" BECAUSE THAT IS AN INDICATOR THAT

9     RATHER THAN THE INSURED HOLDING IT, IT'S GOING TO BE SOLD ON

10    THE SECONDARY MARKET. "IS THERE INTENT TO SELL THIS POLICY?"

11    AND WHAT MR. STEINFELD AND HIS CO-CONSPIRATOR DID WAS LIE.

12    THEY WOULD SAY, "NO," AND SO THAT IS THE LIE, THE MATERIAL

13    MISSTATEMENT THAT WAS MADE TO THE INSURANCE COMPANY THAT

14    EFFECTED THE INSURANCE COMPANIES ACTUARIAL TABLES, EFFECTED

15    THEIR UNDERWRITING PROCESS, AND ULTIMATELY, CARRIED OUT OVER A

16    WIDE ENOUGH POPULATION, HAS HARMFUL EFFECTS FOR OTHER PEOPLE

17    TRYING TO PROCURE LIFE INSURANCE IN THE FORM OF HIGHER LIFE

18    INSURANCE COSTS.

19          IN THIS CASE, MR. STEINFELD BENEFITED TO THE TUNE OF

20    MORE THAN A QUARTER MILLION DOLLARS BASED ON THE LIES HE TOLD

21    TO THE INSURANCE COMPANY, SO BUT FOR THOSE LIES HE WOULD NOT

22    HAVE OBTAINED MORE THAN A QUARTER MILLION DOLLARS.

23          NOW, THIS IS NOT AN ISOLATED DISPUTE THAT HAS ARISEN.

24    THERE'S CERTAINLY BEEN MASSIVE CIVIL LITIGATION, AND THERE HAVE

25    BEEN ANY NUMBER OF FEDERAL PROSECUTIONS FOR THE SAME CONDUCT

1    ACROSS THE COUNTRY.

2            FOR EXAMPLE, BEGINNING IN 2007, IN THE EASTERN DISTRICT

3    OF CALIFORNIA, THE GOVERNMENT FILED A NEARLY IDENTICAL

4    INDICTMENT, AND IN THAT CASE THERE WERE AT LEAST EIGHT

5    DEFENDANTS.  AT THIS POINT FOUR OF THEM HAVE BEEN SENTENCED.

6    THE SECOND DEFENDANT RECEIVED NINE MONTHS IN CUSTODY.  THE

7    FIFTH DEFENDANT RECEIVED 12 MONTHS IN CUSTODY.  THE SIXTH

8    DEFENDANT RECEIVED 36 MONTHS PROBATION, AND THE EIGHTH

9    DEFENDANT RECEIVED 60 MONTHS CUSTODY.  THAT CASE IS UNITED

10   STATES VS. NEUHAUS, 07-CR-366, IN THE EASTERN DISTRICT OF NEW

11   YORK.

12           A YEAR AFTER THAT IN BROOKLYN, IN THE EASTERN DISTRICT

13   OF NEW YORK, THE UNITED STATES FILED AN INDICTMENT NEARLY

14   IDENTICAL TO THIS ONE AGAINST A SINGLE DEFENDANT, AGAIN WIRE

15   FRAUD CHARGE, SAME STRUCTURE.  THAT DEFENDANT WAS SENTENCED TO

16   41 MONTHS IN CUSTODY AND 36 MONTHS OF SUPERVISED RELEASE.

