(B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

(f) REVOCATION OF CONDITIONAL DISCHARGE.—The director of a medical facility responsible for administering a regimen imposed on a person conditionally discharged under subsection (e) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

(g) RELEASE TO STATE OF CERTAIN OTHER PERSONS.—If the director of a facility in which a person is hospitalized pursuant to this chapter certifies to the Attorney General that a person, against whom all charges have been dismissed for reasons not related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried for the purpose of institution of State proceedings for civil commitment. If neither such State will assume such responsibility, the Attorney General shall release the person upon receipt of notice from the State that it will not assume such responsibility, but not later than ten days after certification by the director of the facility.

(h) DEFINITION.—As used in this chapter the term ''State'' includes the District of Columbia.

(Added Sept. 7, 1949, ch. 535, §1, 63 Stat. 687; amended Pub. L. 98–473, title II, §403(a), Oct. 12, 1984, 98 Stat. 2062; Pub. L. 101–647, title XXXV, §3599D, Nov. 29, 1990, 104 Stat. 4932; Pub. L. 105–33, title XI, §11204(1), Aug. 5, 1997, 111 Stat. 739.)

AMENDMENTS

1997—Subsec. (a). Pub. L. 105–33, §11204(1)(A), inserted ''in the custody of the Bureau of Prisons'' after ''certifies that a person''.

Subsec. (h). Pub. L. 105–33, §11204(1)(B), added subsec. (h).

1990—Subsec. (g). Pub. L. 101–647 substituted ''chapter'' for ''subchapter''.

1984—Pub. L. 98–473 amended section generally, substituting ''Hospitalization of a person due for release but suffering from mental disease or defect'' for ''Procedure upon finding of mental incompetency'' in section catchline, and substituting provisions relating to proceedings, examination and report, hearing, etc., regarding hospitalization of a person due for release but suffering from mental disease or defect, for provisions relating to powers of the trial court with respect to finding of mental incompetency of accused.

EFFECTIVE DATE OF 1997 AMENDMENT

Pub. L. 105–33, title XI, §11721, Aug. 5, 1997, 111 Stat. 786, provided that: ''Except as otherwise provided in this title [enacting section 138 of former Title 40, Public Buildings, Property, and Works, amending this section, section 4247 of this title, section 1063 of Title 20, Education, section 225b of Title 24, Hospitals and Asylums, sections 6103 and 7213 of Title 26, Internal Revenue Code, sections 715 and 6501 of Title 31, Money and Finance, sections 71f and 138 of former Title 40, and sections 13723 and 14407 of Title 42, The Public Health and Welfare, enacting provisions set out as a note under section 6103 of Title 26, and amending provisions set out as a note under section 4201 of this title], the provisions of this title shall take effect on the later of October 1, 1997, or the day the District of Columbia Financial Responsibility and Management Assistance Authority certifies that the financial plan and budget for the District government for fiscal year 1998 meet the requirements of section 201(c)(1) of the District of Columbia Financial Responsibility and Management Assistance Act of 1995 [Pub. L. 104–8, 109 Stat. 108], as amended by this title [so certified Sept. 8, 1997].''

§ 4247. General provisions for chapter

(a) DEFINITIONS.—As used in this chapter—
(1) ''rehabilitation program'' includes—
(A) basic educational training that will assist the individual in understanding the society to which he will return and that will assist him in understanding the magnitude of his offense and its impact on society;
(B) vocational training that will assist the individual in contributing to, and in participating in, the society to which he will return;
(C) drug, alcohol, and sex offender treatment programs, and other treatment programs that will assist the individual in overcoming a psychological or physical dependence or any condition that makes the individual dangerous to others; and
(D) organized physical sports and recreation programs;

(2) ''suitable facility'' means a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant;

(3) ''State'' includes the District of Columbia;

(4) ''bodily injury'' includes sexual abuse;

(5) ''sexually dangerous person'' means a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others; and

