UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>        Plaintiff, )<br>v. )<br> )<br>DANIEL E. CARPENTER )<br>        Defendant. ) | CRIMINAL NO. 13-CR-226 (RNC)<br><br>DECEMBER 11, 2018 |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE
<u>DECEMBER 3, 2018 JUDGMENT</u>**

    Pursuant to Local Rule 7(c), the Defendant Daniel Carpenter respectfully moves the Court to reconsider the Judgment of December 3, 2018. As explained more fully in the attached Memorandum of Law, the Defendant respectfully submits that the Court overlooked Mr. Carpenter's position that he is entitled to at least 16 months for time that he over-served on his Boston sentence, and that the Court failed to consider the Due Process violation cited herein.

    Wherefore, the Defendant Daniel Carpenter respectfully moves this Court to reconsider the Judgment of December 3, 2018, which sentenced Mr. Carpenter to a custodial term of incarceration of 30 months, and reduce that sentence to time served or home confinement.

THE DEFENDANT

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
EINHORNLAWOFFICE@GMAIL.COM

1

## CERTIFICATION

      I hereby certify that on this 11th day of December, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                  /s/ *Jonathan J. Einhorn*
                                  JONATHAN J. EINHORN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| Plaintiff, ) | | |
| v. ) | CRIMINAL NO. 13-CR-226 | |
| ) | | |
| DANIEL E. CARPENTER ) | | |
| Defendant. ) | December 11, 2018 | |
| ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION**

### I.  PRELIMINARY STATEMENT

The Second Circuit has made it clear that a Motion for Reconsideration pursuant to Rule 7(c) is appropriate when the Court has overlooked something or to prevent a "manifest injustice" as is argued here.

Mr. Carpenter respectfully suggests that his 30-month sentence of incarceration be reduced to time served or home confinement because the Court overlooked Mr. Carpenter's argument that he over-served his sentence in the Boston case by at least 16 months (see PSR at paragraph 201), and that the government attorneys in this case violated their duty under 18 U.S.C. §3161(j) of the Speedy Trial Act to notify the warden at Canaan of the pending charges against Mr. Carpenter in the Connecticut case so that he could demand an expeditious trial.

Because of this failure on the part of the Government to notify the warden at Canaan or Mr. Carpenter of his rights under §3161(j) in June 2014, Mr. Carpenter respectfully asks that the Court reconsider its Judgment of 30 months and reduce it to time served or home confinement

3

when added to the argument that he over-served time in the Boston case. He is thus entitled to credit exceeding his sentence.

## II.     LEGAL STANDARD

The Second Circuit has stated that a Motion for Reconsideration is appropriate when a court has overlooked something or to prevent a manifest injustice. *See, e.g., Virgin Atlantic v. National Mediation Bd.,* 956 F.2d 1245 (2d Cir. 1992). In the Court's December 3, 2018 Judgment (the "Judgment"), sentencing Mr. Carpenter to a custodial sentence of 30 months, the Court has overlooked both the defendant's argument that he is owed a credit of at least 16 months of time over-served on his Boston case (see PSR at paragraph 201), and he is entitled to have his sentence reduced due to the Due Process violation by the Government discussed *supra*.

## III.    THE REMEDY FOR A DUE PROCESS VIOLATION IS TO REDUCE MR. CARPENTER'S SENTENCE TO TIME SERVED

"[T]he Due Process Clause always protects defendants against fundamentally unfair treatment by the government in criminal proceedings." *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009), *citing Doggett v. United States,* 505 U.S. 647, 666 (1992). In *Ray*, in trying to craft a remedy for the Due Process violation for the delay in Ms. Ray's case, the Second Circuit eliminated the need for her to serve any of her custodial sentence or serve her time in a Halfway House and stated the following:

> "The appropriate remedy for a proven due process violation often depends on the stage at which the violation is found and the relief sought. After a due process violation has occurred, courts endeavor to fashion relief that counteracts the prejudice caused by the violation. The Sixth Circuit has stated that suspension of the remainder of the sentence is the appropriate remedy for a due process violation…. The violation of Ray's due process right has prejudiced her insofar as a delayed custodial sentence threatens to undermine her successful rehabilitation. To remedy that harm, the appropriate relief is to release her

4

from any requirement that she submit to a custodial sentence. Accordingly, we conclude that the appropriate remedy in this case is the vacatur of Ray's sentence insofar as it imposes a six-month term of residence in a halfway house." *Ray* at 202-03.

Similarly, this is the rare case where both sections 18 U.S.C. §3161(j) and §3164 come into play.  Section §3164 was violated because the Government required Mr. Carpenter to be imprisoned at the Wyatt Detention Center throughout his trial rather than receive a furlough under CFR 570.33, or be at a local Halfway House in Hartford.  The Government also knowingly postponed Mr. Carpenter's trial from the original date of October 2015 to a new date in February 2016, just so the Government could travel across the country and interview witnesses.  This was clearly a violation of §3164 of the Speedy Trial Act, but as §3164's only remedy is the release of the defendant, Mr. Carpenter asks the Court to reduce his sentence accordingly.

The Due Process delay bullet that the Government cannot possibly dodge is 18 U.S.C. §3161(j)(1), (2), and (3), which provide as follows:

> (j)(1) If the attorney for the government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly –
>
> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.
>
> 2. If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the government who caused the detainer to be filed.
>
> 3. Upon receipt of such notice, the attorney for the government shall promptly seek to obtain the presence of the prisoner for trial. *See Benatta* at *12-13.

In Mr. Carpenter's case, however, the Government knew that he was sentenced by the Judge in Boston in February of 2014, and his post-trial motions were denied in May of 2014

when the Government hit him with a Superseding Indictment with a whole new series of money laundering charges, one month before the Government knew that Mr. Carpenter would be reporting to prison. While the Government knew they were re-indicting Mr. Carpenter in May 2014 just before he reported to USP Canaan in June 2014, they did not comply with §3161(j).

Therefore, Mr. Carpenter respectfully requests this Court reduce his sentence to time served as was done in *Ray*. Once again, the defendant in *Ray* pleaded guilty to mail fraud, the Government forgot about her as here, and the district court sentenced her to six months in a halfway house which the Second Circuit reduced to zero to make up for the Due Process delay. Even assuming that Mr. Carpenter is guilty, he deserves the same Due Process considerations as the defendants in *Ray* and *Benatta.*,

## IV.  CONCLUSION

The Defendant Daniel Carpenter respectfully moves this Court to reconsider its Judgment of December 3, 2018, and to reduce the Defendant's sentence to a non-custodial sentence of time served or home confinement for the reasons argued above.

                                              THE DEFENDANT

                                              */s/ Jonathan J. Einhorn*

                                              JONATHAN J. EINHORN
                                              129 WHITNEY AVENUE
                                              NEW HAVEN, CT 06510
                                              FEDERAL BAR NO. ct00163
                                              EINHORNLAWOFFICE@GMAIL.COM

## CERTIFICATION

      I hereby certify that on this 11th day of December, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                      /s/ *Jonathan J. Einhorn*
                                      JONATHAN J. EINHORN