UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | December 21, 2018 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF THE DECEMBER 3, 2018 JUDGMENT**

The Government respectfully submits this memorandum in opposition to defendant Daniel Carpenter's motion and memorandum of law seeking reconsideration of the Court's judgment. ECF No. 405.

**I.    INTRODUCTION**

On June 27, 2018 and continuing on December 3, 2018, this Court held a sentencing hearing after finding Mr. Carpenter guilty of all 57 counts of the superseding indictment. The Court stated that given the serious nature of Carpenter's offense conduct, a sentence of seven to eight years would be reasonable. However, the Court found that Carpenter suffered from a mental health condition at the time of the offense that impacted his judgment, except for Carpenter's theft and laundering of the $30 million from the proceeds of Sash Spencer's death benefit, which the Court found was less attributable to his mental health disorder and primarily driven by his criminal culpability. At the conclusion of the December 3 sentencing hearing, the Court principally sentenced Carpenter to 30 months of imprisonment. The next day, on December 4, Carpenter filed a notice of appeal with the Second Circuit Court of Appeals challenging both his conviction and sentence. ECF No. 397.

In addition to challenging his sentence in the Court of Appeals, he filed the instant motion for reconsideration in this Court, claiming the Court should reduce his sentence to time-served or

home confinement. He claims that he is entitled to 16-months credit for time he believes he overserved on his prior sentence from the District of Massachusetts. He also raises a new argument that he never raised before: he believes there was a due process delay because the Government purportedly violated 18 U.S.C. §§ 3161(j) and 3164 of the Speedy Trial Act. Although he was arraigned on the superseding indictment before he reported to prison in the Massachusetts case, he claims the Government did not notify the warden of the pending Connecticut charges so that he could demand an expeditious trial.

As explained below, Carpenter's motion for reconsideration is without merit. There is no legal basis to reconsider a sentence except through Rule 35(a) or Rule 36 of the Federal Rules of Criminal Procedure. Carpenter has not invoked either rule in his motion. To the extent the Court nonetheless construes his motion as request under Rule 35(a), his request is barred by the 14-day jurisdictional time limit in the rule, which lapsed on December 17 and cannot be extended or tolled. Moreover, his arguments are not even cognizable under Rule 35(a) as they are substantive in nature and do not involve "arithmetical, technical, or other clear error." His due process claim fails for the additional reason that he cannot demonstrate prejudice: he was arraigned before he reported to prison and he agreed to delay trial by signing two speedy trial waivers in which he affirmatively stated "I, Daniel E. Carpenter, hereby waive my rights to a Speedy Trial under, 18 U.S.C. § 3161, *et seq.*" ECF Nos. 50, 121. Nor can he satisfy the requirements of Rule 36, which can only be used to correct minor, undisputed clerical errors.

Accordingly, Carpenter's motion for reconsideration should be denied.

## II. APPLICABLE LAW

### A. Authority to Seek Reconsideration of a Sentence of Imprisonment

Congress has "'abrogated [the] common-law practice' of motions for reconsideration 'in the sentencing context.'" *United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016) (alterations in original) (quoting *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014)); *see United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 41 (1st Cir. 2015) ("[A]s to sentencing, Congress has eliminated the common-law practice of allowing motions for reconsideration.").

By statute, a sentence of imprisonment may not be modified once it has been imposed except in very limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Reed*, 400 F. App'x 608 (2d Cir. 2010) ("Except in a few narrow circumstances, a court may not modify a term of imprisonment once it has been imposed."). As set forth in 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed except" under the following circumstances: (1) upon a motion by the Bureau of Prison files provided the defendant is over 70 years of age and has served 30 years in prison, among other criteria; (2) to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Thus, as many court of appeals have observed, "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence[.]" *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006); *see United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 41 (1st Cir. 2015) (quoting the same from *Dotz*); *United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016) (same); *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (same); *Townsend*, 762 F.3d at 647 (same); *United States v. Fawcett*, 522 F. App'x 644, 651 (11th Cir. 2013) (same); *see also United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000) ("While district courts generally

3

have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, [§ 3582] expressly limits the court's authority in sentencing.").

Moreover, once a notice of appeal is filed—as is the case here—jurisdiction is conferred on the court of appeals. "[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see United States v. Constantine*, 739 F. App'x 64, 65 (2d Cir. 2018) (quoting the same and finding that district court did not have jurisdiction when defendant moved for reconsideration of her sentence in the district court after filing a notice of appeal).

