UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | December 21, 2018 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO CORRECT AND/OR REDUCE
HIS SENTENCE PURSUANT TO FED. R. CRIM. P. 35(a)**

The Government respectfully submits this memorandum in opposition to defendant Daniel Carpenter's motion and memorandum of law asking to correct to correct and/or reduce his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.  ECF No. 406.

**I.**     **INTRODUCTION**

On June 27, 2018 and continuing on December 3, 2018, this Court held a sentencing hearing after finding Mr. Carpenter guilty of all 57 counts of the superseding indictment.  At the conclusion of the December 3 sentencing hearing, the Court principally sentenced Carpenter to 30 months of imprisonment.  The next day, Carpenter filed a notice of appeal with the Second Circuit Court of Appeals, challenging both his conviction and sentence. ECF No. 397.  Then, on December 14, he filed the instant motion under the guise of Rule 35(a).

As explained below, Carpenter's motion is without merit. First, any correction to Carpenter's sentence is barred by the 14-day jurisdictional time limit in Rule 35(a), which lapsed on December 17 and cannot be extended or tolled.  Second, Carpenter presents no arguments that are cognizable under Rule 35(a). Instead, he spends 41-pages contesting the Court's Verdict and Special Findings and rehashing the same arguments he made in his Rule 29 motion, his Rule 33 motion, and his sentencing memoranda, all of which the Court previously considered and rejected.

Accordingly, Carpenter's motion should be denied.

## II.   __APPLICABLE LAW__

Rule 35(a) provides that, within 14 days after sentencing, the court may "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The 14-day period begins to run upon "the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

The 14-day period is jurisdictional. *See United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) ("We have held, as have several other circuits, that the [fourteen day][1] period provided for in Rule 35([a]) is jurisdictional."); *United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (same).  "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, *even* where the motion seeking relief is timely filed." *Id.* (emphasis added); *see Abreu-Cabrera*, 64 F 3d at 74 (quoting *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993) ("If a motion is timely made but not decided within the [time] period, the judge's power to act under the rule subsides and the pending motion is deemed denied."); *United States v. Bernabal*, 22 F. App'x 37, 39 (2d Cir. 2001) (stating "that a court may not make sentence corrections outside of the [time] period under this rule" and holding that district court did not have authority to resentence defendant under Rule 35(a) where, among other things, court's action was done outside the time period even though motion was filed within the time period); *United States v. Higgs*, 504 F.3d 456, 458-59 (3d Cir. 2007) ("[time] limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action.").

The strict application of Rule 35(a) is reinforced by Rule 45, which provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R. Crim. P. 45(b)(2). Moreover, "[t]his strict 14 day requirement inextricably relates to the types of errors Rule 35 contemplates: namely, 'arithmetical, technical, or other clear error[s]'—which is

---

[1] In 2009, the Advisory Committee expanded the time period from seven days to fourteen days. Moreover, under the 2002 amendments, subdivision (c) became subdivision (a).

to say, obvious errors that could be resolved by the court quickly, without extensive briefing, and even *sua sponte*." *United States v. Calabrese*, Case 3:14-cr-00228-JBA (D. Conn. Nov. 24, 2015), ECF No. 201 (Order Denying Def.'s Mot. to Reduce Sentence).

Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *See Abreu-Cabrera*, 64 F.3d at 72 (quoting Fed. R. Crim. P. 35 Advisory Committee's Note). It "authorizes correction 'only [of] ... obvious error[s],' and was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines,' or 'to reconsider the application or interpretation of the sentencing guidelines,' or 'simply to change its mind about the appropriateness of the sentence.'" *DeMartino*, 112 F.3d at 79 (quoting Fed. R. Crim. P. 35, Advisory Committee's Note, 1991); *Bernabal*, 22 F. App'x at 41 ("Rule 35 does not contemplate reassessment of the evidence or reassessment of the applicable guidelines[.]'" (quoting Fed. R. Crim. P. 35, Advisory Committee's Note, 1991)).

## III.   DISCUSSION

Carpenter fails to satisfy the strict requirements of Rule 35(a).  First, his motion is time-barred by the 14-day jurisdictional time limit set forth in Rule 35(a).  Second, his claims do not constitute the types of errors Rule 35(a) contemplates: namely, "arithmetical, technical, or other clear error[s]."  Accordingly, his motion should be denied.

### A.    Relief under Rule 35(a) is time-barred.

Carpenter cannot have his sentence corrected or reduced under Rule 35(a) because more than 14 days have elapsed since his sentencing.  Rule 35(a) provides that a court "may correct a

sentence that resulted from arithmetical, technical, or other clear error" but only "within 14 days after sentencing." For purposes of calculating that deadline, Rule 35(c) provides that "'sentencing' means the oral announcement of the sentence." That deadline is jurisdictional and may not be extended. *See Abreu–Cabrera* at 73; *Sarvestani*, 297 F.R.D. at 229 (S.D.N.Y. 2014); Fed. R. Crim. P. 45(b)(2). Here, Carpenter was sentenced on December 3, 2018. Therefore, as of December 17, 2018, the Court lacks jurisdiction to modify a sentence under Rule 35(a).

To be clear, Carpenter did file his motion before the deadline, on December 14—a Friday afternoon that was just one business day before the Court lost jurisdiction to act. However, the filing of his motion did not toll the jurisdictional deadline for the Court to act. *See Abreu-Cabrera*, 64 F 3d at 74 (quoting *Morillo*, 8 F.3d at 869 (1st Cir. 1993) ("If a motion is timely made but not decided within the [time] period, the judge's power to act under the rule subsides and the pending motion is deemed denied."); *Sarvestani*, 297 F.R.D. at 229 ("a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed."); *see also Bernabal*, 22 F. App'x at 39; *Higgs*, 504 F.3d at 458-59.

It bears emphasizing that Carpenter filed his motion on a Friday afternoon just one business day before the Court lost jurisdiction to act. He never put the Government or the Court on notice that action needed to be taken by the next business day on December 17. Moreover, any expectation the Government could respond to a 41-page motion and that the Court would be able to act on such a lengthy motion, without even alerting the parties to the December 17 deadline, is patently unreasonable.[2]

---

[2] The Government represents that it did not purposely delay filing a response in order to foreclose relief by the 14-day jurisdictional bar. It was not until the Government began preparing its response yesterday that the Government realized that the 14-day deadline was a jurisdictional bar and that the deadline had expired.

Accordingly, the Court should find that Carpenter's motion is time-barred and deny his motion on that basis alone. *See, e.g., Sarvestani*, 297 F.R.D. at 229, *Calabrese*, Case 3:14-cr-00228-JBA, ECF No. 201, Order Denying Def.'s Mot. to Reduce Sentence (denying defendant's Rule 35(a) motion, which he filed on the fourteenth day after sentencing, because "the Court's jurisdiction to decide [his] [m]otion lapsed the day after he filed his [m]otion.").

**B.     Carpenter's claims do not constitute "arithmetical, technical, or other clear error" under Rule 35(a).**

Even if the Court finds it still has jurisdiction to act pursuant to Rule 35(a), Carpenter's motion should be denied because the claims he raises do not constitute "arithmetical, technical, or other clear error[s]" that are cognizable under the rule.  In his motion, Carpenter claims he is entitled to relief under Rule 35(a) because his sentence is "procedurally and substantively unreasonable," "predicated upon a number of factual inaccuracies," and is based on the Court's "miscalculation and misconstruing of" the Sentencing Guidelines.  *See* ECF 406-1 at 102.  He spends most of his motion substantively challenging the Court's determination of the Guidelines calculation and the factual basis for the various enhancements the Court applied. He essentially rehashes the same arguments in his Rule 29 motion, essentially challenging the Court's Verdict and the sufficiency of the evidence as to his involvement in the conspiracy and fraud, and the arguments he made in his sentencing memoranda.

Among other things, he spends a significant about of time arguing, rather incredulously, that "the Government failed to prove that Mr. Carpenter was the 'leader' of five-or-more 'culpable' participants" and that the Court erred by not giving him a four-level reduction for being a "minimal" participant in the scheme.  He makes these claims even though the Court expressly found that "there is overwhelming evidence that the defendant orchestrated [the] scheme to defraud[.]" Verdict at 10, n.7. The Court also determined there were at least five knowing

participants in the charged offenses, including Carpenter, Bursey, Waesche, Westcott, Trudeau, and Mactas, among others.

As to those factual challenges and the other factual challenges that Carpenter contests in his motion, the Court already considered and rejected them in denying his post-trial motions, and there is no need to litigate each and every one of them yet again.  With respect to the Guidelines calculation, including the loss calculation, the Court carefully considered both parties' arguments and thoroughly addressed these issues at the sentencing hearing.

A Rule 35(a) motion cannot be used to re-litigate these issues again.  Carpenter's arguments are precisely the type of arguments that Rule 35(a) prohibits. Rule 35 "authorizes correction 'only [of] ... obvious error[s],' and was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines,' or 'to reconsider the application or interpretation of the sentencing guidelines[.]'" *DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (quoting Fed. R. Crim. P. 35, Advisory Committee's Note, 1991); *Bernabal*, 22 F. App'x at 41 ("Rule 35 does not contemplate reassessment of the evidence or reassessment of the applicable guidelines[.]").  The length of Carpenter's brief alone demonstrates that his claims are not the "the types of errors Rule 35 contemplates: namely . . . obvious errors that could be resolved by the court quickly, without extensive briefing, and even *sua sponte*." *Calabrese*, Case 3:14-cr-00228-JBA, ECF No. 201. In any case, his motion does not raise claims that "would almost certainly result in a remand of the case to the trial court for further action." *See Abreu-Cabrera*, 64 F.3d at 72

Accordingly, the Court should deny Carpenter's request to correct or reduce his sentence.

**IV.**     **CONCLUSION**

For the reasons set forth above, the Court should deny Carpenter's motion.


Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

CERTIFICATION OF SERVICE

       This is to certify that on December 21, 2018, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                    /s/ Neeraj N. Patel
                    NEERAJ N. PATEL
                    ASSISTANT UNITED STATES ATTORNEY