**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:13CR226 (RNC) |
| ) | |
| v. ) | |
| ) | December 31, 2018 |
| DANIEL E. CARPENTER ) | |

## DEFENDANT'S MOTION FOR CLARIFICATION

### I.  INTRODUCTION

Based on the Court's December 28, 2018 denials of Mr. Carpenter's Motion for Reconsideration (doc. #405) and his Motion to Correct his Sentence Pursuant to Rule 35(a) (doc. #406), he respectfully submits this Motion for Clarification of the orders pursuant to F.R.C.P. Rule 54(b), as neither order reached the merits of the issues raised in his motions.

Moreover, the Government's interpretation of Rule 35(a), makes Rule 35(a) a nullity, leaving only the Government-friendly Rule 35(b), whereby only the Government can file a motion within one year of sentencing due to a defendant's cooperation with the Government.

Mr. Carpenter respectfully submits that, based on the Government's interpretation of the law, even if he had filed his Rule 35(a) Motion on December 4, the Government could have "run out the clock" as they explain in their Opposition Brief (see Doc. 413 at 9, FN3, explaining Exhibit A stating the Government had 21 days to file its response under the Local Rules). Therefore, the Government's interpretation of both the Motions for Reconsideration and for Rule 35(a) relief run counter not only to Supreme Court precedent, but to its own motions for reconsideration made in the past.

1

If the Government's interpretation of Rule 35(a) is correct, then Mr. Carpenter seeks clarification of this Court's orders as final orders so that he may seek permission for a writ of mandamus based on Rule 54(b).

## II.     ARGUMENT

### A. This Court has Recognized Motions for Reconsideration in the Past

On the same day that the Government filed its Opposition to Mr. Carpenter's Motions, the District Court filed a decision in another criminal case, *United States v. Lauria*, 2018 WL 671091 (D. Conn. 2018), where it recognized the Second Circuit's standard for review of a Motion for Reconsideration:

> "Rule 60(b) allows a court to grant relief "from a final judgment, order, or proceeding" for certain reasons, including that the judgment is void or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Regarding Rule 60(b)(4), the Supreme Court has clarified that "[a] void judgment is a legal nullity[,] .... so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short ...." One such "infirmity" arises "where a judgment is premised ... on a violation of due process… With regard to Rule 60(b)(6), the Court has stated that relief "is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez*, 545 U.S. at 535)."

What makes *Lauria* doubly significant to Mr. Carpenter's case is that this Court recognized that a Rule 60(b)(4) motion and a Rule 60(b)(6) motion can be brought at any time, and this Court's opinion in *Lauria* states that the Government brought its own motion for reconsideration based on the fact that Judge Dorsey had concluded there was plain error in the case, which required Lauria to be resentenced. The Government filed a motion for reconsideration of that order and was successful, which led to this Court's decision under Rule 60(b)(4) and Rule 60(b)(6), a full eleven years later.

Similar to *Lauria*, in *United States v. Calabrese*, 660 Fed.Appx. 97 (2d Cir. 2016), the defendant (who had already pled guilty to mortgage fraud and had been sentenced to only six

2

months by Judge Arterton) made a Rule 35(a) motion based on only one issue, which was the district court's imposition of a two-level Guidelines enhancement for using a "special skill" in a manner that "significantly" facilitated his commission or concealment of the offense.  While Mr. Calabrese's Rule 35(a) motion was unsuccessful (see Case No. 3:14-cr-228 (JBA), Doc. 175), the Government's opposition was almost a carbon copy of what was filed recently in Mr. Carpenter's case.

**B.     Rule 35(a) Does Not Limit a Court's Own Inherent Powers**

Just as this Court has cited the Supreme Court's decision in *United States v. Healy*, 376 U.S.75, 78-79 (1964) for the ability to do a motion for reconsideration in a criminal case, the Second Circuit has also quoted Justice Harlan in writing for the unanimous Court:

> "[Depriving parties to a criminal case] of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation—since plenary consideration of a question of law [on appeal] ordinarily consumes more time than disposition of a petition for rehearing—and could, in some cases, impose an added and unnecessary burden of adjudication upon [the appellate court]." *Healy* at 80.

> "[E]ven if a petitioner cannot demonstrate cause [for and prejudice resulting from a procedural default], there is no procedural bar where the 'failure to consider the claims will result in a fundamental miscarriage of justice, *Cannavo v. United States*, 860 F. Supp. 145, 148 n.7 (S.D.N.Y. 1994), or where the judgment is the result of 'constitutional error. *Graziano v. United States*, 83 F.3d 587, 589–90 (2d Cir. 1996). Petitioner argues that his petition is not procedurally barred because (1) the Government's misrepresentation violated Petitioner's due process rights, and (2) the conduct for which he was sentenced was lawful at the time of sentencing." *Sarvestani v. United States*, 2015 WL 7587359 (S.D.N.Y. 2015).

Contrary to the Government's arguments, there is nothing in Rule 35(a) that prevents a motion for reconsideration, nor does Rule 35 take away the Court's constitutional powers to amend its own errors prior to the 16-18 month delay before the sentence and conviction are on appeal.  Assuming *arguendo* that everything the Government says is correct, and assuming that every case the Government cites stands for the proposition suggested,  the Government's reliance

3

on simplistic procedural arguments simply states that this Court is powerless to grant Mr. Carpenter any relief, and he must therefore seek his relief on appeal.

Moreover, the Government is not correct in its assertions, and the cases cited by the Government and the Court, e.g., *United States v. Abreu-Cabrera*, 64 F.3d 67 (2d Cir. 1995), are based on the Second Circuit's decision in *United States v. Rico*, 902 F.2d 1065 (2d Cir. 1990):

> "As reflected in former Rule 35(a), under common law a district court was free at any time to correct sentences when the judgment was "void," because these sentences were invalid and not final dispositions. *See DeBenque v. United States*, 85 F.2d 202, 205 (D.C.Cir.1936); *see also Bozza v. United States*, 330 U.S. 160, 167 (1947). When district court terms were abolished, see Pub.L. No. 88-139, §1, 77 Stat. 248 (1963) (codified at 28 U.S.C. §138 (1982)), Rule 35 remained as a codification of the district court's inherent power to correct illegal sentences.
>
> The Sentencing Reform Act amended Rule 35 to conform to the provisions of 18 U.S.C. §3742, which allows the government to appeal illegal sentences and to have such sentences corrected by the district court on remand. See S.Rep. No. 225, 98th Cong., 2d Sess. 158, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3341. While repealing the former Rule and creating appellate review of sentences, Congress did not limit the correction of sentencing errors to the courts of appeals. The legislative history of the Act reveals the reasons for expanding appellate jurisdiction and the manner in which the district courts under Rule 35 would correct sentences on remand. However, no mention is made in the legislative history of any diminution in the district court's inherent power to correct sentences. Cf. *id*. at 65, reprinted in 1984 U.S.Code Cong. & Admin.News 3248, 3332-36. While Congress amended the Rule, there is no indication that it intended to repudiate this long-standing authority of district courts. The amendment merely facilitates the expansion of appellate review of sentencing, in light of the Sentencing Guidelines, without diminishing the district court's power in various situations to correct its own obvious errors in sentencing.
>
> The Fourth Circuit has recognized that a district court has inherent power in certain circumstances to correct its acknowledged mistakes, even after the enactment of the amended Rule 35(a). *United States v. Cook*, 890 F.2d 672, 675 (4th Cir.1989). That circuit held that the district court retains the inherent power "to correct an acknowledged and obvious mistake." *Cook* at 675. In *Cook*, the district court mistakenly applied the Sentencing Guidelines and sentenced the appellant to terms of supervised release and community confinement, while intending to sentence her to a term of imprisonment as well. 716 F.Supp. at 3-4 (quoting Sentencing Guidelines § 5C2.1(c)(3)). About three weeks later, the court *sua sponte* corrected its mistake and resentenced the defendant to reflect its true intention. *Id.* at 4. The Fourth Circuit confirmed the district court's authority to resentence the appellant, noting that the congressional intent in amending

4

Rule 35(a) was not thwarted by the district court's correction of the original sentence." *Rico* at 1067-68, *citing Cook* at 674-75.

Therefore, the Second Circuit in *Rico* found that the legislative history of Rule 35, as amended by the Sentencing Reform Act, did not manifest a congressional intent to alter or deprive "judges of the power they always had to correct a mistake."

### III.     CONCLUSION

For the reasons set forth herein, Mr. Carpenter respectfully asks the Court to grant his Motion for Clarification of its prior orders of December 28, 2018.

Respectfully submitted,

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN, Esq.
Attorney & Counselor at Law
129 Whitney Avenue
New Haven, CT 06510
(203) 777-3777
Fed bar Ct 000163
einhornlawoffice@gmail.com

### CERTIFICATION

I hereby certify that on this 31st day of December, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN, Esq.
Attorney & Counselor at Law
129 Whitney Avenue
New Haven, CT. 06510
tel: 203-777-3777
Fed bar Ct 000163
einhornlawoffice@gmail.com