UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | January 3, 2019 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
GOVERNMENT'S MEMORANDUM REGARDING RESTITUTION**

The Government respectfully submits this motion seeking a one-week extension, until January 10, 2019, to submit a memorandum regarding restitution, which the Court requested during Mr. Carpenter's sentencing hearing. The Government has conferred with counsel for the defendant, who does not oppose this request. In support of this motion, the Government submits the following:

1. On December 3, 2018, the Court sentenced Mr. Carpenter to 30 months of imprisonment to be followed by 36 months of supervised release. The Court did not impose a fine, but ordered Mr. Carpenter to pay a special assessment of $5,700 and restitution in an amount to be determined by the Court within 90 days. *See* Judgment (ECF No. 411).

2. During the sentencing hearing, the Court determined the loss amount for Guidelines purposes by utilizing the actual loss calculations submitted by the Government. The Government calculated actual loss using the formula approved by the Second Circuit in *United States v. Binday*, 804 F.3d 558, 595 (2d Cir. 2015). The actual loss calculation was based on death benefits, commissions, and fees paid or incurred by the carriers on the policies that were terminated because of death, lapse, or other reason, minus premiums collected by the carriers on those policies. For active policies, the Government counted the commissions paid, but, in accordance with *Binday*, did not attempt to anticipate what the ultimate loss or gain would be depending on when the insured

died.  However, as the Court observed during sentencing, while there may be active policies that become profitable, most of the active policies will be unprofitable.

3. For purposes of restitution, the Court directed the Government to submit a memorandum providing a best estimate of what the active policies are likely to mean to the insurance carriers.  As the Court explained, the Court wanted to avoid a windfall to the carriers. The Court indicated that it was not requiring the Government to provide expert testimony, just an estimate based on a general probability analysis of what is likely to happen to the remaining active policies.  The Court directed the Government to submit its memorandum within 30 days, *see* ECF No. 400, which would be today, January 3, 2019.

4. At the time that the Government submitted its sentencing memorandum and its actual loss calculation to the Court, there were only 18 active policies from five insurance carriers. That same week after the December 3 sentencing hearing, the Government began contacting these five carriers to obtain information in order to prepare and submit the restitution memorandum requested by the Court.  To date, the Government has received information from four of the five carriers.

5. The Government is still waiting for information from one remaining carrier, Lincoln. Out of the 18 active policies, 12 of them were issued by Lincoln.  Unfortunately, the Lincoln representative that the Government has been dealing with has been unable to provide the Government with information before today due to a death in the family and the holidays.  The Government was able to speak with her yesterday, and she indicated she would be able to provide information to the Government by this coming Monday (January 7).

6.	In order to allow time for Lincoln to provide the information and to allow the Government time to review and analyze the information, the Government respectfully requests a one week extension, until January 10, 2019, to file its memorandum regarding restitution to the Court.

7.	The Government has conferred with Mr. Carpenter's counsel, who does not oppose the Government's request.

WHEREFORE, the Government respectfully requests that the due date for filing its restitution memorandum be extended to January 10, 2019.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

## CERTIFICATION OF SERVICE

      This is to certify that on January 3, 2019, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY: /s/ Neeraj N. Patel
      NEERAJ N. PATEL
      ASSISTANT UNITED STATES ATTORNEY