```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :   CASE NO. 3:13-CR-226(RNC)
                                :
DANIEL CARPENTER                :
```

## RULING AND ORDER

The defendant has moved for bond pending appeal. The Government has submitted a memorandum in opposition. For reasons that follow, the motion is denied.[1]

The defendant has not met his burden of demonstrating that the requirements for release on bond pending appeal are satisfied. The statute requires him to show, by clear and convincing evidence, that he is not a flight risk or a danger to others; in addition, he is required to show that his appeal raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b)(1)(A), (B). Neither showing has been made.

That the defendant will pose no risk to others during the pendency of the appeal is unfortunately far from clear. He has now been convicted of two relatively sophisticated, multiyear

---

[1] The Government has moved to strike the defendant's reply memorandum. For the reasons discussed by the Government, the new arguments in the reply will not be considered.

schemes to defraud, for which he has received significant sentences of incarceration.  Yet his attitude remains unchanged.  He denies any wrongdoing in either case and blames the Government for twice prosecuting an innocent man.  It is a remarkable and troubling fact that the defendant undertook the STOLI scheme in this case while under indictment in the prior case.  He downplays his recidivism by disputing whether STOLI causes economic harm.  His use of this justification for defrauding the insurance companies is typical of the criminal thinking of chronic white-collar offenders.  Moreover, from a risk assessment standpoint, the level of culpability displayed by his conduct in this case is worrying.  Most disturbing is his brazen misappropriation of $30 million in STOLI policy proceeds after the death of the insured.  See ECF No. 212 at 69; ECF No. 352-1 at 2, 13.  The defendant's ongoing attempts to avoid having to pay the beneficiary of the policies reflect a belief that he is entitled to keep what he stole.  This mindset is another predictor of white-collar recidivism.

None of the arguments made by the defendant in support of his motion for bond presents a substantial question likely to result in reversal, a new trial or a lesser sentence.  See 18 U.S.C. § 3143(b)(1)(B).  He first argues that his 2014 motions to suppress evidence found in the 2010 and 2011 searches should have been granted.  The 2015 ruling denying the motions to

2

suppress addressed the allegations and arguments that his counsel presented in support of the motions.  See ECF No. 155.  In seeking to raise a substantial question about the correctness of the ruling, the defendant does not confine himself to those same allegations and arguments, as he must.  See Indiviglio v. United States, 612 F.2d 624, 630 (2d Cir. 1979) ("[A] failure to assert before trial a particular ground for a motion to suppress certain evidence operates as a waiver of the right to challenge the admissibility of the evidence on [t]hat ground.").  Instead, he advances new allegations and arguments.  He now asserts, in a self-contradiction, that he never saw the attachments to the 2010 search warrant (thereby contradicting an affidavit he submitted in 2017) and he now argues, without support, that the Attorney General was required to approve both searches because he, the defendant, is an attorney (although he admits he has never practiced law, ECF No. 347 at 11).  ECF No. 408-1 at 9.  He has not shown that the motions to suppress should have been granted on the record as it existed at the time.  Nor has he shown an error in the ruling that likely would result in reversal of his convictions, a new trial, or a different sentence.

The defendant next argues that his indictment was constructively amended.  "To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at

3

trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Salmonese, 352 F.3d 608, 620 (2d Cir. 2003) (quoting United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1998)).  The defendant essentially argues that he was indicted for making misrepresentations on insurance applications but tried for a different offense: depriving insurers of economically valuable information under a "right to control" theory.  This argument founders on the Court's findings that the defendant's own words and conduct make him personally responsible for misrepresentations made on insurance applications by co-conspirators.  See, e.g., ECF No. 212 at 50-55.  Moreover, the superseding indictment does allege that he and his co-conspirators withheld valuable information, made misrepresentations that were essential to the bargain between insurers and straw insureds, and misled the insurers with respect to the benefits they could expect to receive.  ECF No. 53 ¶¶ 30, 37, 130.  The words "right to control" need not appear in the indictment in order for the defendant to have been properly convicted under that theory.  See, e.g., United States v. Binday, 804 F.3d 558, 570 (2d Cir. 2015) (upholding Binday conviction under "right to control" theory); ECF No. 430-8 at 1-

4

34 (term "right to control" does not appear in Binday indictment); United States v. Davis, No. 13-CR-923, 2017 WL 3328240, at *33 (S.D.N.Y. Aug. 3, 2017) ("Shellef teaches that when a right to control theory involving a contract is alleged in an indictment there must also be an allegation that the misrepresentation had 'relevance to the object of the contract' or an equivalent allegation, that there was a 'discrepancy between benefits reasonably anticipated and actual benefits received,' or that the misrepresentation went to 'the nature of the bargain.'") (quoting United States v. Shellef, 507 F.3d 82, 108 (2d Cir. 2007)).

Next, the defendant argues that delays in this case violated due process.  His arguments with regard to pre-indictment delay and pretrial delay have been rejected in prior rulings and he cites no authority that calls those rulings into question.  See ECF No. 408-1 at 18-19; ECF No. 154 at 14-15; ECF No. 211; ECF No. 312 at 8.  The defendant also complains of pre-sentence delay.  The Sixth Amendment's speedy trial guarantee does not apply to the time period between conviction and sentencing.  Betterman v. Montana, 136 S.Ct. 1609, 1612 (2016).  And while Betterman allows for the possibility that a delay between conviction and sentencing may violate the Fifth Amendment, id., the presentence delay in this case was caused primarily by the defendant's own exorbitant post-trial

5

submissions.  <u>See, e.g.</u>, ECF Nos. 215, 219, 221, 225 (seeking extensions to file post-conviction motions); ECF No. 300 (denying various post-conviction motions); ECF Nos. 305, 306, 307, 308, 310 (motions to reconsider); ECF No. 353 (motion for extension to file reply sentencing memorandum).  In addition, it was necessary to postpone the sentencing in order to obtain a psychiatric examination and report concerning the defendant's mental condition.  See ECF Nos. 365-66 (continuing sentencing so that psychiatric evaluation could be done).  That delay proved to be of considerable benefit to the defendant because the resulting psychiatric findings provided a basis for a significantly reduced sentence.

Finally, the defendant argues that none of the mailings and wires in this case was in furtherance of the scheme to defraud.  His argument on this point also fails to raise a substantial question for appeal.  <u>See</u> ECF No. 312 at 4-7 (denying Rule 29 motion advancing this claim).

Accordingly, the motion for bond is hereby denied.

So ordered this 14th day of February 2019.

                                                /s/ RNC
                                      Robert N. Chatigny
                                  United States District Judge