UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2019 MAR -1  A 8: 18
US DISTRICT COURT
HARTFORD CT

UNITED STATES

V.

DANIEL CARPENTER

AMENDED JUDGMENT

CASE NO. 3:13-cr-00226-RNC
USM: 90792-038

Government's Counsel:
David Novick, Assistant U.S. Attorney
Neeraj Patel, Assistant U.S. Attorney

Defendant's Counsel:
Richard R. Brown
Cody Nolan Guarnieri
James M. Cole
Michael A. Levy
Qais Ghafary
Jonathan J. Einhorn

The defendant was found guilty on each count in the Superseding Indictment. Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | June 2014 | 1-4, 7-18, 20, 23, 26, 29-32 |
| 18 U.S.C. § 1341 and 2 | Mail Fraud | June 2014 | 5, 6, 19, 21-22, 24-25, 27-28 |
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud | June 2014 | 33 |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | June 2014 | 34 |
| 18 U.S.C. § 1957 and 2 | Illegal Monetary Transactions | June 2014 | 35-47 |
| 18 U.S.C. § 1956(a)(1)(A)(i) and 2 | Money Laundering: Promotion of Specified Unlawful Activity | June 2014 | 48-57 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. A non-Guidelines sentence is imposed. The defendant's criminal conduct as the organizer and leader of the STOLI scheme established by the evidence at trial calls for a significant sentence of imprisonment in order to reflect the seriousness of the defendant's offenses, impose just punishment, provide adequate deterrence to criminal conduct of this nature, and promote respect for law. However, a substantial variance is necessary to avoid overpunishing the defendant. As applied here, U.S.S.G. § 2B1.1 overstates the seriousness of the offense. The loss amount of $54 million, which results in a 22-level increase in the offense level, equates fraudulently induced STOLI transactions with theft, although the two differ in ways that are relevant to sentencing. In addition, applicable adjustments for offense conduct involving sophisticated means and causing loss to a financial institution of more than $1 million, together with an enhancement for aggravating role, result in a further 8-level increase. Though each of these is sufficiently distinct to avoid double-counting, they substantially overlap. In addition, the guideline calculation does not take account of the defendant's bipolar disorder, which is significantly mitigating (and best treated in the community), or his record of charitable and employment-related contributions. The possibility that the indictment in this case caused an increase in the defendant's prior federal sentence, and prevented him from being released to a halfway house or home confinement, as he contends, does not justify a further reduction in his sentence of imprisonment beyond the substantial variance that is being granted for the reasons stated above.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 30 months on Counts 1 through 57, to run concurrently, for a total effective sentence of 30 months. The defendant will self-surrender directly to the facility designated by the Bureau of Prisons no later than 12:00 p.m. on March 22, 2019. In the event the defendant does not receive a designation from the Bureau of Prisons prior to that date, the defendant will self-surrender directly to a Bureau of Prisons facility as directed by the United States Marshal.

**RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The Court recommends that the defendant be designated to serve his term of incarceration at FMC Devens or FCI Otisville in that order of preference.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of three years on all counts, to be served concurrently, subject to the mandatory and standard conditions of supervised release set forth below, as well as the following special conditions:

1. The defendant will pay restitution in an amount to be determined by the Court within 90 days. If he is unable to pay the full balance in a lump sum, any remaining balance will be paid at a rate of not less than $1,000 per month or 10 percent of his gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the Court.

2. The defendant will provide the Probation Office with access to any requested financial information and authorize third parties to release financial information to the Probation Office. The Probation Office may share financial information with the U.S. Attorney's Office.

3. The defendant will participate in a program of mental health evaluation, counseling and treatment recommended by the Probation Office and approved by the Court. The defendant will pay all or part of the costs of this treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

4. The following occupational restrictions are reasonably necessary to ensure that the defendant does not engage in unlawful conduct similar to that for which he has now been twice convicted: (a) the defendant will not engage in any for-profit business, directly or indirectly, without the prior approval of the Probation Office; (b) the defendant's involvement in the activities of any not-for-profit entity will exclude activities relating to the finances of the entity unless he receives prior approval from the Probation Office; and (c) the defendant will not act in a fiduciary capacity without the prior approval of the Probation Office.

**RESTITUTION**

The defendant will pay restitution in an amount to be determined by the Court.

**MONETARY PENALTIES**

The defendant will pay a special assessment of $100 on each count of conviction for a total of $5,700.

The defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the restitution and special assessments imposed by this judgment are paid.

**DATE: 12/3/2018**
Date of Imposition of Sentence

/S/ Judge Robert N. Chatigny
───────────────────────────────
Robert N. Chatigny, United States District Judge
Date: 2/28/2019

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
            Defendant                                               Date

_____    _____
U.S. Probation Officer/Designated Witness                  Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                     Brian Taylor
                                   Acting United States Marshal

                      By _____
                                             Deputy Marshal