MAR 13 2020 AM8:42
FILED-USDC-CT-HARTFORD

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 13-CR-226-RNC |
| ) | CIVIL NO. 20-CV-00810-WFK |
| v. ) |  |
| ) |  |
| DANIEL E. CARPENTER ) |  |

## EMERGENCY PETITION FOR RELEASE TO HOME CONFINEMENT PURSUANT TO THE FIRST STEP ACT AND §3624

### A. Introduction

Daniel Carpenter, the Petitioner in this pending action, hereby respectfully requests to be immediately released to Home Confinement while the Court deliberates whether to grant Petitioner's Motion, which would of course would mean that as an Elderly Offender under the First Step Act, he would go directly to Home Confinement rather than Halfway House for the final 12 months of their sentence as most inmates do pursuant to 18 U.S.C. §3624(c). As the Court certainly realizes from Petitioner's Motion, Mr. Carpenter has served the full incarceration portion of his sentence and should have been released to Home Confinement pursuant to §3624(c) and the First Step Act no later than February 20, 2020.

Instead, without this Court's immediate intervention, as a White-Collar Camper, Petitioner will have been in Maximum Security at MDC Brooklyn longer than the suspected 9/11 Terrorist in *United States v. Benatta*, 2003 WL 22202371 (W.D.N.Y. 2003). Additionally, unlike *Benatta*, Mr. Carpenter is still on appeal to the Second Circuit. *See United States v. Carpenter*, 19-cr-00070. Needless to say, Mr. Carpenter has a great *Abuhamra* argument as well. See *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("if a defendant can make the required evidentiary showing, the statute establishes a right to liberty that is not simply discretionary but mandatory:

1

the judge "*shall* order the release of the person in accordance with §3142(b) or (c)." (emphasis in original)).

To be clear, Petitioner believes with all of his heart that he has already served his full sentence pursuant to the Elderly Offender Program and Earned Time Credits under the First Step Act. The BOP has his full time release date as November 20, 2020 without ANY Good Time (GCT) Credits, Halfway House, or Home Confinement time. If Senate Bill 3035 passes, his BOP release date without any Halfway House or Home Confinement will be August 20, 2020. Under the new §3624(g)(10), there is no upper limit for awards of Halfway House or Home Confinement, and under the FSA, Mr. Carpenter is guaranteed at least 10% of his 30 month sentence in Home Confinement, making his release date without Halfway House time, May 20, 2020. Because Petitioner had a job at both FMC Devens as well as MDC Brooklyn, he should be entitled to at least 3-5 Months of Earned Time Credits, making his latest possible release date under the FSA February 20, 2020 without any Halfway House under §3624(c). Unsurprisingly, Petitioner has the lowest PATTERN Score and Custody Level Score at MDC Brooklyn, and by being in the elite Cadre Unit, he is already Community Custody or he would not be here. Therefore, Petitioner will be hurt and prejudiced unless this Court grants this Motion for Immediate Release pending disposition of his Motion.

**B. Inherent Authority to Order Release**

This Court has the inherent authority to order Mr. Carpenter's immediate release to Home Confinement in order to make his motion and request for relief and remedy effective. *See Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978), and *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). Most courts use the §3143 standard for release. Not only does Mr. Carpenter satisfy that standard, he is only asking to be transferred to Home Confinement which is the exact same

BOP Custody Level he is under now. See Kathleen Hawk Sawyer Program Statements Program Statements 7310.04, 7320.01, and 7300.09, and Blake Davis Letter to All Wardens of May 2013. Respectfully, Mr. Carpenter also believes that he satisfies the even higher standard proposed by Justice Douglas in *Aronson v. May*, 85 S.Ct. 3, 5 (1964) that requires "a greater showing of special reasons" for release pending the decision of the Court. Petitioner is asking only to be released to Home Confinement under BOP Custody instead of wrongfully serving the remainder of his sentence in a Maximum Security cell where the emergency buzzer does not work. Therefore, Petitioner clearly meets the standard in *Ostrer* of requiring "extraordinary or exceptional circumstances" that make release necessary to make his remedy effective. *See Ostrer* at 584.

### C. Mr. Carpenter Should Be Immediately Released to Home Confinement

Pursuant to the FSA, every inmate has the right to request a transfer to a BOP facility closer to home. Mr. Carpenter did that at FMC Devens, but instead of receiving a furlough to transfer to the BOP Halfway House facility, Watkinson House in Hartford, Petitioner was shipped to MDC Brooklyn where he has not seen the Sun since Thanksgiving. There is no disputing that Watkinson House is a BOP facility, 20 minutes from Petitioner's home, and just down the street from St. Francis Hospital that Petitioner's Doctors are all affiliated with. Mr. Carpenter has the lowest possible Custody Level and PATTERN Score, and should be in a minimum security Halfway House; not in a notoriously bad and condemned Maximum Security Prison.

Moreover, now that Mr. Carpenter has served almost 12 of his now 20 months of incarceration, he should be serving that last 8 months as an Elderly Offender at a Halfway House or Home Confinement pursuant to §3624(c) as Congress always intended with the Second Chance Act of 2007; and now under the FSA and §3624(g)(10), there is no limit on the amount of time an inmate can be placed on Home Confinement to satisfy his sentence. Mr. Carpenter should not be

at MDC Brooklyn, and he needs this Court's help to immediately order his release to Home Confinement pursuant to the will of Congress as clearly expressed in the 2018 adoption of the First Step Act.

### D.  This Is An Unusual Emergency Situation

On Monday March 2, 2020 after a Fire Drill in the Cadre Unit of MDC Brooklyn, the Unit Counselor announced that Cadre would be moving to the old East Wing of MDC Brooklyn, which has been condemned and is uninhabitable by any health standard. Inmates assigned to clean it up have reported seeing Black Mold on all the walls and ceilings and there are rat feces and mouse droppings everywhere. The toilets are right next to the kitchen, and the showers are in unsanitary conditions for a Third World Country. Even a cursory glance at this infamous floor, which has been closed for two years and is still subject to Congressional Hearings, would cause this facility to flunk its upcoming inspection in April. More importantly, it constitutes cruel and unusual punishment for Petitioner who was able to walk outside in the sunlight for 6 miles every day at FMC Devens. Here, there is no way of seeing the Sun from the enclosed terrace on the Eighth Floor. On the Sixth Floor of the East Side there is no terrace, so there is no Sun or fresh air or even a place to walk as in most Camps where Petitioner should be.

On the Sunday before last, Petitioner had his Blood pressure taken by a friendly PA.  He took Mr. Carpenter's blood pressure 4 times, because the lowest was 212/116, which is dangerously high. In fact, the Wall Street Journal has been running ads from the AHA that encourage everyone to get their blood pressure checked by showing a woman who had scars from her heart surgery because she had suffered a heart attack but only had 182/100 blood pressure. Needless to say, even without the current Coronavirus scare, Mr. Carpenter should be in Hartford, near his home and hospital, not in Brooklyn.

### E. Conclusion

For the above reasons, Mr. Carpenter respectfully asks this Court to use its inherent authority to order his immediate release to Home Confinement pending the Court's decision in this case, and to grant any other relief that this Court deems to be appropriate in the interests of justice.

Respectfully submitted

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner pro se
Incarcerated Inmate
Reg. No. 90792-038
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232