UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:13 cr 226 (RNC) |
| VS. | |
| DANIEL CARPENTER | MARCH 26, 2020 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT'S EMERGENCY PETITION FOR RELEASE**

**I.   INTRODUCTION**

By Docket Entry #507 the defendant has filed a *pro se* "Emergency Petition for Release to Home Confinement Pursuant to the First Step Act and 3624". After his petition, the situation with regard to the coronavirus has escalated and he is particularly vulnerable to harm from the Covid-19 virus and its rapid pandemic. The purpose of this supplemental memorandum is to provide the Court with a secondary rationale for releasing Mr. Carpenter from custody and placing him in home confinement.

**II.   FACTS**

Daniel carpenter was convicted on June 16, 2016 and sentenced on December 3, 2018 to 30 months which he initially served at FMC Devon. He is now in maximum security at MDC Brooklyn. He has served almost 12 months of his sentence, and in any event would be serving his final months as an Elderly Offender at a halfway house or home conferment pursuant to the Second Chance Act of 2007.

Per his Presentence Report, Mr. Carpenter will be 66 years old in May, is 290 lbs. and has high blood pressure, diabetes and a history of cardiac problems (PSR ¶238). Medical records

from Wyatt are attached as Exhibit A. His age, physical and mental condition make him within the highest risk group of deaths if he were to become infected with the Covid-19 virus.

III. ARGUMENT

Closely on point with Mr. Carpenter's situation is Judge Meyer's recent decision in *U.S. v. Henry Fellela, 3:19cr79* (JAM) (Docket #80), copy attached as Exhibit B. In that case, Judge Meyers granted an emergency motion for release for Mr. Fellela who is 62 years old, weighs 300 lbs. and was afflicted with diabetes among other ailments. He was found to be in the highest group of at-risk persons to the Covid-19 pandemic. Mr. Fellela was at the Wyatt Detention Center and not serving his sentence as is Mr. Carpenter, but the compassionate release provisions of the First Step Act would grant jurisdiction to this Court to release him to home confinement. See also *United States of America v Dante Stephens*, 15-c5-95 (AJN, S.D.N.Y., 2020), copy attached as Exhibit C.

Pursuant to 18 USC §3582(c)(1)(A)(i), the Court may reduce the term of imprisonment under "extraordinary and compelling circumstances".

This Court in *U.S. v. Rivernider*, 2019, WL 3816671 at Pg. 2 (D.Conn. August 14, 2019) noted that extraordinary and compelling reasons for a sentence reduction exist when considering the medical condition of the defendant so long as he is at least 65 years old and has served at least 75% of his term of imprisonment or for other extraordinary compelling reasons.

The existence of Covid-19 virus is certainly and extraordinary and compelling reason to protect the life and safety of this defendant. As of yesterday, there were 68,200 cases of the virus in the United States of which 33,013 cases are in New York City where Mr. Carpenter is presently detained. There are no statistics as to the number of prisoners who have been stricken with the virus, but considering the sanitation circumstances of any prison any particularly MDC

Brooklyn, they are certainly an extremely dangerous place for a person of Mr. Carpenter's age and medical history. Already at least one person has tested positive for the virus at MDC Brooklyn, according to the NY Post. As with most jails confinement at MDC Brooklyn is not compatible with "social distancing". Moreover, MDC has been the subject of significant issues in the recent past involving overcrowding, sanitation, security and is an aged facility subject to mechanical systems failure on occasion.

With regard to Mr. Carpenter exhausting his administrative remedies with a request for compassionate release from the Warden, the immediacy and danger of the daily worsening situation does not lend itself to that lengthy process and he should not have to wait until the COvid-19 virus is in control of the facility, due to his medical situation.

As noted in *Hendricks v. Zenon*, this Court can dispense with the administrative exhaustion requirement where there are "exceptional circumstances of peculiar urgency . . . ." 993 F.2d 664, 672 (9th Cir. 1993) (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *see also* 28 U.S.C. § 2254(b) (authorizing application for writ of habeas corpus in the absence of exhaustion of State remedies where "circumstances exist that render such process ineffective to protect the rights of the applicant."). Here, the coronavirus pandemic -- the subject of a declared national emergency -- is such a matter of peculiar urgency warranting immediate action by this court.[1]

---

[1] It appears that the stimulus bill is going to include a provision that will authorize the BOP to release people early under 18 USC §3624 to home or community confinement. Carpenter, who has a May 2021 release date, would qualify under it, assuming it is included in the final bill.

## IV. CONCLUSION

While it may not be necessary to determine at this time whether or not the Covid-19 virus presents a compelling reason for release pursuant to 18 USC §3142(i) or an "exceptional reason" for release pursuant to 18 USC §3145(c) in all cases, certainly Dan Carpenter's age and medical situation puts him at risk for death due to the pandemic, and his release to home confinement is warranted.

THE DEFENDANT

/s/ *Jonathan J. Einhorn*

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
EINHORNLAWOFFICE@GMAIL.COM

CERTIFICATION

I hereby certify that on this 26th day of March, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN