UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

―――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:13 cr 226 (RNC) |
| VS. | |
| DANIEL CARPENTER | APRIL 7, 2020 |

### DEFENDANT'S MOTION TO RECONSIDER MOTION FOR COMPASSIONATE RELEASE

By Ruling dated April 2, 2020, the Court denied Daniel Carpenter's Emergency Motion for Compassionate for Release without prejudice to renewal. (See Docket entry #517, ruling on docket entry #507).

During the telephone motion hearing the Court noted that Mr. Carpenter's only verified issues for release were his age and his documented history of hypertension. Although counsel had mentioned diabetes as another medical issue, no evidence of the same was presented, and the Court inquired if a medical evaluation could be conducted of the defendant by the BOP.

The Court also queried whether it had the power to grant compassionate release coupled with home confinement.

Since that telephone hearing, the undersigned has obtained Mr. Carpenter's medical evaluations and records from MDC Brooklyn which document his diagnosis of Type II diabetes as of 12/31/2019 (see records attached as Exhibit A, diagnosis highlighted.) A Bureau of Prisons Health Services Health Problems form (Exhibit B) lists Type 2 diabetes mellitus as a current illness, as of 1/03/202 (highlighted on Exhibit B).

1

In both *United States v. Fellela,* No. 3:19-cr-79 (JAM) and *United States v. Colvin,* No. 3:19-cr-179 (JBA) compassionate release was granted by Judges Meyer and Arterton, respectively, where the defendants had diabetes. In Colvin, the Court granted compassionate release due to potential exposure to the COVID-19 virus where she was "at significant risk of contracting the virus due to diabetes and high blood pressure". She was a convicted defendant at FDC Philadelphia, and like Mr. Carpenter not a danger to the community. Judge Arterton released her but subject to additional conditions.

Furthermore, both the CDC and the BOP acknowledge that persons with diabetes are at a higher risk of contracting COVID-19:

> The CDC Guidance confirms Defendant's position, stating plainly that "[p]ersons with diabetes" face a "higher risk for severe illness" if they contract COVID-19. Moreover, the Bureau of Prisons itself has acknowledged that home confinement may be appropriate for certain "at-risk inmates" in order "to protect the health and safety of ... people in our custody."[1]

In *Fellela,* the defendant was 62 years old, weighs 300 pounds and also has diabetes. Mr. Carpenter is 66, weighs 290 pounds and has diabetes and high blood pressure. Judge Meyer granted compassionate release for Mr. Fellela who was at Wyatt.

A similar result for post judgment defendant with diabetes is found in *United States v. Perez*, No. 17-cr-513 (AT) (SDNY) for a prisoner at MDC Brooklyn.[2]

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WHO ARE AT HIGHER RISK FOR SEVERE ILLNESS ("CDC Guidance"), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Apr. 2, 2020).
[2] A copy was previously furnished to the Court.

New York City is the epicenter of the COVID-19 epidemic in the United States.[3]  As of March 31, 2020, there are over 67,174 cases of COVID-19 in New York, and more than 1,224 people have died from the virus.[4]  On March 21, 2020, a person jailed at MDC Brooklyn was diagnosed with COVID-19, the first coronavirus case of a detainee in the federal prison system.[5]  On March 23, 2020, an inmate housed at MCC New York tested positive for the virus.[6]  As of March 31, 2020, eight people in BOP custody in New York City have tested positive.[7]  In addition, four staff at MDC Brooklyn and two staff at MCC New York have tested positive.

On March 27, 2020, four inmates at MDC Brooklyn filed a class action lawsuit seeking the release of approximately 540 inmates most vulnerable to succumbing to COVID-19.  See Class Action Petition Seeking Writ of Habeas Corpus Under 28 U.S.C. § 2241, Chunn v. McBride, No. 1:20-cv-01590-RPK, Doc. # 1 (E.D.N.Y Mar. 27, 2020).  The lawsuit alleges that MDC Brooklyn's warden has not taken steps to protect the petitioners from the substantial risk of harm posed by COVID-19, nor could he under MDC Brooklyn's current conditions.  See id.

See Exhibit C for Bureau of Prisons COVID-19 statistics as of April 6, 2020.

---

[3] New York Becomes 'Epicenter' of Coronavirus Pandemic, POLITICO N.Y. HEALTH CARE (Mar. 25, 2020), available at https://www.politico.com/states/new-york/newsletters/politico-new-yorkhealth-care/2020/03/25/new-york-becomes-epicenter-of-coronavirus-pandemic-333669.

[4] Coronavirus in the U.S.:  Latest Map and Case Count, N.Y. TIMES (updated daily), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last visited Mar. 31, 2020).  These numbers almost certainly underrepresent the true scope of the crisis; test kits in the United States have been inadequate to meet demand.

[5] Craig McCarthy, First Federal Inmate Tests Positive For Coronavirus, N.Y. POST (Mar. 22, 2020, 10:06 AM), https://nypost.com/2020/03/22/first-federal-inmate-tests-positive-for-coronavirus/.

[6] Walter Palvo, Inmate at MCC New York Tests Positive For COVID-19, FORBES (Mar. 24, 2020, 5:30 PM EDT), https://www.forbes.com/sites/walterpavlo/2020/03/24/inmate-at-mcc-new-york-tests-positive-for-covid-19/#92180492a0ed.

[7] See COVID-19 Tested Positive Cases, U.S. Bureau of Prisons (updated daily), https://www.bop.gov/coronavirus (last visited Mar. 31, 2020).

The situation at MDC Brooklyn continues to deteriorate. Although it is not one of the three facilities listed by A.G. Barr in his memo pertaining to home confinement of "COVID-19 risk factors"[8], it is one where, historically, health issues have escalated without control and is a "similarly situated facility" to the three he specifically names.

With regard to the Court's query on whether it has the power to order home confinement upon compassionate release, see *United States v. Brito*, No. 3-18-cr-81, where Judge Underhill on April 6, 2020 granted the defendant's compassionate release and placed him on home confinement ("home incarceration"), until his original BOP release date.[9]

Similarly, Judge Arterton in *Colvin, infra*, granted compassionate release for the defendant who was serving her sentence and required home confinement upon her release home to Bridgeport.[10]

If the motion (#507), is granted for compassionate release, Mr. Carpenter still is subject to an order of supervised release, and the Court can make his home confinement a condition of that supervised release.

Finally, although the extent of testing by the BOP at MDC is not clear, but nationwide, the pandemic appears to be increasing in severity among the prison population, as to both inmates and staff. Mr. Carpenter with diabetes and high blood pressure is among those most "at-risk" to contract COV-I19 and seeks compassionate release with home confinement.

---

[8] See Memorandum for Director of Bureau of Prisons, April 3, 2020 from Office of the Attorney General, attached as Exhibit 4.
[9] See *Brito, infra*, docket entry #1030.
[10] See *Colvin, infra*, docket entry #37.

THE DEFENDANT

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
EINHORNLAWOFFICE@GMAIL.COM

CERTIFICATION

I hereby certify that on this 7th day of April, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN