MANDATE

19-70-cr
*United States v. Daniel Carpenter*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*.
            DENISE COTE,
                    *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

        v.                                          19-70-cr

WAYNE BURSEY,
                    *Defendant*,

DANIEL CARPENTER,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 05/18/2020

FOR APPELLEE:                          DAVID E. NOVICK, Assistant United States
                                       Attorney (Neeraj Patel *and* Sandra S. Glover,
                                       Assistant United States Attorneys, *on the brief*),
                                       *for* John H. Durham, United States Attorney for
                                       the District of Connecticut, New Haven,
                                       Connecticut.

FOR DEFENDANT-APPELLANT                 MICHAEL A. LEVY (Qais Ghafary, *on the
                                       brief*), Sidley Austin LLP, New York, New
                                       York.

Appeal from the United States District Court for the District of

Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Daniel Carpenter appeals from the December 20,

2018 judgment of the district court convicting him, following a bench trial, of fifty-seven

counts related to his participation in a stranger-originated life insurance ("STOLI")

scheme, in which he fraudulently induced insurance providers to issue and maintain

life insurance policies on elderly strangers.  Specifically, Carpenter was convicted of

wire fraud, mail fraud, conspiracy to commit mail and wire fraud, illegal monetary

transactions, money laundering, and conspiracy to commit money laundering.  The

district court sentenced Carpenter principally to thirty months' imprisonment.

Carpenter argues that the district court committed reversible error by (1) denying his

motion to dismiss the indictment for violations of the Speedy Trial Act; (2) denying his

motions to suppress evidence seized pursuant to warrants; (3) erroneously calculating

the loss amount; (4) holding that certain of the mail and wire fraud counts were timely; and (5) erroneously treating certain death benefits as proceeds of fraud.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I.      *Speedy Trial Act*

"We review the district court's findings of fact as they pertain to a speedy trial challenge for clear error and its legal conclusions *de novo*." *United States v. Lynch*, 726 F.3d 346, 351 (2d Cir. 2013) (internal quotation marks omitted).  The Speedy Trial Act requires that a trial begin within seventy days of indictment or initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1).  Time may be excluded, however, for various reasons, including the filing of pretrial motions and continuances in the interest of justice.  *See* 18 U.S.C. § 3161(h)(1)(D), (7)(A).

With respect to exclusions of time for interest-of-justice continuances, the court must articulate either orally or in writing its reasons for finding that the ends of justice are served by the continuance.  *See* 18 U.S.C. § 3161(h)(7)(A).  While the required ends-of-justice findings must be made before a continuance is granted, the time is properly excluded even where the district court does not "utter the magic words 'ends-of-justice' at the time of ordering the continuance." *United States v. Breen*, 243 F.3d 591, 597 (2d Cir. 2001).  Where it is apparent from the record that the district court has weighed the competing interests,  "the purposes of the statute are satisfied by a subsequent articulation." *Id.* at 596; *see also Zedner v. United States*, 547 U.S. 489, 506-07

(2006) (stating required ends-of-justice findings "must be made, if only in the judge's mind, before granting the continuance").

The district court issued a written decision on March 22, 2016 denying Carpenter's speedy trial motion.  We agree that there was no speedy trial violation largely for the reasons given by the district court.  We note that during the relevant period, from January 17, 2014, when Carpenter made his first appearance, until the start of trial on February 16, 2016, Carpenter made several motions that resulted in the exclusion of time.  On January 30, 2014, Carpenter moved for an enlargement of his time to file motions and to reschedule his trial from March 11, 2014 to an unspecified time thereafter.  After a hearing on the motion, the district court granted the motion, making the necessary ends-of-justice finding and adjourning the trial to March 10, 2015.  On December 3, 2014, Carpenter moved for an enlargement of time for the commencement of trial from March 10, 2015 to "sometime after September 10, 2015."  App'x at 408.  Carpenter represented that the time was necessary for counsel to review the voluminous discovery and prepare a proper defense.  The motion was discussed at length at a hearing on December 4, 2014.  The court granted the motion, extending the trial date until "the fall, perhaps in October."  App'x at 510.  While the district court did not make explicit ends-of-justice findings, clearly the court and counsel thoroughly discussed the relevant factors, and it is apparent that, in granting the motion, the district court weighed these factors in its mind.  Moreover, in its October 13, 2015 order, the district court made explicit its ends-of-justice finding for the exclusion of time from

March 10, 2015 forward.  Accordingly, the time was properly excluded and Carpenter's rights to a speedy trial were not violated.

II.    *The Search Warrants*

Carpenter argues that the district court erroneously denied his motion to suppress evidence seized on the basis of facially defective search warrants.  We disagree.  On appeal from a denial of a suppression motion "we review a district court's findings of fact for clear error, and its resolution of questions of law and mixed questions of law and fact *de novo*."  *United States v. Bohannon*, 824 F.3d 242, 247-48 (2d Cir. 2016).

A warrant must satisfy three criteria to be sufficiently particular under the Fourth Amendment: (1) it must "identify the specific offense for which the police have established probable cause"; (2) it must "describe the place to be searched"; and (3) it must "specify the items to be seized by their relation to the designated crimes."  *United States v. Ulbricht*, 858 F.3d 71, 99 (2d Cir. 2017).  "[T]he alleged crimes must appear in either (1) the warrant itself, or (2) in a supporting document if the warrant uses appropriate words of incorporation and if the supporting document accompanies the warrant."  *In re 650 Fifth Ave. and Related Props.*, 830 F.3d 66, 100 (2d Cir. 2016).  "A failure to describe the items to be seized with as much particularity as the circumstances reasonably allow offends the Fourth Amendment."  *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992).  Even where a warrant is facially invalid, the search can be upheld under the good faith exception to the warrant requirement.  "[T]he exclusion of

- 5 -

evidence is inappropriate when the government acts in objectively reasonable reliance on a search warrant, even when the warrant is subsequently invalidated." *United States v. Ganias*, 824 F.3d 199, 221 (2d Cir. 2016).

As a threshold matter, the district court found that Carpenter had a reasonable expectation of privacy in the areas searched and the items seized under the two warrants. *See* App'x at 542. Assuming Carpenter did have standing to challenge the warrants, his challenge still fails. Even if the warrants were facially invalid, the agents' reliance on them was reasonable. "[A] defective warrant issued based on an affidavit providing detailed factual allegations" will "almost invariably demonstrate reasonable reliance." *United States v. Clark*, 638 F.3d 89, 103 (2d Cir. 2011); *see also United States v. Maxwell*, 920 F.2d 1028, 1034 (D.C. Cir. 1990) (holding that "[w]hen the magistrate signed the warrant . . . with the affidavit apparently attached although not specifically incorporated, the agent reasonably could have concluded that the scope of the warrant was limited to materials supporting the allegations contained in the affidavit") (cited in *George*, 975 F.2d at 76). Both warrants were based on detailed affidavits that clearly described the crimes in question, the places to be searched, and the items to be seized. *See Clark*, 638 F.3d at 102. Accordingly, the evidence seized as a

result of the warrants was admissible under the good faith exception, and we conclude

that the district court did not err when it denied Carpenter's motion to suppress.

III.    *Loss Calculation*

Carpenter argues that the district court miscalculated the Sentencing

Guidelines range because it applied a sentencing enhancement based on an erroneous

estimate of loss.  Specifically, Carpenter contends that the Guidelines range of 292 to 365

months was driven largely by a 22-level enhancement resulting from a faulty loss

calculation of $53.3 million, when the proper loss calculation would have resulted in a

Guidelines range of 27 to 33 months.  We are not persuaded.

"We review legal interpretations of the Sentencing Guidelines construing

the term 'loss' *de novo*.  Factual findings supporting the district court's offense level

calculation are reviewed under a clearly erroneous standard."  *United States v. Jacobs*, 117

F.3d 82, 95 (2d Cir. 1997) (citation omitted).  A district court's factual findings as to loss

amount is reviewed for clear error.  *See United States v. Binday*, 804 F.3d 558, 595 (2d Cir.

2015).  Here, the district court applied the loss amount methodology we approved in

*Binday*, *id.* at 596.  Accordingly, we find no clear error in the application of the

sentencing enhancement derived from the resulting loss calculation.

IV.    *Statute of Limitations*

Carpenter argues that the district court erred when it convicted him of 28

counts of mail and wire fraud that he contends were barred by the statute of limitations.

Specifically, Carpenter argues that the relevant mailings or wires involved premium

payments on policies issued outside the applicable limitations period and that premium payments made within the limitations period do not qualify as acts in furtherance of the charged fraud.  We disagree.

"After a bench trial, we will set aside a district court's findings of fact only if they are clearly erroneous." *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996). Conclusions of law and mixed questions of fact and law are reviewed *de novo. Id.*  The relevant mailing or wire "need not be an essential element of the scheme.  It is sufficient for [it] to be incident to an essential part of the scheme." *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989) (internal citations and quotation marks omitted).  "Where the frauds are not isolated or unrelated swindles, postfraud mailing of invoices, checks, or receipts may further the scheme . . . by helping to keep the scheme in operation by preserving a needed business relationship between a fraud victim and a defendant." *United States v. Slevin*, 106 F.3d 1086, 1089-90 (2d Cir. 1996).

Here, though the fraud was initiated when a STOLI policy was purchased, the scheme did not reach fruition until the STOLI policies were resold at the end of the two-year contestability period and Carpenter's companies received commissions. Keeping the policies in force -- which required making premium payments -- was thus necessary to complete the fraud.  Accordingly, we conclude that the challenged mail and wire fraud counts fell within the statute of limitations.

V.    *Money Laundering and Illegal Monetary Transaction Convictions*

Carpenter argues that his convictions for money laundering and illegal monetary transactions based on the death of Sash Spencer must be reversed because the death benefits were not themselves proceeds of fraud.  Specifically, Carpenter argues that because the information regarding Spencer's age and health was accurate, proceeds from the benefit were not fraudulently obtained.  We disagree.

As Carpenter did not make this argument below, we review for plain error.  *See United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995).  A factfinder may infer that an insurer seeking to avoid issuing STOLI policies asks questions about an applicant's economic status and reason for purchasing the policy "not out of idle curiosity, but because they are material to the insurer's underwriting decision." *Binday*, 804 F.3d at 576.  Here, questions intended to ferret out STOLI policies were not answered truthfully, resulting in the issuance of policies that would not have otherwise issued.  Accordingly, we hold that the district court did not plainly err when it convicted Carpenter of money laundering and illegal monetary transactions.

\*   \*   \*

We have considered Carpenter's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit