UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | January 7, 2021 |

### GOVERNMENT'S MOTION TO STRIKE DANIEL CARPENTER'S PRO SE PETITION FOR RELEASE OF GRAND JURY TRANSCRIPTS

The Government respectfully moves the Court for an order striking defendant Daniel Carpenter's *pro se* petition for release of grand jury transcripts. Doc. 528 (hereinafter, the "Petition").  As more fully set forth below, Carpenter's Petition should be stricken because he is represented by counsel and, therefore, he is not entitled to file a *pro se* pleading.[1]  The Government also asks the Court to hold in abeyance the Government's deadline to respond to the Petition until the Court rules on this motion.

The docket in this case reflects that Carpenter is still represented by retained counsel, Attorney Jonathan Einhorn, Esq.  Indeed, since judgment entered on December 21, 2018, *see* Doc. 411, Attorney Einhorn has continued to represent Carpenter in post-conviction proceedings for the past two years. He has filed six pleadings on Carpenter's behalf in the last year alone, and he participated in a telephone conference on April 2, 2020 regarding an emergency motion for release. *See* Doc. 517. In addition, after the Second Circuit denied Carpenter's direct appeal in this case, Attorney Einhorn filed a petition for writ of certiorari with the Supreme Court, which was filed on October 5, 2020, and denied only two months ago on November 9, 2020. *See* Ex. A at 2 (printout of Supreme Court docket). Most significantly, Attorney Einhorn continues to represent Carpenter

---

[1] In the Petition, Carpenter suggests he will be filing additional pleadings with the Court in the next week. *See* Petition at 2.

in ongoing litigation over restitution, wherein the parties have provided additional briefing at the Court's request regarding the Government's request for restitution to reinsurers (*see* Docs. 485, 492), and in his appeal of the partial restitution order in this case, which is currently held in abeyance pending this Court's decision on restitution to reinsurers. *See* Doc. No. 475 (notice of appeal of restitution order); Ex. B at 1 (printout of Second Circuit docket).

In short, it appears that Carpenter continues to be represented by retained counsel in this case. In fact, at no point has Attorney Einhorn moved to withdraw or terminate his appearance. *See* D. Conn. L. Civ. R. 7(e) ("Withdrawals of appearances may be accomplished *only* upon motion." (emphasis added)); D. Conn. L. Crim. R. 1(c) (incorporating D. Conn. L. Civ. R. 7(e) in criminal cases).[2]

The Second Circuit has made clear that "[a] defendant has a right either to counsel or to proceed pro se, but has no right to hybrid representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations." *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) (internal quotation marks omitted); *see United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("[A] criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney."); *United States v. Wolfish*, 525 F.2d 457, 463 (2d Cir. 1975) (defendant "had an experienced counsel and, so long as he retained him, he could not appear pro se."); *City of New York v. Venkataram*, No. 06-CV-6578 (NRB), 2009 WL 3321278, at *1 n.1 (S.D.N.Y. Oct. 7, 2009) ("it is well-settled in this circuit that a party may not proceed in federal courts represented by counsel and simultaneously appear pro se[.]" (internal quotations and citation omitted)), *aff'd*, 396 F. App'x 722 (2d Cir. 2010).

---

[2] The docket in this case also reflects that Attorneys Richard Brown, Esq. and Cody Guarnieri, Esq. have not withdrawn or terminated their appearances. However, they have not filed any pleadings on Carpenter's behalf since judgment entered in this case.

Consistent with Second Circuit law, this Court also has noted that "[t]he law does not entitle a defendant to represent himself while also appearing through an attorney." *United States v. Johnson*, No. 3:09-cr-247 (RNC), 2010 WL 3999232, at *1 (D. Conn. Oct. 6, 2010). "When a defendant who is represented by counsel files a motion pro se, the motion need not be accepted by the court." *Id.*

Applying those standards here, Carpenter has no right to proceed *pro se* while he is simultaneously represented by retained counsel.  As such, the Court should strike Carpenter's *pro se* Petition.

Moreover, as an exhibit to his Petition, Carpenter has filed a document (Doc. 528-3), a law enforcement interview report, in violation of his own counsel's January 30, 2014 confidentiality agreement with the Government that protects such document from public disclosure.  Nor does that filing comport with the privacy protections under the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 49.1 (requiring redaction of personal identifying information in electronic or paper filings with the court).   Carpenter has filed a pleading with the personal identifying information of a Government witness, including full address and date of birth. *See* Doc. 528-3. These violations reinforce why the law does not permit hybrid representation.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court strike Carpenter's Petition and advise him that he is not entitled to represent himself while also appearing through retained counsel. The Government further asks the Court to hold in abeyance the Government's deadline to respond to the Petition until the Court rules on this motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

<u>CERTIFICATION OF SERVICE</u>

This is to certify that on January 7, 2021, a copy of the foregoing Government's Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. A copy of this filing also was sent by first class U.S. Mail to Daniel Carpenter at the address listed in his Petition, Doc. 528 at 3.


/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY