UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | January 26, 2021 |

**GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO STRIKE DANIEL CARPENTER'S PRO SE
<u>PETITION FOR RELEASE OF GRAND JURY TRANSCRIPTS</u>**

The Government respectfully submits this reply memorandum in support of its motion to strike defendant Daniel Carpenter's *pro se* petition for release of grand jury transcripts. Doc. 528 (the "Petition"). In his memorandum opposing the Government's motion to strike, Carpenter asserts that the Government's motion is baseless and suggests the Government must be hiding something. Doc. 532 at 1-2 ("Def.'s Opp. Mem."). Nothing could be farther from the truth.

The law in the Second Circuit is clear: "A defendant has a right either to counsel *or* to proceed pro se . . . but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations." *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016). "When a defendant who is represented by counsel files a motion pro se, the motion need not be accepted by the court." *United States v. Johnson*, No. 3:09-CR-247 RNC, 2010 WL 3999232, at *1 (D. Conn. Oct. 6, 2010) (denying without prejudice defendant's pro se motion because he was represented by counsel); *see United States v. Almonte-Polanco*, No. 18-CR-6125L, 2020 WL 5653305, at *1 (W.D.N.Y. Sept. 23, 2020) (denying defendant's pro se filings because the court was "under no obligation to consider pro se filings by this defendant who is represented by counsel.").

Carpenter acknowledges that Attorney Einhorn continues to represent him in connection

with the restitution issues in this case. *See* Def.'s Opp. Mem. at 2. However, he completely ignores that Attorney Einhorn represented him in a number of other post-trial pleadings this year, and he also ignores that Attorney Einhorn has not yet withdrawn his appearance in this case. Carpenter's only explanation for filing his motion *pro se* is that Attorney Einhorn's continued representation "has nothing to do with the present filings now before this Court." *Id.*

In other words, Carpenter wants to be able to present some issues to the Court through his attorney and present other issues to the Court *pro se*. This is precisely what the Second Circuit has said a defendant does not have a right to do. *See Rivernider*, 828 F.3d at 108 (defendant "has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations."). Although Carpenter cites *Faretta v. California*, 422 U.S. 806, 834 (1975), for the proposition that he has a right to represent himself, the law is clear that even under *Faretta*, he has "a right either to counsel *or* to proceed pro se" but not both. *Rivernider*, 828 F.3d at 108 (emphasis added).

In justifying his position that he should be permitted to file *pro se*, Carpenter asserts that he has not had any issues filing *pro se* motions in Massachusetts despite being represented by counsel in the past. *See* Def.'s Opp. Mem. at 2. The difference is that those attorneys did not continue to represent Carpenter in his Massachusetts case when he filed his *pro se* motions. As Carpenter concedes, they represented him in the past. *See id.* Here, by contrast, Attorney Einhorn continues to represent Carpenter in this case, having filed several pleadings on Carpenter's behalf this year alone. *See* Docs. 511-513, 516-518, 524.

The Government recognizes that the Court has the discretion to consider Carpenter's *pro se* filings while represented by counsel. *See Rivernider*, 828 F.3d at 108 n.5. However, the Court should not do so. For one thing, Carpenter's Petition fails to mention the applicable legal standard

for disclosing grand jury transcripts. Indeed, he fails to mention any relevant case law. As the Court is well-aware, Fed. R. Crim. P. 6(e) protects the secrecy of grand jury material and only allows its disclosure in limited circumstances. A person seeking disclosure must show a "particularized need" based on "concrete allegations," not mere speculation, of Government misconduct. *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir. 2017). Moreover, "[i]t is well settled that a guilty verdict at trial remedies any possible defects in the grand jury indictment." *United States v. Lombardozzi*, 491 F.3d 61, 80 (2d Cir. 2007) (internal quotations and citation omitted); *see Moore v. Attorney Gen. of New York*, No. 17-CV-0474 (JFB), 2019 WL 3717580, at *10 (E.D.N.Y. Aug. 7, 2019) ("it is well settled that a guilty verdict of a trial jury cures a defect in the grand jury proceeding."); *Bruno v. Coveny*, No. 18-CV-1522 (AMD), 2020 WL 1812460, at *2 (E.D.N.Y. Apr. 9, 2020) (denying petitioner's access to grand jury minutes because he was convicted at trial).

Carpenter's Petition fails to address this legal standard, which highlights why hybrid representation is inappropriate. Nor does he explain how access to the grand jury transcripts will help overturn his conviction since he was convicted following a trial, which would cure any defect, assuming there was a defect. In fact, Carpenter's counsel had access to all of the grand jury transcripts before trial, but did not raise any issues about the grand jury testimony prior to trial or in his post-trial Rule 29 and Rule 33 motions, which bars him from raising these baseless accusations now—nearly five years later—in his criminal case. *See* Fed. R. Crim. P. 12(b)(3) (motions to dismiss indictment for errors in grand jury proceeding or vindictive prosecution must be made before trial if the basis for the motion is reasonably available); *United States v. Tarascio*, 15 F.3d 224, 225 (2d Cir. 1993) ("objections based on defects in the indictment must be raised prior to trial or they are waived."). As explained below, his only avenue at this point is a *habeas*

proceeding. In any event, his Petition is not based on concrete allegations, but on allegations that are either flatly refuted by the record or are based on pure speculation. *See, e.g.,* Petition at 3 ("Someone must have lied to the Grand Jury"); *id.* at 4. ("Petitioner does not know if Mr. Cherneski testified before the Grand Jury; but if he did, the chances are overwhelming that he knowingly presented perjurious testimony."); Def,'s Opp. Mem. at 4 ("Petitioner was indicted only four days after Mr. Waesche confessed, so the chances are overwhelming that the Grand Jury was lied to by Ed Waesche about some fictitious conspiracy to defraud certain life insurance carriers."); *id.* at 8 (requesting grand jury transcripts "so that [Carpenter] can discover what other constitutional sins the Government is trying to hide[.]").

If the Court denies the Government's motion to strike, it will more fully explain why Carpenter's application should be denied. For now, the Court should not accept a *pro se* motion that, at a minimum, fails to set forth the applicable legal standard, especially when Carpenter is represented by counsel.

In addition, Carpenter's *pro se* filings make other baseless accusations of Government misconduct that are plainly contradicted by the record. For example, Carpenter claims that the Government withheld information about Edward Waesche's guilty plea to conspiracy in December 2013 and that Carpenter did not know that Mr. Waesche was cooperating with the Government in April 2013. *See* Def.'s Opp. Mem. at 3-4, 6. He claims that everything was under seal and he just learned, in 2021, that Mr. Waesche admitted his involvement in the conspiracy and cooperated with the Government. *See id.*

However, all of this information was disclosed to the defense before trial. In fact, Mr. Waesche's guilty plea and cooperation were explored during Mr. Waeshe's testimony at trial, and his plea agreement and cooperation agreement were admitted as Government exhibits at trial. *See*

4

Doc. 489 at 690-91 (portion of Mr. Waesche's testimony on direct discussing plea agreement and cooperation agreement); *see also* Doc. 207 (noting that Gov't Ex. 1920 (Waesche's plea agreement) and Gov't Ex. 1921 (Waesche's cooperation agreement) were admitted at trial). Carpenter also ignores that during the trial—at which Carpenter was present—his own counsel cross-examined Mr. Waesche about his plea to conspiracy and his cooperation with the Government dating back to April 2013. *See* Doc. 490 at 994-994, 1014-1015. Waesche's admission that he lied on insurance applications was fully addressed at trial and in the Court's 91-page verdict finding Carpenter guilty beyond a reasonable doubt.

It also bears repeating that in his original Petition, Carpenter failed to abide by the Federal Rules of Criminal Procedure when he filed a pleading without redacting the personal identifying information of a Government witness, including full address and date of birth. Instead of acknowledging and correcting his error, Carpenter now states that the Government should have deleted the information before providing it in discovery. *See* Def.'s Opp. Mem. at 6. The Government, however, entered into a confidentiality agreement with Carpenter's counsel precisely so that such personal information of witnesses would remain confidential. Carpenter also claims there is no harm because much of the witness's personal information is available on the internet. *See id.* Even if that were true, however, it does not excuse Carpenter's failure to abide by the rules.

Finally, Carpenter's Petition puts the cart well before the horse in post-conviction review. Aside from restitution, which is not implicated by Carpenter's Petition, the judgment in Carpenter's criminal case is final and he has exhausted all avenues of direct appellate review. There is no remaining recourse associated with his criminal case that would permit renewed discovery.

At this stage, Carpenter has clearly defined legal recourse if he wishes (as he apparently does) to continue to challenge his convictions, particularly if he wishes to proceed without counsel. Specifically, because Carpenter is still serving a custodial sentence, he may petition the Court on certain closely circumscribed bases to set aside his conviction pursuant to 28 U.S.C. § 2255. *See United States v. Boykun*, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Indeed, Carpenter is well aware of his *habeas* rights, having moved a court in the District of Massachusetts to set aside his earlier conviction and sentence. *See United States v. Daniel Carpenter*, Case No. 1:04cr10029 (GAO), ECF No. 495. That petition, which largely rehashed arguments made during the criminal case, was denied by the court. *Id*., ECF No. 572.

If Carpenter does petition this Court under 28 U.S.C. § 2255 within the statutory time limit, he may move the Court for discovery. However, Carpenter's right to discovery would be very limited. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Ferranti v. United States*, 480 F. App'x 634, 638 (2d Cir. 2012) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "Rather, discovery is allowed only if the district court, acting in its discretion, finds 'good cause' to allow it." *Id*. (citing *Bracy*, 520 U.S. at 904). "This 'good cause' standard is satisfied 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Id*. (quoting *Bracy*, 520 U.S. at 908–09) (alteration in original). The discovery rules in a § 2255 proceeding do "not license a petitioner to engage in a

6

'fishing expedition' by seeking documents 'merely to determine whether the requested items contained any grounds that might support his petition[.]'" *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)); *Garafola v. United States*, 909 F. Supp. 2d 313, 335-36 (S.D.N.Y. 2012) (denying petitioner's request for discovery in support of his § 2255 because it constituted a fishing expedition). A court may therefore "deny a petitioner's request for discovery where the petitioner provides no specific evidence that the requested discovery would support its habeas corpus petition." *Pizzuti*, 809 F. Supp. 2d at 176.

      Here, Carpenter has not yet moved the Court under § 2255, and thus has made no attempt to shoehorn his baseless allegations into one of the claims cognizable under § 2255. Nor has he attempted to support those claims with anything other than supposition. As a result, the Court is in no position to consider whether there is "good cause" to release grand jury transcripts—or any other material—directly to Carpenter. His blanket request for grand jury transcripts is nothing more than a fishing expedition. *See* Def.'s Opp. Mem. at 8 (requesting grand jury transcripts "so that [Carpenter] can discover what other constitutional sins the Government is trying to hide[.]"). Assuming Carpenter ultimately files his *habeas* petition and then moves for discovery, the Government may suggest that the Court consider that Carpenter's counsel had access to all *Jencks* Act material in this case—including grand jury transcripts—during his criminal case, and that he had ample opportunity to make any claims based on those transcripts during the criminal case.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court strike Carpenter's Petition and advise him that he is not entitled to represent himself while also appearing through retained counsel. The Government further asks the Court to hold in abeyance the Government's deadline to respond to the Petition until the Court rules on this motion.

>Respectfully submitted,
>
>JOHN H. DURHAM
>UNITED STATES ATTORNEY
>
>/s/ Neeraj N. Patel
>NEERAJ N. PATEL
>ASSISTANT U.S. ATTORNEY
>Federal Bar No. phv04499
>157 Church Street, 25th Floor
>New Haven, CT 06510
>Tel: 203-821-3700
>Email: Neeraj.Patel@usdoj.gov
>
>/s/ David E. Novick
>DAVID E. NOVICK
>ASSISTANT U.S. ATTORNEY
>Federal Bar No. phv02874
>157 Church Street, 25th Floor
>New Haven, CT 06510
>Tel: 203-821-3700
>Email: David.Novick@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on January 26, 2021, a copy of the foregoing Government's Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. A copy of this filing also was sent by first class U.S. Mail to Daniel Carpenter at the address listed in his Petition, Doc. 528 at 3.

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY