UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13-CR-226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | February 26, 2021 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DANIEL CARPENTER'S PETITION FOR RELEASE OF GRAND JURY MINUTES**

The Government respectfully files this memorandum in opposition to defendant Daniel Carpenter's petition and memorandum seeking release of grand jury transcripts pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii) for both the original and superseding indictment. Docs. 538, 538-1. He speculates that the grand jury transcripts will expose substantial constitutional violations by the Government. Specifically, he suspects that the Government and its witnesses lied to the grand jury, and he seeks the transcripts to uncover those purported lies and move to dismiss the indictment.

As explained below, Carpenter's petition is without merit. First, the Second Circuit affirmed his conviction on appeal, the Supreme Court denied his petition for a writ of certiorari, and his judgment is now final. Carpenter's counsel had access to grand jury transcripts before and after trial, but did not raise any issues with the Government's grand jury presentation at any point before entry of judgment. The criminal case is now over, and any motion to dismiss the indictment is untimely and procedurally improper. Second, Carpenter's petition is premised on baseless allegations that have already been rejected by this Court in its verdict and rulings on Carpenter's various post-trial motions. More importantly, Carpenter's conviction following trial cures any purported errors in the grand jury proceeding. At this stage, if Carpenter wants to set aside his conviction, he has limited avenues of relief, such as filing a petition under 28 U.S.C. § 2255. He has not yet done so. Accordingly, Carpenter's petition should be denied.

**I.      BACKGROUND**

This Court found Carpenter guilty in a 91-page Verdict and Special Findings (the "Verdict"), following a several-week bench trial, of fifty-seven counts related to his participation in a stranger-originated life insurance scheme, in which he fraudulently induced insurance providers to issue and maintain life insurance policies on elderly strangers. Doc. 212. Specifically, Carpenter was convicted of wire fraud, mail fraud, conspiracy to commit mail and wire fraud, illegal monetary transactions, money laundering, and conspiracy to commit money laundering. *Id.*

Prior to trial, the Government provided the defense with discovery, including all of the grand jury transcripts. *See* Ex. A (email from Carpenter's counsel acknowledging receipt of grand jury transcripts). As the Government noted in its email communications with Carpenter's counsel prior to trial, only two witnesses testified in the grand jury. *See id.* Despite having the transcripts, the defense did not make any allegations about false grand jury testimony prior to trial, nor did the defense cross-examine the two witnesses about their grand jury testimony during the trial. After trial, the defense filed both Rule 29 and Rule 33 motions, and various other post-trial motions. Again, the defense did not raise any allegations about false or misleading grand jury testimony, despite having access to the grand jury transcripts, the trial evidence, and the Court's 91-page verdict.

The Court denied Carpenter's post-trial motions and subsequently sentenced Carpenter principally to thirty months' imprisonment. Doc. 411 (Judgment). The Second Circuit affirmed the judgment, and the Supreme Court subsequently denied his petition for writ of certiorari. *See United States v. Bursey*, 801 Fed. Appx. 1, 2 (2d Cir. Jan. 13, 2020) (affirming Carpenter's conviction), *cert. denied sub nom. Carpenter v. United States*, No. 20-455, 2020 WL 6551799, at *1 (U.S. Nov. 9, 2020).

## II.     APPLICABLE LAW

Fed. R. Crim. P. 6(e) protects the secrecy of grand jury material and only allows its disclosure in limited circumstances. Indeed, "[i]nformation falling within Rule 6(e)'s protections is entitled to a presumption of secrecy and closure." *United States v. Ulbricht*, 858 F.3d 71, 107 (2d Cir. 2017) (internal quotation marks and citation omitted). Under Fed. R. Crim. P. 6(e)(3)(E)(ii), a court may authorize disclosure of grand jury minutes "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

However, to rebut the presumption of secrecy, the party "seeking disclosure [must] show a particularized need that outweighs the need for secrecy." *Ulbricht*, 858 F.3d at 107  (internal quotation marks and citation omitted); *see United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("disclosure is permissible only 'where there is a compelling necessity'" (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-82 (1958)). Such a showing must be based on "concrete allegations of Government misconduct[,]" not mere speculation.  *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994); *United States v. Torres*, 901 F.2d 205, 232–33 (2d Cir.1990) ("a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.") *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *United States v. Wooten*, 91 F. App'x 355 (5th Cir. 2004) ("The request must amount to more than a request for authorization to engage in a fishing expedition.").

Moreover, any motion alleging defect in instituting a prosecution, error in the grand jury proceeding, vindictive prosecution, or defect in the indictment must be made before trial if the basis for the motion is reasonably available and can be determined without a trial on the merits. *See* Fed. R. Crim. P. 12(b)(3); *United States v. Santiago-Ortiz*, 797 F. App'x 34, 38 (2d Cir. 2019)

(motions under Fed. R. Crim. P. 12(b)(3), including arguments based on defects in the indictment, must be made before trial or they are waived); *United States v. Tarascio*, 15 F.3d 224, 225 (2d Cir. 1993) ("objections based on defects in the indictment must be raised prior to trial or they are waived.").[1] In addition, "[i]t is well settled that a guilty verdict at trial remedies any possible defects in the grand jury indictment." *United States v. Lombardozzi*, 491 F.3d 61, 80 (2d Cir. 2007) (internal quotations and citation omitted); *see Moore v. Attorney Gen. of New York*, No. 17-CV-0474 (JFB), 2019 WL 3717580, at *10 (E.D.N.Y. Aug. 7, 2019) ("it is well settled that a guilty verdict of a trial jury cures a defect in the grand jury proceeding."); *Bruno v. Coveny*, No. 18-CV-1522 (AMD), 2020 WL 1812460, at *2 (E.D.N.Y. Apr. 9, 2020) (denying petitioner's access to grand jury minutes because he was convicted at trial).

---

[1] Rule 12 was amended in December 2014, after the superseding indictment in this case was returned. To the extent Carpenter argues that the prior version of Rule 12 should apply, his argument would be without merit. The Supreme Court's order amending Rule 12 provides that the 2014 amendment "'shall take effect on December 1, 2014, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, *all proceedings then pending*.'" *United States v. Burroughs*, 810 F.3d 833, 838 (D.C. Cir. 2016) (quoting Supreme Court's Apr. 25, 2014 Order and applying new version of Rule 12 to case indicted before amendment but still pending after amendment) (emphasis added); *see, e.g., United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016) (same). Here, Carpenter's trial did not commence until February 2016, and judgment did not enter until December 2019, after the current version of Rule 12 went into effect, and therefore, the current version is applicable. However, even if the prior version applied, is still required motions alleging a defect in instituting the prosecution or a defect in the indictment to be raised before trial, and certainly before judgment. *See* Fed. R. Crim. P. 12 (2013); *United States v. Cathey*, 591 F.2d 268, 271 n. 1 (5th Cir. 1979) (where defendant did not receive grand jury testimony until after the trial began, "he could not be expected to comply with Rule 12(b)(2)" but he still must make his motion "at the earliest possible time."); *United States v. Bradford*, 54 F. App'x 592, 2002 WL 31730370 at *3 (5th Cir. 2002) ("Objections based on defects in the indictment are waived if not raised either before trial or at the earliest possible opportunity."); *Wooten*, 91 F. App'x at 355 (denying disclosure of grand jury minutes because defendant "failed to show that he sought to challenge his indictment and conviction at the earliest possible time.").

## III.   DISCUSSION

Carpenter's request for grand jury minutes should be denied.[2] *First*, any motion to dismiss the indictment in this criminal case—which is the purported reason Carpenter seeks the grand jury testimony—would be untimely and procedurally improper. *See* Fed. R. Crim. P. 12(b)(3) (motion to dismiss must be made before trial if the basis for the motion is reasonably available and can be determined without a trial on the merits); *Tarascio*, 15 F.3d at 225 ("objections based on defects in the indictment must be raised prior to trial or they are waived."). Carpenter has been convicted and sentenced. Aside from restitution, which is not implicated by Carpenter's petition, the judgment in Carpenter's criminal case is final and he has exhausted all avenues of direct appellate review. Carpenter's counsel had access to all of the grand jury transcripts prior to trial but did not raise any allegations about any false evidence or testimony presented to the grand jury prior to or even during trial.

Even if he were to claim the transcripts were not reasonably available before trial or the issues could not be resolved without a trial on the merits, *see* Fed. R. Crim. P. 12(b)(3), the defense could have made such claims in the multitude of post-trial motions that Carpenter filed in the 18 months between verdict and the entry of judgment. He did not do so, which bars him from making these baseless accusations now—nearly five years after the verdict—in his criminal case. *See id.*; *Cathey*, 591 F.2d at 271 n. 1 (where defendant did not receive grand jury testimony until after the trial began, "he could not be expected to comply with Rule 12(b)(2)" but he still must make his motion "at the earliest possible time."); *Bradford*, 54 F. App'x 592, 2002 WL 31730370 at *3

---

[2] As an initial matter, the Government notes that Carpenter is still represented by counsel in his case. Although his counsel has filed a motion to withdraw, *see* Doc. 537, the Court has not yet granted the motion. On that basis alone, the Court may deny or strike the petition. *See* Doc. 535 (striking Carpenter's prior *pro se* filing and citing *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016)). However, presuming that the Court intends to grant counsel's motion to withdraw, the Government addresses the merits of Carpenter's petition.

("Objections based on defects in the indictment are waived if not raised either before trial or at the earliest possible opportunity."); *Wooten*, 91 F. App'x at 355 (denying disclosure of grand jury minutes because defendant "failed to show that he sought to challenge his indictment and conviction at the earliest possible time."). Accordingly, since Carpenter is barred from filing a motion to dismiss the indictment at this stage of the criminal case, there is no particularized or compelling need to disclose the grand jury transcripts.

*Second*, even if Carpenter could move to dismiss the indictment at this point, he does not explain how access to the grand jury transcripts will help overturn his conviction. It is well-settled that a conviction following a trial cures any defect, assuming there was a defect, in the grand jury proceedings. *See, e.g., Lombardozzi*, 491 F.3d at 80. Here, Carpenter's petition relies solely on baseless allegations that are flatly refuted by the record and that have been previously rejected by this Court.

For instance, Carpenter principally argues that someone lied to the grand jury about his Rhode Island beach house being purchased with the proceeds of the Sash Spencer insurance policies. He claims that according to the bank records that the Government had in its possession, the funds for the house came from a difference source. Yet these very bank records were turned over in discovery and introduced as exhibits at trial. Relying on these same bank records, the Court conducted an extensive analysis of the proceeds from the Sash Spencer policies and concluded that the proceeds were used to purchase the Rhode Island beach house. *See* Verdict at 75-79.[3] Carpenter also made the same argument in his post-trial Rule 29 motion, *see* Doc. 229 at 72 (claiming "the

---

[3] Carpenter's claim of possible *Jencks* Act violations, *see* Doc. 538-1 at 2, 7-8, 10, is wholly without merit because, as discussed, the Government disclosed the grand jury transcripts to Carpenter's counsel prior to trial. *See* Ex. A; 18 U.S.C. § 3500 (requiring witness's prior statements to be produced only after the witness has testified on direct examination). In addition, Carpenter's repeated references to the interview report of Stefan Cherneski as a *Jencks* statement, *see, e.g,* Doc. 538-1 at 8, is also false. This Court already ruled the Cherneski interview report is not a statement covered by the *Jencks* Act. *See* Doc. 474 at 24 (12/12/2017 Hearing Tr.).

6

purchase of the house in Rhode Island did not come from the Sash Spencer proceeds"), which this Court rejected when it denied the Rule 29 motion.

Similarly, Carpenter repeats his unfounded claim that he did not mislead Lincoln—the insurance carrier for Sash Spencer's policies—because information known by insurance agents (including Waesche, Westcott, Prelle, Mactas, and Pacini, among others) should be imputed to the carriers. *See* Doc. 538-1 at 9-10. This argument was considered and soundly rejected by the Court. *See* Verdict at 53 ("The defendant also argues that the people who completed the applications, including Ed Waesche, Charles Westcott, and their associates, were acting on behalf of the insurance companies, not him. Here again, the defendant's position at trial is contradicted by reliable evidence of his own words and actions[.]"). Carpenter reraised this same argument, citing the same case law, in his Rule 29 motion. *See* Doc. 229 at 20. The Court again rejected this argument when it denied the Rule 29 motion.

Carpenter also spuriously claims the Government must have mislead the grand jury about the applicable law since the Second Circuit had not yet decided the cases of *United States ex rel Edward O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650 (2d Cir. 2016) and *United States v. Finazzo*, 850 F.3d 94 (2d Cir. 2017) by the time of the indictment. *See* Doc. 538-1 at 9. However, this Court already ruled when it denied Carpenter's Rule 29 motion that "*Countrywide* does not provide Mr. Carpenter with a basis for relief." Doc. 312 at 7 (11/6/2017 Hearing Tr.). Moreover, the Second Circuit's decision in *Finazzo* did not alter the state of the law. As the Government explained in its memorandum opposing Carpenter's Rule 29 motion, in *Finazzo* the Second Circuit reaffirmed its holding in *United States v. Binday*, 804 F.3d 558 (2d Cir. 2015), that the wire and mail fraud statutes are satisfied by a showing that the defendant contemplated depriving the victim of "potentially valuable economic information." Doc. 262 at 16 (quoting

7

*Finazzo*, 850 F.3d at 111); *see also Binday*, 804 F.3d at 570 ("[T]he deceit must deprive the victim 'of potentially valuable economic information[.]'"). This Court agreed noting that "*Binday* remains good law after *Countrywide* and Mr. Carpenter's convictions for mail and wire fraud are fully supported by the analysis in *Binday*." Doc. 312 at 7 (11/6/2017 Hearing Tr.). Importantly, *Binday* was decided before the indictment in this case.

Having been convicted at trial and losing all of these very arguments in his post-trial motions, any motion to dismiss the indictment based on the same arguments would be futile and entirely frivolous. In any event, had there been any evidence of false testimony to the grand jury, Carpenter's able counsel surely would have raised it before judgment. They did not.

Carpenter's argument that "none of the traditional reasons for protecting the secrecy of the Grand Jury transcripts exist" because he "has already been tried, sentenced, and has served the majority of his sentence[,]" Doc. 538-1 at 1, is simply wrong. As the Supreme Court has explained, the need for secrecy continues because of "the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

It is clear that Carpenter's sole true motivation here is to have the Court reconsider the Verdict under the guise of a belated motion to dismiss premised on the same unsuccessful arguments he raised at trial and in his numerous post-trial motions and motions for reconsideration. With his conviction already affirmed on appeal, the Court should reject Carpenter's blatant attempt to have the Court reconsider the Verdict once again.

At this stage, Carpenter has clearly defined legal recourse if he wishes to challenge his conviction. Specifically, because Carpenter is still serving a custodial sentence, he may petition the Court on certain closely circumscribed bases to set aside his conviction pursuant to 28 U.S.C. § 2255. *See United States v. Boykun*, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Of course, even if he files such a motion, he would not be entitled to the grand jury minutes without making the proper showing, discussed above. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Ferranti v. United States*, 480 F. App'x 634, 638 (2d Cir. 2012) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "Rather, discovery is allowed only if the district court, acting in its discretion, finds 'good cause' to allow it." *Id.* (citing *Bracy*, 520 U.S. at 904). "This 'good cause' standard is satisfied 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* (quoting *Bracy*, 520 U.S. at 908–09) (alteration in original). The discovery rules in a § 2255 proceeding do "not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contained any grounds that might support his petition[.]'" *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)); *Garafola v. United States*, 909 F. Supp. 2d 313, 335-36 (S.D.N.Y. 2012) (denying petitioner's request for discovery in support of his § 2255 because it constituted a fishing expedition). A court may therefore "deny a petitioner's request for

discovery where the petitioner provides no specific evidence that the requested discovery would support its habeas corpus petition." *Pizzuti*, 809 F. Supp. 2d at 176; *see United States v. Brooks*, 51 F.3d 1043, 1995 WL 153089 (5th Cir. 1995) (denying motion for disclosure of grand jury minutes because defendant "cannot conduct a 'fishing expedition' to find something that may support a potential Section 2255 motion."). While the time has not yet come for the Court to rule on such a discovery motion, it appears extremely unlikely Carpenter will be able to sustain his heavy burden. Accordingly, his effort to end-run the rules of a *habeas* petition should be denied.

      Finally, it bears noting that Carpenter has again ignored the Court's rules and the Government's repeated reminders about filing a pleading without redacting the personal identifying information of individuals, in violation of Fed. R. Crim. P. 41. Specifically, Carpenter has filed another report of interview of a Government witness without redacting the witness's home address, *see* Doc. 538-3 at 35, and another form containing the social security number of one of the deceased insureds, *see id.* at 51. It is not clear how Carpenter came to have access to this material in his personal possession—this Court has denied his prior requests in favor of custody by his counsel—but Carpenter's recent conduct with sensitive material reinforces that the Court should proceed cautiously in granting Carpenter renewed access to confidential material, particularly where there is no demonstrated need.

## IV. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny Carpenter's petition seeking disclosure of grand jury transcripts.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on February 26, 2021, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of this filing also was sent by FedEx to Daniel Carpenter at the address listed in his Petition, Doc. 538 at 2.

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY