# EXHIBIT ONE

**From:** Novick, David (USACT)
**Sent:** Thursday, February 11, 2016 6:11 PM
**To:** Richard Brown; Cody Guarnieri
**Cc:** Patel, Neeraj (USACT)
**Subject:** RE: re: Materials Recieved This Week

Dick,

Taking your list in order:

1. I was under the impression you had ordered the Martinez and Paulsrud deposition videos from the videographer as you did the Von Noorden deposition video. You were right there with us in California and Arizona, so nothing in the video should be a surprise. If you needed it from us, you only needed to ask. We only learned you didn't order the recordings when Cody asked for a copy (after we sent them to Carpenter) the day before yesterday.
2. The DOL material – this is principally wage records information that I do not believe you are entitled to, but I gave to you out of an abundance of caution. There does not appear to me to be anything remotely exculpatory there.
3. The grand jury testimony – only two witnesses testified in the grand jury, and I do not expect ▮▮▮▮ to testify until later in the trial. You have all of the interview reports for ▮▮▮▮ and now ample time to look at his grand jury testimony. This is a nonissue.
4. Additional business records – I just recently got these, and I gave them to you. There is no comparative disadvantage here.
5. Notes: As I indicated in my letter, I provided you with notes even though I do not think you are entitled to them. I simply don't want to waste time arguing about it. You have all of the interview reports. The notes are neither the prior statements of the respective witnesses (and thus not Jencks), and I do not see any deviation between the notes and the reports (and thus not Giglio). Moreover, the volume of notes should come as no surprise, as you are aware of how many interview reports there are. Likewise, since we are only calling a fraction of the witnesses interviewed, the overall volume of notes is irrelevant. If you want to ask for a delay, I will respond in turn.
6. Your complaint about 80 pages of criminal histories is illusory. There are very few witnesses who have criminal histories – many of these pages are blank reports so you can see we ran them (with negative results). For the ones who did have histories, they are hardly complicated. Finally, it is my practice to wait until near trial to run histories so that you have the most up-to-date information. Indeed – if we were to run them twice, you would have double the volume.

I am still waiting on your exhibit list and an expert notice that complies with the rules. It is now five days before trial.

Finally, while we have already given you our draft exhibit list, I now have printed exhibit copies for you. I can have them transported up to the Hartford USAO tomorrow afternoon if you want to send someone to get them. I would say the safest time would be between 4 and 5. Let me know.

Thanks.

Regards,
Dave

1