UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13-CR-226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | March 18, 2021 |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DANIEL CARPENTER'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

The Government respectfully files this memorandum in opposition to defendant Daniel Carpenter's motion, and accompanying memorandum of law, to dismiss the superseding indictment for lack of jurisdiction pursuant to the old rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. Docs. 539, 539-1. Carpenter argues that "the Indictment failed to invoke the jurisdiction of this Court because it did not sufficiently allege all the facts necessary to establish all five elements of mail and wire fraud to establish a federal crime." Doc. 539 at 3. As explained more fully below, Carpenter's motion should be denied because defects in the indictment are non-jurisdictional and must be raised before trial. Accordingly, his motion is untimely. Alternatively, given the relief Carpenter seeks in his motion—to set aside his conviction based on what he perceives as constitutional defects in the indictment—the Court can construe Carpenter's motion as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, but only after notifying Carpenter of the potential adverse consequences of such a characterization and giving him an opportunity to withdraw his motion.[1]

---

[1] If the Court finds that Carpenter's motion is timely or construes it as a § 2255 motion, the Government respectfully requests an opportunity to submit a separate brief to address the merits of Carpenter's motion.

I. **BACKGROUND**

On May 15, 2014, a federal grand jury returned a superseding indictment charging Carpenter with fifty-seven counts of wire fraud, mail fraud, conspiracy to commit mail and wire fraud, illegal monetary transactions, money laundering, and conspiracy to commit money laundering, all related to his participation in a stranger-originated life insurance scheme, in which he fraudulently induced insurance providers to issue and maintain life insurance policies on elderly strangers. *See* Docs. 53, 212. On June 6, 2016, following a several-week bench trial that commenced in February 2016, the Court issued a 91-page Verdict and Special Findings (the "Verdict") finding Carpenter guilty on all counts. Doc. 212.

Prior to trial, Carpenter filed motions to dismiss based on lack of jurisdiction and failure to state an offense. *See* Docs. 56, 68-69. He argued that the superseding indictment failed to allege facts necessary to establish the elements of the charged crimes. *See id.* Specifically, he argued that the mail and wire fraud counts failed to allege deprivation of property—claiming the deprivation of the right to control one's assets was not a legally recognized harm—and the specific intent to defraud, and he also argued that the alleged mailings and wires were not in furtherance of the scheme and outside the statute of limitations. *See id.* The Court denied the motions. *See* Doc. 154.

After trial, Carpenter raised similar arguments about the mail and wire fraud counts in his Rule 29 motion for judgment of acquittal, *see* Docs. 228, 229, and in his motion to reconsider and vacate the Verdict, *see* Doc. 247 at 26-33; Doc. 292 at 3-8. Again, the Court denied the motions. *See* Doc. 300. Then Carpenter moved for reconsideration of the Court's denial of his Rule 29 motion and other post-trial motions, re-raising the same issues, which again the Court denied. *See* Docs. 305, 309, 325, 326.

On appeal, Carpenter once again challenged, among other things, the mail and wire fraud counts, claiming the charged mailings and wires were not in furtherance of the scheme and outside the statute of limitations. *See* Carpenter's Brief on Appeal, 2019 WL 1858595 at *87-90. The Second Circuit rejected this argument and affirmed Carpenter's conviction, and the Supreme Court subsequently denied his petition for writ of certiorari. *See United States v. Bursey*, 801 Fed. Appx. 1, 4-5 (2d Cir. Jan. 13, 2020), *cert. denied Carpenter v. United States*, No. 20-455, 2020 WL 6551799, at *1 (U.S. Nov. 9, 2020).

Carpenter now raises the same arguments again claiming that "the Indictment failed to invoke the jurisdiction of this Court because it did not sufficiently allege all the facts necessary to establish all five elements of mail and wire fraud to establish a federal crime." Doc. 539 at 3. His arguments are nearly identical to the arguments he previously made in his various pre-trial and post-trial motions and on appeal. *Compare* Doc. 539-1 *with* Docs. 56; 68; 69; 228; 229; 247 at 26-33; Doc. 292 at 3-8; 305, 309, 325; and 2019 WL 1858595 at *87-90.

II.     **APPLICABLE LAW**

Prior to December 2014, Rule 12 of the Federal Rules of Criminal Procedure ("Rule 12") provided that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3). In December 2014, Rule 12 was amended. The Supreme Court's order amending Rule 12 provided that the 2014 amendment "'shall take effect on December 1, 2014, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, *all proceedings then pending*.'" *United States v. Burroughs*, 810 F.3d 833, 838 (D.C. Cir. 2016) (quoting Supreme Court's Apr. 25, 2014 Order and applying current version of Rule 12 to case indicted before amendment but still pending after amendment) (emphasis added); *see, e.g., United*

3

*States v. Mathis*, 932 F.3d 242, 256 n.9 (4th Cir. 2019); *United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016) (same); *United States v. Schropp*, 829 F.3d 998, 1004 (8th Cir. 2016) (same).

The amended Rule 12, which is still in effect, provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). However, under the amended rule, any motion alleging "a defect in the indictment" such "as failure to state an offense" must be made "before trial" if the basis for the motion is reasonably available and can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3).

This change was made in light of the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625 (2002), which held that "defects in an indictment do not deprive a court of its power to adjudicate a case," and that the question of whether "the indictment does not charge a crime against the United States goes only to the merits of the case," not the jurisdiction of the court. 535 U.S. at 629-31 (internal quotations and citation omitted); *see United States v. Rubin*, 743 F.3d 31, 36-37 (2d Cir. 2014) (holding that challenges to indictments based on failure to state an offense are non-jurisdictional in light of *Cotton*); *see also United States v. O'Brien*, 926 F.3d 57, 83 (2d Cir. 2019) (stating "that prior language allowing a motion to dismiss for failure to state an offense to be made at any time, on the theory that that failure was 'jurisdictional,' was removed in light of the Supreme Court's decision *Cotton* that such a flaw does not implicate the court's jurisdiction" (citing Fed. R. Crim. P. 12, Advisory Note (2014)); *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019) (concluding that the indictment's failure to allege knowledge element was not a jurisdictional defect).

The amended Rule 12 further provides that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). A court may consider an untimely Rule 12(b)(3) motion only "if the party shows good cause." *Id.* Under Rule

4

12(c)(3), "good cause" requires "[a]t a minimum" that "the party seeking a waiver articulate some legitimate explanation for the failure to timely file." *United States v. Archuleta*, No. 02 CR. 1060 (LAP), 2018 WL 8646703, at *2 (S.D.N.Y. July 31, 2018) (internal quotations and citations omitted).

### III. DISCUSSION

#### A. Carpenter's Motion Raises Non-Jurisdictional Issues and is Untimely.

As an initial matter, the current version of Rule 12 applies to Carpenter's motion because Carpenter's case was pending at the time the December 2014 amendment went into effect. *See Burroughs*, 810 F.3d at 838 (noting that the amended rule "shall govern . . . , insofar as just and practicable, *all proceedings then pending*." (quoting Supreme Court's Apr. 25, 2014 Order) (emphasis added)); *see, e.g., Mathis*, 932 F.3d at 256 n.9 (applying current version of Rule 12 to case indicted before rule was amended); *Gonzalez*, 834 F.3d at 1218 (same); *Schropp*, 829 F.3d at 1004 (same). Carpenter's trial did not commence until February 2016, well after the current version of Rule 12 went into effect. Any suggestion that Carpenter could not file motions to dismiss based on lack of jurisdiction and failure to state an offense before trial is belied by the fact that Carpenter actually filed such motions before trial, *see* Docs. 56, 68-69, which the Court denied. *See* Doc. 154. Accordingly, Carpenter's argument that the prior version of Rule 12 is applicable is without merit.

Under the current version of Rule 12, Carpenter's motion is untimely and should be denied. Although Carpenter moves to dismiss the indictment for lack of jurisdiction, his motion is premised entirely on the argument that the indictment failed to state the offenses of mail and wire fraud. *See* Doc. 539 at 3 ("the Indictment failed to invoke the jurisdiction of this Court because it did not sufficiently allege all the facts necessary to establish all five elements of mail and wire

5

fraud to establish a federal crime."). The Supreme Court has made clear, however, that a defect in the indictment, such as failure to set forth all the elements of an offense, does not deprive a court of jurisdiction. *See Cotton*, 535 U.S. at 629-31; *Rubin*, 743 F.3d at 36-37. As such, Carpenter cannot succeed on the theory that the Court lacked jurisdiction.

Moreover, any motion to dismiss based on a failure to state an offense—which is the crux of Carpenter's current motion—must be made before trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). Indeed, as discussed, Carpenter already filed such a motion before trial, *see* Docs. 56, 68-69, which the Court denied. *See* Doc. 154. Accordingly, his current motion to dismiss is untimely.

At this late stage, with his conviction affirmed on appeal and only restitution issues remaining, the Court can consider Carpenter's motion only if he shows "good cause." Fed. R. Crim. P. 12(c)(3). He has utterly failed to demonstrate good cause here.

As discussed, many of the arguments in Carpenter's 51-page memorandum of law are nearly identical to the arguments he made in his various pre-trial and post-trial motions and on appeal. Indeed, most of the cases discussed in his current motion are the same cases he discussed in his prior motions and on appeal. *Compare* Doc. 539-1 *with* Docs. 56; 68; 69; 228; 229; 247 at 26-33; Doc. 292 at 3-8; 305, 309, 325; and 2019 WL 1858595 at *87-90. His current motion is nothing more than a motion for reconsideration disguised as a belated motion to dismiss. To the extent this Court and the Second Circuit rejected these arguments before, those rulings are now the "law of the case." *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007) ("[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings.").

While Carpenter does cite some cases that he did not raise before, he offers no explanation for why he did not raise them earlier in his post-trial motions or in his appeal. Although he argues

that "none of these issues could possibly have been raised by his attorneys on appeal[,]" Doc. 539-1 at 2, nearly all of the cases he cites were decided before his own appeal was decided on January 13, 2020, and he or his counsel could have raised them in Carpenter's appellate briefs or in a Rule 28(j) letter to the Second Circuit. As such, if Carpenter wants to fault his attorneys for failing to raise the issues, he should file a 2255 motion. But here, in his criminal case, his motion to dismiss for failure to state a claim is untimely.

Carpenter cites only two cases that were decided after January 13, 2020, when his appeal was denied. The first is *Kelly v. United States*, 140 S. Ct. 1565 (2020), which he incorrectly claims "dispensed with the 'Right to Control' theory of fraud[.]" Doc. 539-1 at 31. However, that case offers Carpenter no help. Earlier this year, the Second Circuit examined *Kelly* but still reaffirmed the "right to control" theory of fraud. *See United States v. Gatto*, 986 F.3d 104, 115-116, 126-127 (2d Cir. 2021) (distinguishing *Kelly* and affirming that "a wire fraud charge under a right-to-control theory can be predicated on a showing that the defendant, through the withholding or inaccurate reporting of information that could impact on economic decisions, deprived some person or entity of potentially valuable economic information." (internal quotations and citation omitted)). The second is *United States v. Guzman-Merced*, 2020 WL 7585176 (1st Cir. 2020), which has nothing to do with the underlying issues here. In that case, the court vacated a guilty plea based on a faulty plea colloquy, and remanded for further proceedings, but the decision said nothing about the court's jurisdiction, defects in the indictment, or the elements of mail or wire fraud.

In short, Carpenter has failed to demonstrate good cause for considering his untimely motion. *See* Fed. R. Crim. P. (12)(c)(3); *Archuleta*, 2018 WL 8646703, at *2 (finding that motion to dismiss was untimely and "good cause" exception was not satisfied because defendant did not provide any reason for not filing earlier). As such, Carpenter's motion should be denied.

### B. The Court Can Construe Carpenter's Motion as a § 2255 Motion.

Rather than denying Carpenter's motion, the Court can also construe Carpenter's motion as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *See United States v. Henriquez*, No. 10 CR 73 SHS, 2012 WL 5896749, at *2 (S.D.N.Y. Nov. 20, 2012) ("Given the relief [the defendant] seeks in his Motion, this Court believes it is most properly construed as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that it was imposed in violation of his constitutional rights."). Indeed, in his motion, Carpenter expressly asks this Court to "set aside [his] conviction" due to numerous "constitutional" defects in the indictment. Doc. 539-1 at 14, 19, 20, 21, 24, 41, 51 (asking the Court to "set aside" his conviction); *id.* at 4, 15, 17, 20, 35 (arguing that the indictment was "constitutionally" defective). Given the procedural posture of this case, where Carpenter's conviction has been affirmed on appeal and he is serving his sentence, his constitutional claims fall squarely within the scope of a § 2255 motion. *See* 28 U.S.C. § 2255 (providing that a defendant may move to vacate or set aside a sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence[.]").

However, before the Court can construe Carpenter's motion as a § 2255 motion, it must notify Carpenter of the potential adverse consequences of such a characterization and give him an opportunity to withdraw his motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998); *see also Henriquez*, 2012 WL 5896749, at *2 (notifying the defendant of the prohibition of successive § 2255 motions and ordering defendant to notify the court whether (a) he consents to treating his motion as a motion pursuant to § 2255, (b) he wishes to modify his motion, or (c) he wishes to withdraw his motion, and that if he fails to respond, the court will construe it as having been made pursuant to § 2255).

## IV. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny Carpenter's motion, or alternatively, construe the motion as one made under 28 U.S.C. § 2255.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on March 18, 2021, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of this filing also was sent by FedEx to Daniel Carpenter at the address listed in his motion, Doc. 539 at 3.

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY