# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:13CR226(RNC) |
| v. ) | |
| ) | April 2, 2021 |
| DANIEL E. CARPENTER ) | |

## PETITIONER'S REPLY IN SUPPORT OF
## HIS MOTION TO DISMISS THE SUPERSEDING INDICTMENT

TO THE HONORABLE ROBERT N. CHATIGNY, MAY IT PLEASE THE COURT:

Respectfully, the Government seems to be in denial of the major changes in the law of Mail and Wire Fraud since the Supreme Court's decisions in *Skilling v. United* States, 561 U.S. 358 (2010) and *Kelly v. United States*, 140 S.Ct. 1565 (2020), and since the Second Circuit's decisions in *United States v. Countrywide*, 822 F.3d 650 (2d Cir. 2016) and *United States v. Finazzo*, 850 F.3d 94 (2d Cir. 2017). And to say that the Second Circuit's decision in *United States v. Gatto*, 986 F.3d 104 (2d Cir. 2021) somehow takes away from the Supreme Court's unanimous decision in *Kelly,* borders on the absurd. In fact, in affirming the Supreme Court's belief in *Kelly* that "obtaining property" must be at the center of the misrepresentations and the fraud, the Second Circuit cites its own "tangible economic harm" requirement of *United States v. Finazzo*, 850 F.3d 94 (2d Cir. 2017). Therefore, the Second Circuit believed the scheme in *Gatto* would create a great harm to the financial aid of the universities, and would qualify under *Kelly*. Significantly, the Supreme Court actually vacated the "Right to Control" convictions in *United States v. Blaszcak*, 947 F.3d 19 (2d Cir. 2019), and *United States v. Olan* based on its decision in *Kelly*.

The convictions for the Defendants in *Blaszcak* and *Olan* were vacated based on the Supreme Court's decision in *Kelly* and for the reasons Judge Kearse stated in her Second Circuit

1

dissent. (*See Olan v. United States,* 2021 U.S. LEXIS 93 (U.S., Jan. 11, 2021); *Blaszczak v. United States,* 2021 U.S. LEXIS 353 (U.S., Jan. 11, 2021). Moreover, the "Right to Control" theory still requires "misrepresentations or non-disclosures that can or do result in tangible economic harm." *Finazzo,* 850 F.3d at 111.

What makes the Government's assertion that the "Right to Control" theory that it used in Petitioner's case somehow survives *Kelly, Countrywide,* and *Finazzo* (all of which were decided after Petitioner's trial and verdict in 2016) even more absurd is that the Government must allege in a proper indictment the necessary facts to describe **all** five elements of a crime that is based on using **material misrepresentations** to **obtain** the victim's **property** through mailings and wires **in furtherance** of the **scheme to defraud**. Once again, respectfully, Petitioner is not saying the Government missed one or two elements of mail and wire fraud, but rather, Petitioner is demonstrating that the Government missed all **five** elements that were necessary for a valid indictment. (See *Charles Doyle's Report to Congress,* attached as Exhibit One to the Opening Brief.) Therefore, Petitioner's Indictment must be dismissed as were the indictments in *United States v. Aleynikov,* 676 F.3d 71 (2d Cir. 2012) and *United States v. Pirro,* 212 F.3d 86 (2d Cir. 2000), because they were missing only one essential element in describing an alleged federal crime.

Equally surprising is how the Government could miss all of the Law Review articles suggesting that *Kelly* substantially changed the "Right to Control" theory of fraud. *See, e.g. United States v. Ernst,* 2020 WL 6871040, at *7 (D. Mass. Nov. 23, 2020) (one of the "Varsity Blues" cases dismissing the mail and wire fraud counts stating that the University was not deprived of any "property" under *Kelly*), and *United States v. Palma,* 2020 U.S. Dist. LEXIS 214675 (E. D. Mich. November 17, 2020), involving the Volkswagen emissions testing scandal, and similarly

dismissing the fraud counts based on *Kelly*. Petitioner is also frustrated by the fact that there are no "guns or drugs" in his case so that Petitioner could point to the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019) or *Class, Johnson, and Bousley* for the premise that even if the defendant pleads guilty, he may still challenge the constitutionality and completeness of his indictment. *See e.g. Class v. United States*, 138 S. Ct. 798, 806, (2018*)*; *Johnson v. United States*, 576 U.S. 591 (2015); *Bousley v. United States*, 523 U.S. 614, 623 (1998). But this is why the District Court dismissed the mail and wire fraud counts in *Ernst* based on *Kelly* and *Finazzo*:

> However, as the Second Circuit recently emphasized in *United States v. Finazzo*, the right to control theory is not so broad as to criminalize "every non-disclosure or misrepresentation that could affect someone's decision of how to use his or her assets." 850 F.3d 94, 111 (2d Cir. 2017). Instead it is bounded by two important constraints. First, it requires that the government show that the defendant deprived the victim of "potentially valuable economic information." Id. at 112 (collecting cases emphasizing the economic nature of the information) (quotation omitted and emphasis added). Second, "[t]he fraudulent scheme must implicate tangible economic harm." Id. at 111 (emphasis added). Here, the Superseding Indictment alleges neither. If the government were to proceed to trial and prove that Defendants committed property fraud by depriving the universities of the right to control their assets, the essential elements of the offense charged would have been so modified that there would be a substantial likelihood of Defendants being "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted [them]." *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). **Thus, the government's present reliance on the right to control theory to support its property fraud allegations frustrates Defendants' rights to be indicted by a grand jury.**

*United States v. Ernst*, 2020 WL 6871040, at *7 (D. Mass. Nov. 23, 2020)

Just as in *Cleveland v. United States*, 531 U.S. 12 (2000) the Supreme Court changed the rules as to the deprivation of "property" for the purpose of the federal fraud statutes, and *Neder* added the requirement for the misrepresentations to be **material:** "A misrepresentation is material only if it is capable of influencing the intended victim. . ." *Neder v. United States*, 527 U.S. 1, 24 (1999); and *Skilling* stated that "Nondisclosure is outside the bounds of the fraud statutes;" now

3

*Kelly* stands for the proposition that the "obtaining" of real money or property must be at the heart of the fraud. In this case, the Government's own investigation and charts prove that the Insurance Carriers received every dime of premium that they demanded in their insurance contracts. At no time was there any "scheme" not to pay the carriers the premiums they charged or to cause them "tangible economic harm" as required by *Finazzo*. Even the decision in *Binday* states that there is no fraud in the event that the alleged victim received everything that they bargained for. ("As discussed above, had the insurers received the full benefit of their bargain, the fact that defendants profited from deceitfully inducing that bargain does not establish a stand-alone harm under the mail and wire fraud statutes.") *United States v. Binday*, 804 F.3d 558, 599 (2d Cir. 2015).

Therefore, when the Government states that the decision in *United States v. Guzman-Merced*, 2020 WL 7585176 (1st Cir. 2020), was based merely on a mistake in stating the elements of the crime in accepting a guilty plea, it is not only being disingenuous and misleading, it is also being unjust in not mentioning the fact that *Guzman-Merced* is based largely on several Second Circuit decisions including *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), which was another guilty plea that was vacated based on a change in the law created by the Supreme Court. Just as Judge Kearse's dissent in *Blaszczak*, and Judge Jacobs dissent in *Marinello v. United States,* 138 S.Ct. 1101 (2018) strongly and accurately predicted the Supreme Court's decision to vacate the Second Circuit's opinions, Petitioner respectfully asserts that the Constitutional defects in his Indictment are more demonstrable than all of those cases and require this Court to dismiss the Indictment as was done in *Pirro* and *Aleynikov*, which are both explained at length in Petitioner's initial brief.

Moreover, *Guzman-Merced* relies heavily on the Second Circuit's decisions in *Balde* and *Prado* that even a conviction based on a guilty plea must be set aside if just one element is missing from the indictment or charge:

> But where the record provided no basis for a finding that the vessel was unregistered, or otherwise subject to the jurisdiction of the United States, the defendants' drug possession did not come within the reach of the MDLEA. They had not committed a criminal offense under the laws of the United States. There was no valid basis for their convictions. The deficiencies in the Rule 11 procedure affected the defendants' substantial rights. Their guilty pleas and the judgments of conviction must be vacated. Section 70504(a) of the MDLEA requires the court to make a preliminary determination of jurisdictional issues. The import of this rule, although unstated, is that if the government fails to establish the jurisdictional element, such as by failing to show that the vessel was subject to the jurisdiction of the United States, the court should dismiss the indictment. In this case, for reasons explained above, the indictment should have been dismissed upon the government's failure to demonstrate at the pretrial hearing that the vessel was subject to the jurisdiction of the United States. The error was not cured by the defendants' subsequent defective guilty pleas. The judgments of conviction are hereby VACATED and the indictment is DISMISSED.

*United States v. Prado*, 933 F.3d 121, 153–54 (2d Cir. 2019) (Emphasis in the original).

Furthermore, the decision to vacate the conviction in *Guzman-Merced* was also supported by the Supreme Court's landmark decision in *United States v. Carll*, where the indictment did not sufficiently allege only one part of the offense so that the indictment did not provide constitutional notice of the charges against the defendant, which is reviewable even after Trial and Judgment. *See United States v. Carll*, 105 U.S. 611, 612–613 (1882). In *Carll*, the Supreme Court held that:

> The language of the statute on which this indictment is founded includes the case of every person who, with intent to defraud, utters any forged obligation of the United States. But the offence at which it is aimed is similar to the common-law offence of uttering a forged or counterfeit bill. In this case, as in that, **knowledge that the instrument is forged and counterfeited is essential to make out the crime;** and an uttering, with intent to defraud, of an instrument in fact counterfeit, but supposed by the defendant to be genuine, though within the words of the statute, would not be within its meaning and object. This indictment, by omitting the allegation contained in the indictment in United States v. Howell (11 Wall. 432), and in all approved precedents, that the defendant knew the instrument which he uttered to be false, forged, and counterfeit, fails to charge him with any crime. The

5

omission is of matter of substance, and not a 'defect or imperfection in matter of form only' within the meaning of sect. 1025 of the Revised Statutes. By the settled rules of criminal pleading, and the authorities above cited, therefore, the question of the sufficiency of the indictment must be Answered in the negative.

*United States v. Carll*, 105 U.S. 611, 613 (1881). The Supreme Court cited *Carll* in *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2153 (2016), just three weeks after Petitioner's Verdict in June 2016.

Just as the Eleventh Circuit vacated the conviction in *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002) based on the Supreme Court's decision in *Cleveland*, and the First Circuit vacated the conviction of the defendant in *Guzman-Merced* based on *Rehaif*, it seems odd that the Government would fight so hard to defend a conviction that cannot survive the Supreme Court's decisions in *Kelly* and *Marinello*, not to mention *Skilling*. Petitioner bears no grudge against the Government, but it is time that the Department of Justice lives up to its name.

                                                  Respectfully submitted,
                                                  /s/ Daniel E. Carpenter
                                                  Daniel E. Carpenter
                                                  Petitioner, pro se
                                                  18 Pond Side Lane
                                                  West Simsbury, CT 06092

## CERTIFICATION

I hereby certify that on this second day of April, 2021 a copy of the foregoing was served by FedEx to the Clerk of the Court. Notice of this filing was also sent by USPS First Class to AUSA Neeraj Patel 157 Church Street, 25th Floor, New Haven, CT 06510

By: /s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, pro se
18 Pond Side Lane
West Simsbury, CT 06092