UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13-CR-226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | April 12, 2021 |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DANIEL CARPENTER'S MOTION TO REDUCE PERIOD OF SUPERVISED RELEASE

The Government respectfully files this memorandum in opposition to defendant Daniel Carpenter's motion, and accompanying memorandum of law, to reduce his period of supervised release based on the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(B), and 28 U.S.C. § 2243. Docs. 541, 541-1. Carpenter principally argues that the Court should reduce his 36-month term of supervised release by 13 months for earned time credits under the FSA. However, Carpenter has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"). Moreover, a prerequisite to earning such credits is successful participation in evidence-based recidivism reduction programming or productive activities, but Carpenter has not provided any evidence that he successfully participated in such programming. Carpenter also argues that he should receive a 40-month reduction in his term of supervised release because he served 30 weeks at MDC Brooklyn and an additional 10 weeks in lockdown due to COVID-19. However, the BOP has wide discretion as to a prisoner's placement, and the lockdown was not unique to Carpenter. Moreover, given the danger that Carpenter poses to the community, reducing his term of supervised release is unwarranted. Finally, Carpenter asserts a due process violation and claims that he should receive credit for the Government's purported violation of 18 U.S.C. § 3161(j). However, this Court has previously rejected Carpenter's due process claim concerning 18 U.S.C. § 3161(j). Accordingly, Carpenter's motion should be denied.

I. **Carpenter fails to show he is entitled to earned time credits under the FSA.**

Relying on the Court's limited power to modify a sentence under 18 U.S.C. § 3582(c)(1)(B) and the habeas provisions of 28 U.S.C. § 2243, Carpenter asks the Court to reduce his 36-month term of supervised release by 13 months for earned time credits under the FSA. The FSA provision that Carpenter relies upon is codified at 18 U.S.C. § 3632(d)(4)(A), which provides that a prisoner (except for an "ineligible prisoner" under § 3632(d)(4)(D)), "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." The prisoner can earn "an additional 5 days of time credits for every 30 days of successful participation" in such programming if the BOP determined that the prisoner is a minimum or low risk for recidivating. 18 U.S.C. § 3632(d)(4)(A)(ii). Those credits are to be applied toward time in custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C).

Courts have determined that "[a]ny relief granted by this provision of the [FSA] is within the sole jurisdiction of the [BOP]." *United States v. Quashie*, No. 14-CR-0376 (BMC), 2019 WL 7194211, at *1 (E.D.N.Y. Dec. 26, 2019) (quoting *Wright v. United States*, No. 19 Civ. 25, 2019 WL 2341663, at *3 (E.D. Tenn. June 3, 2019)); *United States v. Nwankwo*, No. 12 CR 31 (VM), 2019 WL 4743823, at *1 (S.D.N.Y. Sept. 17, 2019) (same). Accordingly, a "defendant must first apply to the BOP regarding his eligibility for time credits" under the FSA, and if the "defendant disagrees with the BOP's determination regarding his entitlement to time credit, he must then exhaust his administrative remedies within the BOP before moving the Court for a reduction of his sentence." *See Quashie*, 2019 WL 7194211, *1; *see also Llewlyn v. Johns*, No. 5:20-CV-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021) ("it will be for the BOP first to determine whether to award [defendant] time credit, not this Court.") *report and recommendation adopted*, No. 5:20-CV-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021).

Here, Carpenter argues "he should be entitled to 15 days a month from March 2, 2019 to May 8, 2021," for a total reduction of 13 months from his term of supervised release. Doc. 541-1 at 6. Carpenter's claim is without merit. First, Carpenter has not shown that he has exhausted his administrative remedies with the BOP. *See Quashie*, 2019 WL 7194211, at *1. Although Carpenter claims that the Court is well aware that he has exhausted his administrative remedies pursuant to the FSA, *see* Doc. 541-1 at 2, there is nothing in record to show that he has, in fact, exhausted his administrative remedies as to the specific claims he advances here, including his alleged entitlement to additional earned time credit against his supervised release term based on his custody between 2019 and 2021. In fact, the only applications in the record are two letters to BOP personnel *in 2019*, which were requests to BOP personnel for release to home confinement or a halfway house based on the Elderly Offender Program. *See* Docs. 506-2, 506-3. Adopting the Government's argument, the Court rejected those letters as sufficing for exhaustion in Carpenter's earlier motion for compassionate release. *See* Doc. 525 (noting Carpenter's "failure to satisfy the statutory exhaustion requirement[.]"), Doc. 510 at 8 n.6. Those letters fare no better as proxies for exhaustion here—neither letter addresses earned time credit 18 U.S.C. § 3632(d)(4), neither letter (written in 2019) addresses the period of time covered by Carpenter's current motion, and both letters involve requests for placement on home confinement, not credit against supervised release.[1] In short, the BOP has never been asked to weigh in on Carpenter's claim for additional earned time credit against his supervised release term, and therefore this motion must be denied.

---

[1] As noted, Carpenter claims the Court can grant him relief pursuant to, among other things, 28 U.S.C. § 2243, which grants courts the power to issue a writ upon an application for a writ of habeas corpus. Here, Carpenter invokes § 2243, but he has not filed an application for writ of habeas corpus. To the extent the Court construes his instant motion as such an application, it should be construed as an application under 28 U.S.C. § 2241, which requires Carpenter to exhaust his administrative remedies with the BOP before seeking relief from this Court. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir.2001) (applying exhaustion requirement to petitions under § 2241 and noting that a "challenge to the execution of [a prisoner's] sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241."); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the execution of a sentence—in contrast to the imposition of a sentence—is properly filed pursuant to § 2241.").

Second, even assuming that Carpenter has met the exhaustion requirement or that he does not need to exhaust his administrative remedies, he fails to provide the Court with any evidence showing he is entitled to relief. A prerequisite to earning credits is the "successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). In order to receive 13 months (or approximately 390 days) of credit, Carpenter would have to show he successfully completed 780 days of such programming. *See id.* (allowing for up to 15 days of credits for successfully participating in 30 days of programming). Carpenter, however, has not provided the Court with any records demonstrating that he successfully participated in the required recidivism reduction programming. Instead, he asks the Court to simply presume he has.

Accordingly, Carpenter's request should be summarily denied.

**II.     Carpenter is not entitled to supervised release credit for time spent at MDC Brooklyn.**

Carpenter claims he is entitled to have 30 months taken off of his term of supervised release because he was transferred from FMC Devens and served 30 weeks of his sentence at MDC Brooklyn. *See* Doc. 541-1 at 4-6. He also claims he is entitled to have an additional 10 months taken off of his term of supervised release because he—along with every other inmate at MDC Brooklyn—was placed on lockdown for 10 weeks due to the COVID-19 pandemic. *See id.* Carpenter's arguments are without merit.

Carpenter has no constitutional right "to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another." *Bennett v. Terrell*, No. 10–CV–1029, 2010 WL 1170134, at * 1 (E.D.N.Y. Mar. 24, 2010); *see Mitts v. Strada*, No. 12-CV-5538 RRM, 2013 WL 764739, at *3 (E.D.N.Y. Feb. 28, 2013) (quoting the same); *see also Hudson v.*

4

*Lindsay*, No. 08–CV–4658, 2008 WL 4998395, at *1 (E.D.N.Y. Nov. 19, 2010) (describing BOP's authority to place prisoners within the BOP system as "virtually unfettered").

Carpenter's reliance on *United States v. Macfarlane*, 438 F.Supp.3d 125 (D. Mass. 2020) is misplaced. In *Macfarlane*, the defendant, who was serving just a six-month sentence at a camp in Arizona, was told he would be released to a halfway house. *Id.* at 126. Because of COVID-19, he was required to undergo a 14-day quarantine before transfer and, because the Camp had no suitable quarantine facility, he was transferred to a higher security facility where he would be confined to his cell for 23 hours each day. *See id.* Under these circumstances—where the defendant was already granted a transfer to a halfway house but had to undergo 14-day quarantine at a higher security facility first—the court reduced his sentence to time served and released him on home confinement for two months. *See id.* at 127.

Carpenter's situation is nothing like the defendant in *Macfarlane*. Carpenter was not granted release to a halfway house at the time of his transfer to MDC Brooklyn, and he was not placed in lockdown in order to effectuate his release to a halfway house. He was on lockdown along with every other inmate at MDC Brooklyn because of the COVID-19 pandemic. Indeed, other courts have declined to adopt the approach the district court took in *Macfarlane*. *See United States v. Lord*, No. 14-CR-101-JD, 2020 WL 6875141, at *3 (D.N.H. Nov. 23, 2020) (declining to follow *Macfarlane* because the conditions of confinement that defendant described "were not unique to him and instead have been imposed generally for the safety of inmates and staff because of the pandemic."); *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2020 WL 6562311, at *3 (N.D. Cal. Nov. 9, 2020) (noting that *Macfarlane* is an "outlier"); *see also United States v. Benoit*, No. 2:16-CR-00070-JDL, 2020 WL 6060885, at *2 n.3 (D. Me. Oct. 14, 2020), *report and recommendation adopted*, No. 2:16-CR-00070-JDL, 2020 WL 6487193 (D. Me. Nov. 4, 2020).

Indeed, the very district court judge who issued the *Macfarlane* decision declined to extend it to another defendant in another case a few months later. *United States v. Colburn*, No. CR 19-10080-NMG, 2021 WL 257133, at *3 (D. Mass. Jan. 26, 2021).

In any event, nothing in *Macfarlane* supports reducing Carpenter's term of supervised release. One of the purposes of supervised release is to "fulfill[ ] rehabilitative ends, distinct from those served by incarceration[.]" *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (internal quotations and citation omitted; alteration in original). Here, the Court found that Carpenter will continue to pose a danger to the community upon release, and consequently, the Court imposed strict conditions that Carpenter must abide by while on supervised release. *See* Doc. 466 at 2-3 (Amended Judgment); *see also* Doc. 422 at 184 ("I hope that with appropriate treatment, Mr. Carpenter will find stability in the sense that Dr. Zonana describes, and in that way avoid reoffending. I'm worried that that's not going to be the case, unfortunately, and I'm worried that the probation office is not going to be able to protect the public from a determined Dan Carpenter who doesn't take his meds and who continues to conduct himself as he has over these years."); *id.* at 187-189 (noting that special condition of treatment "is to give the probation office the ability to avail itself of the assistance of treatment providers and testing to maximize the office's ability to protect people against Mr. Carpenter's proclivity to engage in fraud, and to give him the best possible chance of achieving stability and wellness so that he doesn't do this again, and it will be as intensive as reasonably necessary.")

Given this strong need for supervision, the Court should decline to reduce Carpenter's term of supervised release.

6

### III.     The Court has already rejected Carpenter's Due Process claim.

Finally, Carpenter makes a due process claim, arguing that the Government violated 18 U.S.C. § 3161(j). Carpenter previously raised this argument, and the Court rejected it. *See* Doc. 416. Specifically, Carpenter raised this argument in his motion for reconsideration of his sentence. *See* Doc. 405 at 3-6. The Court rejected his motion, stating that Carpenter's "due process argument is also unavailing. He argues that the government violated 18 U.S.C. § 3161(j) and 18 U.S.C. § 3164 but neither statute applies here." Doc. 416. Carpenter did not challenge this ruling on appeal. As such, the Court's prior ruling is the law of the case and the Court should not revisit the issue.[2] If the Court is inclined to reconsider the argument, the Government respectfully incorporates its prior argument opposing this due process claim. *See* Doc. 413 at 11-14.

---

[2] Carpenter also re-raised this same argument in his prior FSA motion. *See* Doc. 506 at 24-27. The Court denied that motion and a subsequent FSA motion. *See* Doc. 517. Although the Court's minute entry denying the motions only references Carpenter's second FSA motion at Doc. 507, the Court was ruling on both FSA motions. *See* Doc. 508 (ordering the Government to respond to both motions).

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court deny Carpenter's motion.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on April 12, 2021, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of this filing also was sent by FedEx to Daniel Carpenter at the address listed in his motion, Doc. 541 at 2.

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY