**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

APR 23 2021 AM 9:50
FILED-USDC-CT-HARTFORD

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.3:13CR226(RNC) |
| v. | April 22, 2021 |
| DANIEL E. CARPENTER | |

## PETITIONER'S REPLY IN SUPPORT OF
## HIS MOTION TO REDUCE PERIOD OF SUPERVISED RELEASE

TO THE HONORABLE ROBERT N. CHATIGNY, MAY IT PLEASE THE COURT:

Respectfully,  AUSA Patel continues to put the "K" in Kafkaesque. Instead of denying that he

and AUSA Novick did not follow the clear mandate of 18 USC 3161(j) to notify the Warden at

USP Canaan of Petitioner's Speedy Trial rights, he instead confuses the record that because the

Court denied a motion for reconsideration on sentencing that now means that their failure to

follow the law is now somehow the "law" of the case, despite the fact that the Court's ruling

makes no determination on the 18 USC 3161(j) issue, or the fact that the AUSAs did not follow

the law.


Then AUSA Patel goes on to claim that Petitioner has not filed a 2241 Petition and has

not exhausted his administrative remedies under the First Step Act. But Petitioner did file a

2241 Petition while at MDC and the Honorable William F. Kuntz II issued an Order to Show

Cause. See "Order to Show Cause" attached as Exhibit One. The Government instead moved to

1

have the 2241 Petition referred to this Court. The 2241 Petition is still before this Court (See Case 3:20–cv–00664-(RNC)). But attached to the 2241 Petition are two of the several letters sent to the Wardens at Devens and MDC under the First Step Act, and other letters that have been sent to other officers of the BOP. Also the 2241 Petition was brought against Kathleen Hawk Sawyer, who wrote many of the Regulations upon which the Petitioner's Motion for Reduction of Supervised Release is based. In any event, this is a classic case where "exhaustion" would not be required. See, e.g., *Goodman v. Ortiz*:

*This case, however, presents a narrow dispute of statutory construction which is exempt from the exhaustion requirement. See Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) ("exhaustion is not required with regard to claims which turn only on statutory construction") (citing Harris v. Martin, 792 F.2d 52, 54 n. 2 (3d Cir. 1986)). Moreover, because the Court finds habeas relief should be granted, exhaustion is excused. See Gambino, 134 F.3d at 171 ("exhaustion is not required when the petitioner demonstrates that it is futile."). Goodman v. Ortiz, No. CV 20-7582 (RMB), 2020 WL 5015613, at \*3 (D.N.J. Aug. 25, 2020)*

Moreover, the Government does not refer to this Court's decision in *Page* or the ability of the Court to reduce a sentence pursuant to 18 USC 3582(c)(1)(B). The Government also ignores the fact that in *Benatta* a suspected 9/11 Terrorist spent less time in MDC Brooklyn than did Petitioner, but he had his indictment dismissed for the Section 3161(j) error. Petitioner merely asks for a "Due Process Violation" adjustment to be done as was done in *U.S. v. Ray*. Just as the defendant in *Ray* served no time in a Halfway House, Petitioner asks for "no time" on Supervised Release as this Court has already acknowledged it has the power to do in *Page*:

*Returning to the First Step Act, I conclude that it authorizes a reduction in a term of supervised release. The First Step Act constitutes an authorization to "impose a reduced sentence." A sentence is comprised of at least two parts: the term of imprisonment and the term of supervised release. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment ... may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...."). The First Step Act therefore authorizes courts to reduce both a term of imprisonment and a term of supervised release.* UNITED STATES v. ANTHONY PAGE, No. 3:08-CR-168 (RNC), 2020 WL 1698671, at *6 (D. Conn. Apr. 8, 2020)

Similarly, pursuant to 28 USC 2243, this Court has the inherent power to grant immediate relief. The Petitioner has sent several letters to the Wardens at Devens and at MDC, but there is no requirement to send more than one letter under the First Step Act. But since this request is under Section 3582(c)(1)(B) – query if any letter is required at all? Petitioner believes this Court has the inherent power to see that an AUSA violated the law under Section 3161(j) and instead of dismissing the indictment as happened in *Ray*, this Court is doing away with any Supervised Release time as happened in *Ray*. This also complies with the requirements of Section 3553 that similar crimes have similar sentences, since Ed Waesche received Probation and one year of Supervised Release – and unlike Petitioner he admitted to the conduct that AUSA Patel finds so disturbing. Unfortunately for AUSA Patel, based on the *Wall Street Journal* article on *Bridgegate* attached as Exhibit Two, there is a good chance that Petitioner is in no danger of "re-offending" because he didn't offend in the first place.

In fact, in turning down Michael Cohen's recent 2241 Petition, the District Court stated

that the argument was not "futile" because the Earned Time Credits could be used to shorten

his period of Supervised Release just as Petitioner wishes to do in this case:

> *"Moreover, to the extent that Mr. Cohen argues that potential ETCs will be useless to him after he has completed his term of home confinement, he ignores the fact that ETCs can be applied toward time on supervised release and he faces a term of three years of supervised release. See* 18 U.S.C. § 3632(d)(4)(C)". *MICHAEL D. COHEN, Petitioner, v. UNITED STATES OF AMERICA; MICHAEL CARVAJAL, Dir. of the Fed. Bureau of Prisons, Respondents.,* No. 20-CV-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021). See 18 USC 3632(d)(4)(C):
> *(4)(C) Application of time credits toward prerelease custody or supervised release. Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or **productive activities** shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.*
> 18 U.S.C.A. § 3632 (Westlaw)

Since Petitioner had a job in prison for the entire time he was incarcerated, he is entitled

to at least seven months of Earned Time Credits. See USC § 3635(3)(C)(xi) definitions where a

"prison job" is a "productive activity" eligible for Earned Time Credits. Petitioner also taught

courses eligible for Earned Time Credits.

Finally, attached as Exhibit Three is a letter from Attorney Dick Brown stating that he

found the Grand Jury Minutes that AUSA Novick turned over to him the week Petitioner's trial

began in February of 2016, but AUSA Novick will not approve Petitioner getting a copy of the

Grand Jury Transcripts. Petitioner, therefore, respectfully asks the Court to order the

Government or the Clerk to send both Grand Jury transcripts to Petitioner's address below - as I am finishing my full sentence on May 8th without any Earned Time Credits or the traditional credits of one week spent in Maximum Security equals one month of a sentence spent in a Camp. Also, Petitioner is still entitled to 13-16 months from his first sentence, under 18 USC 3582(b), and once again Petitioner did not receive any time pursuant to 18 USC 3624(c) from either sentence.

Respectfully submitted,
/ s / Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, pro se
18 Pond Side Lane
West Simsbury, CT. 06092

# CERTIFICATION

I hereby certify that on this twenty-second day of April, 2021, a copy of the foregoing was served by FedEx to the Clerk of the Court. Notice of this filing was also sent by USPS First Class to AUSA Neeraj Patel 157 Church Street, 25th Floor, New Haven, CT 06510

By: */ s /* Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, pro se
18 Pond Side Lane
West Simsbury, CT. 06092