# EXHIBIT TWO

## Supreme Court's *Bridgegate* Ruling Casts Shadow On Federal Fraud Cases

This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers visit https://www.djreprints.com.

https://www.wsj.com/articles/supreme-courts-bridgegate-ruling-casts-shadow-on-federal-fraud-cases-11618232407

POLITICS

# Supreme Court's Bridgegate Ruling Casts Shadow on Federal Fraud Cases

Court's 2020 decision limiting application of antifraud laws leads prosecutors to urge dismissal of most charges in high-profile insider-trading case



Former New Jersey Gov. Chris Christie was embroiled in a scandal in which a town was crippled with traffic jams in a political-retribution scheme.
PHOTO: JOSHUA ROBERTS/GETTY IMAGES

By *Dave Michaels*
April 12, 2021 9:00 am ET



Listen to this article
8 minutes

A Supreme Court decision that threw out the fraud convictions of two political aides to former New Jersey Gov. Chris Christie is rippling through other white-collar cases, possibly buttressing appeals by other defendants who say federal prosecutors have become too aggressive in using antifraud laws to go after dishonest conduct.

In the New Jersey scandal known as Bridgegate, the high court ruled last year that a political-retribution scheme that involved crippling a town with traffic jams didn't constitute federal fraud. The decision already has prompted the reversal of most charges

in a high-profile insider-trading case, and could hurt prosecutors' efforts to preserve convictions in a case that exposed ethical failures at one of the Big Four accounting firms.

SHARE YOUR THOUGHTS

*Should courts take a tougher stance on fraud charges? Why or why not? Join the conversation below.*

At issue in both cases is when underhanded conduct may be considered criminal fraud. The Supreme Court affirmed in the New Jersey case that federal fraud charges apply only when a scheme seeks to obtain money or property by deceptive means.

In the insider-trading case, Manhattan federal prosecutors said on April 2 that because of the New Jersey case, most of the charges should be wiped out. They recommended to the U.S. Court of Appeals for the Second Circuit that the entire case against Christopher Worrall, one of the defendants, be dismissed. Mr. Worrall, a former technical adviser at the Centers for Medicare and Medicaid Services, was accused of sharing secrets about government-funding levels with a consultant working for a hedge fund.

In the same case, prosecutors also agreed to toss out insider-trading and theft charges against two hedge-fund traders and David Blaszczak, the political-intelligence consultant whom they allege passed on the information from Mr. Worrall.

The government told the appeals court that certain conspiracy charges, which don't have to be tied to financial fraud, should remain against the three. The defendants are expected to oppose that argument.

Mr. Worrall's attorneys last week asked the appeals court to promptly reverse his 2018 conviction on fraud and theft charges, which resulted in a 20-month prison sentence, which he partly served before being confined to his home last August. The government information he was accused of passing, undisclosed CMS payment rates, doesn't qualify as property because it doesn't have "economic value in the hands" of the government, prosecutors wrote in their brief recommending charges be reversed.

"The government has now confessed error, appropriately concluding that the alleged conduct underlying the remaining two counts is not a crime," said Stephen Fishbein of Shearman & Sterling LLP, which represented Mr. Worrall. "While his vindication comes late in the day, Mr. Worrall is gratified that justice ultimately prevailed."

The court has yet to act on the requests to reverse the conviction.

The Bridgegate decision also could benefit an appeal filed by David Middendorf, the former No. 2 auditor at KPMG LLP, who was sentenced in September 2019 to a prison term of one year and one day for his role in an ethics scandal. Another defendant convicted in 2019, Jeffrey Wada, is part of the same appeal.

Mr. Middendorf and other former senior auditors were fired over their roles in the incident, which cost KPMG $50 million in regulatory fines and required it to hire an independent consultant to review its systems for ensuring ethics and integrity. The accountants obtained confidential lists of audits that would be inspected by their overseer, the Public Company Accounting Oversight Board, from Mr. Wada, who worked at the board and hoped to be hired by KPMG.



David Middendorf, the former No. 2 auditor at KPMG, was sentenced to prison for his role in an accounting scandal.
PHOTO: JEFFERSON SIEGEL FOR THE WALL STREET JOURNAL

Their appeal turns on whether the stolen information was property—the same question challenged by the insider-trading defendants. At trial in 2019, the Justice Department said the answer was yes, with prosecutors arguing that the scheme defrauded the accounting board by stealing its "valuable property ... their closely guarded inspection lists." The board was deprived of money because it took "dozens of people" and "hundreds of thousands of dollars per year" to decide which audits to examine, prosecutors told a jury in closing arguments.

NEWSLETTER SIGN-UP

# Capital Journal

Scoops, analysis and insights driving Washington from the WSJ's D.C. bureau.

PREVIEW                                                                 SUBSCRIBE

In their appeal, attorneys for Messrs. Middendorf and Wada argued the case resembles the New Jersey decision, in which the Supreme Court said that commandeering toll lanes on the George Washington Bridge was "an exercise of regulatory power," and not property fraud. The fact that government resources were wasted or diverted wasn't enough to charge fraud, the justices ruled, because that wasn't the goal of the scheme.

"The charged conduct in this case, which targeted an intangible regulatory interest, not property, does not constitute wire fraud," lawyers for Messrs. Middendorf and Wada wrote in an appellate brief last year.

Prosecutors told the appeals court in a brief filed in June that the auditors' case was distinct from Bridgegate. But they made that argument when prosecutors still insisted their insider-trading case shouldn't be affected by the Supreme Court's decision.

Stuart Green, a professor at Rutgers University Law School, said the KPMG case will be difficult for the government to defend now that the Supreme Court has narrowed what qualifies as fraud in certain cases. A spokesman for the U.S. attorney's office in Manhattan declined to comment.

"The U.S. attorney's office has an uphill battle to fight here to distinguish these cases from" the New Jersey case, Mr. Green said.

How many other cases could be affected by the Bridgegate decision isn't clear, according to legal scholars and criminal-defense attorneys. One important factor may be whether the case involves allegations of information stolen from the government, and not a commercial entity, said Benjamin Glassman, a former U.S. attorney in Ohio and now partner at Squire Patton Boggs.