UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | August 29, 2023 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S VERDICT OF JUNE 6, 2016 PURSUANT TO RULE 60(b)(6) AND TO VACATE HIS CONVICTION**

The Government files this memorandum in opposition to defendant Daniel Carpenter's motion to reconsider and vacate the Court's verdict ("Def.'s Mot."). Doc. 529.

Carpenter's motion is procedurally improper. Carpenter brings his motion pursuant to Rule 60 of the Federal Rules of *Civil* Procedure. Carpenter's case, however, is a *criminal* case. The Federal Rules of Civil Procedure have no applicability to criminal cases and cannot be used to vacate a criminal conviction. *See United States v. Pope*, 124 F. App'x 680, 682 (2d Cir. 2005) ("[Rule 60(b)] motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern suits of a civil nature." (internal quotations and citation omitted)); *Negron v. United States*, 164 F. App'x 158, 158–59 (2d Cir. 2006) ("Federal Rules of Civil Procedure govern the procedure in the United States district courts in all suits of a *civil* nature . . . Thus, Rule 60(b) cannot afford [defendant] relief from his judgment of conviction in a criminal case." (internal quotations and citation omitted) (emphasis in original); *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (holding that a Rule 60 motion cannot be used to attack the integrity of a criminal trial); *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (new attacks on an underlying conviction "are beyond the scope of Rule 60(b)"); *see also United States v. Maldonado*, No. 1:9-CR-339-GHW-2, 2021 WL 6101464, at *1 (S.D.N.Y. Nov. 12, 2021) ("[Rule 60(b)] does not provide a vehicle for an inmate to challenge his sentence.");

*United States v. Jenkins*, 90 F. Supp. 3d 76, 80 (N.D.N.Y. 2015) (holding that "[d]efendant's request for civil relief as part of this criminal proceeding is not proper." (internal quotations omitted)); *United States v. Salvagno*, No. 5:02-CR-0051 LEK, 2008 WL 5340995, at *3 (N.D.N.Y. Dec. 19, 2008) ("Rule 60(b) is not an appropriate vehicle for a defendant to seek to vacate a criminal conviction."); *United States v. Porter*, No. 03–CR–0129 (CPS), 2008 WL 64668, at *1 (E.D.N.Y. Jan. 3, 2008) ("Rule 60(b)(6) only applies to civil judgments and is not a procedural vehicle available to defendants seeking direct relief from criminal convictions.").[1]

Moreover, as the Court is aware, Carpenter already has a habeas petition under § 2255 pending before this Court in which he seeks to vacate his conviction. *See Carpenter v. United States*, Case No. 3:21-cv-01485 (RNC). Many of the claims in Carpenter's Rule 60(b) motion are duplicative of the claims in his § 2255 petition and supplemental filings in that action. As such, they should be litigated in that action.

Accordingly, the Court should deny Carpenter's Rule 60(b) motion as procedurally improper.

---

[1] Carpenter incorrectly relies on *United States v. Becker*, 502 F.3d 122 (2d Cir. 2007) for the proposition that the "Second Circuit has long recognized that a Rule 60(b)(6) Motion is appropriate in both criminal and civil cases." Doc. 259 at 3. *Becker* is wholly inapposite here and offers no support for Carpenter's motion. Indeed, *Becker* does not even mention Rule 60(b). Rather, *Becker* was an appeal from the district court's denial of a claim in a § 2255 petition which was docketed in the criminal case. *See Becker*, 502 F.3d at 126-27; *United States v. Becker*, No. 01 Cr. 156(RPP), 2006 WL 156677 (S.D.N.Y. Jan. 17, 2006).

## CONCLUSION

For the forgoing reasons, the Government respectfully requests that the Court deny the defendant's motion because it is procedurally improper.[2]

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

*/s/ David E. Novick*

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

---

[2] If the Court finds that Rule 60(b) motion is properly before the Court in this criminal case, the Government respectfully requests an opportunity to submit a separate brief to address the merits of Carpenter's motion.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2023, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A copy was also sent by Federal Express to:

Daniel E. Carpenter
18 Pondside Lane
West Simsbury, CT 06092

                                          */s/ Neeraj N. Patel*

                                          Neeraj N. Patel
                                          Assistant United States Attorney