UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 3:13-cr-00226(RNC) |
| | : |
| DANIEL CARPENTER | : |

ORDER REGARDING RESTITUTION

Pending is the Government's request for modification of the restitution order filed in this case pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A (ECF No. 470).[1]  The order requires the defendant to pay restitution to Lincoln Financial Group and Transamerica (and two other life insurance providers) in the total amount of $12,865,026.18.  The Government contends that the order should be amended pursuant to 18 U.S.C. § 3664(j)(1) to require the defendant to pay additional restitution of approximately $40 million to reinsurers who reimbursed Lincoln and Transamerica

---

[1] The judgment in this case is final as to the defendant's convictions but the amount of restitution he should be ordered to pay under the MVRA remains to be determined.

1

for losses caused by the defendant.[2]  I previously reserved decision on this issue pending further proceedings.[3]

In support of the proposed amendment, the Government submits affidavits signed by representatives of Lincoln and Transamerica.  These affidavits show the following:

- Lincoln and Transamerica had treaty reinsurance partially covering each of the eight STOLI policies;

- the reinsurance treaties were in place before the STOLI policies were issued;

- the reinsurance coverage went into effect the day each STOLI policy was issued;

- Lincoln and Transamerica paid premiums to the reinsurers during the life of each STOLI policy;

- for death benefits paid on seven STOLI policies, reinsurers reimbursed Lincoln in the amount of $37,277,705, net of premiums paid; and

---

[2]  Section 3663(j)(1) provides:

If a victim has recovered compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

[3]  See ECF No. 470 n.1 ("With respect to the $39,555,865.32 in restitution requested on behalf of reinsurers, further proceedings are necessary.  The Court may enter an amended restitution order after further proceedings are complete.").

2

    - for death benefits paid on one STOLI policy, reinsurers reimbursed Transamerica in the amount of $2,278,150, net of premiums paid.

See ECF No. 485 Ex. A and B.

    These affidavits are sufficient to satisfy the requirements of the MVRA with regard to the Government's request on behalf of Transamerica and its reinsurer(s) because they establish that as a result of the one STOLI policy issued by Transamerica in connection with the defendant's scheme, Transamerica received compensation under reinsurance treaties in the amount of $2,278,150.

    But the request on behalf of Lincoln and its reinsurers stands in a different posture because, as shown by the Government's chart dated June 15, 2018, ECF No. 361-1, the defendant and his co-conspirators induced Lincoln to issue a total of 45 STOLI policies, 11 of which remained active when the Government formulated its original request for restitution on behalf of Lincoln. In formulating its request, the Government correctly declined to speculate about what might happen with regard to those policies in the future.[4] At this point, though, some of those 11 policies might well have terminated through

---

[4] The Government's approach was supported by the methodology used to determine actual loss in United States v. Binday, 804 F.3d 558, 597 (2d Cir. 2015) (finding no abuse of discretion in the court's use of this methodology to calculate the guideline range).

death, lapse or other reasons, and the outcome of any such policy in terms of gain or loss to Lincoln and its reinsurers could potentially affect the determination of the amount of restitution that the defendant should be ordered to pay.

Accordingly, the Government is hereby ordered to update its chart with regard to those 11 policies indicating as to each policy whether the policy has been paid out, lapsed or remains active, and in the case of any terminated policy the amount of any loss or gain to Lincoln and its reinsurers.  If the Government wishes to revise its request for restitution on behalf of Lincoln or its reinsurers in light of the updated information, it may do so.  The Government's submission will be filed on or before September 12, 2025.

So ordered this 6th day of August 2025.

                                                      /RNC/
                                    Robert N. Chatigny
                              United States District Judge