17           THREE YEARS AFTER THAT, AGAIN IN BROOKLYN, IN THE

18   EASTERN DISTRICT OF NEW YORK, THE UNITED STATES FILED A NEARLY

19   IDENTICAL INDICTMENT, AND THERE THERE WERE MULTIPLE DEFENDANTS,

20   SEVERAL OF WHICH ARE STILL PENDING RESOLUTION, BUT TWO OF THEM

21   PLED GUILTY AND WERE EACH SENTENCED TO 12 MONTHS AND ONE DAY IN

22   CUSTODY.  THAT CASE IS UNITED STATES VS. LEBOVITZ, 11-CR-134,

23   AND AGAIN THAT'S IN THE EASTERN DISTRICT OF NEW YORK.

24           SUBSEQUENTLY, THE SOUTHERN DISTRICT OF NEW YORK FILED A

25   LAWSUIT -- OR, I'M SORRY, FILED CRIMINAL CHARGES AGAINST THREE

1    DEFENDANTS IN UNITED STATES VS. BINDAY, 12-CR-0512.  THAT CASE

2    WAS RECENTLY TRIED BEFORE A JURY IN MANHATTAN, AND ALL THREE

3    DEFENDANTS WERE CONVICTED AFTER A WEEK AND-A-HALF TRIAL.

4         AND SO THIS IS A SITUATION WHERE MR. STEINFELD IS NOT

5    BEING SINGLED OUT.  THERE ARE MULTIPLE CRIMINAL PROSECUTIONS

6    OCCURRING ACROSS THE COUNTRY FOR VERY SIMILAR CONDUCT, AND

7    THOSE DEFENDANTS ARE RECEIVING CUSTODIAL TERMS FOR THEIR

8    CONDUCT.

9         AND SO IN THIS CASE, THE GOVERNMENT IS ASKING THAT YOUR

10   HONOR IMPOSE SOME CUSTODIAL TIME.  WE BELIEVE THAT FOUR MONTHS

11   IS APPROPRIATE.  THAT'S THE LOW END OF THE GUIDELINE RANGE.

12   THOSE GUIDELINES ARE SET FORTH IN THE PARTIES' SENTENCING

13   SUMMARY CHARTS AND PLEA AGREEMENT, INCLUDE REDUCTIONS FOR MINOR

14   ROLE, INCLUDE THE GOVERNMENT'S REDUCTION -- OR REQUESTED

15   REDUCTION FOR SUBSTANTIAL ASSISTANCE.

16        I THINK THAT UNDER 3553(A) IT'S IMPORTANT THAT THERE IS

17   SOME CUSTODIAL TIME IN THIS CASE.  IN PARTICULAR, IN THE

18   GOVERNMENT'S VIEW, THE OFFENSE IS SERIOUS, AND IT IS IMPORTANT

19   TO SEND A DETERRENT MESSAGE IN THE PROFESSIONAL COMMUNITY THAT

20   IT IS NOT OKAY TO FLAT-OUT LIE IN ORDER TO MAKE PERSONAL GAINS.

21   YOU CANNOT TELL LIES IN BUSINESS TRANSACTIONS IN ORDER TO

22   DEPRIVE YOUR COUNTERPARTS OF THE BARGAIN OF THEIR DEAL, THEIR

23   UNDERSTANDING OF THE DEAL, OR TO GAIN, YOURSELF, TO THE TUNE OF

24   MORE THAN A QUARTER MILLION DOLLARS, AND SO FOR THOSE REASONS

25   THE GOVERNMENT IS RECOMMENDING FOUR MONTHS IN CUSTODY.  THANK

1    YOU.

2         THE COURT:  LET ME HEAR FROM PROBATION, AND THEN IF YOU

3    HAVE A FINAL COMMENT, MR. IREDALE.

4         MR. IREDALE:  YES, YOUR HONOR.

5         THE COURT:  GO AHEAD, MR. ENGLISH.

6         THE PROBATION OFFICER:  MARVIN ENGLISH APPEARING FOR

7    OFFICER EVERILL.

8         OUR FINAL VARIANCE IS PRETTY CLOSE TO WHAT THE

9    GOVERNMENT'S RESULTS WERE, SHORT OF THE 5K, SO WE'RE ALL SORT

10   OF CLOSE.  I SEE THE LOGIC BEHIND THE OFFICER'S RECOMMENDATION

11   ON THE FINE BECAUSE THAT WAS THE GAIN.

12        SO UNLESS THE COURT HAS QUESTIONS, WE WOULD SUBMIT ON

13   OUR REPORT.

14        THE COURT:  NOT AT THIS TIME, MR. ENGLISH, THANK YOU

15   VERY MUCH.

16        ANY FINAL COMMENTS, MR. IREDALE?

17        MR. IREDALE:  I DON'T KNOW IF ANY ARE NEEDED OR IF YOUR

18   HONOR IS SOLICITING ANY.  I JUST THINK THAT -- I APPRECIATE

19   COUNSEL GAVE A RENDITION OF THE OTHER CASES.  I'M NOT FAMILIAR

20   WITH ALL OF THEM, BUT WITH A COUPLE OF THEM I KNOW THAT THERE

21   WERE ADDITIONAL FACTORS THAT YOU DON'T HAVE IN THIS CASE,

22   SPECIFICALLY, MASSIVE TAX EVASION ON THE PART OF THE DEFENDANT,

23   WHICH IS NOT HERE PRESENT, AND ALSO SOME DEFRAUDING OF THE

24   PEOPLE WHO WERE MAKING THE APPLICATIONS.  IN OTHER WORDS, THEY

25   WERE TOLD "YOU'RE MAKING AN APPLICATION, YOU WILL GET CERTAIN

1        BENEFITS.  YOU'LL BE INSURED," ETC., AND THEY WERE NOT GIVEN

2        THOSE, SO THERE WERE VICTIMS IN THAT SENSE, IN THE SENSE THAT

3        THERE WERE NOT IN THIS CASE.

4            IN THIS CASE, THERE WAS NO ACTUAL DEATH.  NONE OF THE

5        PEOPLE DIED.  NO ACTUAL LOSS, AND AN ACTUAL GAIN.  THERE'S A

6        PUBLIC POLICY ISSUE, OF COURSE, THAT REALLY DISCOURAGES BETTING

7        ON OTHER PEOPLE'S LIVES WITH INSURANCE POLICIES.  THAT'S THE

8        REASON FOR THE CONCEPT OF HAVING AN INSURABLE INTEREST, BUT IN

9        CALIFORNIA FOR A TIME, BECAUSE OF A WEIRD SITUATION BEFORE THE

10       LEGISLATURE CHANGED THE LAW, THIS WAS A WAY THAT REALLY WAS A

11       FRAUD THAT DIDN'T HURT ANYBODY.

12           I REALIZE THAT THAT SOUNDS ENTIRELY CRAZY, AND TO THE

13       EXTENT THAT ANY FRAUD IS A HARM, I ACKNOWLEDGE THAT, AND THAT'S

14       WHY I THOUGHT IT WAS IMPORTANT FOR US, DESPITE THE WEIRDNESS OF

15       THE CASE, DESPITE THE FACT THAT THERE'S GAINS TO EVERYBODY, AND

16       NO LOSSES, IT NONETHELESS WAS A FRAUD BECAUSE IF YOU LIE TO

17       GAIN MONEY, THAT'S TECHNICALLY WITHIN THE DEFINITION.

18           I WOULD THINK, GIVEN ALL OF THE FACTORS, THAT IT'S NOT

19       NECESSARY TO PUT A 60-YEAR OLD MAN WITH NO RECORD INTO CUSTODY

20       AT THIS TIME.

21           THE COURT:  HE WAS BOOKED AND RELEASED BASICALLY, MR.

22       IREDALE; IS THAT WHAT OCCURRED IN THIS CASE?

23           MR. IREDALE:  YES, YOUR HONOR.

24           THE COURT:  WELL, THE COURT HAS ADEQUATE INFORMATION TO

25       EXERCISE SENTENCING DISCRETION THIS MORNING.  I SPENT A LOT OF

1    TIME LOOKING AT THIS BECAUSE OF THE NATURE OF THE OFFENSE AND

2    WHAT COUNSEL -- BOTH COUNSEL DID WAS HELPFUL TO THE COURT, AND

3    PROBATION ALSO, TO UNDERSTAND WHAT WAS INVOLVED HERE.

4         IT'S HELPFUL TO A VERY LIMITED EXTENT, COUNSEL, THAT

5    YOU CITE TO THE COURT OTHER CASES WHERE SENTENCES WERE IMPOSED

6    BECAUSE, ABSENT A FULL AND COMPLETE UNDERSTANDING OF WHAT WAS

7    BEFORE THAT COURT, AND THE UNIQUE CIRCUMSTANCES, TO HEAR THAT

8    PEOPLE GOT CUSTODY OR PROBATION, OR WHATEVER THEY GOT, IT'S

9    VERY DIFFICULT TO EQUATE THAT.

10        WHAT MATTERS TO THE COURT THIS MORNING IS THAT MR.

11   STEINFELD IS HERE.  I TAKE INTO ACCOUNT THE UNIQUE

12   CIRCUMSTANCES THAT HE BRINGS BEFORE THE COURT, AND THE

13   CIRCUMSTANCES OF THIS OFFENSE.  BOTH SIDES HELPED THE COURT TO

14   GET A FURTHER UNDERSTANDING OF WHAT OCCURRED HERE.

15        WE'VE SAID RATHER LIGHTLY THIS MORNING, BOTH COUNSEL,

16   THAT THERE WAS NO LOSS HERE, BUT THAT DOESN'T MAKE THIS RIGHT.

17   I THINK MR. STEINFELD WELL UNDERSTANDS THAT, THAT THERE WAS

18   NOTHING RIGHT ABOUT THIS.  THERE WERE LIES, AND THERE WAS A

19   FRAUD PERPETRATED, IN THE ECONOMIC SENSE, AND IMPACTED THE

20   ECONOMIC MARKET OF THIS SECTOR OF THE INSURANCE INDUSTRY.

21        LET ME BEGIN WITH THE CALCULATION THAT PEOPLE AGREE

22   WITH AND I'LL GO FROM THERE.  THE BASE OFFENSE LEVEL IS A 6.

23   AS I INDICATED, I'M GOING TO FOLLOW WHAT THE GOVERNMENT AND THE

24   DEFENSE ARE RECOMMENDING AND GO WITH A PLUS-12, WHICH IS THE

25   GAIN THAT WAS RECEIVED BY MR. STEINFELD.  I'M GOING TO DO A

1    2-POINT REDUCTION FOR ROLE IN THIS OFFENSE, WHICH WILL TAKE ME

2    TO AN ADJUSTED OFFENSE LEVEL OF 16.

3          YOU'VE ACCEPTED RESPONSIBILITY, MR. STEINFELD, FOR WHAT

4    OCCURRED HERE, AND THAT'S A 3-POINT REDUCTION, TAKING ME DOWN

5    TO A 13 OFFENSE LEVEL.  YOU HAVE NO CRIMINAL RECORD.  YOU'RE IN

6    CRIMINAL HISTORY CATEGORY 1, AND THAT'S A RANGE OF IMPRISONMENT

7    OF 12 TO 18 MONTHS.

8          THE DEDUCTION THAT THE COURT'S GOING TO MAKE AT THIS

9    POINT IS BASED ON WHAT MY UNDERSTANDING IS OF WHAT YOU DID IN

10   THIS MATTER, BASED ON THE GOVERNMENT'S MOTION, AND THE COMMENTS

11   THAT WERE MADE AT SIDEBAR, AND MY UNDERSTANDING OF THE FILE AS

12   BOTH SIDES HAVE PRESENTED IT, I'M GOING TO GIVE YOU A 5-POINT

13   REDUCTION FOR THE 5K, AND THAT TAKES THIS DOWN TO A TOTAL

14   OFFENSE LEVEL OF 8, AND THAT'S A RANGE OF 0 TO 6 MONTHS.

15         I DO THINK SOME LIMITED CUSTODIAL TIME IS APPROPRIATE.

16   I DON'T KNOW THAT IT MAKES A DIFFERENCE WHETHER IT'S

17   FOUR MONTHS, THREE MONTHS, ONE MONTH, BUT I'M GOING TO IMPOSE

18   WHAT I THINK IS APPROPRIATE AND THAT'S GOING TO BE 60 DAYS IN

19   THE CUSTODY OF THE BUREAU OF THE PRISONS, SIR, AND THAT'S GOING

20   TO BE FOLLOWED BY A 3-YEAR PERIOD OF SUPERVISED RELEASE.

21         DURING THAT 3-YEAR PERIOD, YOU'RE NOT TO VIOLATE ANY

22   LAWS, STATE, FEDERAL OR LOCAL, BECAUSE IF YOU VIOLATE A LAW,

23   YOU COULD BE BROUGHT BACK BEFORE THE COURT AND SERVE ADDITIONAL

24   TIME.

25         I DON'T THINK I'M EVER GOING TO SEE YOU AGAIN, SIR, BUT

1    A SERIOUS OFFENSE OCCURRED HERE, AND I THINK THAT 60 DAYS IS

2    THE MINIMUM PERIOD THAT CAN BE SERVED HERE.  I THINK IT'S

3    SUFFICIENT BUT NOT GREATER THAN WHAT'S NECESSARY.

4         I WILL IMPOSE THE FOLLOWING CONDITIONS, SIR, AND THEY

5    ARE AS FOLLOWS:

6         DURING THE PERIOD OF SUPERVISED RELEASE, YOU MUST

7    PROVIDE COMPLETE DISCLOSURE OF YOUR PERSONAL AND BUSINESS

8    FINANCIAL RECORDS TO PROBATION AS REQUESTED.

9         YOU'RE NOT TO ENGAGE IN THE EMPLOYMENT OR PROFESSION

10   INVOLVING FIDUCIARY RESPONSIBILITY.

11        YOU'RE PROHIBITED FROM OPENING CHECKING ACCOUNTS OR

12   INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF

13   CREDIT WITHOUT APPROVAL FROM PROBATION.

14        AND THE FINAL -- WELL, NOT THE FINAL, THE NEXT

15   CONDITION IS THAT YOU SUBMIT YOUR PERSON, YOUR RESIDENCE, YOUR

16   OFFICE, YOUR VEHICLE TO A SEARCH CONDUCTED BY PROBATION

17   PROVIDED IT'S DONE AT A REASONABLE TIME, IN A REASONABLE

18   MANNER, BASED ON A REASONABLE SUSPICION OF CONTRABAND OR

19   EVIDENCE OF A VIOLATION OF A CONDITION OF RELEASE.  IF YOU FAIL

20   TO SUBMIT TO A SEARCH, THAT COULD BE GROUNDS FOR REVOCATION,

21   AND YOU MUST LET THE OTHER RESIDENTS KNOW THAT THE HOME COULD

22   BE SUBJECT TO SEARCH.

23        THE FINE THAT'S GOING TO BE IMPOSED IS THE AGREED-UPON

24   $20,000.  THE SPECIAL ASSESSMENT WILL BE $100.  I AM GOING TO

25   IMPOSE SOME SUPERVISED -- SOME COMMUNITY SERVICE.  IT'S GOING

1    TO BE LESS THAN WHAT MR. IREDALE SUGGESTED, BUT COMMUNITY

2    SERVICE IS GOING TO BE 250 HOURS OF COMMUNITY SERVICE, AND THAT

3    CAN BE AT A PLACE AS LONG AS IT'S APPROVED BY PROBATION.  IT

4    SOUNDS AS THOUGH YOU'RE ALREADY ENGAGED AS A DOCENT IN A PARK,

5    AND THAT MAY BE FINE, BUT IT NEEDS TO BE APPROVED BY PROBATION.

6         MR. ENGLISH.

7         THE PROBATION OFFICER:  SORRY TO INTERRUPT, YOUR HONOR.

8    ON THE FINE, THE COURT NEEDS TO SET THE AMOUNT PER MONTH

9    BECAUSE WE CANNOT DO THAT.

10        THE COURT:  OKAY.

11        THE PROBATION OFFICER:  WE DON'T HAVE AUTHORITY.

12        THE COURT:  OKAY.

13        MR. IREDALE:  THAT NEED NOT BE DONE.  I THINK ONCE THE

14   BOND IS EXONERATED, WE CAN PAY THE ENTIRE AMOUNT.  SO IF WE

15   COULD HAVE 60 DAYS WITHIN WHICH TO PAY IT, WE CAN PAY THE

16   ENTIRE AMOUNT.

17        THE COURT:  VERY WELL.  SO I WILL GIVE YOU 60 DAYS TO

18   PAY THAT BECAUSE THEN IT'S LIKELY TO BE PAID IN FULL.

19        MR. IREDALE, I WAS GOING TO ASK YOU ABOUT A

20   SELF-SURRENDER DATE.

21        MR. IREDALE:  YES.  ACTUALLY, I WANTED TO ASK THE

22   COURT, THIS IS IN THE LEVEL IN WHICH EITHER -- COMMUNITY

23   CONFINEMENT CAN ALSO SATISFY THE TWO MONTHS.

24        THE COURT:  TRUE.

25        MR. IREDALE:  WOULD YOU CONSIDER EITHER HOME DETENTION

23

```
1      OR HALFWAY HOUSE FOR MR. STEINFELD.  THE REASON IS HE'S SEEING

2      A PSYCHIATRIST.  HE TAKES MEDICATION, AND IT WOULD EASE HIS

3      SITUATION.

4            THE COURT:  MR. ENGLISH, DO YOU WANT TO BE HEARD ON

5      THAT?

6            THE PROBATION OFFICER:  I'M SORRY TO INTERRUPT.  YOUR

7      HONOR, BECAUSE THIS IS GOING TO BE A CONDITION OF SUPERVISED

8      RELEASE, AND HE WON'T BE ON SUPERVISED RELEASE UNTIL HE GETS

9      OUT, I'M ALL FOR IT BEING PAID IN 60 DAYS, BUT HE'LL BE IN

10     CUSTODY FOR 60 DAYS, SO MAYBE THE COURT COULD ADJUST THAT A

11     LITTLE.

12           THE COURT:  I WILL.  I'LL COME BACK TO THAT.  LET ME

13     DEAL WITH MR. IREDALE'S ISSUE FIRST.

14           YOU'RE ASKING FOR HOME CONFINEMENT OR A HALFWAY HOUSE

15     BECAUSE OF THE CONDITIONS THAT I DO KNOW ABOUT FROM THE PAPERS.

16           MR. IREDALE:  YES.  AND THERE'S AN ADDITIONAL

17     SITUATION, HE'S SEEING A THERAPIST ON A WEEKLY BASIS.  HE'S

18     TAKING MEDICATION, AND HE WANTS TO CONTINUE SEEING THE

19     THERAPIST.  HE HAS BEEN SUFFERING FROM DEPRESSION.  I CANNOT

20     REPRESENT TO YOU THAT IT'S LIFE-THREATENING, BUT IT IS A

21     SERIOUS MATTER.  IF HE COULD CONTINUE TO SEE HIM, I THINK THAT

22     WOULD BE HELPFUL.  BEING CONFINED IN WHATEVER CONTEXT I THINK

23     IS PUNISHMENT FOR HIM.

24           THE COURT:  SO WOULD THE GOVERNMENT OPPOSE A HALFWAY

25     HOUSE TO SATISFY THAT AND PERMIT MR. STEINFELD TO CONTINUE WITH
```

24

1     THE TREATMENT THAT HE'S UNDERGOING, WHICH I UNDERSTAND THE

2     NATURE OF IT.

3          MR. MELENDRES:  YOUR HONOR, THE GOVERNMENT WOULD OPPOSE

4     THAT.  WE THINK THAT CUSTODY WITHIN THE BOP IS APPROPRIATE.

5          THE GOVERNMENT DOES NOT OPPOSE A SELF-SURRENDER DATE AT

6     SOME POINT IN THE FUTURE THAT WOULD GIVE MR. STEINFELD AND MR.

7     IREDALE AN OPPORTUNITY TO WORK WITH HIS HEALTH CARE

8     PROFESSIONALS, MAKE SURE THAT THE BOP IS GOING TO BE IN A

9     POSITION TO CONTINUE TO PROVIDE THE MEDICATION THAT HE NEEDS,

10    GIVE MR. STEINFELD SOME TIME TO PREPARE FOR THE 60 DAYS IN

11    CUSTODY WITH RESPECT TO HIS MENTAL HEALTH.  SO FOR THOSE

12    REASONS I THINK 60 DAYS IN THE BOP IS APPROPRIATE.

13         THE COURT:  BUT APPARENTLY THERE'S A CONCERN WITH

14    REGARD TO THE TREATMENT AND THE CONTINUED THERAPY.

15         GO AHEAD, MR. ENGLISH.

16         THE PROBATION OFFICER:  YOUR HONOR, IT WOULD HAVE TO BE

17    A CONDITION OF PROBATION IF IT WAS GOING TO BE THE HALFWAY

18    HOUSE AT THIS POINT.  BECAUSE HE'S EITHER GOING TO DO TIME AND

19    THEN BE ON SUPERVISED RELEASE, SO PRISON TIME, OR THE COURT

20    WOULD HAVE TO MAKE THIS PROBATION.

21         I THINK GIVEN THE SERIOUS NATURE OF THE OFFENSE, WE

22    WOULD ALSO CONCUR WITH THE GOVERNMENT'S RECOMMENDATION.  IT'S

23    NOT A LOT OF TIME.  THE BUREAU OF PRISONS CAN DEAL, THEY DEAL

24    WITH PEOPLE WITH MENTAL HEALTH ISSUES ALL THE TIME.  IT'S AN

25    INCONVENIENCE TO HIM, AND MAYBE NOT THE OPTIMAL WORLD, BUT IT'S

```
1     NOT REALLY AN EXTENDED PERIOD.

2           THE COURT:  MR. IREDALE, AT THIS TIME I'M GOING TO

3     LEAVE THIS SENTENCE THE WAY IT IS, SIR, BUT YOU CAN ASK THE

4     COURT FOR WHATEVER TIME YOU WOULD LIKE SO YOU CAN CONFER WITH

5     THE MENTAL HEALTH PROFESSIONAL.  IF THERE'S SOMETHING

6     ADDITIONAL THAT NEEDS TO BE BROUGHT TO THE COURT'S OR THE

7     GOVERNMENT'S ATTENTION, OF COURSE I WILL ENTERTAIN IT.

8           I THINK COUNSEL HAS GRACIOUSLY SAID YOU WOULDN'T OPPOSE

9     A SELF-SURRENDER DATE.

10          MR. MELENDRES:  THAT'S CORRECT, YOUR HONOR.

11    (DISCUSSION HELD OFF THE RECORD.)

12          MR. IREDALE:  IF WE COULD HAVE, JUST TO BE SURE, I

13    THINK PROBABLY FIVE WEEKS WOULD BE SUFFICIENT, YOUR HONOR.

14          THE COURT:  WHERE WOULD FIVE WEEKS PLACE US FOR A

15    SELF-SURRENDER DATE?

16          THE CLERK:  MARCH 14TH, YOUR HONOR.

17          THE COURT:  MARCH THE 14TH?

18          MR. IREDALE:  I'M ASSUMING THAT THE BUREAU OF PRISONS

19    NOW IS DOING THEIR DESIGNATION WORK AND GETTING IT COMPLETED

20    WITHIN ABOUT 30 DAYS.

21          THE COURT:  LESS THAN THAT, I'M TOLD, BUT, MR. ENGLISH,

22    DO YOU HAVE ANY -- I THINK WE'LL HAVE IT BY THEN.

23          THE PROBATION OFFICER:  I DON'T HAVE ANY UPDATES, BUT

24    THAT TRADITIONALLY SOUNDS -- FIVE OR SIX WEEKS SOUNDS LIKE THE

25    NORM.
```

```
1         THE COURT:  FOR SELF-SURRENDER, AND WE NORMALLY THEN
2    SET A REVIEW DATE THEREAFTER BECAUSE THAT WILL BE IMPORTANT
3    BECAUSE WE'RE GOING TO RELEASE THE BOND, AND THAT'S THE PAYMENT
4    OF A FINE, SO THAT WILL BE A WEEK AFTER.
5    (DISCUSSION HELD OFF THE RECORD.)
6         THE COURT:  WE MISSPOKE HERE.  I REPEATED THIS, BUT IT
7    SHOULD BE APRIL THE 18TH FOR SELF-SURRENDER, NOT MARCH.  SO
8    APRIL 18TH FOR SELF-SURRENDER, AND WE'LL SET A STATUS ON THE
9    25TH.
10        DOES THAT WORK?  WE'LL SET STATUS ON APRIL 25TH AT 9:00
11   A.M.
12        THE CLERK:  YES.
13        THE COURT:  I'M GOING TO SAY THAT THE FINE OF $20,000
14   DOESN'T NEED TO BE PAID UNTIL MAY 1ST, AND THAT SHOULD GIVE YOU
15   ADEQUATE TIME, MR. IREDALE, TO ACCOMPLISH THAT.
16        MR. IREDALE:  YES, YOUR HONOR.
17        THE COURT:  IS THERE ANYTHING I DIDN'T COVER?
18        MR. IREDALE:  NO, YOUR HONOR.  THANK YOU.
19        MR. MELENDRES:  YOUR HONOR, JUST A COUPLE OF ITEMS.
20   (DISCUSSION HELD OFF THE RECORD.)
21        THE COURT:  MR. IREDALE, WITH REGARD TO THE 250 HOURS
22   OF COMMUNITY SERVICE, OVER WHAT TIME FRAME WOULD YOU LIKE THAT?
23   I WAS JUST GOING TO LEAVE IT OPEN FOR THE THREE YEARS.  I CAN
24   MAKE IT SHORTER OR DO WHATEVER YOUR PLEASURE WITH REGARD TO
25   THAT.
```

```
 1              MR. IREDALE:  WHY DON'T WE LEAVE IT FOR THE
 2     THREE YEARS, AND THEN IF IT'S COMPLETED EARLY, THERE MAY BE AN
 3     EARLY MOTION TO TERMINATE AFTER A YEAR OR TWO YEARS OF
 4     SUPERVISED RELEASE.
 5              THE COURT:  THANK YOU.
 6              MR. MELENDRES:  YOUR HONOR, ONE MAIN ITEM, JUST TO
 7     CONFIRM THAT THE DEFENDANT HAS WAIVED HIS APPEAL AS SET FORTH
 8     IN PARAGRAPH 11 OF THE PLEA AGREEMENT.
 9              THE COURT:  THIS IS TRUE.
10              MR. STEINFELD, ON PAGE 14 AND 15 OF YOUR PLEA
11     AGREEMENT, YOU GAVE UP YOUR RIGHT TO APPEAL OR COLLATERALLY
12     ATTACK THE JUDGMENT IN THIS CASE AND THE SENTENCE I JUST
13     IMPOSED.  DO YOU UNDERSTAND THAT, SIR?
14              THE DEFENDANT:  YES, YOUR HONOR.
15              THE COURT:  GO AHEAD, WHAT ELSE?
16              MR. MELENDRES:  AND AT THIS TIME THE GOVERNMENT WOULD
17     MOVE TO DISMISS ANY REMAINING COUNTS IN THE INDICTMENT AGAINST
18     MR. STEINFELD, IN ACCORDANCE WITH THE PLEA AGREEMENT.
19              THE COURT:  AND THAT MOTION IS GRANTED.
20              WE'RE NOW GOING TO HAND YOU, MR. STEINFELD, COPIES OF
21     THE CONDITIONS THAT THE COURT IMPOSED.
22              ANYTHING ELSE, MR. IREDALE?
23              MR. IREDALE:  NO, YOUR HONOR.  THANK YOU SO MUCH.
24              MR. MELENDRES:  THANK YOU, YOUR HONOR.
25     (THE SENTENCING HEARING CONCLUDED.)
```

```
1                    C E R T I F I C A T E

2

3           I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY
     QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
4    STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND
     ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE
5    ABOVE-ENTITLED MATTER ON MARCH 7, 2014; AND THAT THE FORMAT
     USED COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED
6    STATES JUDICIAL CONFERENCE.

7

8    DATED:  MARCH 13, 2014        /S/ GAYLE WAKEFIELD
                                   GAYLE WAKEFIELD, RPR, CRR
9                                  OFFICIAL COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# Keller Judgment

AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT FILED

## SOUTHERN DISTRICT OF CALIFORNIA 17 AUG 28 AM 11: 46

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>JEFFREY B. KELLER (1) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:  13CR0424-JLS    DEPUTY<br><br>Michael L. Lipman<br>Defendant's Attorney |

**REGISTRATION NO.**    37395298

☒ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

☒ pleaded guilty to count(s)    1 of the Superseding Information

☐ was found guilty on count(s)
    after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 371 | Conspiracy to commit mail fraud and wire fraud and to defraud the United States | 1 |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  (remaining counts)    are    dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed
    –

☒ No fine    ☒ Forfeiture pursuant to order filed    2/26/2014    , included herein.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 28, 2017
Date of Imposition of Sentence

HON. JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JEFFREY B. KELLER (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 13CR0424-JLS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
**Three (3) months**

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒   The court makes the following recommendations to the Bureau of Prisons:

     1. Incarceration at FCC Lompoc to accommodate family visits.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ A.M.      on _____

     ☐   as notified by the United States Marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☒   on or before **September 15, 2017 before 12:00 PM**

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By _____ DEPUTY UNITED STATES MARSHAL

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | JEFFREY B. KELLER (1) | Judgment - Page **3** of **5** |
|---|---|---|
| CASE NUMBER: | 13CR0424-JLS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**Three (3) years**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐    The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | JEFFREY B. KELLER (1) | Judgment - Page **4** of **5** |
|---|---|---|
| CASE NUMBER: | 13CR0424-JLS | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, U.S. Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership, or corporation, until fine is paid in full.

5. Notify the Collections Unit, U.S. Attorney's Office, before transferring any interest in any property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations, until fine is paid in full.

6. Be monitored for a period of **3 months**, with the location monitoring technology at the discretion of the probation officer. The offender shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community shall be restricted as specified below:

> You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer *(Home Detention)*.

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | JEFFREY B. KELLER (1) | Judgment - Page **5** of **5** |
|---|---|---|
| CASE NUMBER: | 13CR0424-JLS | |

## RESTITUTION

The defendant shall pay restitution in the amount of **$1,000,000.00** unto the United States of America.

Pay restitution in the amount of **$1,000,000.00** to the Internal Revenue Service through the Clerk, U.S. District Court. Payment of restitution shall be forthwith. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $500.00 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant does have the ability to pay interest. It is ordered that interest is not waived.

**Victim's Address:**
 IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108

# Steinfeld Judgment

AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

14 APR -3 AM 9: 01

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL** |
| **v.** | **CASE** |
| STUART STEINFELD (2) | (For Offenses Committed On or After November 1, 1987) |

Case Number: 13CR0424-JLS

EUGENE G. IREDALE
Defendant's Attorney

**REGISTRATION NO.**  38337298

☒ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

☒ pleaded guilty to count(s)  One of the Indictment

☐ was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
| --- | --- | --- |
| 18 USC 371 | Conspiracy | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  (Remaining Counts)  are  dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed

☐ No fine  ☐ Forfeiture pursuant to order filed                , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 7, 2014
Date of Imposition of Sentence

HON. JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | STUART STEINFELD (2) | Judgment - Page **2** of **5** |
|---|---|---|
| CASE NUMBER: | 13CR0424-JLS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
**Sixty (60) Days**

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ A.M.     on _____

     ☐   as notified by the United States Marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☒   on or before **April 18, 2014**

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | STUART STEINFELD (2) | Judgment - Page **3** of **5** |
|---|---|---|
| CASE NUMBER: | 13CR0424-JLS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**Three (3) Years**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐    The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | STUART STEINFELD (2) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 13CR0424-JLS | |

## SPECIAL CONDITIONS OF SUPERVISION

Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Provide complete disclosure of personal and business financial records to the probation officer as requested.

Be prohibited from opening checking account or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

Not engage in the employment of personal and business involving fiduciary responsibility.

Complete 250 hours of community service in a program approved by the probation officer within 3 years.

13CR0424-JLS

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | STUART STEINFELD (2) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 13CR0424-JLS | |

# FINE

The defendant shall pay a fine in the amount of **$20,000.00** unto the United States of America.

This sum shall be paid by May 1, 2014 through the Clerk, U.S. District Court.