(6) ''sexually dangerous to others'' with respect[1] a person, means that the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

(b) PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION.—A psychiatric or psychological examina-

---

[1] So in original. Probably should be followed by ''to''.

tion ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, 4246, or 4248, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

(c) PSYCHIATRIC OR PSYCHOLOGICAL REPORTS.— A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include—

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and—

(A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(B) if the examination is ordered under section 4242, whether the person was insane at the time of the offense charged;

(C) if the examination is ordered under section 4243 or 4246, whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

(D) if the examination is ordered under section 4248, whether the person is a sexually dangerous person;

(E) if the examination is ordered under section 4244 or 4245, whether the person is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility; or

(F) if the examination is ordered as a part of a presentence investigation, any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

(d) HEARING.—At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

(e) PERIODIC REPORT AND INFORMATION REQUIREMENTS.—(1) The director of the facility in which a person is committed pursuant to—

(A) section 4241 shall prepare semiannual reports; or

(B) section 4243, 4244, 4245, 4246, or 4248 shall prepare annual reports concerning the mental condition of the person and containing recommendations concerning the need for his continued commitment. The reports shall be submitted to the court that ordered the person's commitment to the facility and copies of the reports shall be submitted to such other persons as the court may direct. A copy of each such report concerning a person committed after the beginning of a prosecution of that person for violation of section 871, 879, or 1751 of this title shall be submitted to the Director of the United States Secret Service. Except with the prior approval of the court, the Secret Service shall not use or disclose the information in these copies for any purpose other than carrying out protective duties under section 3056(a) of this title.

(2) The director of the facility in which a person is committed pursuant to section 4241, 4243, 4244, 4245, 4246, or 4248 shall inform such person of any rehabilitation programs that are available for persons committed in that facility.

(f) VIDEOTAPE RECORD.—Upon written request of defense counsel, the court may order a videotape record made of the defendant's testimony or interview upon which the periodic report is based pursuant to subsection (e). Such videotape record shall be submitted to the court along with the periodic report.

(g) HABEAS CORPUS UNIMPAIRED.—Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention.

(h) DISCHARGE.—Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government.

(i) AUTHORITY AND RESPONSIBILITY OF THE ATTORNEY GENERAL.—The Attorney General—

(A) may contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody pursuant to this chapter;

(B) may apply for the civil commitment, pursuant to State law, of a person committed to his custody pursuant to section 4243, 4246, or 4248;

(C) shall, before placing a person in a facility pursuant to the provisions of section 4241, 4243, 4244, 4245, 4246, or 4248, consider the suitability of the facility's rehabilitation programs in meeting the needs of the person; and

(D) shall consult with the Secretary of the Department of Health and Human Services in the general implementation of the provisions of this chapter and in the establishment of standards for facilities used in the implementation of this chapter.

(j) Sections 4241, 4242, 4243, and 4244 do not apply to a prosecution under an Act of Congress applicable exclusively to the District of Columbia or the Uniform Code of Military Justice.

(Added Sept. 7, 1949, ch. 535, §1, 63 Stat. 687; amended Pub. L. 98–473, title II, §403(a), Oct. 12, 1984, 98 Stat. 2065; Pub. L. 100–690, title VII, §§7044, 7047(a), Nov. 18, 1988, 102 Stat. 4400, 4401; Pub. L. 103–322, title XXXIII, §330003(d), Sept. 13, 1994, 108 Stat. 2141; Pub. L. 105–33, title XI, §11204(2), (3), Aug. 5, 1997, 111 Stat. 739; Pub. L. 109–248, title III, §302(3), July 27, 2006, 120 Stat. 619.)

REFERENCES IN TEXT

Acts of Congress applicable exclusively to the District of Columbia, referred to in subsec. (j), are classified generally to the District of Columbia Code.

The Uniform Code of Military Justice, referred to in subsec. (j), is classified generally to chapter 47 (§801 et seq.) of Title 10, Armed Forces.

AMENDMENTS

2006—Pub. L. 109–248, §302(3)(A), substituted '', 4246, or 4248'' for '', or 4246'' wherever appearing.

Subsec. (a)(1)(C). Pub. L. 109–248, §302(3)(C)(i), amended subpar. (C) generally. Prior to amendment, subpar. (C) read as follows: ''drug, alcohol, and other treatment programs that will assist the individual in overcoming his psychological or physical dependence; and''.

Subsec. (a)(4) to (6). Pub. L. 109–248, §302(3)(C)(ii)–(iv), added pars. (4) to (6).

Subsec. (b). Pub. L. 109–248, §302(3)(D), substituted ''4245, 4246, or 4248'' for ''4245 or 4246''.

Subsec. (c)(4)(D) to (F). Pub. L. 109–248, §302(3)(E), added subpar. (D) and redesignated former subpars. (D) and (E) as (E) and (F), respectively.

Subsec. (e). Pub. L. 109–248, §302(3)(F), substituted ''committed'' for ''hospitalized'' wherever appearing and ''continued commitment'' for ''continued hospitalization'' in par. (1)(B).

Subsec. (g). Pub. L. 109–248, §302(3)(B), substituted ''4243, 4246, or 4248'' for ''4243 or 4246''.

Subsec. (h). Pub. L. 109–248, §302(3)(F), substituted ''committed'' for ''hospitalized'' wherever appearing and ''person's commitment'' for ''person's hospitalization''.

Subsec. (i)(B). Pub. L. 109–248, §302(3)(B), substituted ''4243, 4246, or 4248'' for ''4243 or 4246''.

1997—Subsec. (a)(3). Pub. L. 105–33, §11024(2)(C), added par. (3).

Subsec. (j). Pub. L. 105–33, §11024(3), substituted ''Sections 4241, 4242, 4243, and 4244 do'' for ''This chapter does''.

1994—Subsec. (h). Pub. L. 103–322 substituted ''subsection (e) of section 4241, 4244, 4245, or 4246, or subsection (f) of section 4243,'' for ''subsection (e) of section 4241, 4243, 4244, 4245, or 4246,''.

1988—Subsec. (b). Pub. L. 100–690, §7047(a), substituted ''psychologist'' for ''clinical psychologist'' in first sentence.

Subsec. (e)(1)(B). Pub. L. 100–690, §7044, inserted at end ''A copy of each such report concerning a person hospitalized after the beginning of a prosecution of that person for violation of section 871, 879, or 1751 of this title shall be submitted to the Director of the United States Secret Service. Except with the prior approval of the court, the Secret Service shall not use or disclose the information in these copies for any purpose other than carrying out protective duties under section 3056(a) of this title.''

1984—Pub. L. 98–473 amended section generally, substituting ''General provisions for chapter'' for ''Alternate procedure of expiration of sentence'' in section catchline, and substituting provisions relating to definitions, examinations, reports, etc., as applicable to chapter, for provisions relating to powers and duties regarding alternate procedure on expiration of sentence of prisoner.

EFFECTIVE DATE OF 1997 AMENDMENT

Amendment by Pub. L. 105–33 effective Oct. 1, 1997, except as otherwise provided in title XI of Pub. L. 105–33, see section 11721 of Pub. L. 105–33, set out as a note under section 4246 of this title.

TRANSFER OF FUNCTIONS

For transfer of the functions, personnel, assets, and obligations of the United States Secret Service, including the functions of the Secretary of the Treasury relating thereto, to the Secretary of Homeland Security, and for treatment of related references, see sections 381, 551(d), 552(d), and 557 of Title 6, Domestic Security, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under section 542 of Title 6.

§ 4248. Civil commitment of a sexually dangerous person

(a) INSTITUTION OF PROCEEDINGS.—In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

(b) PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION AND REPORT.—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).