Although a notice of appeal confers jurisdiction on the court of appeals, the Federal Rules of Appellate Procedure provides that the notice of appeal "does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)." Fed. R. App. P. 4(b)(5). Thus, once an appeal has been filed, the only avenues for reconsideration of a sentence of imprisonment are Rules 35 and Rule 36 of the Federal Rules of Criminal Procedure. *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005) ("[A] court may not resentence a defendant unless expressly mandated by [the appellate] court, or pursuant to the strict conditions established by Fed. R. Crim. P. 35 or 36.").

## B. Fed. R. Crim. P. 35(a)

Rule 35(a)[1] provides that, within 14 days after sentencing, the court may "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The 14-day period begins to run upon "the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

The 14-day period is jurisdictional. *See United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) ("We have held, as have several other circuits, that the [fourteen day][2] period provided for in Rule 35([a]) is jurisdictional."); *United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (same). "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, *even* where the motion seeking relief is timely filed." *Id.* (emphasis added); *see Abreu-Cabrera*, 64 F 3d at 74 (quoting *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993) ("If a motion is timely made but not decided within the [time] period, the judge's power to act under the rule subsides and the pending motion is deemed denied."); *United States v. Bernabal*, 22 F. App'x 37, 39 (2d Cir. 2001) (stating "that a court may not make sentence corrections outside of the [time] period under this rule" and holding that district court did not have authority to resentence defendant under Rule 35(a) where, among other things, court's action was done outside the time period even though motion was filed within the time period); *United States v. Higgs*, 504 F.3d 456, 458-59 (3d Cir. 2007) ("[time] limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action.").

---

[1] The Court may also reduce a sentence under Rule 35(b) upon motion of the Government if a defendant provides substantial assistance in the investigation or prosecution of others. *See* Fed. R. Crim. P. 35(b). However, since these circumstances are not present here, the Government has not addressed Rule 35(b) in this memorandum.

[2] In 2009, the Advisory Committee expanded the time period from seven days to fourteen days. Moreover, under the 2002 amendments, subdivision (c) became subdivision (a).

5

The strict application of Rule 35(a) is reinforced by Rule 45, which provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R. Crim. P. 45(b)(2). Moreover, "[t]his strict 14 day requirement inextricably relates to the types of errors Rule 35 contemplates: namely, 'arithmetical, technical, or other clear error[s]'—which is to say, obvious errors that could be resolved by the court quickly, without extensive briefing, and even *sua sponte*." *United States v. Calabrese*, Case 3:14-cr-00228-JBA (D. Conn. Nov. 24, 2015) (ECF No. 201: Order Denying Defendant's Motion to Reduce Sentence)

Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *See Abreu-Cabrera*, 64 F.3d at 72 (quoting Fed. R. Crim. P. 35 Advisory Committee's Note). It "authorizes correction 'only [of] ... obvious error[s],' and was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines,' or 'to reconsider the application or interpretation of the sentencing guidelines,' or 'simply to change its mind about the appropriateness of the sentence.'" *United States v. DeMartino*, 112 F.2d 75, 79 (2d Cir. 1997) (quoting Fed. R. Crim. P. 35, Advisory Committee's Note, 1991); *Bernabal*, 22 F. App'x at 41 ("Rule 35 does not contemplate reassessment of the evidence or reassessment of the applicable guidelines[.]"). Nor does the Rule permit resentencing based on new information that was not previously presented to the court. *See Bernabal*, 22 F. App'x at 42 ("The additional information provided in the second sentencing proceedings was new information to the court, precisely the kind of material which the Advisory Committee did not intend to serve as a basis for resentencing.").

## C. Fed. R. Crim. P. 36

Rule 36 allows a court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 covers only "clerical" errors. In other words, it "covers only minor, uncontroversial errors." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.* at 347 (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987); *see* U*nited States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) ("A clerical involves a failure to accurately record a statement or action by the court or one of the parties." (citation omitted)).

However, Rule 36 does not provide a basis to "effectuate [the court's] unexpressed intentions at the time of sentencing. *Id.* at 343; *see id.* at 349 (Rule 36 does not provide a basis to "correct an alleged error committed by the judge at sentencing, regardless of whether that correction is designed to vindicate an unstated assumption of the sentencing court."); *Marmolejos v. United States,* 789 F.3d 66, 70 (2d Cir. 2015) ("Rule 36 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment." (citation omitted)).

## III.     DISCUSSION

Carpenter's motion for reconsideration is foreclosed by 18 U.S.C. § 3582(c) and his pending appeal, both of which limit reconsideration of his sentence except as permitted by Rule 35 or Rule 36 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c)(1)(B); Fed. R. App. P. 4(b)(5); *see also Spallone*, 399 F.3d at 421 ("[A] court may not resentence a defendant unless expressly mandated by [the appellate] court, or pursuant to the strict conditions established by Fed. R. Crim. P. 35 or 36."); *United States v. Oleksowicz*, No. 13-CR-003 (ER), 2017 WL 729724, at *2 (S.D.N.Y. Feb. 24, 2017) ("The only avenues for reconsideration of a sentence by a district court are Federal Rules of Criminal Procedure 35 and 36"); *United States v. Munoz*, No. 12-CR-437 ENV, 2014 WL 2566263, at *1 (E.D.N.Y. June 6, 2014) (same).

Although Carpenter cites to this Court's Local Rule 7(c) and the need to prevent "manifest injustice," neither provides a basis for reconsideration of a sentence, which is expressly prohibited by statute and the Federal Rules, except under the limited circumstances noted above. As the Second Circuit and other courts of appeal have noted, there is no "inherent authority" for a court to reconsider a sentence. *See Werber*, 51 F.3d at 348 (2d Cir. 1995); *Bernabal*, 22 F. App'x at 41 (collecting cases); *Aguirre*, 214 F.3d at 1124.

Significantly, Carpenter does not invoke Rule 35(a) or Rule 36, nor does he explain how his arguments are even cognizable under those rules. Indeed, the fact that he has filed a separate motion for correction of his sentence under Rule 35(a), *see* ECF No 406, demonstrates that he never intended this motion for reconsideration to fall under the purview of Rule 35(a). On this basis alone, his motion should be denied.

To the extent the Court construes Carpenter's motion as a request under Rule 35(a) or Rule 36, neither rule serves as a valid basis for relief here. Accordingly, his request for time-served or home confinement should be rejected.

### A. Rule 35(a) does not provide a basis for relief

#### 1. Relief under Rule 35(a) is time-barred.

Carpenter cannot have his sentence modified under Rule 35(a) because more than 14 days have elapsed since his sentencing. Rule 35(a) provides that a court "may correct a sentence that resulted from arithmetical, technical, or other clear error" but only "within 14 days after sentencing." For purposes of calculating that deadline, Rule 35(c) provides that "'sentencing' means the oral announcement of the sentence." That deadline is jurisdictional and may not be extended. *See Abreu–Cabrera* at 73; *Sarvestani*, 297 F.R.D. at 229 (S.D.N.Y. 2014); Fed. R. Crim. P. 45(b)(2). Here, Carpenter was sentenced on December 3, 2018. Therefore, as of December 17, 2018, the Court lacks jurisdiction to modify a sentence under Rule 35(a).

Although Carpenter filed his motion six days before the deadline on December 11, the filing of the motion does not toll the jurisdictional time period.[3] *See Abreu-Cabrera*, 64 F 3d at 74 (quoting *Morillo*, 8 F.3d at 869 (1st Cir. 1993) ("If a motion is timely made but not decided within the [time] period, the judge's power to act under the rule subsides and the pending motion

---

[3] The Government recognizes that Carpenter filed his motion within the 14-day window. The Government represents that it did not delay filing a response in order to foreclose relief by the 14-day jurisdictional bar. Because Carpenter did not indicate he was seeking relief under Rule 35(a), he never put the Government or the Court on notice that action needed to be taken within the 6 days remaining before the 14 days expired. When the Court's chambers emailed the parties on December 13 to ask if the Government intended to file a response, the Government indicated it intended to respond within the 21 days permitted by the local rules, unless the Court wanted the Government to respond sooner. *See* Ex. A. The Court then responded it wanted the Government to file a response by December 21. *Id.* At no time did counsel, who was copied on the emails, object or indicate that he was seeking relief under Rule 35(a) or that action needed to be taken by December 17. Had counsel done so, the Government and the Court could have responded sooner. It was not until the Government began preparing its response yesterday that the Government realized that Carpenter's request for reconsideration could only be made pursuant to Rule 35(a) or Rule 36, and that the Rule 35(a) jurisdictional deadline had expired.

9

is deemed denied.")); *Sarvestani*, 297 F.R.D. at 229 ("a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed."); *see also Bernabal*, 22 F. App'x at 39; *Higgs*, 504 F.3d at 458-59. Accordingly, relief under Rule 35(a) is now time-barred.

### 2. Carpenter's claims do not constitute "arithmetical, technical, or other clear error" under Rule 35(a).

In addition to the jurisdictional time-bar, Carpenter cannot satisfy the other strict requirements of Rule 35(a). The rule only permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "The rule[] is intended to be very narrow and to extend only to those cases in which an *obvious error* or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *Abreu-Cabrera*, 64 F.3d at 72 (emphasis added).

Neither of Carpenter's claims for a reduced sentence satisfies this standard. First, with respect to Carpenter's claim that the Court overlooked his position at sentencing that he is entitled to 16-months credit for time he believes he overserved on his Massachusetts conviction, the record does not support his claim. Although Carpenter raised his position in his sentencing memorandum and in the Pre-sentence Report, the Government vehemently opposed this position. *See* ECF No. 352 at 73-74. As the Government explained, Carpenter's argument was entirely speculative given the variety of factors the Bureau of Prisons considers in determining whether to release someone to a half-way house and for how long. *See id.* There was simply no guarantee he would have been released at all, let alone for a full 12 months. Moreover, he is now requesting credit for 16 months because he believes the court in Massachusetts gave extra time on account of the Connecticut conviction, although he has no way of quantifying that time other than pure speculation.

In any event, there is nothing to suggest the Court overlooked his argument. In fact, the Court expressly indicated that it "read everything [the parties] submitted . . . so you can assume my familiarity with all of that." Transcript of Jun. 27, 2018 Sentencing Hearing (ECF No. 367) at 7. Just because the Court did not expressly reference his argument in imposing sentence does not mean the Court did not consider it. As the Second Circuit has held in the context of reviewing a sentence on appeal, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing[.]" *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). Even if the Court did overlook Carpenter's argument, it does constitute a clear error, that is, it does not constitute an "an obvious error or mistake . . . [that] would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *Abreu-Cabrera*, 64 F.3d at 72.

Second, with respect to Carpenter's due process and Speedy Trial Act claim, he never raised this issue prior to his motion for reconsideration. Although he made other Speedy Trial claims, which the Court denied (*see* ECF No. 211), he never raised the provisions he raises now, namely 18 U.S.C. §§ 3161(j) and 3164. His claims should be denied because these are substantive legal questions, not obvious or clear errors, that were never briefed before the Court. The rule cannot be used to correct a sentence based on new information that was not previously presented to the court. *See Bernabal*, 22 F. App'x at 42 ("The additional information provided in the second sentencing proceedings was new information to the court, precisely the kind of material which the Advisory Committee did not intend to serve as a basis for resentencing.").

Even if Carpenter could bring these claims now in order to reduce his sentence, there was no due process delay or violation of 18 U.S.C. §§ 3161(j) or 3164. Carpenter claims the Government violated § 3161(j) by not notifying the warden of his pending Connecticut charges

"so that he could demand an expeditious trial." ECF No. 405 at 3. However, § 3161(j) only applies to a person serving a term of imprisonment at the time he or she is charged. For individuals serving a term of imprisonment when an indictment is returned, the statute requires the Government take one of two possible courses of action: either (1) undertake to obtain the defendant's presence for trial, or (2) file a detainer with the prison in which the defendant is housed. *See* 18 U.S.C. § 3161(j)(1). Notably, Carpenter only mentions the second option in his memorandum. He completely ignores the first. *See* ECF No. 405 at 5. Once that individual is brought into court for arraignment and an initial appearance, then the Speedy Trial provisions of § 3161(c)(1) apply and the 70-day period commences, subject to any periods of excludable periods of delay under § 3161(h).

Here, the original indictment was returned on December 12, 2013, and he was arraigned on January 17, 2014. ECF No. 16. On March 5, 2014, Carpenter moved to continue trial to March 2015, *see* ECF No. 45, and that motion was granted. ECF No. 46. On March 14, 2014, Carpenter signed a speedy trial waiver stating "I, Daniel E. Carpenter, hereby waive my rights to a Speedy Trial under, 18 U.S.C. § 3161, et seq. I have no objection to this trial being postponed from March 11, 2014 until March 10, 2015." At the time, Carpenter had already been sentenced on the Massachusetts case and had a self-surrender date of April 25, 2014. *See United States v. Carpenter,* 1:04cr10029 (D. Mass. March 4, 2014), ECF No. 438. His self-surrender date was later extended to June 20, 2014. *See id.*, ECF 476. In Connecticut, a superseding indictment was returned on May 14, 2014 and Carpenter was arraigned on May 27, 2014. ECF No. 54.

In short, Carpenter was charged and arraigned before he was in custody. Thus, the provisions of 18 U.S.C. § 3161(j) simply do not come into play. To the extent they do, he had already been arraigned and therefore his presence for trial had already been obtained, satisfying

18 U.S.C. § 3161(j)(1)(A). The Government did not need to present him in Court a second time, nor did it need to file a detainer, having already satisfied 18 U.S.C. § 3161(j)(1)(A). Moreover, he had already executed a speedy trial waiver, and trial had been set for March 2015. ECF No. 47.

Carpenter appears to believe that once he reported to prison on the Massachusetts conviction after having being already arraigned on the Connecticut superseding indictment, the Speedy Trial clock somehow starts anew and the Court's prior exclusions from the speedy trial clock are somehow wiped away. Carpenter cites to no law to support such a proposition.

Moreover, Carpenter's claim that he would have demanded an expeditious trial had the Government f notified the warden about the pending charges is absurd. Carpenter knew he was going to prison when he filed the speedy trial waiver agreeing to a March 2015 trial date. Then, while he was in prison, on December 3, 2014, he affirmatively filed a motion to continue the trial until after September 7, 2015, *see* ECF No. 115, and he filed a second speedy trial waiver on December 15, 2014, in which he stated "I, Daniel E. Carpenter, hereby waive my rights to a Speedy Trial under, 18 U.S.C. § 3161, *et seq*. I have no objection to this trial being postponed through October 31, 2015." ECF No. 121. Carpenter cannot credibly claim he would have demanded an expeditious trial when he affirmatively demanded and consented to a later trial. Moreover, the Court properly excluded all of this time, including the time to from October 2015 to the ultimate trial date of February 2016, from the Speedy Trial clock. *See* ECF No. 211. Accordingly, Carpenter cannot claim any Speedy Trial Act violation nor can he demonstrate any prejudice in order to establish a due process violation.

Carpenter's argument that the Government violated 18 U.S.C. § 3164 fairs no better. As a preliminary matter, that statute, as relevant here, only applies to "a detained person who is being held in detention *solely because he is awaiting trial*." 18 U.S.C. § 3164(a)(1) (emphasis added).

13

In this case, Carpenter was in prison because he was serving a sentence for another conviction in Massachusetts. Thus, section 3164 is not even applicable. However, even if it was applicable, the statute is part of the Speedy Trial Act, and as discussed above, while Carpenter was in prison, he signed a speedy trial waiver waiving his "rights to Speedy Trial under, 18 U.S.C. § 3161, *et seq.*" Again, Carpenter cannot show a Speedy Trial violation or credibly claim any prejudice in order to establish a due process claim.

Accordingly, Rule 35(a) does not provide Carpenter with a basis to reduce his sentence by any amount of time, and his motion should be denied.

### B. Rule 36 does not provide a basis for relief

Carpenter also cannot satisfy the strict requirements of Rule 36. Although Rule 36 allows a court to correct an error "at any time," it only permits a court to correct clerical errors. Fed. R. Crim. P. 36. It "covers only minor, uncontroversial errors." *Werber*, 51 F.3d at 347. It may not be used to correct a substantive, legal, or judicial errors in sentencing, or to effectuate [the court's] unexpressed intentions at the time of sentencing." *Id.* at 343; *see id.* at 349 (Rule 36 does not provide a basis to "correct an alleged error committed by the judge at sentencing, regardless of whether that correction is designed to vindicate an unstated assumption of the sentencing court."); *Marmolejos,* 789 F.3d at 70 ("Rule 36 . . . does not authorize substantive alteration of a final judgment." (citation omitted)). Here, as discussed above, Carpenter alleges a substantive due process delay based on the Speedy Trial Act, which he never raised before, and which the Government disputes. He also claims that he should get credit for the 16 months he believes he over-served on his Massachusetts conviction—an argument that the Government vehemently opposed in its sentencing memorandum. The Court, which had read the parties' sentencing submissions and indicated it was familiar with the arguments therein, never suggested it agreed

14

with Carpenter's position or that it intended to credit him with a 16-month reduction in his sentence. In short, Carpenter's claims are not minor, uncontroversial, or clerical errors that would warrant a correction under Rule 36.

Accordingly, the Court should deny Carpenter's request to reduce his sentence by any amount of time.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Carpenter's motion for reconsideration.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on December 21, 2018, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY